| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| M. Jonathan Hayes (Bar No. 90388)<br>Matthew D. Resnik (Bar No. 182562)<br>Roksana D. Moradi-Brovia (Bar No. 266572)<br>RESNIK HAYES MORADI LLP<br>17609 Ventura Blvd., Suite 314<br>Encino, CA 91316<br>Telephone:  (818) 285-0100<br>Facsimile:  (818) 855-7013<br>jhayes@RHMFirm.com<br>matt@RHMFirm.com<br>roksana@RHMFirm.com<br><br>☐ *Individual appearing without attorney*<br>☒ *Attorney for:* Debtor | |

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA -  LOS ANGELES DIVISION

| In re:<br><br><br><br><br><br>JONG UK BYUN,<br><br><br><br><br><br><br><br>Debtor(s). | CASE NO.:   2:18-bk-19004-VZ<br><br>CHAPTER: 11<br><br>**NOTICE OF MOTION AND MOTION IN INDIVIDUAL CHAPTER 11 CASE FOR ORDER AUTHORIZING DEBTOR IN POSSESSION TO EMPLOY GENERAL BANKRUPTCY COUNSEL [11 U.S.C. § 327(a), LBR 2014-1]; and**<br><br>☐ **TO FILE INTERIM FEE APPLICATIONS USING PROCEDURE IN LBR 9013-1(o)**<br><br>---<br><br>This motion is being made under **ONLY ONE** of the following notice procedures:<br><br>☒ **No hearing unless requested under LBR 9013-1(o)(4);  or**<br>☐ **Hearing set on regular notice: LBR 9013-1(d):**<br><br>DATE:<br>TIME:<br>COURTROOM:<br>ADDRESS: |

**PLEASE TAKE NOTICE THAT** the Debtor in Possession (the Debtor) requests an order authorizing the Debtor to employ general bankruptcy counsel and, if requested in this motion, to file interim fee applications using the procedures set forth in LBR 9013-1(o).

Your rights might be affected by this Motion.  You may want to consult an attorney.  Refer to the box checked below for the deadline to file and serve a written response.  If you fail to timely file and serve a written response, the court may treat such failure as a waiver of your right to oppose the Motion and may grant the requested relief.  You must serve a copy of

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2015*                    Page 1                    **F 2081-2.5.MOTION.EMPLOY.GEN.COUNSEL**

your opposition upon the Debtor, the Debtor's attorney, the United States trustee and on the judge pursuant to LBR 5005-2(d) and the Court Manual.

a. ☒ **No Hearing Scheduled; Notice Provided Under LBR 9013-1(o):** This Motion is filed by the Debtor pursuant to LBR 9013-1(o), which provides for granting of motions without a hearing. The full Motion is attached, including the legal and factual grounds upon which the Motion is made. If you wish to oppose this Motion, you must file a written response and request for hearing with the court and serve it as stated above, **no later than 14 days after the date stated on the Proof of Service of this Motion** plus 3 additional days if you were served by mail, electronically, or pursuant to F.R.Civ.P. 5(b)(2)(D), (E), or (F). Your opposition must comply with LBR 9013-1(f) and (o).

b. ☐ **Hearing Set on Regular Notice; Notice Provided Under LBR 9013-1(d):** This Motion is set for hearing on regular notice pursuant to LBR 9013-1(d). The full Motion and supporting documentation are attached, including the legal and factual grounds upon which the Motion is made. If you wish to oppose this Motion, you must file a written response with the court and serve it as stated above **no later than 14 days prior to the hearing.** Your response must comply with LBR 9013-1(f). The undersigned hereby verifies that the hearing date and time selected were available for this type of Motion according to the judge's self-calendaring procedures [LBR 9013-1(b)].

c. ☐ **Other** (*specify*):

Date: _____          By: SEE NEXT PAGE _____
                                      Signature of Debtor

                                 Name: Jong Uk Byun _____
                                       Printed name of Debtor

Date: _____          By: SEE NEXT PAGE _____
                                      Signature of attorney for Debtor, if any

                                 Name: M. Jonathan Hayes _____
                                       Printed name of attorney for Debtor, if any

---

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

your opposition upon the Debtor, the Debtor's attorney, the United States trustee and on the judge pursuant to LBR 5005-2(d) and the Court Manual.

a. ☒ **No Hearing Scheduled; Notice Provided Under LBR 9013-1(o):** This Motion is filed by the Debtor pursuant to LBR 9013-1(o), which provides for granting of motions without a hearing. The full Motion is attached, including the legal and factual grounds upon which the Motion is made. If you wish to oppose this Motion, you must file a written response and request for hearing with the court and serve it as stated above, **no later than 14 days after the date stated on the Proof of Service of this Motion** plus 3 additional days if you were served by mail, electronically, or pursuant to F.R.Civ.P. 5(b)(2)(D), (E), or (F). Your opposition must comply with LBR 9013-1(f) and (o).

b. ☐ **Hearing Set on Regular Notice; Notice Provided Under LBR 9013-1(d):** This Motion is set for hearing on regular notice pursuant to LBR 9013-1(d). The full Motion and supporting documentation are attached, including the legal and factual grounds upon which the Motion is made. If you wish to oppose this Motion, you must file a written response with the court and serve it as stated above **no later than 14 days prior to the hearing.** Your response must comply with LBR 9013-1(f). The undersigned hereby verifies that the hearing date and time selected were available for this type of Motion according to the judge's self-calendaring procedures [LBR 9013-1(b)].

c. ☐ **Other** (specify):


Date:  8-13-18

By: _____
    Signature of Debtor

Name:  Jong Uk Byun
       Printed name of Debtor

Date:  8-13-18

By: _____
    Signature of attorney for Debtor, if any

Name:  M. Jonathan Hayes
       Printed name of attorney for Debtor, if any

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

**MOTION TO EMPLOY GENERAL BANKRUPTCY COUNSEL [LBR 2014-1] AND, IF REQUESTED BELOW, TO FILE INTERIM FEE APPLICATIONS USING PROCEDURE IN LBR 9013-1(o)**

1. **EMPLOYMENT**

   a.  To assist the Debtor in the administration of this chapter 11 case, the Debtor must employ, effective on
       (*date*) 08/03/2018 , the following professional M. Jonathan Hayes _____ (Professional)
       as chapter 11 general bankruptcy counsel pursuant to 11 U.S.C. § 327(a).

   b.  The following information and documents are provided in support of this Motion:

       (1)  The Professional seeks compensation pursuant to:  ☐ 11 U.S.C. § 328; or ☒ 11 U.S.C. § 330.

       (2)  The Debtor selected this Professional because the Professional is well qualified to represent the Debtor in this
            proceeding and for the following additional reasons:
             Debtor requires knowledgeable counsel to guide him through the chapter 11 process.

       (3)  Professional agrees to render legal services in connection with the Debtor's chapter 11 case, including but not
            limited to the following services:

            (A)  Advise the Debtor regarding matters of bankruptcy law and concerning the requirements of the
                 Bankruptcy Code, and Bankruptcy Rules relating to the administration of this case, and the operation of
                 the Debtor's estate as a debtor in possession;

            (B)  Represent the Debtor in proceedings and hearings in the court involving matters of bankruptcy law;

            (C)  Assistance in compliance with the requirements of the Office of the United States trustee;

            (D)  Provide the Debtor legal advice and assistance with respect to the Debtor's powers and duties in the
                 continued operation of the Debtor's business and management of property of the estate;

            (E)  Assist the Debtor in the administration of the estate's assets and liabilities;

            (F)  Prepare necessary applications, answers, motions, orders, reports and/or other legal documents on
                 behalf of the Debtor;

            (G)  Assist in the collection of all accounts receivable and other claims that the Debtor may have and resolve
                 claims against the Debtor's estate;

            (H)  Provide advice, as counsel, concerning the claims of secured and unsecured creditors, prosecution
                 and/or defense of all actions;

            (I)  Prepare, negotiate, prosecute and attain confirmation of a plan of reorganization;

            (J)  ☐ Other (*specify*):

       (4)  A declaration by the Professional provides information on the following:  identification/qualifications;
            disinterestedness; compliance with FRBP 2014 and FRBP 5002; and compensation arrangements.

       (5)  A declaration by the Debtor as to the source, amount and date of prepetition retainer paid to Professional and
            provisions for replenishment, if any, and any postpetition retainer and source of payment of postpetition
            retainer(s), if any.  No liens against the retainer have been granted in favor of the Professional or any other
            party.

       (6)  ☐ An optional Memorandum of Points and Authorities is attached.

