EVAN M. JONES (S.B. #115827)
MARC F. FEINSTEIN (S.B. # 158901)
DARREN L. PATRICK (S.B. #310727)
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, California 90071
Telephone:    (213) 430-6000
Facsimile:    (213) 430-6407

*Attorneys for Hyundai Steel Company*

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No. 2:18-bk-19004-VZ |
| JONG UK BYUN, | Chapter 11 |
| Debtor. | **HYUNDAI STEEL CO.'S UNILATERAL STATUS REPORT** |
| | Date:    October 4, 2018<br>Time:    9:30 a.m.<br>Place:    Courtroom 1368<br>            255 E. Temple Street<br>            Los Angeles, CA 90012 |

    Hyundai Steel Company (Hyundai), the largest secured creditor in this case, respectfully submits this report to advise the Court of critical facts omitted by the Debtor's status report. Fundamentally, this is a "Chapter 22" bankruptcy filed by a Debtor whose earlier plan provided for a five-year, non-amortizing debt to Hyundai secured by virtually all real and personal property of the Debtor and his wholly owned company, Central Metal, Inc. ("Central"). After plan confirmation, when the Debtor struggled to make payments, the parties consensually extended the payment schedule and twice reduced the interest rate. Nevertheless, the Debtor again defaulted,

1

has made no payments at all for over two years, and was on the eve of foreclosure when he filed this case. The Debtor shows no tangible progress toward selling the collateral and no reasonable likelihood of restructuring. Should this case continue, the Court should set tight deadlines.

As successor in interest to the largest secured creditor in Byun and Central's prior bankruptcies, Hyundai holds a secured claim against the Debtor in excess of $21,000,000. This claim is secured by nearly all of the Debtor's and Central's assets.

### Byun and Central's Prior Chapter 11 Cases

- In 2010, Byun and Central—a scrap metal company 100% owned and controlled by the Debtor and providing his sole income—each filed Chapter 11 bankruptcy petitions in this Court. *See* Case No. 2:10-bk-11241-VZ, Dkt. 1 (Byun Petition); Case No. 2:10-bk-10642-VZ, Dkt. 1 (Central Petition).
- Both bankruptcies culminated in the confirmation of Chapter 11 reorganization plans. Under the plans, Hyundai's predecessor in interest (MKLUS) held an allowed $17,518,141.52 secured claim. *See* Case No. 2:10-bk-11241, Dkt. 6 (Byun Plan) (attached to Patrick Decl. as Ex. A) at pp. 23–24; Case No. 2:10-bk-10642-VZ, Dkt. 220 (Central Plan) (attached to Patrick Decl. as Ex. B), at pp. 24–25.[1] The plans provided for interest-only monthly payments of $131,386.06 beginning in October 2010, with a balloon payment due in April 2015. *See* Central Plan at 24.
- Hyundai's claim and treatment under the plans was secured by real property including commercial lots commonly known as (1) 2203-2445 S. Alameda St., Los Angeles, California, 90058; (2) 1736 E. 24th St., Los Angeles, California, 90018; and (3) 8201 Santa Fe Ave., Huntington Park, California, 90255 (the Santa Fe Property). *Id*. at 25; *see also Summary of Assets and Liabilities*, Case No. 2:18-bk-19004, Dkt. 26, at p. 20 (acknowledging these properties as Hyundai's collateral). Although some of the real

---

[1] In December 2014, MKLUS assigned its secured claim to another entity, Prime Metals U.S.A., Inc. (Prime). *See Declaration of Darren Patrick* attached hereto (Patrick Decl.) at ¶ 3 (Assignment to Prime). In December 2016, Prime assigned its interest in the debt to Hyundai. *Id*.

2

1  property collateral was owned by Central during the prior Chapter 11's, Hyundai is
2  informed by the Debtor that all the real property is now owned by Byun.
3  • In addition, Hyundai's claim was secured by a first priority lien on all of Central's
4  personal property.  *See* Central Plan at 25.