       (7)  ☐ Other (*specify*):

---

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2015*                              Page 3                    **F 2081-2.5.MOTION.EMPLOY.GEN.COUNSEL**

2.  **FILE INTERIM FEE APPLICATIONS USING LBR 9013-1(o) (IF REQUESTED)**

☐    The Debtor requests authorization to use the procedures set forth in LBR 9013-1(o) regarding Notice of Opportunity to Request Hearing when requesting approval of interim fee applications.  Professional acknowledges, by checking this box, that to the best of Professional's knowledge, no other professional is or will be employed in this case.  If additional professional(s) become employed, Professional agrees to give 45 days' notice of the date and time of any interim fee application hearing in compliance with LBR 2016-1(a)(2) and will cease filing interim fee applications pursuant to LBR 9013-1(o).

The Debtor requests the authority to (1) employ the Professional to represent the Debtor in this case and (2) file interim fee applications using the procedure set forth in LBR 9013-1(o).

Date: _____     By: SEE NEXT PAGE _____
                          Signature of attorney for Debtor, if any

                      Name: M. Jonathan Hayes _____
                          Printed name of attorney for Debtor, if any

Date: _____     By: SEE NEXT PAGE _____
                          Signature of Debtor

                      Name: Jong Uk Byun _____
                          Printed name of Debtor

---

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2015*                    Page 4                    **F 2081-2.5.MOTION.EMPLOY.GEN.COUNSEL**

## 2.  FILE INTERIM FEE APPLICATIONS USING LBR 9013-1(o) (IF REQUESTED)

☐  The Debtor requests authorization to use the procedures set forth in LBR 9013-1(o) regarding Notice of Opportunity to Request Hearing when requesting approval of interim fee applications. Professional acknowledges, by checking this box, that to the best of Professional's knowledge, no other professional is or will be employed in this case. If additional professional(s) become employed, Professional agrees to give 45 days' notice of the date and time of any interim fee application hearing in compliance with LBR 2016-1(a)(2) and will cease filing interim fee applications pursuant to LBR 9013-1(o).

The Debtor requests the authority to (1) employ the Professional to represent the Debtor in this case and (2) file interim fee applications using the procedure set forth in LBR 9013-1(o).

Date:  8-13-18

By: _____
Signature of attorney for Debtor, if any

Name:  M. Jonathan Hayes
Printed name of attorney for Debtor, if any

Date:  8-13-18

By: _____
Signature of Debtor

Name:  Jong Uk Byun
Printed name of Debtor

---

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2015                                Page 4            F 2081-2.5.MOTION.EMPLOY.GEN.COUNSEL

## DECLARATION OF PROFESSIONAL

I, (*print name*) M. Jonathan Hayes_____, have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto.

**1.  Identification/Qualifications**

a. ☒  I am a licensed attorney.

b. I, and the (*name of firm*) Resnik Hayes Moradi LLP_____(Firm) of which I am a (*position with Firm*) Partner_____, maintain our principal offices at

RESNIK HAYES MORADI LLP, 17609 Ventura Blvd., Suite 314, Encino, CA 91316

c. I believe that I am qualified to represent the Debtor.  A copy of my resume is attached as **Exhibit 1.**

(1) ☒  I have previously represented at least _99_ chapter 11 debtors and in _50_ of those cases, I prepared a chapter 11 plan and obtained an order confirming the plan.

(2) ☐  I cannot check box 1.c.(1) but I believe that I should be allowed to represent this Debtor because (*specify*):

d. Additional resumes for any and all professionals at my Firm who will work on this case are attached as **Exhibit 2**.

**2.  Disclosures Re Connections and Adverse Interests**

a. Authority is sought pursuant to 11 U.S.C § 327(a)

The Firm and I are "disinterested persons" within the meaning of 11 U.S.C. § 101.   We are (a) not  creditors, equity security holders, or insiders of the Debtor; (b) are not and were not, within 2 years before the date of the filing of the petition, directors, officers or employees of the Debtor; and (c) do not have interests materially adverse to the interest of the estate, or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor or for any other reason.  The Firm and I do not hold or represent an interest adverse to the estate.

b. Disclosures re FRBP 2014

Except as indicated below and other than representing the Debtor in this case, neither the Firm nor I ever represented the Debtor, and neither the Firm nor I have any connection with the Debtor, any insider of the Debtor, or insider of an insider of the Debtor, any creditor of the Debtor or any other party in interest herein, the United States trustee, persons employed by the United States trustee, persons employed by the Bankruptcy Court or a Bankruptcy Judge, or any of their respective attorneys or accountants.  Other information relevant to relationships with the Debtor is as follows (*specify*):
See Statement of Disinteredness attached.

c. The Firm and I do not hold any prepetition claim against the estate.

d. The Firm and I have not made any arrangements for the sharing of fees with any other person or entity.

---

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2015*                         Page 5                    **F 2081-2.5.MOTION.EMPLOY.GEN.COUNSEL**

**3.    Compensation Arrangements**

a.    (1)  ☒  Prior to the chapter 11 petition date, the Firm and I received $ _50,000.00_____ from

☒  the Debtor

☐  other (*specify source of funds*): _____

As of the petition date, $ _40,874.00_____ of the retainer funds remain unexhausted.

(2)  ☐  Firm and I will receive $_____ from

☐  the Debtor

☐  other (*specify source of funds*): _____
postpetition on (*specify date or timing of payment*): _____

b.    Pursuant to the Debtor's initial retainer agreement, the Debtor agreed to pay for services as they were performed. However, any payment of fees and expenses is subject to court approval.  A true and correct copy of the retainer agreement is attached as **Exhibit 3**.

c.    The Firm and I will comply with the *Guide To Application For Retainers and Professional And Insider Compensation* promulgated by the Office of the United States trustee, as well as any other applicable employment guidelines and fee guidelines in withdrawing the prepetition or postpetition retainer funds, if any.

d.    THE FIRM'S PROPOSED COMPENSATION IS:

(1)  Hourly rates

Partner, primary/lead counsel (*insert names of partners and each rate*)
_see attached_____    $ _____ per hour
_____    $ _____ per hour
_____    $ _____ per hour

Associate attorney (*insert names of associates and each rate*)
_____    $ _____ per hour
_____    $ _____ per hour
_____    $ _____ per hour

Law clerks/paralegal (*insert names and each rate*)
_____    $ _____ per hour
_____    $ _____ per hour
_____    $ _____ per hour

☐  Optional:  See **Exhibit 4** for the Firm's hourly rates.

(2)  Other

If the Firm's compensation is set by other than hourly rate, specify:

---

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2015*                         Page 6                **F 2081-2.5.MOTION.EMPLOY.GEN.COUNSEL**

e.  <u>THE FIRM'S EXPENSE REIMBURSEMENT RATES ARE:</u>

      Fax in & fax out      _____ (Actual cost, not to exceed $0.10 per page)

      Messenger      Actual cost

      Photocopies      _____ (Actual cost, not to exceed $0.10 per page)

      Postage      Actual cost

      Telephone      No charge

      Other: (*describe expense*)

      _____      _____ (Actual cost)

      _____      _____ (Actual cost)

f.  Neither the Firm nor I request any lien on any retainer received in this case or on any property of the estate.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Date: _____

By: <u>SEE NEXT PAGE</u>
      Signature of proposed t Professional

Name: <u>M. Jonathan Hayes</u>
      Printed name of proposed Professional

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2015*      Page 7      **F 2081-2.5.MOTION.EMPLOY.GEN.COUNSEL**

e.  THE FIRM'S EXPENSE REIMBURSEMENT RATES ARE:

Fax in & fax out            _____ (Actual cost, not to exceed $0.10 per page) .

Messenger                   Actual cost

Photocopies                 _____ (Actual cost, not to exceed $0.10 per page)

Postage                     Actual cost

Telephone                   No charge

Other: (describe expense)

_____       _____ (Actual cost)

_____       _____ (Actual cost)

f.  Neither the Firm nor I request any lien on any retainer received in this case or on any property of the estate.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Date: _8-13-18_

By: _____
    Signature of proposed Professional

Name: _M. Jonathan Hayes_____
      Printed name of proposed Professional

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2015                              Page 7            F 2081-2.5.MOTION.EMPLOY.GEN.COUNSEL

## DECLARATION OF DEBTOR IN POSSESSION

I, Jong Uk Byun                                    , am the Debtor in Possession in this case.

To the best of my knowledge, all of the Professional's connections with the Debtor, creditors, or any party in interest, their respective attorneys and accountants, the United States trustee or any person employed in the office of the United States trustee are as stated in the attached Declaration of Professional.