### Byun and Central's Default

6  • Approximately two years after plan confirmation, Byun and Central defaulted on the
7  monthly interest payments.  In April 2013, the parties agreed to lower the interest rate
8  from 9% to 6.4% while keeping the maturity date unchanged.  *See* Patrick Decl. Ex. C
9  (Amendment to Loan Agreement).
10 • Byun and Central defaulted again; and, in February 2015, an additional forbearance and
11 modification agreement reduced the interest rate and extended the maturity date to
12 December 2019.  *Id*. at Ex. D (Forbearance Agreement).  Even so, in September 2016,
13 Central and Byun ceased <u>all</u> payments on their secured obligations.  Patrick Decl. at Ex. E
14 (Notice of Default).  Byun and Central have not made any payments for over two years.

### Hyundai's Judicial and Non-Judicial Foreclosure Proceedings

16 • Hyundai commenced a judicial foreclosure action against Byun and Central in the Los
17 Angeles Superior Court, Case No. BC656887, on April 6, 2017.  Patrick Decl. ¶ 6.
18 • Shortly after Hyundai filed its complaint, Central and Byun filed a four-count cross-
19 complaint against Hyundai seeking $35 million in damages.  Patrick Decl. ¶ 7.  The Los
20 Angeles Superior Court dismissed the cross-complaint in its entirety with prejudice on
21 February 5, 2018, and the California Court of Appeal denied Central and Byun's petition
22 for a writ of mandate seeking to have the trial court's dismissal order reversed.  Patrick
23 Decl. at ¶ 7; Ex. F (Ruling on Demurrer).
24 • In parallel with Hyundai's judicial foreclosure action, Hyundai commenced a non-judicial
25 foreclosure (NJF) on the real property collateral by recording notices of default and sale in
26 the Los Angeles County Recorder's Office on March 28, 2018 and July 5, 2018,

respectively.[2] *See* Patrick Decl. Ex. G (Notices of Default); H (Notices of Sale). The NJF was scheduled for August 6, 2018. *Id*.

- On May 16, 2018, Byun, Central, and Hyundai conducted a full-day mediation with David Gould as mediator. Patrick Decl ¶ 10. However, the parties were unable to reach a settlement. On May 17, 2018, the Superior Court, at Hyundai's request and over Byun's objection, stayed the judicial foreclosure action to allow the NJF to proceed. Patrick Decl. at Ex. I (Notice of Ruling on Stay).

- Shortly before the August 6, 2018 foreclosure date under the NJF, Byun sought emergency orders restraining Hyundai from conducting the NJF in two courts: the Family Court presiding over his divorce proceeding, then in the Superior Court presiding over the foreclosure action. Patrick Decl. ¶ 12. Both courts denied Byun's request, and Byun filed this bankruptcy case immediately thereafter.

**Developments Since Byun's Second Chapter 11 Filing**

- Hyundai's secured claim now exceeds $21,000,000, and interest continues to accrue at a rate of approximately $125,000 per month pursuant to the operative loan documents. Patrick Decl. at ¶ 12; Ex. D (Forbearance Agreement). In his Schedules, the Debtor lists Hyundai's claim as $16,800,000. *See* Dkt. 26 (Schedules) at p. 16. This amount—the face value of Hyundai's secured notes—completely ignores the interest that has accrued since Byun and Central defaulted in September 2016. The current (default) rate is 9% per annum. Patrick Decl. Ex. D (Forbearance Agreement).