☒    I paid the following amounts to Resnik Hayes Moradi LLP                    as follows:

| Amount | Date of Payment | Source of Funds |
|---|---|---|
| $ 50,000.00 | 08/02/2018 | My personal funds- SEE ATTACHED |
| $ | | |

☐    I caused to be paid $ _____ to _____ pursuant to
        our initial retainer agreement, and have agreed that fees are to be billed against this amount.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Date: _____                        By: SEE NEXT PAGE
                                                    Signature of Debtor in Possession


                                                    Name: Jong Uk Byun
                                                    Printed name of Debtor in Possession

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2015                        Page 8                        F 2081-2.5.MOTION.EMPLOY.GEN.COUNSEL

## DECLARATION OF DEBTOR IN POSSESSION

I, _Jong Uk Byun_____ am the Debtor in Possession in this case.

To the best of my knowledge, all of the Professional's connections with the Debtor, creditors, or any party in interest, their respective attorneys and accountants, the United States trustee or any person employed in the office of the United States trustee are as stated in the attached Declaration of Professional.

☒    I paid the following amounts to _Resnik Hayes Moradi LLP_____ as follows:

| Amount | Date of Payment | Source of Funds |
|---|---|---|
| $ 50,000.00 | 08/02/2018 | My personal funds - *SEE ATTACHED* |
| $ | | |

☐    I caused to be paid $ _____ to _____ pursuant to our initial retainer agreement, and have agreed that fees are to be billed against this amount.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Date: _8-13-18_

By: _____
Signature of Debtor in Possession

Name:  Jong Uk Byun_____
Printed name of Debtor in Possession

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2015                                         Page 8                    F 2081-2.5.MOTION.EMPLOY.GEN.COUNSEL

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| M. Jonathan Hayes (Bar No. 90388)<br>Matthew D. Resnik (Bar No. 182562)<br>Roksana D. Moradi-Brovia (Bar No. 266572)<br>**RESNIK HAYES MORADI LLP**<br>17609 Ventura Blvd., Suite 314<br>Encino, CA 91316<br>Telephone:  (818) 285-0100<br>Facsimile:  (818) 855-7013<br>jhayes@RHMFirm.com<br>matt@RHMFirm.com<br>roksana@RHMFirm.com | |
| *Attorney for:* Debtor | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

| In re:<br><br><br><br>JONG UK BYUN,<br><br><br><br><br>Debtor(s). | CASE NO.: 2:18-bk-19004-VZ<br>CHAPTER: 11 |
|---|---|
| | **STATEMENT OF DISINTERESTEDNESS FOR EMPLOYMENT OF PROFESSIONAL PERSON UNDER FRBP 2014**<br><br>**(File with Application for Employment)** |
| | [No Hearing Required] |

1. Name, address and telephone number of the professional (Professional) submitting this Statement:

    M. Jonathan Hayes (Bar No. 90388)
    17609 Ventura Blvd., Suite 314
    Encino, CA 91316
    Telephone:  (818) 285-0100; Facsimile: (818) 855-7013

2. The services to be rendered by the Professional in this case are *(specify)*:
    General Counsel for Chapter 11 estate

3. The terms and source of the proposed compensation and reimbursement of the Professional are *(specify)*:
    Compensation to be based on work performed times hourly rates of the professionals.  Source of the coempensation is the Debtor's income and assets on hand.

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                    Page 1                    **F 2014-1.STMT.DISINTEREST.PROF**

4. The nature and terms of retainer (i.e., nonrefundable versus an advance against fees) held by the Professional are *(specify)*:

Retainer was $50,000, paid by the Debtor out of his personal funds on hand.  The retainer is an advance on fees.  $9,126 (which includes the filing fee of $1,717) was earned prepetition.

5. The investigation of disinterestedness made by the Professional prior to submitting this Statement consisted of *(specify)*:

Review of Firm conflict checks program.  Review of any possible conflicts which may exist with Firm personnel.

6. The following is a complete description of all of the Professional's connections with the Debtor, principals of the Debtor, insiders, the Debtor's creditors, any other party or parties in interest, and their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee *(specify, attaching extra pages as necessary)*:

None.

7. The Professional is not a creditor, an equity security holder or an insider of the Debtor, except as follows *(specify, attaching extra pages as necessary)*:

None

8. The Professional is not and was not, within 2 years before the date of the filing of the petition, a director, officer or employee of the Debtor.

9. The Professional does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor, or for any other reason, except as follows *(specify, attaching extra pages as necessary)*:

None

10. Name, address and telephone number of the person signing this Statement on behalf of the Professional and the relationship of such person to the Professional *(specify)*:

M. Jonathan Hayes (Bar No. 90388)

Partner at Resnik Hayes Moradi LLP

17609 Ventura Blvd., Suite 314

Encino, CA 91316

Telephone:  (818) 285-0100; Facsimile: (818) 855-7013

---

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                                                Page 2                                    **F 2014-1.STMT.DISINTEREST.PROF**

11. The Professional is not a relative or employee of the United States trustee or a bankruptcy judge, except as follows *(specify, attaching extra pages as necessary)*:

None

12. Total number of attached pages of supporting documentation: <u>  0  </u>

13. After conducting or supervising the investigation described in paragraph 5 above, I declare under penalty of perjury under the laws of the United States, that the foregoing is true and correct except that I declare that paragraphs 6 through 9 are stated on information and belief.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | M. Jonathan Hayes | /s/ M. Jonathan Hayes |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                                    Page 3                          **F 2014-1.STMT.DISINTEREST.PROF**

Attachment to Application to Employ M. Jonathan Hayes as General Counsel to the Estate


The Debtor paid $50,000 to Resnik Hayes Moradi LLP ("RHM") on August 2, 2018 by wiring the funds to the RHM Client Trust Account.  The funds were transferred to the Debtor from an account at Central Metal, Inc. the wholly owned corporation of the Debtor.  The Debtor's accountants will characterize the transaction as either rent, compensation or other.  It is not a loan from Central Metal to the Debtor.

# EXHIBIT 1

# RESNIK HAYES MORADI LLP
## RESUME

**M. Jonathan Hayes**
**Resnik Hayes Moradi LLP**

Practice Areas:
Bankruptcy & Insolvency, General Civil Litigation

Certified Bankruptcy Specialist, California Bar Association, Board of Legal Specialization, 2007 to date

Education:
Loyola University School of Law (J.D., 1977)
Loyola University (B.A., 1971)
Straus Institute for Dispute Resolution of the Pepperdine University School of Law, 30 hours (Certificate received 1995)

M. Jonathan Hayes concentrates his practice in bankruptcy and corporate - business litigation. He has represented many Chapter 11 debtors, businesses and individuals, and effected many successful reorganization plans. Mr. Hayes' recent chapter 11 cases include representing a chain of 28 retail clothing stores, am architectural firm, a clothing manufacturer with 110 employees, a specialty vodka manufacturer, six adult health care facilities, a 66 room hotel in Laguna Beach, a small trucking company, a medical clinic, a company that owed two Baskin Robbins stores, a former major league baseball player with $40 million in assets; a company which had 225 lawsuits pending against it on the date of filing being defended by the debtor's insurance company; a company which owned 20 oil wells; a company which owned a large hotel in Culver City which was sold during the case for $25 million, a "dot com" company; a Condominium Homeowners Association fending off a $9 million judgment creditor; a furniture manufacturing company ($4 million annual sales); a chain of carpet stores ($10 million annual sales); an employee leasing company ($30 million in annual sales); a wireless entertainment equipment sales company; a litigation attorney; a sunglass wholesaling company; a bait tank and machine shop; and a small commercial center.

From 2012 through mid-2018, Mr. Hayes has filed or otherwise taken over approximately 143 chapter 11 cases including 112 cases for individuals primarily trying to save their homes and other real property. In the past, he has represented three franchisees in the Econo-Lube bankruptcy filing adversary proceedings for each demanding more than $10 million in total and settling each successfully. He represented the Creditor's Committee in the Lucy's LaundryMart and SBB Roofing chapter 11 cases. He was lead counsel for the Creditor's Committee in the Breath Asure, Inc. Chapter 11 and the B.C. Oil, Inc. Chapter 11.

Mr. Hayes has prosecuted and defended about twenty-five bankruptcy appeals to the Bankruptcy Appellate Panel, the district court, and the 9th Circuit Court of Appeals.

Mr. Hayes has prosecuted and defended complaints to declare debts non-dischargeable, to deny the discharge and other bankruptcy related litigation matters. He has defended several fraudulent conveyance actions brought by trustees in so-called Ponzi schemes. He has filed many Chapter 7

# RESNIK HAYES MORADI LLP
## RESUME

and Chapter 13 petitions for clients and has handled many bankruptcies that are commenced because of tax problems of the debtors.