- In his Schedules, Byun values the Santa Fe Property at $28,000,000. *See* Dkt. 26 (Schedules) at p. 4. This valuation is highly suspect. In the prior bankruptcy, the Debtor valued all its real estate—which at the time included much more than Hyundai's collateral—at only $3,620,010. *See* Case No. 2:10-Fbk-10642-VZ, Dkt. 220 (Central

---

[2] Under California law, Hyundai is entitled to "exercise the remedies of nonjudicial and judicial foreclosure concurrently as well as alternatively. The beneficiary of a trust deed can pursue both remedies at once, and then elect to complete but one." *Vlahovich v. Cruz*, 213 Cal. App. 3d 317, 322, (1989).

4

Plan) at p. 106.  The Debtor admitted during his 341(a) meeting that the $28 million valuation was based on an offer he purportedly received from Alere Property Group.  Patrick Decl. Ex. J (Excerpts from Creditor Meeting Transcript) at p. 29.  Yet the Debtor further testified that Alere, the only live bidder on the property, has "backed out" of its proposal and is "not going to participate in the bankruptcy process for the time being." *Id*. at p. 4–5, 29–30.  Indeed, that "offer" was nothing more than a free option, permitting the buyer in its entire discretion to choose for an entire year (and perhaps longer) whether to proceed, while preventing the Debtor from selling to another buyer.[3]  Finally, the Debtor also admitted that he has never conducted an appraisal of any of his real property. *Id*. at p. 23:21–25.

- On top of this, the Santa Fe Property is currently being tested for environmental violations, including by the Environmental Protection Agency, the California Department of Toxic Substances Control, and Los Angeles municipal authorities. *Id*. at p. 52:22–57:9.  According to the Debtor's 341(a) testimony, the Santa Fe Property is not operational because "the EPA is drilling our land to do their inspection." *Id*. at 55:5–6.  Hyundai is informed that the Debtor lost his permit to operate his business on the Santa Fe Property due to environmental violations.  Patrick Decl. ¶ 15.

- According to the Debtor's Schedules, the Debtor owns certain real property parcels that do not constitute Hyundai's collateral.  *See* Dkt. 26 (Schedules) at pp. 20–21 (listing certain real property located at 1770 E. 22nd St., Los Angeles, CA; 144 & 146 S. "G" St., San Bernardino, CA 92410; and 24299 Old Highway 58, Hinkley, CA 92327).  But these properties are, by the Debtor's own admission, massively underwater.  According to the Schedules, these properties together are worth only $1.5 million, but are encumbered by debt exceeding $10 million.  *Id*.

---

[3] Although Alere provided a small deposit, it was refundable if Alere chose not to proceed with the purchase.

- Although the Debtor has been in default for years, and facing foreclosure since April of 2017, he has failed to show any realistic prospect of selling Hyundai's real property collateral in a timely fashion. The Debtor admits in his Status Report that he "retained a broker specialized in commercial real properties" in 2017. Status Report at 5. Yet no tangible offer has materialized.
- The Debtor is also in default on over $600,000 in property taxes to the Los Angeles County Treasurer. *See* Claim 3-1.
- Nearly all of the Debtor's $63,880 in monthly income comes from rent paid by Central for the use of the Debtor's real property, including Hyundai's collateral. *See* Dkt. 32 (Status Report) at 5. There is no showing how this income could possibly support debts exceeding $25 million by the Debtor's own accounting. Dkt. 26 (Schedules) at pp. 2, 38. Interest alone on Hyundai's secured debt exceeds $125,000 per month, *i.e.*, twice the Debtor's income.[4] Further, the Debtor states in his Schedules that he receives nothing in wages, salary, and commissions; and that he has only $323.00 in his checking account. *See* Dkt. at p. 37 (Schedule I), p. 9 (Schedule A/B, Part 4). This is a Debtor who has simply hunkered down with no realistic possibility of reorganizing.
- Pursuant to the deeds of trust securing Byun and Central's obligations to Hyundai, any rent generated by Hyundai's real property collateral constitutes Hyundai's cash collateral. Patrick Decl. Ex. K (Deed of Trust).
- In his *Ex Parte Motion For Further Time To File the Debtor's Schedules*—filed well over a month ago on August 16, 2018—the Debtor maintained that he needed an extension because he had "spent significant time in the ten days since the case was filed preparing … emergency motions to use cash collateral." Dkt. 17 at 3. Yet nothing has been filed.