Mr. Hayes is a partner at Resnik Hayes Moradi LLP, a boutique firm of six attorneys located in Encino, California.  The firm practices bankruptcy and insolvency law and general civil litigation.

Mr. Hayes has been a member of the panel of mediators of the Bankruptcy Mediation Program for the Central District of California since the program's inception in 1995.  He estimates that he has presided over at least 125 mediations in total.  He received an award from the court for "Most Frequently Chosen Mediator in the Central District – 2000-2001" and "Most Frequently Chosen Mediator in the Los Angeles Division – 2004- 2005."

In addition, Mr. Hayes
- is a Lawyer Representative to the Central District Judicial Conference, 2014 to present.
- is the past President, 2013 and 2014,  and a member of the Board of Directors of the Central District Consumer Bankruptcy Attorneys Association ("cdcbaa").
- is on the Board of Directors of the Los Angeles Bankruptcy Forum, 2013 to present.
- is a member of the California State Bar Board of Legal Specialization, Bankruptcy Law Advisory Commission ("BLAC"), 2010 to present. He was Vice-Chairman for the year 2016-2017 and is Chairman for the year 2017-2018.  The BLAC prepares and grades the bi-annual examination for candidates for legal specialization and chooses those who are entitled to be certified.
- Is the Director of the Bankruptcy Litigation Clinic at the University of West Los Angeles where law students from UWLA are used to help parties deal with litigation in bankruptcy court.
- is on the Board of Editors of the California Bankruptcy Journal since 2001.
- is of the Board of Directors and a member of the James T. King Bankruptcy Inn of the Court in Los Angeles.


Mr. Hayes has written many articles including:
- "Community Property or No? Battle of the Presumptions," Central District Consumer Bankruptcy Attorneys Assn Newsletter, No. 17, March, 2016.
- "Thoughts on Justice Antonin Scalia,"  *The Academy, National Assn of Chapter 13 Trustees,* February 29, 2016
- "Predictions on *In re Bellingham*," *The Academy, National Assn of Chapter 13 Trustees,* February 16, 2014
- "The Section 1111(b) Election: A Primer," *California Bankruptcy Journal,* December 2011 (with Roksana Moradi).
- "How Does an Above-Median Chapter 13 Debtor Compute Her Plan Payments?," *Preview of the United States Supreme Court Cases, American Bar Association*, Issue No. 6, Vol. 37, March 22, 2010 (analysis of *Hamilton v. Lanning*).
- "11 U.S.C. §523(a)(19) Application of Denial of Discharge to Securities Law Violators," *American Bar Association, Journal of the Bankruptcy and Insolvency Committee*, Vol. 15, No. 3, Summer 2009 (with Robert J. Haupt and Robert N. Sheets).

2

**RESNIK HAYES MORADI LLP**
**RESUME**

- "A Chapter 13 Primer for the Non-Chapter 13 Bankruptcy Attorney," *California Bankruptcy Journal,* January, 2009 (with James T. King).
- "Chapter 7 Bad Faith, Substantial Abuse and Dismissal with Prejudice: Totality of the Circumstances Needs to be Rethunk," *California Bankruptcy Journal,* January, 2005.
- "The Expanding Liability of Corporate Directors and Officers: Now You Have to Worry About "In the Vicinity of Insolvency," A Judicially Created Gun for Creditors, with Morton S. Rosen, *California Bankruptcy Journal,* March, 2004.
- "Attorneys Should Follow Simple Bankruptcy Law Rules of Thumb," *Los Angeles Daily Journal*, August 30, 2002.
- "The Bankruptcy Discharge: It's Not As Easy As It Looks," *California Bankruptcy Journal,* October, 2000.
- "Formulating and Confirming a Chapter 11 Plan of Reorganization," *Journal of Legal Advocacy & Practice,* University of La Verne School of Law, Volume 2, 2000; and
- "Fighting the Abusive Chapter 13," *Los Angeles Daily Journal.*

Published and other Cases:
- *In re Reynoso,* 315 B.R. 544 (9th Cir. BAP 2004), *affirmd* 477 F.3d 1117 (9th Cir. 2006).
- *In re Kagenveama,* 541 F.3d 868 (9th Cir. 2008)("on the brief" for the NACBA Amicus Brief)
- *In re Penrod*, 611 F.3d 1158 (9th Cir. 2010) )("on the brief" for a group of professors Amicus Brief)
- *Sherman v. SEC (In re Sherman)*, 658 F.3d 1009 (9th Cir 2011)(successful representation of an attorney against the Securities and Exchange Commission)
- *Williams v. Sato (In re Sato),* 512 B.R. 241 (Bkrtcy C. D. CA. 2014 J. Tighe)(successful prosecution of non-dischargeability complaint)
- *Avery v. Obedian (In re Obedian),* 546 B.R. 409 (Bkrtcy C. D. CA. 2016 J. Kwan) (successful claim that home was community property)
- *In re Kashikar,* 567 B.R. 160 (9th Cir. BAP 2017) (pro bono, successfully reversed order on student loan)
- *In re Lua,* 2017 WL 2799989, (unpublished) (9th Cir 2017) (on the brief for the NACBA Amicus Brief) (successfully reversed order denying exemption to debtor)
- *In re Taylor,* 2017 WL 3429029 (unpublished) (9th Cir. BAP 2017)(successfully reversed order of $153,000 in sanctions against an attorney)

Presentations:
- "Hiding in the Valley or Shouting from the Mountain – Debtor's Schedules and Full Disclosure," May 19, 2018, California Bankruptcy Forum Insolvency Conference with Ed Hays, Jenny Doling, and Hagop Bedoyan.
- "Recent Supreme Court Cases of Interest to Bankruptcy Practitioners," October 27, 2017, for the San Fernando Valley Bar Assn with Judge Alan Ahart (Ret.).
- "9th Circuit Review" for the Orange County Bar Assn, March 21, 2017 with Judge Theodor Albert and Rob Goe.

# RESNIK HAYES MORADI LLP
## RESUME

- "Appeals:  It's Not as Hard as it Looks," for the Central District Consumer Bankruptcy Attorneys Assn ("cdcbaa"), March 18, 2017 with Sarah Stevenson, Staff Attorney for the 9th Circuit BAP.
- "Top Ten Supreme Court Cases on Bankruptcy," for the San Fernando Valley Bar Assn on December 9, 2016 with Judge Alan Ahart (Ret.) and David Gould.
- "Consumer Law Update," for the ABI "Consumer Connect Program" on December 2, 2016 with Chapter 7 Trustee Wes Avery and Assistant UST Attorney Jennifer Braun.
- "Unbundling and Limited Scope Representation: Navigating in the Central District," for the Federal Bar Association on November 18, 2016 with Judge Sandra Klein.
- "Individual Chapter 11 Cases," for the National Association of Consumer Bankruptcy Attorneys Annual Convention in San Francisco, May 21, 2016, with Judge Laurel Davis and Wayne Silver.
- "9th Circuit BAP Decisions for 2015" for the San Fernando Valley Bar Assn on February 19, 2016 with Judge Martin Barash and Michael Avanesian.
- "The Supreme Court" for the San Fernando Valley Bar Assn on October 16, 2015.
- "Bankruptcy Foundations," mcle program for bankruptcy professionals, eight class sessions conducted in early 2015.

- The Fourth Annual James T. King Bankruptcy Symposium; "Exemptions: Is Bad Faith a Factor or Not?"  for the Central District Consumer Bankruptcy Attorneys Assn ("cdcbaa"), September 23, 2017 with Judge Theodor Albert, John Tedford, and Prof. Mark Scarberry, Pepperdine School of Law.
- The Third Annual James T. King Bankruptcy Symposium; "Judicial Philosophy: Interpreting the Bankruptcy Code,"  for the Central District Consumer Bankruptcy Attorneys Assn ("cdcbaa"), August 13, 2016 with Judge Paul Watford, Judge Martin Barash, and Prof. Erwin Chemerinsky.
- The Second Annual James T. King Bankruptcy Symposium; "Dear Congress:  Chapter 13 Could Use a Little Help,"  for the Central District Consumer Bankruptcy Attorneys Assn ("cdcbaa"), September 19, 2015 with Judge Keith Lundin, Judge Meredith Jury, Prof. Katie Porter, Hank Hildebrand.
- The First Annual James T. King Bankruptcy Symposium; "*In re Bellingham*:  From the Insiders,"  for the Central District Consumer Bankruptcy Attorneys Assn ("cdcbaa"), July 19, 2014 with Judge Richard Paez, Judge Meredith Jury, and Prof. John Pottow.