---

[4] The Debtor's income appears to derive almost entirely from rent paid by Central. *See* Debtor's Status Report at p. 5 (showing $52,000 in monthly rent as compared to Byun's total monthly income of $63,880). There is no indication whether Central is paying fair market rent, nor does Hyundai take a position at this time as to the value of its collateral.

- Nor has Hyundai consented to the Debtor's use of its cash collateral. The Debtor is simply not taking any real action in bankruptcy.
- A bankruptcy court "is empowered to convert or dismiss a Chapter 11 case sua sponte." *In re YBA Nineteen, LLC*, 505 B.R. 289, 302 (S.D. Cal. 2014); *see also Argus Grp. 1700, Inc. v. Steinman*, 206 B.R. 757, 763 (E.D. Pa. 1997) (collecting cases).

## **CONCLUSION**

Given the Debtor's extraordinarily low likelihood of successfully reorganizing, and the ample time he has had to dispose of his collateral, this Court should simply dismiss this case. If the Debtor is permitted to continue in Chapter 11, the Court should impose prompt deadlines. If the Debtor intends to pursue an asset sale outside a reorganization plan, he should be required to file an appropriate motion within 45 days, with a sale hearing to take place within 75 days. If the Debtor intends to confirm a plan, the Court should require the Debtor to file a Disclosure Statement and Plan within 30 days, and impose expeditious subsequent deadlines for their approval. This case should not be allowed to languish to the detriment of Hyundai and other creditors.

Dated: September 28, 2018

Respectfully submitted,

EVAN M. JONES
MARC F. FEINSTEIN
DARREN L. PATRICK
O'MELVENY & MYERS LLP

By: */s/ Darren L. Patrick*
Darren L. Patrick

*Attorneys for Hyundai Steel Company*

**DECLARATION OF DARREN L. PATRICK**

1. I am an attorney licensed to practice in the State of California and before the United States District Court for the District of California. I am an associate at the law firm of O'Melveny & Myers LLP, counsel of record for Hyundai Steel Company (Hyundai). I have represented Hyundai in foreclosure litigation with the Debtor and his wholly owned company, Central Metal, Inc. (Central), in the Los Angeles Superior Court. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, I could and would testify competently thereto.

2. Hyundai is the successor in interest to MKLUS, the largest secured creditor under Byun and Central's prior Chapter 11 bankruptcies in this Court. Attached hereto as **Exhibits A and B** are Byun's and Central's Chapter 11 plans, respectively, both of which were confirmed by this Court.

3. In December 2014, MKLUS assigned its secured claim to Prime Metals U.S.A., Inc. (Prime). In December 2016, Prime assigned its interest in the debt to Hyundai.

4. Approximately two years after this Court confirmed Byun and Central's Chapter 11 reorganization plans, Byun and Central defaulted on the monthly interest payments. In April 2013, the parties agreed to lower the interest from 9% to 6.4% while keeping the maturity date unchanged. Attached hereto as **Exhibit C** is a true and correct copy of the loan amendment among MKLUS, Byun, and the Debtor.

5. In February 2015, an additional forbearance and modification agreement reduced the interest rate and extended the maturity date to December 2019. Attached hereto as **Exhibit D** is a true and correct copy of the forbearance agreement.

6. In September 2016, Central and Byun ceased all payments on Hyundai's secured debt. Attached hereto as **Exhibit E** is the Notice of Default sent by Prime (Hyundai's predecessor) to the Debtor on or about October 6, 2016. Byun and Central have not made any payments to Hyundai since Hyundai acquired the debt from Prime.

7.      Hyundai commenced a judicial foreclosure action against Byun and Central in the Los Angeles Superior Court, Case No. BC656887, on April 6, 2017.