- Nuts and Bolts of Consumer Bankruptcy; University of West Los Angeles MCLE Program, June 1 and 2, 2012 and May 31 and June 1, 2013 with James T. King.
- "Individual Chapter 11 Cases:  The Good, the Bad, and the Ugly," Pepperdine Law Journal Symposium with Judge Thomas Donovan, Kenneth Lau, and Prof. Mark Scarberry; March 27, 2012,
- Nuts and Bolts of Consumer Bankruptcy; University of West Los Angeles MCLE Program, June 3 and 4, 2011 with James T. King.
- Nuts and Bolts of Chapter 11 Bankruptcy; University of West Los Angeles MCLE Program, October 15, 2010.

### RESNIK HAYES MORADI LLP
### RESUME

- Nuts and Bolts of Bankruptcy; University of West Los Angeles MCLE Program, May 15 and 16, 2010.

- "A Review of 9th Circuit Published Decisions on Bankruptcy" for the Los Angeles County Bar Assn presentations
  - on September 26, 2006 with retired Bankruptcy Judge Lisa Hill Fenning and Peter Lively;
  - on October 17, 2007 with Bankruptcy Judge Samuel Bufford and Jim King;
  - on November 17, 2009 with Bo Bollinger and Aram Ordubegian;
  - on September 25, 2012 with Judge Julia Brand.

- "A Review of 9th Circuit Published Decisions on Bankruptcy" for the Central District Consumer Bankruptcy Attorneys Assn ("cdcbaa")
  - on March 27, 2007 with Bankruptcy Judge Victoria Kaufman;
  - on January 26, 2008 with Chief Bankruptcy Judge Vincent Zurzolo;
  - on February 21, 2009 with Judge Meredith Jury;
  - on January 30, 2010 with Judge Erithe Smith;
  - on January 20, 2011 with Judge Maureen Tighe,
  - on January 21, 2012 with Judge Sandra Klein;
  - on January 24, 2013 with Judge Meredith Jury and Judge Neil Bason;
  - on January 25, 2014 with Judge Ted Albert and Judge Deborah Saltzman,
  - on January 24, 2015 with Judge Victoria Kaufman and Judge Martin Barash,
  - on January 30, 2016 with Judge Meredith Jury and Judge Julia Brand.
  - on January 28, 2017 with Judge Laura Taylor, Southern District of California, and Judge Vincent Zurzolo.
  - on January 27, 2018 with Judge Julia Brand and Judge Charles Novack, Northern District of California.

- "A Review of 9th Circuit Published Decisions on Bankruptcy" for the California Bar Assn Annual Meeting
  - on October 13, 2012 in Monterey California with Bankruptcy Judge Charles Novack, San Jose;
  - on October 12, 2013 in San Jose with Bankruptcy Judge Charles Novack
  - on September 13, 2014 in San Diego with Chief Judge Laura Taylor, San Diego; and Judge Charles Novack,
  - on October 10, 2015 in Anaheim with Judge Mark Wallace, Santa Ana, and Judge Charles Novack,
  - on September 30, 2016 in San Diego with Judge Louise Adler, San Diego and Judge Charles Novack.
- "Bankruptcy Litigation: A Nondischargeability Defense Overview & Training"; with Judge Thomas Donovan, Jason Wallach and David Golubchick, May 6, 2003.

On November 3, 2016, Mr. Hayes received the Hon. Thomas B. Donovan Excellence Award from the Central District Consumer Bankruptcy Attorneys Assn ("cdcbaa"). The award is given

# RESNIK HAYES MORADI LLP
## RESUME

for "excellence in writing or advocacy, service to the court or service to the bar." The award was presented to him at the annual Calvin Ashland Awards Dinner of the cdcbaa.

On June 21, 2012, Mr. Hayes received the Hon. William J. Lazarow Award from Public Counsel and the Debtor Assistance Project for Outstanding Pro Bono Service to the Community.

In 2013, Mr. Hayes sat on the 9th Circuit Merit Selection Committee responsible for choosing candidates for the open judgeship position in the Riverside Division of the Central District of California. In 2014, Mr. Hayes sat on the 9th Circuit Merit Selection Committee responsible for choosing candidates for the open judgeship position in the Woodland Hills Division of the Central District of California.

Mr. Hayes has been an Adjunct Professor of Law at the University of West Los Angeles (previously University of LaVerne School of Law) for the past 26 years where he has taught Bankruptcy, Business Organizations, Contracts, Advanced Bankruptcy Issues, Commercial Law, and Taxation. Before that he was on the adjunct faculty of Whittier School of Law for four years. He maintains a blog directed primarily for his students at www.profhayesuwla.com. .

Mr. Hayes is active participant at the Bankruptcy Self-Help desk in Woodland Hills and is the director of the Bankruptcy Litigation Clinic at the University of West Los Angeles where law students from UWLA are used to help parties deal with litigation in bankruptcy court.

Mr. Hayes is the author of three books entitled, "*A Summary of Bankruptcy Law*, Third Edition" published in December, 2016; "*Bankruptcy Jurisprudence from the Supreme Court*, Second Edition" published in 2016; and "*Melvyn 'Deacon' Jones: My 40 years with the Blues Legends*," published in 2004. All are available on Amazon.com.

Mr. Hayes previously wrote a monthly column, "Judicial Profiles" for the San Fernando Valley Bar Association magazine, "Bar Notes," on judges in the San Fernando Valley. He maintains a blog at www.centraldistrictinsider.com. He is a regular contributor to the Supreme Court Corner at www.considerchapter13.org.

Mr. Hayes is married and has four children. He has lived in Northridge for 34 years.

---

### Matthew D. Resnik, Partner
*Certified Bankruptcy Specialist, State Bar of California, Board of Legal Specialization -- 2016*

Matthew Resnik received his Juris Doctorate from the University of West Los Angeles School of Law in 1996. He has dedicated his legal career exclusively to consumer bankruptcy, representing financially distressed individuals against their creditors. Dedicated to equalizing the playing field between consumers and creditors, Matthew Resnik founded Simon & Resnik LLP in 2003.

## RESNIK HAYES MORADI LLP
### RESUME

Matthew Resnik has served as a keynote speaker at numerous seminars relating to the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005.

Matthew Resnik is a member of Los Angeles County Bar Association, Beverly Hills Bar Association, and actively involved in the National Association of Consumer Bankruptcy Attorneys ("NACBA") and the local Central District Consumer Bankruptcy Attorneys Association ("CDCBAA"). Matthew Resnik's reputation and excellent track record in Consumer Bankruptcy are widely recognized in Southern California.

Areas of Practice: Bankruptcy
Classes/Seminars
Keynote Speaker, Bankruptcy Abuse Prevention and Consumer Protection Act of 2005

Professional Associations and Memberships
National Association of Consumer Bankruptcy Attorneys ("NACBA"), Member
Central District Consumer Bankruptcy Attorneys Association ("CDCBAA"), Member

---

### Roksana D. Moradi-Brovia, Partner

*Certified Bankruptcy Specialist since 2014*
*State Bar of California, Board of Legal Specialization*

- Partner, RESNIK HAYES MORADI LLP 2018-present
- Partner, SIMON RESNIK HAYES LLP 2015-2018
- Associate Attorney, SIMON RESNIK HAYES LLP 2012-2016
- Associate Attorney, Law Offices of M. Jonathan Hayes 2009-2012
- Law Clerk, Law Offices of M. Jonathan Hayes March, 2009 to November, 2009

Roksana D. Moradi-Brovia has dedicated her legal career to representation of both individuals and businesses navigating through Chapter 7 and Chapter 11, and litigation arising in the bankruptcy context.

She has successfully confirmed 69 Chapter 11 Plans of Reorganization for both individuals and businesses, assisting her clients through the "rehabilitation" process at each step of the way. Recent Chapter 11 cases include representing a couple with 19 income producing real properties, a small trucking company, a jewelry store, a dental practice, and an LLC which owns a 13 unit commercial building.

Ms. Moradi-Brovia was nominated as a Super Lawyers Rising Star in 2014, 2015, 2016, 2017, and 2018.

Ms. Moradi-Brovia is the *Chair* of the Bankruptcy Section of the Los Angeles County Bar Association ("LACBA"), previously holding the positions of *Programs Chair, Secretary and Vice Chair.* She is the *Vice Chair* of the Executive Committee of the Bankruptcy/Commercial

7

## RESNIK HAYES MORADI LLP
## RESUME

Law Section of LACBA, previously holding the position of *Secretary*. She acted as *Chair* of the Debtor Assistance Project/*Pro Bono* Sub-Committee of the Bankruptcy/Commercial Law Section of LACBA from 2013 through 2017. Ms. Moradi-Brovia was the LACBA representative for the U.S. Bankruptcy Court for the Central District of California's Bar Advisory Board for year 2017.