8.      Shortly after Hyundai filed its foreclosure complaint, Central and Byun filed a five-count cross-complaint against Hyundai seeking $35 million in damages. The Los Angeles Superior Court dismissed the cross-complaint in its entirety with prejudice on February 5, 2018. A true and correct copy of the Superior Court's order sustaining Hyundai's demurrer is attached hereto as **Exhibit F**. The California Court of Appeal denied Central and Byun's petition for writ of mandate seeking to have the trial court's dismissal order reversed.

9.      In parallel with Hyundai's judicial foreclosure action, Hyundai commenced a non-judicial foreclosure (NJF) on its real property collateral by recording notices of default and sale in the Los Angeles County Recorder's Office on March 28, 2018 and July 5, 2018, respectively. Attached hereto as **Exhibits G and H** are true and correct copies of the notices of default and sale. The NJF was scheduled for August 6, 2018. *Id*.

10.      On May 16, 2018, Byun, Central, and Hyundai conducted a full-day mediation with David Gould as mediator. However, the parties were unable to reach a settlement.

11.      On May 17, 2018, the Superior Court, over Central and Byun's objection, imposed a discretionary stay of the judicial foreclosure action in order to permit Hyundai to proceed with the NJF. Attached hereto as **Exhibit I** is a true and correct copy of the notice of the Superior Court's ruling imposing a stay.

12.      Shortly before the NJF foreclosure sale scheduled for August 6, 2018, Byun sought emergency orders restraining Hyundai from conducting the NJF in two courts: the Family Court presiding over his divorce proceeding, then in the Superior Court presiding over the foreclosure action. Both courts denied Byun's request, and Byun filed this bankruptcy case immediately thereafter.

13.      Hyundai's secured claim now exceeds $21,000,000, as reflected in the Notices of Sale attached hereto as Exhibit H. Interest continues to accrue at a rate of approximately $125,000 per month pursuant to the Forbearance Agreement attached hereto as Exhibit D.

14. I attended the Debtor's 341(a) meeting on September 7, 2018 as Hyundai's representative. The Debtor and his counsel, Jonathan Hayes, appeared. Kelly Morrison appeared for the United States Trustee. I requested audio recordings of the creditor meeting from the Office of the United States Trustee and caused them to be transcribed by Veritext Legal Solutions. To the best of my knowledge and recollection, the transcripts are accurate and complete. The testimony that appears in **Exhibit J** hereto is excerpted from the Veritext transcripts, which I would make available in full to the Court and interested parties upon request.

15. The Debtor admitted during the 341(a) meeting that Alere Property Group, the only live bidder for the Santa Fe Property, has "backed out" of its proposal to buy the property and is "not going to participate in the bankruptcy process for the time being." *See* Ex. J, pp. 4–5, 29–30. The Debtor also stated that he has never conducted an appraisal of any of his real property. *Id*. at p. 23:21–25. On top of this, the real property is currently being tested for environmental violations, including by the Environmental Protection Agency, the California Department of Toxic Substances Control, and Los Angeles municipal authorities. *Id*. at p. 52:22–57:9. According to the Debtor's 341(a) testimony, the Sante Fe Property is not operational because "the EPA is drilling our land to do their inspection." *Id*. at 55:5–6. Hyundai is informed that the Debtor lost his permit to operate his business on the Santa Fe Property due to environmental violations.

16. Pursuant to the deeds of trust securing Byun and Central's obligations to Hyundai, any rent generated by Hyundai's real property collateral constitutes Hyundai's cash collateral. A true and correct copy of Hyundai's first deed of trust is attached hereto as **Exhibit K**. Hyundai's second through fifth deeds of trust contain identical language and secure the same real property collateral.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my information, knowledge, and belief.

Executed this 28th day of September, 2018 in Los Angeles, California.