She is the *President* of the Central District Consumer Bankruptcy Attorneys Association ("cdcbaa") and has been on the *Board of Directors* and the *Programs Chair* of the cdcbaa since 2013.

In 2014, Ms. Moradi-Brovia was selected by the U.S. Bankruptcy Court for the Central District of California's Bar Rules Advisory Group as the *Working Group Chair* of the "Disclosure Statement in Support of Chapter 11 Plan of Reorganization," "Cash Collateral Motion," and "Budget Motion" committees working to revise the current versions of those Chapter 11 Individual Debtor forms.

Presentations:
- "Interesting, Important and  All Consuming Opinions of  Central District Bankruptcy Judges" MCLE program for the San Fernando Valley Bar Association on January 19, 2018, with the Hon. Victoria S. Kaufman and James Selth.
- "Consumer Potpourri" MCLE program for the San Fernando Valley Bar Association on May 12, 2017, with Dennis McGoldrick and Nina Javan.
- "Chapter 11: Essentials and Special Situations" MCLE program for Pincus Professional Education on November 4, 2016, with the Hon. Neil W. Bason, Steven R. Fox, Stella Havkin, Peter Lively, and Dennis McGoldrick.
- "9th Circuit Bankruptcy Appellate Panel Review" MCLE program for the San Fernando Valley Bar Association on October 28, 2016, with Katherine C. Bunker and Raymond H. Aver.
- "Elimination of Bias" MCLE program for the *cdcbaa* at Southwestern Law School on February 27, 2016, with Nancy B. Clark and Magdalena Reyes Bordeaux.
- "When is Conversion Kosher? Exploring the Hows, Whens, and Whys of Converting Cases from One Chapter to Another" MCLE program for the Central District Consumer Bankruptcy Attorneys Association ("cdcbaa") at Southwestern Law School on February 8, 2014, with the Hon. Catherine Bauer and Jeffrey Hagen.
- "An Introduction to Adversary Proceedings" MCLE program for Public Counsel at the U.S. Bankruptcy Court – Los Angeles Division on July 11, 2013, with the Hon. Sandra R. Klein, and attorneys Magdalena R. Bordeaux and Roye Zur.

Publication: "The Section 1111(b) Election: A Primer," *California Bankruptcy Journal,* December 2011 (with M. Jonathan Hayes).

Ms. Moradi-Brovia volunteers regularly at Neighborhood Legal Services' Bankruptcy Self Help Desk and Public Counsel's Bankruptcy Self Help Desk and Reaffirmation Clinics.

## RESNIK HAYES MORADI LLP
### RESUME

On September 10, 2014, Ms. Moradi received the Public Counsel Debtor Assistance Project *Pro Bono* award.

Ms. Moradi-Brovia received her Juris Doctorate from the University of West Los Angeles – School of Law in June of 2009 and was admitted to the State Bar of California and the United States District Court in December of 2009.  Ms. Moradi-Brovia was admitted to the Ninth Circuit Court of Appeals in 2013. While in law school, Ms. Moradi-Brovia had the privilege of externing for the Hon. Tracy Grant in San Pedro.  Ms. Moradi-Brovia was the Dean of the Delta Theta Phi Law Fraternity her last year of law school.

In 2009, Ms. Moradi-Brovia was chosen by her law school professor, M. Jonathan Hayes, to join his bankruptcy firm.  The Law Offices of M. Jonathan Hayes merged with Simon & Resnik, LLP in 2012.

Ms. Moradi-Brovia immigrated to the United States when she was a child and is fluent in Polish.

---

### Russell Stong, Associate Attorney

Russell (Russ) Stong has been a senior associate with Simon Resnik Hayes since 2007 helping individuals protect their homes, cars and other assets.  Russ is a highly respected advocate in court and enjoys using his quick oral advocacy skills in front of the Judges.  Russ is passionate about his client's rights, but commands the respect from his advisories due to his outgoing personality and pleasant disposition.

Prior to working for Simon & Resnik, Russ represented financial institutions in fraud actions as a creditor's attorney.  This experience gives him insight into handling individual debtor cases as he understands the mentality and approach of the creditor attorney.  Additionally, Russ developed a strong working relationship with other creditor attorneys, which helps ameliorate complex issues and provide alternatives for his clients. This experience also allowed Russ to argue matters in front of all the Central District Bankruptcy Judges, which enables him to know the patterns and practice of each Bankruptcy Judge.

---

### David Kritzer, Associate Attorney

**SIMON RESNIK HAYES, LLP, Sherman Oaks, California**
**Associate Attorney November 2012 - Present**
Direct client contact for a wide variety of clients. Responsible for all litigation files from inception to post judgment enforcement including significant discovery and law and motion work, depositions, document review and drafting, legal research, trial preparation and practice.

### PROFESSIONAL AFFILIATIONS
Member, California State Bar

## RESNIK HAYES MORADI LLP
### RESUME

Admitted to United States District Court for Central, Eastern, and Northern Districts of California

## EDUCATION
**Pepperdine University School of Law**
Juris Doctor - May 1993
1992 - 1993 Moot Court Board - Co-Chair of 1993 Dalsimer Competition
1991 London Program Participant - Moot Court vs. London University
Second Place Petitioner's Brief - First Year Moot Court
Gunnar Nicholson Family Scholarship Recipient, 1992 - 1993
Second Year Representative, Student Bar Association, 1991 - 1992

**University of California, San Diego, Marshall (Third) College**
Bachelor of Arts - Political Science - June 1990
Minors: General Biology, General Chemistry, and American History
Resident Advisor, Third College Dormitories & Apartments - 1986 - 1989
Student Advocate Board, Associated Students - 1985 - 1987

## OTHER HONORS
A.S.B. President, Van Nuys High School, Van Nuys, California - 1984 - 1985
Boy Scouts of America, Eagle Scout Award Received - June 1984

---

### Pardis Akhavan, Associate Attorney

Resnik Hayes Moradi LLP 2018 to present

Admitted to California Bar May, 2018

Practice Areas:  Bankruptcy and Insolvency

Education: University of West Los Angeles School of Law (J.D. 2017) Magna Cum Laude

---

### Rozario Zubia, Paralegal

Rosario attended California State University Northridge in the 1980s.  She was a bankruptcy paralegal for a bankruptcy specialist sole practitioner in Los Angeles from 1994 to 2004. Rosario began as a paralegal for M. Jonathan Hayes in 2009.  She is also a licensed real estate agent in the State of California. Rosario speaks fluent Spanish.

---

10

## RESNIK HAYES MORADI LLP
### RESUME

### Ja'Nita Fisher, Paralegal

Ja'Nita Fisher has been a paralegal dealing primarily in the Chapter 11 arena for the past six (6) years all with M. Jonathan Hayes, Simon Resnik Hayes LLP and Resnik Hayes Moradi LLP. She is a graduate of California State University Northridge, 2017

---

### Susie Segura, Paralegal

Susie has been a bankruptcy paralegal since 1999 and is the office manager and head paralegal for Simon Resnik Hayes LLP since 2004; she has been with Resnik Hayes Moradi LLP since the formation of the firm.

---

### Max Bonilla, Paralegal

Max began as a legal assistant for Simon Resnik Hayes LLP in 2009 and became a paralegal for the firm in 2010; he has been with Resnik Hayes Moradi LLP since the formation of the firm.

---

### Priscilla Bueno, Paralegal

Priscilla has been a bankruptcy paralegal since 2012. She began as a paralegal for Simon Resnik Hayes LLP in early April of 2017 and has been with Resnik Hayes Moradi LLP since the formation of the firm.

---

### Rebeca Benitez, Paralegal

Rebeca has been a bankruptcy and litigation paralegal since 2005. She began as a paralegal for Simon Resnik Hayes LLP in mid-April of 2017 and has been with Resnik Hayes Moradi LLP since the formation of the firm.

# EXHIBIT 2

# RESNIK HAYES MORADI LLP
### ATTORNEYS AT LAW

Matthew D. Resnik*
M. Jonathan Hayes*
Roksana D. Moradi-Brovia
*

_____

* Certified Bankruptcy
Specialist, California State
Bar Board of Legal
Specialization

Russell J. Stong, III
David M. Kritzer
Pardis Akhavan

_Of Counsel_
Christopher J. Langley

Direct number
(818) 933-2840

**17609 VENTURA BOULEVARD
SUITE 314
ENCINO, CALIFORNIA 91316
Telephone: (818) 285-0100
Facsimile: (818) 855-7013**

7/29/2018

**By email – mabellazarit@live.com**

**Jong Uk Byun
8201 Santa Fe Ave.
Huntington Park, CA 90255**

         **Re:**    Chapter 11 Retainer Agreement

Dear Mr. Byun,

         This letter confirms the agreement of this Firm to perform bankruptcy services for you.  The firm will represent you in an individual Chapter 11 bankruptcy case which we will file likely in the next week or two.