_____
Darren Patrick

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of eighteen and not a party to this bankruptcy case or adversary proceeding. My business address is **400 South Hope Street, Los Angeles, California 90071-2899**.

A true and correct copy of the foregoing document entitled **HYUNDAI STEEL CO.'S UNILATERAL STATUS REPORT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF"):** Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document.  On **9/28/2018**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- **Theron S Covey**    tcovey@rasflaw.com; CAECF@tblaw.com
- **Hal D Goldflam**    hgoldflam@frandzel.com; bwilson@frandzel.com
- **M. Jonathan Hayes** jhayes@rhmfirm.com; roksana@rhmfirm.com; rosario@rhmfirm.com;janita@rhmfirm.com;  susie@rhmf.com; irm@rhmfirm.com; max@rhmfirm.com; priscilla@rhmfirm.com; pardis@rhmfirm.com; russ@rhmfirm.com; rebeca@rhmfirm.com
- **David W. Meadows** david@davidwmeadowslaw.com
- **Katrina M Miller** kmiller@pskfirm.com
- **Kelly L Morrison** kelly.l.morrison@usdoj.gov
- **Darren L Patrick** dpatrick@omm.com
- **Steven G. Polard** spolard@ch-law.com, cborrayo@ch-law.com
- **Valerie Smith** claims@recoverycorp.com
- **United States Trustee (LA)** ustpregion16.la.ecf@usdoj.gov

**II.  SERVED BY U.S. MAIL**: On **9/28/2018**, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and addressed as follows.  Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**DEBTOR:**

Jong Uk Byun
8201 Santa Fe Ave.
Huntington Park, CA 90255

**ALL CREDITORS:**

| | |
|---|---|
| Allen Park-Packo | Creditors Adjustment |
| 440 S. Vermont Ave., #301 | 14226 Ventura Blvd. |
| Los Angeles, CA 90020 | Sherman Oaks, CA 91423 |

| | |
|---|---|
| Amex<br>Correspondence/Bankruptcy<br>PO Box 981540<br>El Paso, TX 79998 | Daniel Park<br>3435 Wilshire Blvd., Ste 2700<br>Los Angeles, CA 90010 |
| Bae Family<br>440 S. Vermont Ave., #301<br>Los Angeles, CA 90020 | Deutsche Bank National Trust Co<br>Nationstar Mortgage LLC<br>350 Highland Dr<br>Lewisville, TX 75067 |
| Bejac<br>569 S. Van Buren Street<br>Placentia, CA 92870 | DTSC - Site Clean Up Program<br>P.O. Box 806<br>Sacramento, CA 95812 |
| Bok Sook Byun<br>c/o Steven Polard<br>1880 Century Park E, Ste 404<br>Los Angeles, CA 90067 | First Premier Bank<br>Attn: Bankruptcy<br>PO Box 5524<br>Sioux Falls, SD 57117 |
| California Dept of Tax and Fee Admi<br>Special Ops, MIC 55<br>PO Box 942879<br>Sacramento, CA 94279-0005 | First Saving Bank / Blaze<br>Attn: Bankruptcy<br>PO Box 5096<br>Sioux Falls, SD 57117 |
| City of Los Angeles<br>Office of Finance<br>200 North Spring St., RM 101<br>Los Angeles, CA 90012 | Franchise Tax Board<br>Attn: Bankruptcy Unit<br>P.O. Box 2952<br>Sacramento, CA 95812-2952 |
| Coleman & Horowitt, LLP<br>499 West Shaw, Ste. 116<br>Fresno, CA 93704 | Genesis Bankcard Services<br>PO Box 4477<br>Beaverton, OR 97076 |
| CP Construction<br>105 N. Loma Place<br>Upland, CA 91786 | Hose-Man<br>5397 North Irwindale Ave<br>Irwindale, CA 91706 |
| | Hyundai Steel Company<br>c/o Taejoong Kim<br>10550 Talbert Ave. Fl2<br>Fountain Valley, CA 92708 |
| Internal Revenue Service<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346 | Par Funding<br>Complete Business Solution Group<br>141 N. 2nd Street<br>Philadelphia, PA 19106 |