## I.  **INTRODUCTION**

A.  Our Duties to You

         The Firm will act as your reorganization counsel, and, in such connection, will render such ordinary and necessary legal services as may be required in connection with the case under Chapter 11 of the Bankruptcy Code in the Central District of California.  The services include preparing, and amending if necessary, the bankruptcy schedules; preparing and filing pleadings as necessary; advising you with respect to matters concerning executory contracts and leases, cash collateral, creditors' claims and the negotiation; assisting you in the preparation and confirmation of a Chapter 11 plan of reorganization; representing you in litigation in the Bankruptcy Court, limited to bankruptcy law issues, and otherwise advising you regarding your legal rights and responsibilities under the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure.  We will file a Notice of Automatic Stay in each pending litigation that you are now involved in.

B. Monthly Operating Reports

One of the requirements of Chapter 11 cases, as you know, is a financial statement that must be filed EACH MONTH, called the Monthly Operating Report (the "MOR"). The MOR is due by the 15th day of the *following* month.

This will confirm that we have advised you that we do not prepare the MORs. That is your responsibility. Once the MOR is completed, you will send it to us and we will upload it. That will be our only involvement. We will provide you with the name of a person who regularly prepares MORs and you can retain that person if you wish. If the MORs are not accurate and filed on time, it is likely that the case will be dismissed on motion by the U.S. Trustee. **This is very important.** Please make sure the MOR is received in our office by no later than the 10th of each month.

If you get behind on the MORs, or are generally not complying with the rules and regulations of the U.S. Trustee's Office, we will likely file a motion to withdraw from the case. The case will not be successful if you do not file the MORs timely and accurately.

C. Plan of Reorganization

A Plan of Reorganization is not due at any particular time and is generally filed six to ten months after the case is filed. The Firm will prepare the proposed Plan after discussing it with you and your staff.

D. What Services are Not Included

As you are aware, the Firm limits its practice generally to insolvency and reorganization matters. Our employment as your reorganization counsel does not include appearances before any court or agency other than the Bankruptcy Court and the Office of the United States Trustee; litigation in any court, including the Bankruptcy Court with respect to matters that are, in the main case, disputes involving issues of non-bankruptcy law; or the provision of advice outside of the insolvency area, such as taxation, torts, environmental, labor, criminal, insurance, construction or real estate law. While we do represent people in appeals, this contract does not include that work.

The Firm strongly recommends that you employ a tax professional in order to advise you concerning the tax issues, debt forgiveness and the tax consequences of confirmation of a Plan of Reorganization generally.

E. Claim Against Hyundai

The primary reason for the filing of this case is a loan you have which may or may not be owed to Hyundai Steel Company. It is possible that the claim is owed to Prime Metals, Inc., an entity now in a chapter 7 case. As part of our

2

representation of you, we have agreed to file a Complaint in the Bankruptcy Court seeking to clarify who the debt is owed to and how much is owed.

### F. Who the Firm Represents

The Firm will represent you only in your personal chapter 11 case. We discussed the possibility of also filing a chapter 11 case for your entity, Central Metal, Inc. If we agree to do that, we will present you with a separate retainer agreement which will discuss the potential conflict issues.

## II. FEES, COSTS, BILLS AND RETAINERS

### A. Retainer

We have agreed to accept $50,000 as the initial retainer to represent you in the Chapter 11 case. That is in addition to the $2,500 you have already paid us. Of the retainer, $1,717 will be used to pay the filing fee. The entire retainer fee must be paid before the case can be filed. We are required to disclose the source of the funds to the US Trustee's Office and your creditors. You have informed us that the funds to be used to pay us will be your personal funds.

The entire retainer fee will be placed into our client trust account. In conformity with 11 U.S.C. §§ 330 and 331, we intend to file interim fee applications for allowance of fees and reimbursement of costs advanced.

We intend to draw down on the retainer as allowed by the local rules and the U.S. Trustee's Office. This means we will prepare and file a professional fee statement at the end of each month and serve it as required. If no creditors object and you do not object, we will remove the amount of the fees for the month until the retainer is gone. The total cost of the Chapter 11 will exceed the retainer depending on how complex and litigious the case becomes.

### B. Monthly Payments During the Case

The Bankruptcy Code does not permit you to pay us *during the case* without the permission of the Court. Further, we are only allowed to file fee applications once every four (4) months. We expect to file a fee application in this case on or about the end of the fourth (4th) month of the case. The hearing on the fees will be about a month after that. Once those fees are "allowed" by the Court, we expect you to pay those fees.

### C. Final Fee Application

As we explained, the Bankruptcy Code provides that our fees be paid in full at the time your Chapter 11 Plan of Reorganization is confirmed unless we agree otherwise. We often agree to payment of our fees over a year or so but reserve the right to require that the fees be paid in full on confirmation. Should you fail to pay the fees per the Chapter 11 Plan of Reorganization after the fees have been

3

approved by the Court, the fees awarded but unpaid to date will come immediately due and payable and we will use the order granting final fee application to enforce your obligation to pay us.

D. Fees as a Basis for Withdrawal from Representation of you

A Chapter 11 proceeding can be extremely expensive. Fees in cases in which there is little to no conflict, that is, the creditors agree to the Chapter 11 Plan of Reorganization up front, often run $35,000 to $50,000. After that, the process is similar to litigation meaning that you will be making the decision whether to litigate some particular issue or settle.

**We reserve the right to withdraw from the case if it appears to us that you will not be able to pay the fees for the litigation decisions it is making during the case.**

E. Computation of Fees

We will charge you for our professional services on an hourly rate basis. We keep track of time spent on your case in tenths of an hour. The rates we will charge for this case for each attorney and paralegal are set forth at the end of this letter.

As you know, rates are negotiable and obviously you may seek other counsel and discuss with others their rates and make its determination based thereon.

We reserve the right to raise the fees at other times after giving you a month of notice. We also reserve the right to add new staff and assign rates so long as those rates are not more than the maximum shown above.

F. Costs

Costs are typically limited to filing fees and copying costs.

G. Monthly Statements

We will provide you with monthly reports detailing our services. On each bill, we will give you specific details of the services rendered as well as the amount of time expended in providing these services. We will discuss with you in advance, where practicable, legal services to be performed on its behalf to determine the most efficient way to perform such service.

The statements have a lot of detail so they can be a little complicated to read. Please call the office if you have questions about them. We are human and we do sometimes make mistakes so please CHECK OUR STATEMENTS and call if you believe we have made a mistake.

4

H. Fee Estimates

Due to the uncertainty regarding the nature, extent and outcome of the matters in which we will represent you, we cannot predict the total amount of fees and expenses to be incurred, nor can we give you any assurance regarding the outcome of this engagement. The California Rules of Professional Conduct do not allow us to give you any guaranty about the outcome of the case. Please call the office if you want a status report on your case. Estimates *are* estimates. They are not caps, limits or guarantees. You can best control the fees and costs by carefully reviewing our monthly statements and by closely following the progress of your own case so that you know what is being done and why.

I. Fees Owed Upon Dismissal or Withdrawal

If the Chapter 11 case is ultimately dismissed for any reason, you will still owe the fees charged by the Firm up to that date. The Firm will make demand on you to pay those fees. In addition, if you choose to replace us with other counsel or we withdraw from representation, you will be responsible to pay those fees pursuant to the Bankruptcy Code.

## III. <u>**ATTORNEY/CLIENT RESPONSIBILITIES**</u>

We can only do our job if you do yours. You must provide us with telephone numbers, e-mail addresses, a mailing address and other contact information and keep that information current. You must be available to talk with us on a regular basis.  <u>If you plan to be out of touch, you must let us know in advance.</u>  If we ask you for some information or copies of documents, you must provide us with the information or the documents within a reasonable period of time. If you do not have the information or documents, you need to let us know this as soon as possible.

We will not withdraw from the case without either your permission or the permission of the Bankruptcy Court. Under some circumstances, we are required to ask the permission of the court before withdrawing.

This contract is limited to the bankruptcy case. It does not include any other legal matters or representing anyone else. It also does not include any other type of legal advice.