| | | |
|---|---|---|
| 1 | Jinah Oh | Prima Financial |
| 2 | 21856 S. Vermont Ave., #6 | 680 Langsdorf Drive, Suite 207 |
|   | Torrance, CA 90502 | Fullerton, CA 92831 |
| 3 | | |
|   | Joan Park | Quarter Spot Inc./DLI Assets Bravo |
| 4 | c/o Daniel Park | 110 N. Washington St., Ste. 500 |
|   | 3435 Wilshire Blvd. #2700 | Rockville, MD 20850 |
| 5 | Los Angeles, CA 90010 | |
| 6 | | |
|   | Kap Chan Chong | San Bernadino County Treasurer Tax |
| 7 | 3580 Wilshire Blvd., Suite 900 | 268 W. Hospitality Lane, 1st FL |
|   | Los Angeles, CA 90010 | San Bernardino, CA 92415 |
| 8 | | |
|   | Los Angeles County Tax Collector | Sequoia Financial Svcs |
| 9 | PO Box 54110 | Attn: Bankruptcy |
|   | Los Angeles, CA 90054-0110 | 28632 Roadside Dr , Ste 110 |
| 10 | | Agoura Hills, CA 91301 |
| 11 | | |
|   | M & A | Small Business Administration |
| 12 | 440 S. Vermont Ave., #301 | 200 West Santa Ana Blvd., Ste 180 |
|   | Los Angeles, CA 90020 | Santa Ana, CA 92701 |
| 13 | | |
| 14 | Mohamed Sanfaz | Soo Yeong Kim |
|    | 440 S. Vermont Ave., #301 | 8300 Santa Fe Avenue |
| 15 | Los Angeles, CA 90020 | Huntington Park, CA 90255 |
| 16 | Municipal Services Bureau | Southern County Oils |
|    | 8325 Tuscany Way, Bldg 4 | 1800 West Katella Ave., Suite 400 |
| 17 | Austin, TX 78754-4734 | P.O. Box 4159 |
| 18 | | Orange, CA 92863 |
| 19 | Ocwen Loan Servicing | Southern County Oil Co. |
|    | 1661 Worthington Road Ste, 100 | 1800 West Katella Ave., Suite 400 |
| 20 | West Palm Beach, FL 33409 | Orange, CA 92867 |
| 21 | Packo Investments | Stephen M. Cook |
|    | 440 S. Vermont Ave., #301 | 7210 Jordan Ave. |
| 22 | Los Angeles, CA 90020 | Canoga Park, CA 91303-1223 |
| 23 | | |
| 24 | Synchrony Bank/Amazon | Zamucen & Curren, LLP |
|    | Attn: Bankruptcy Dept | 17898 Skypark Circle, Sutie C |
| 25 | PO Box 965060 | Irvine, CA 92614 |
| 26 | Orlando, FL 32896 | |
| 27 | | |
| 28 | | |

| | |
|---|---|
| Toni Ko<br>1100 S. Hope Street<br>Los Angeles, CA 90015 | Cemex Construction Materials<br>1430 East Santa Clara Street<br>Santa Paula, CA 93060 |

Wells Fargo Dealer Services
Attn: Bankruptcy
Po Box 19657
Irvine, CA 92623

**III. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (indicate method for each person or entity served):**
Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **9/20/2018** I served the following person(s) and/or entity(ies) by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

**JUDGE:**

Hon. Vincent P. Zurzolo
U.S. Bankruptcy Court
Central District - LA Branch
255 E. Temple Street, Suite 1360
Los Angeles, CA 90012

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 28th day of September, 2018, at Los Angeles, California.

_Jan Wallis_
Jan Wallis