**Our representation of you will end when the final decree is entered by the Court.** That happens when the Chapter 11 Plan of Reorganization is confirmed and you has substantially consummated the Chapter 11 Plan of Reorganization, which usually means it has begun making payments to its creditors under the Chapter 11 Plan of Reorganization. *We are willing to consider any legal representation you may need after the final decree is entered however*

5

*we will require a new retainer agreement and payment of the new fees on a monthly basis thereafter.*

You may discharge the Firm as its bankruptcy counsel at any time. The Firm may withdraw at any time with your consent or for good cause shown without its consent. Good cause includes, but is not limited to, your breach of this agreement, your refusal or failure to cooperate with the Firm or any fact or circumstances that would render the Firm's continuing representation unlawful or unethical. Nothing contained herein shall prevent the Firm from making any appropriate motion to such court to withdraw as counsel should the Firm in its legal or business judgment determine that to be necessary or appropriate.

## IV. MISCELLANEOUS ITEMS

This agreement covers this Firm's representation of you in your capacity as a Debtor-in-Possession only. If the case is converted to a Chapter 7 or dismissed, we will continue to represent you provided that a new fee arrangement is reached.

The laws of the State of California shall govern the validity, construction, enforcement and interpretation of this agreement. This retainer agreement may only be amended in writing. Should litigation be required regarding the terms of this agreement, the successful party shall be entitled to receive attorney's fees and costs.

We are going paperless so we will return to you any papers which relate to its case. If you want a copy of your file, we will give it to you on a disk. We recommend strongly that you keep the file for at least five (5) years.

## V. CONCLUSION

After you have read this letter, please call us with any questions you may have. If this letter accurately sets forth our understanding, please sign this letter and return it to us by fax or email and then mail the original back to us. Please advise us if you have any questions or comments about this retention letter. As always, please do not hesitate to contact us if you have any questions with respect to any of these matters.

Very truly yours,

/s/ M. Jonathan Hayes

6

## CLIENT STATEMENT

I have read this letter consisting of seven (7) pages and understand what it says. I read it with the help of an interpreter who read it to me in my native language Korean. I understand that I may consult with another attorney about this letter before I sign it. I have received answers to every question I have asked and I wish to hire RESNIK HAYES MORADI LLP to represent me under the terms and conditions discussed in this letter.

Date: _Aug - 1, 2018_                    By: _[signature]_
                                             **Jong Uk Byun**

### RESNIK HAYES MORADI LLP

### BILLING RATES 2018

| M. Jonathan Hayes | Partner | $485.00 |
|---|---|---|
| Matthew D. Resnik | Partner | $450.00 |
| Roksana D. Moradi-Brovia | Partner | $385.00 |
| Russell Stong | Associate | $325.00 |
| David Kritzer | Associate | $325.00 |
| Pardis Akhavan | Associate | $185.00 |
| Rosario Zubia | Paralegal | $135.00 |
| Ja'Nita Fisher | Paralegal | $135.00 |
| Priscilla Bueno | Paralegal | $135.00 |
| Rebeca Benitez | Paralegal | $135.00 |

### PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: **17609 Ventura Blvd., Suite 314, Encino, CA 91316.**

A true and correct copy of the foregoing document entitled **NOTICE OF MOTION AND MOTION IN INDIVIDUAL CHAPTER 11 CASE FOR ORDER AUTHORIZING DEBTOR-IN-POSSESSION TO EMPLOY GENERAL BANKRUPTCY COUNSEL; STATEMENT OF DISINTERESTEDNESS FOR EMPLOYMENT OF PROFESSIONAL PERSON UNDER FRBP 2014** be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**
– Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **8/17/2018** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐  Service information continued on attached page.

- **Theron S Covey    tcovey@rasflaw.com, CAECF@tblaw.com**
- **M. Jonathan Hayes    jhayes@rhmfirm.com, roksana@rhmfirm.com;rosario@rhmfirm.com;janita@rhmfirm.com;susie@rhmfirm.com;max@rhmfirm.com;priscilla@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.com;rebeca@rhmfirm.com**
- **David W. Meadows    david@davidwmeadowslaw.com**
- **Kelly L Morrison    kelly.l.morrison@usdoj.gov**
- **Darren L Patrick    dpatrick@omm.com**
- **Steven G. Polard    spolard@eisnerlaw.com, lewing@eisnerlaw.com**
- **Valerie Smith    claims@recoverycorp.com**
- **United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov**

**II.  SERVED BY U.S. MAIL:** On **8/17/2018** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

**Hon. Vincent P. Zurzolo**
**U.S. Bankruptcy Court**
**Central District – LA Branch**
**255 E. Temple Street, Suite 1360**
**Los Angeles, CA 90012**

**Jong Uk Byun**
**8201 Santa Fe Ave.**
**Huntington Park, CA 90255**

**ALL CREDITORS:**

**Allen Park -Packo**
**440 S. Vermont Ave., #301**
**Los Angeles, CA 90020**

**Amex**                                                    **Correspondence/Bankruptcy**
                                                            **Po Box 981540**

El Paso, TX 79998

Bae Family
440 S. Vermont Ave., #301
Los Angeles, CA 90020

Bejac
569 S. Van Buren Street
Placentia, CA 92870

California Dept of Tax and Fee Admi
Special Ops, MIC 55
PO Box 942879
Sacramento, CA 94279-0005

City of Los Angeles
Office of Finance
200 North Spring St., RM 101
Los Angeles, CA 90012

CP Construction
105 N. Loma Place
Upland, CA 91786

Creditors Adjustment
14226 Ventura Blvd.
Sherman Oaks, CA 91423

Eisner Jaffe
9601 Wilshire Blvd., 7th FL
Beverly Hills, CA 90210

First Premier Bank
Attn: Bankruptcy
Po Box 5524
Sioux Falls, SD 57117

First Saving Bank / Blaze
Attn: Bankruptcy
Po Box 5096
Sioux Falls, SD 57117

Franchise Tax Board
Attn: Bankruptcy Unit
P.O. Box 2952
Sacramento, CA 95812-2952

Genesis Bankcard Services
Po Box 4477
Beaverton, OR 97076

Hose-Man
5397 North Irwindale Ave
Irwindale, CA 91706

Hyundai Steel Company

c/o Taejoong Kim
10550 Talbert Ave. Fl2
Fountain Valley, CA 92708

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

Jinah Oh
21856 S. Vermont Ave., #6
Torrance, CA 90502

Kap Chan Chong
3580 Wilshire Blvd., Suite 900
Los Angeles, CA 90010

Los Angeles County Tax Collector
PO Box 54110
Los Angeles, CA 90054-0110

Mohamed
440 S. Vermont Ave., #301
Los Angeles, CA 90020

Municipal Services Bureau
8325 Tuscany Way, Bldg 4
Austin, TX 78754-4734

Ocwen Loan Servicing
1661 Worthington Road Ste, 100
West Palm Beach, FL 33409

Packo Investments
440 S. Vermont Ave., #301
Packo In, CA 90020

Par Funding
Complete Business Solution Group
141 N. 2nd Street
Philadelphia, PA 19106

Quarter Spot Inc./DLI Assets Bravo
110 N. Washington St., Ste. 500
Rockville, MD 20850

San Bernadino County Treasurer Tax
268 W. Hospitality Lane, 1st FL
San Bernardino, CA 92415

Sequoia Financial Svcs
Attn: Bankruptcy
28632 Roadside Dr , Ste 110
Agoura Hills, CA 91301

Small Business Administration
200 West Santa Ana Blvd., Ste 180

Santa Ana, CA 92701

Soo Yeong Kim

Southern County Oils
1800 West Katella Ave., Suite 400
P.O. Box 4159
Orange, CA 92863

Southern County Oil Co.
1800 West Katella Ave., Suite 400
Orange, CA 92867

Synchrony Bank/Amazon
Attn:  Bankruptcy Dept

Po Box 965060
Orlando, FL 32896

Toni Ko
1100 S. Hope Street
Los Angeles, CA 90015

Wells Fargo Dealer Services
Attn: Bankruptcy
Po Box 19657
Irvine, CA 92623

Zamucen & Curren, LLP
17898 Skypark Circle, Sutie C
Irvine, CA 92614

**RETURNED MAIL/REMOVED CREDITORS:**

Cemex Construction Materials
1430 Santa Clara Street
Santa Paula, CA 93060

**III. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE
TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to
F.R.Civ.P. 5 and/or controlling LBR, on **8/17/2018** I served the following person(s) and/or
entity(ies) by personal delivery, overnight mail service, or (for those who consented in writing to
such service method), by facsimile transmission and/or email as follows.  Listing the judge here
constitutes a declaration that personal delivery on the judge will be completed no later than 24
hours after the document is filed.

☐ Service information continued on attached page
I declare under penalty of perjury under the laws of the United States of America that the
foregoing is true and correct.

| 8/17/2018 | Ja'Nita Fisher | /s/ Ja'Nita Fisher |
|-----------|----------------|--------------------|
| Date | Type Name | Signature |