1
2
3
4
5

David W. Meadows (CA Bar No. 137052)
LAW OFFICES OF DAVID W. MEADOWS
1801 Century Park East, Suite 1235
Los Angeles, California  90067
Telephone: 310-557-8490
Facsimile:  310-557-8493
Email: david@davidwmeadowslaw.com

6
7

Counsel to Secured Creditors Packo Investments, Inc., Allen
Park, M&A Equities, LLC, The BAE Family Trust,
Mohamed Sanfaz, and Kap Chan Chong

8

9
10

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
LOS ANGELES DIVISION

11
12
13

In re:

JONG UK BYUN,

          Debtor and Debtor in Possession

Case No. 2:18-bk-19004-VZ

Chapter 11

14
15
16
17
18
19
20
21

**NOTICE OF MOTION AND MOTION FOR
ORDER AUTHORIZING EXAMINATION
OF: 1) JONG UK BYUN, DEBTOR AND
DEBTOR IN POSSESSION AND 2) KIRK
GARABEDIAN, REAL ESTATE BROKER
EMPLOYED ON BEHALF OF THE
DEBTOR'S ESTATE, AND FOR
PRODUCTION OF DOCUMENTS
PURSUANT TO FEDERAL RULE OF
BANKRUPTCY PROCEDURE 2004;
MEMORANDUM OF POINTS AND
AUTHORITIES; DECLARATION IN
SUPPORT THEREOF**

22
23

[No Hearing Required Pursuant to Local
Bankruptcy Rule 2004-1]

24
25

Proposed Document Production Date:
December 12, 2018

26
27

Proposed Examination Date:
December 19, 2018

*Law Offices of David W. Meadows
Los Angeles, California*

1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

Law Offices of David W. Meadows
Los Angeles, California

# TABLE OF CONTENTS

I.    INTRODUCTION AND FACTUAL BACKGROUND ........................................................... 8

II.    THE COURT SHOULD GRANT THE MOTION. .............................................................. 10

    A.    Scope of Examination. ................................................................................................. 11

    B.    No Relevant Adversary Proceeding or Contested Matter is Pending. ......................... 12

    C.    Movants, Through Counsel, Have Conferred with Debtor's Counsel Regarding the
          Requested Productions and Examinations. .................................................................. 12

III.    CONCLUSION .................................................................................................................. 12

# TABLE OF AUTHORITIES

**Cases**

*In re Bakalis*, 199 B.R. 443, 447 (Bankr. E.D.N.Y. 1996) … … … … … … … … … … … … … … 1 1

*In re Bennett Funding Group, Inc.*, 203 B.R. 24, 28 (Bankr. N.D.N.Y. 1996) ……………………11

*In re Drexel Burnham Lambert Group, Inc.*, 123 B.R. 702, 711 (Bankr. S.D.N.Y. 1991) ………. 11

*In  re  Financial  Corp.  of America*, 119 B.R. 728, 733 (C.D. Cal. 1990) …………………………… 11

*In re Table Talk, Inc.*, 51 B.R. 143, 145 (Bankr. D. Mass. 1985) …………………………………11

*Keene Corp. v. Johns-Manville Corp. (In re Johns-Manville)*,
42 B.R. 362, 364 (Bankr. S.D.N.Y. 1984) …………………………………………………………11

**Rules**

Fed. R. Bankr. P. 2004(a)……………………………………………………………….3, 5, 6 7, 10, 13

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

LAW OFFICES OF DAVID W. MEADOWS
LOS ANGELES, CALIFORNIA

TO THE HONORABLE VINCENT P. ZURZOLO, UNITED STATES BANKRUPTCY JUDGE, THE

OFFICE OF THE UNITED STATES TRUSTEE, THE DEBTOR AND DEBTOR IN POSSESSION,

MR. KIRK GARABEDIAN, REAL ESTATE BROKER FOR THE DEBTOR AND DEBTOR IN

POSSESSION, AND PARTIES IN INTEREST:

    **PLEASE TAKE NOTICE THAT** pursuant to Rule 2004 of the Federal Rules of Bankruptcy

Procedure, secured creditors Packo Investments, Inc., Allen Park, M&A Equities, LLC, The BAE

Family Trust, Mohamed Sanfaz, and Kap Chan Chong (collectively "Movants") submit the following

Motion for Order Authorizing Examination of Jong Uk Byun, debtor and debtor in possession (the

"Debtor") and Mr. Kirk Garabedian, the Debtor's real estate broker ("Garabedian")[1] and for Production

of Documents Pursuant to Federal Rule of Bankruptcy Procedure 2004 (the "Motion).

    Pursuant to the Motion, Movants seek to require the Debtor and Garabedian to produce those

documents identified on Exhibit "1" to the Motion, attached hereto and incorporated by this reference.

Movants also seek an order permitting them, collectively, by their representative to take the

examinations, separately, of the Debtor and Garabedian with respect to the topics identified in Exhibit

"2" to the Motion, attached hereto and incorporated by this reference.    The information requested in the

document production and the examination is narrowly tailored to two areas:  1) the status of a "Phase II

Environmental Study" of the Debtor's parcels of real property identified in this case as the "Santa Fe

Properties," and 2) the status of all marketing, offers made to the Debtor and the Debtor's responses to

such offers, if any, with respect to the Debtor's parcels of real property identified in this case as the

"Alameda Properties."   This Motion is brought pursuant to Rule 2004 and Local Bankruptcy Rule

("LBR") 2004-1, and is made on the grounds that the examination is necessary in order for Movants to

---

[1]    Mr. Garabedian's employment as the Debtor's real estate broker was approved by the Court by
its Order entered on October 31, 2018 (Doc. Number 46).

3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

Law Offices of David W. Meadows
Los Angeles, California

elicit and obtain evidence relating to the Debtor's administration of the chapter 11 case.   Exhibits 1 and 2 pertain to, generally, the following:

(i)    **The Phase II Environmental Report**:   Whether the marketing of the Santa Fe Properties would be enhanced by the Debtor's engagement of a qualified engineer to conduct a Phase II environmental analysis of the Santa Fe Properties, and whether such study would be instrumental in demonstrating compliance with post-petition obligations to environmental regulatory authorities.

(ii)    **The Alameda Properties Valued at $5 Million**:   Whether the Debtor is pursuing offers made by qualified purchasers to acquire the Alameda Properties, which are believed by Movants be readily sold, without environmental issues, for approximately five million dollars ($5,000,000.00).  Movants believe the Debtor refuses to sell the Alameda Parcels despite viable offers to purchase the Alameda Properties at fair market value.   The Debtor owes between $21 million and $23 million dollars to Hyundai Steel Company ("Hyundai").   Hyundai holds a first position lien on substantially all of the Debtor's properties.    The Movants hold junior position liens, subordinate to Hyundai, also on substantially all of the Debtor's properties.

When the case was filed, an offer had been made by Alere Property Group, LLC ("Alere") for $28 million dollars to purchase the Santa Fe Properties.  At the Court's Status Conference held on October 4, 2018, the Court and parties in interest were informed by Debtor's counsel that the Debtor expected to have a sale motion on file to sell the Santa Fe Properties and intended to have the matter set for hearing on November 15, 2018.   However, Alere has withdrawn its offer and informed the Debtor and interested parties that it no longer is interested in acquiring the property.   The Movants are informed and believe that present offers to purchase the Santa Fe Properties will not, in the absence of overbidding, yield an amount sufficient to fully satisfy the debt owed to Hyundai.

4

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

LAW OFFICES OF DAVID W. MEADOWS
LOS ANGELES, CALIFORNIA

In order to satisfy the claims of Hyundai, Movants, the substantial tax debt, and other valid and enforceable claims, the Debtor is going to have to sell the Alameda Properties and likely other properties.  Apparently, the Debtor does not want to.  Movants seek to obtain evidence of viable offers to purchase the Alameda Properties at market prices and elicit evidence regarding the Debtor's responses or more likely, his non-responsiveness to the offers.   These efforts pertain to the Debtor's administration of the chapter 11 case and demonstration of whether the Debtor is acting in the best interests of creditors.

Pursuant to LBR 2004-1(a), the "meet and confer" requirement, the undersigned exchanged substantive emails with Debtor's counsel and had several substantive telephone conversations with him. Movants offered to limit the scope of the 2004 examination as set forth above.  This means Movants offered to not examine the Debtor or Mr. Garabedian with respect to the marketing and sale of the Santa Fe Properties so as to not interfere with the Debtor's sale efforts regarding the Santa Fe assets. Debtor's counsel was unable to consent to the examination and document production requests as set forth in this Motion, which are the same as offered during the "meet and confer" communications.

**PLEASE TAKE FURTHER NOTICE** that the relief requested in the Motion cannot proceed under Rules 7030 or 9014 because no related adversary proceeding or contested matter is pending or anticipated at this time under which the proposed examination can take place.

**PLEASE TAKE FURTHER NOTICE** that, as set forth in the attached declaration of David W. Meadows (the "Meadows Decl."), Movants attempted, in good faith, to meet and confer with counsel to the Debtor, on behalf of both the Debtor and Mr. Garabedian, regarding the requested Rule 2004 examination and production of documents and a mutually agreeable date, time, place, and scope in compliance with LBR 2004-1(a).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

**PLEASE TAKE FURTHER NOTICE** that Movants request that the Court enter an order:

1.      Directing Mr. Byun and Mr. Garabedian to produce the documents identified in Exhibit "1" to the Motion.    Both Mr. Byun and Garabedian may and are requested to comply with the Order by making true and correct .pdf copies of the responsive Documents and communications available to a "Drop Box" internet facility without the need for physical production, and to do so within five (5) business days after entry of any Order granting the relief requested.

2.      Directing Mr. Byun and Mr. Garabedian to appear to testify on the topics identified in Exhibit "2" to the Motion, and examination either at the Law Offices of David W. Meadows, 1801 Century Park East, Suite 1235, Los Angeles, CA, 90067 or at the location of Debtor's counsel, on December 19, 2018 at 10:00 a.m. for the Debtor and 2:00 p.m. for Mr. Garabedian or as agreed upon by counsel in advance.

3.      Authorizing Movants to issue a subpoena on Mr. Garabedian to compel Mr. Garabedian's compliance with the requested examination and document production as authorized by Rule 2004(c).

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

LAW OFFICES OF DAVID W. MEADOWS
LOS ANGELES, CALIFORNIA

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

LAW OFFICES OF DAVID W. MEADOWS
LOS ANGELES, CALIFORNIA

**PLEASE TAKE FURTHER NOTICE** that, pursuant to LBR 2004-1, the Court may approve this Motion without a hearing unless the person sought to be examined filed with the Court and properly serves a separate motion for protective order by not less than fourteen (14) days before the date of the proposed examination and schedules a hearing on the motion for protective order not less than two (2) days before the proposed examination.    The proposed examination date is December 19, 2018 at 10:00 a.m. for the Debtor and 2:00 p.m. for Mr. Garabedian.

DATED:   November 19, 2018          THE LAW OFFICES OF DAVID W. MEADOWS

By:     ___/s/ David W. Meadows_____
          David W. Meadows

Counsel for Movants, Packo Investments, Inc., Allen Park, M&A Equities, LLC, The BAE Family Trust, Mohamed Sanfaz, and Kap Chan Chong

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

LAW OFFICES OF DAVID W. MEADOWS
LOS ANGELES, CALIFORNIA

## MEMORADUM OF POINTS AND AUTHORITIES

I.   **INTRODUCTION AND FACTUAL BACKGROUND**

The Debtor's chapter 11 case involves a very respectful portfolio of now valuable real property accumulated by the Debtor.   The portfolio consists of industrial properties in or near downtown Los Angeles.  The Debtor operates a scrap metals business on the properties under the business name Central Metal, Inc. ("CMI").   Not long ago, these properties might not have been able to be given away.  This was particularly true regarding the Santa Fe Properties due to the possibility of environmental contamination which, while believed to modest, requires assessment and remediation to the extent necessary.   However, modern times have been good to the Debtor.   In the world of Amazon.com, these properties are very, very valuable as properties to convert into logistics centers.   The Debtor presumably is overjoyed at their current values.  He is, however, apparently less than overjoyed about actually selling the properties to pay his debts, whether those debts are owed to taxing authorities or secured and unsecured creditors.

From the Movants' point of view, the Debtor got into this situation by over-playing his hand pre-petition.   A mediation of the dispute between the Debtor and Hyundai took place on May 16, 2018. The mediation was conducted by Mr. David Gould.   The Debtor and CMI were represented by counsel other than Mr. Hays, whose firm was, based on information and belief, retained by the Debtor only days before the scheduled Hyundai foreclosure sale.[2]  Two of the Moving parties were present at the mediation, Mr. Allen Park (an individual secured creditor and also the principal of Packo Investments, Inc.) and Ms. Christine Chong, whose father Kap Chang Chong, is one of the Movants and a secured creditor.   In the opinion of the Movants, the Debtor sought unreasonable concessions by Hyundai.  At

---

[2]   The undersigned, although peripherally aware of the case at the time, was not counsel to the Movants at the time of the mediation.

Law Offices of David W. Meadows
Los Angeles, California

the time of the mediation, the $28 million purchase offer by Alere for the Santa Fe Properties was not only on the table, but $500,000 was in escrow.   Due to an inability to reach an agreement with Hyundai on the amount payable to Hyundai, which could have been paid through a sale closing, a forbearance agreement could not be finalized.   Eventually but not until the eve of foreclosure, Mr. Byun finally took the necessary steps to prevent the immediate loss of the properties to foreclosure, by finally retaining counsel and filing the chapter 11 petition.

In addition to the debt owed to Hyundai, estimated between $21 million and $23 million, the Debtor owes approximately $4.6 million in principal to the Movants without including interest, attorneys' fees or other charges.   As of the date this Motion filed proofs of claim total $7,724,392.81, *without* the Hyundai claim which has not yet been filed.[3]

Efforts to collaborate among counsel are a waste of time and even counterproductive if the underlying parties in interest – the decision makers – will not go along with the program.   Here, that means the Debtor.   The Debtor so far demonstrates a lack of focus on the payment of creditor claims and the limited opportunity bankruptcy provides to a debtor and creditors.   The Debtor appears unwilling to liquidate sufficient portions of his valuable real estate portfolio to pay creditor claims.   In order to support a motion to appoint a chapter 11 trustee under Bankruptcy Code Section 1104(a)(2), that such appointment is in the best interest of creditors, Movants require evidence.   Specifically, based on the evidence obtained by the Motion, Movants expect to show that the Debtor is unwilling to satisfy his fiduciary duty to creditors.   It is expected to be shown that the Debtor willfully has not pursued market-rate offers on, at least, the Alameda Properties which are scheduled by the Debtor to be worth

---

[3]     The proof of claims bar date is December 14, 2018.

1

2

3

4

5

6

7

8

9

10

11

LAW OFFICES OF DAVID W. MEADOWS
LOS ANGELES, CALIFORNIA

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

nearly $5 million dollars.[4]   Intransigence by the Debtor creates risk, *risk to Movants* and other creditors that Hyundai will file a motion for relief from stay and such motion could be granted.   An alternative to Mr. Byun as Debtor in Possession is appointment of a Chapter 11 trustee to administer administer the estate assets in a manner consistent with fiduciary duties to creditors.

II.    **THE COURT SHOULD GRANT THE MOTION.**

Rule 2004 provides that "[o]n motion of any party in interest, the court may order the examination of any entity." Fed. R. Bankr. P. 2004(a).  The Court may order the examination of any third party who has (or had) dealings with the debtor on the "acts, conduct, or property" of the debtor, on "the liabilities and financial condition of the debtor," or on "any matter which may affect the administration of the debtor's estate." Fed. R. Bankr. P. 2004(b); *See In re Financial Corp. of America*, 119 B.R. 728, 733 (C.D. Cal. 1990) ("The scope of Rule 2004 is broad, and an examination pursuant to this rule may extend to third parties who have had dealings with the debtor."). The purpose of a Rule 2004 examination is to assist a party in interest in determining the nature and extent of the bankruptcy estate, revealing assets, examining transactions and assessing whether wrongdoing has occurred. *See In re Bennett Funding Group, Inc.*, 203 B.R. 24, 28 (Bankr. N.D.N.Y. 1996).

The scope of a Rule 2004 examination is very broad, broader even than discovery under the Federal Rules of Civil Procedure. *In re Drexel Burnham Lambert Group, Inc.*, 123 B.R. 702, 711 (Bankr. S.D.N.Y. 1991); *see also In re Table Talk, Inc.*, 51 B.R. 143, 145 (Bankr. D. Mass. 1985) (Rule 2004 exams are "unfettered and broad."); *In re Bakalis*, 199 B.R. 443, 447 (Bankr. E.D.N.Y. 1996) (the purpose of a Rule 2004 examination "is to facilitate the discovery of assets and the unearthing of frauds and has been likened to a quick 'fishing expedition' into matters and issues

---

[4]      Schedules of Assets and Liabilities, Doc. 26, filed 8/31/18, page 5 of 58, Item 1.2.

regarding the administration of the bankruptcy case."). Accordingly, a Rule 2004 examination may "cut a broad swath through the debtor's affairs." *Keene Corp. v. Johns-Manville Corp. (In re Johns-Manville)*, 42 B.R. 362, 364 (Bankr. S.D.N.Y. 1984).

Here, the examination of both the Debtor and the real estate broker is necessary to obtain information about the status of offers to purchase the Debtor's real estate, and more specifically, whether the Debtor is moving forward in accepting reasonable offers or again over playing his hand as he did prepetition. If the case were a two party dispute between the Debtor and Hyundai, then the only loser of the game would be the Debtor himself. However, this case is <u>not</u> a two party dispute. There are over $7.5 million of filed claims in the case without the as-yet unfiled claim of Hyundai. The Debtor as a fiduciary to creditors has no right to sit on the estate assets. As debtor in possession, he has a fiduciary duty to creditors. Movants seek evidence to determine whether the Debtor is, in fact, reasonably satisfying those duties.

A.    **Scope of Examination.**

The scope of the examination is reasonably limited. This is due partially to requests made by Debtor's counsel who did not want examination into the current marketing of the **Santa Fe** Properties. The Santa Fe Properties consist of the parcels formerly in escrow for sale to Alere for $28 million. Movants are willing to not question the Debtor and Mr. Garabedian at this time with respect to the Santa Fe Property. Instead, the scope is limited to asking the Debtor why it has not proceeded to obtain a Phase II environmental impact study on the Santa Fe parcels despite having ample cash collateral on hand for such use, which could be used either by consent of the secured parties or by seeking and obtaining Court approval. The second and main focus of investigation by Movants is into the existence

LAW OFFICES OF DAVID W. MEADOWS
LOS ANGELES, CALIFORNIA

11

LAW OFFICES OF DAVID W. MEADOWS
LOS ANGELES, CALIFORNIA

of offers --- and importantly the responses by the Debtor to offers – to sell the **Alameda** Properties.

The Debtor scheduled $4,800,000 as the market value of the Alameda Properties.[5]

The Movants offered in their meet and confer communications with Debtor's counsel to limit the scope of examination and production of documents as set forth in this Motion.   The requested examination and production is reasonably narrow in scope, is directly relating to the Debtor's assets and the Debtor's administration of those assets, and it is not unduly burdensome.

B.    **No Relevant Adversary Proceeding or Contested Matter is Pending.**

The requested document production and examinations cannot proceed under rules 7030, 7034, or 9014 because no adversary proceeding or contested matter has been commenced.

C.    **Movants, Through Counsel, Have Conferred with Debtor's Counsel Regarding the Requested Productions and Examinations.**

Movants' counsel and Debtor's counsel had phone calls of considerable length on multiple occasion and exchanged substantive emails regarding the requested production and examination. Debtor's counsel, however, is unable to provide consent to the requested examination, both of the Debtor and Garabedian.[6]    *See* Declaration of David W. Meadows.

III.    <u>**CONCLUSION**</u>

Movants ask the Court to grant the Motion and enter an order:

1.    Directing Mr. Byun and Mr. Garabedian to produce the documents identified in Exhibit "1" to the Motion.    Both Mr. Byun and Garabedian may comply with the Order by making true and

---

[5]    Schedules of Assets and Liabilities, Doc. 26, filed 8/31/18, page 5 of 58, Item 1.2.

[6]    Movants believe Mr. Garabedian will have no objection to either the production requested by the Motion or his examination.    He is being served with this Notice and Motion.    Movants did not contact him directly and is treating him for these purposes as represented by counsel to the Debtor.

1    correct .pdf copies available to a "Drop Box" internet facility without the need for physical production,

2    and to do so within five (5) business days after entry of any Order granting the relief requested.

3
4          2.      Directing Mr. Byun and Mr. Garabedian to appear to testify on the topics identified in

5    Exhibit "2" to the Motion, and examination at the Law Offices of David W. Meadows, 1801 Century

6    Park East, Suite 1235, Los Angeles, CA, 90067 or at the location of Debtor's counsel on December 19,

7    2018 at 10:00 a.m. for the Debtor and 2:00 p.m. for Mr. Garabedian, or on such other date and time as

8    the parties agree uon.

9
10          3.      Authorizing Movants to issue a subpoena on Mr. Garabedian to compel Mr. Garabedian's

11    compliance with the requested examination and document production as authorized by Rule 2004(c).

12    DATED:   November 19, 2018          THE LAW OFFICES OF DAVID W. MEADOWS

13

14              By:       /s/ David W. Meadows

15                       David W. Meadows

16              Counsel for Movants, Packo Investments, Inc., Allen Park,
       M&A Equities, LLC, The BAE Family Trust, Mohamed
17              Sanfaz, and Kap Chan Chong

18

19

20

21

22

23

24

25

26

27

Law Offices of David W. Meadows
Los Angeles, California

## DECLARATION OF DAVID W. MEADOWS

I, David W. Meadows, declare as follows:

1.      I am an attorney at law and licensed to practice before this Court.    I have personal knowledge of the facts set forth herein, except as to those stated on information and belief and, as to those, I am informed and believe them to be true.  If called as a witness, I could and would competently testify to the matters stated herein.

2.      I am counsel of record to the following secured creditors:  Packo Investments, Inc., Allen Park, M&A Equities, LLC, The BAE Family Trust, Mohamed Sanfaz, and Kap Chan Chong (collectively, "Movants").

3.      In connection with this Motion, I wrote and sent several substantive emails to Mr. Hays regarding the appropriateness of a creditor obtaining the information sought by the Motion, to which Mr. Hays provided substantive response.  In addition, Mr. Hays and I conducted several telephone calls in which we discussed the scope of information requested.    These emails and calls were specific to the 2004 Motion and are in addition to the communications that I have had regularly with Mr. Hays since the Petition Date.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 19th day of November, 2018 in Los Angeles, California.


                                                                    /s/ David W. Meadows
                                                                    David W. Meadows

EXHIBIT 1

## EXHIBIT "1" TO NOTICE OF MOTION AND MOTION FOR ORDER AUTHORIZING EXAMINATION OF JONG UK BYUN AND KIRK GARABEDIAN AND FOR PRODUCTION OF DOCUMENTS PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004 DEFINITIONS

1.          As used herein, the term "DOCUMENT" or "DOCUMENTS" means any and all documents, tangible things and/or property, of any kind, as described by Federal Rules of Civil Procedure Rule 34(a), and all writing as defined by Federal Rule of Evidence, Rule 1001(1), including originals and non-identical copies, whether different from the originals by reason of any notation made on such copies or otherwise, and including without limitation communications, e-mails, inquiries, discussions, conversations, negotiations, agreements, understanding, meetings, conferences, interviews, cards, correspondence, memoranda, notes, diaries, statistics, letters, or other forms of interpersonal disclosure, whether oral or written, however transmitted, minutes, lists, agenda, contracts, reports, studies, checks, statements, receipts, returns, summaries, pamphlets, books, inter-office and intra-office communications, notations of any sort of conversations, telephone calls, meetings, or other communications, bulletins, invoices, worksheets, graphical or aural records or representations of any kind, including, without limitation, photographs, charts, videotape, records, motion pictures, and electronic, mechanical, or electrical records or representations of any kind, including, without limitation, tapes, discs, and recordings, computer printouts, computer discs, computer tapes, computer software, computer readable media, electronically stored media, any other form of stored information, computer data or other computer-stored information, fields of data, data processing records and the written information necessary to understand and use such material. The term "DOCUMENT" or "DOCUMENTS" shall also include

any written, drawn, recorded, transcribed, filed or graphic matter, however produced or

reproduced, and all forms of drafts, notations, workings, alterations, modifications,

changes, and amendments of any of the foregoing.

2.       As used herein, the term "COMMUNICATIONS" shall mean all inquiries,

discussions, conversations, negotiations, agreements, understandings, meetings, conferences,

telephone conversations, interviews, cards, letters, emails, notes, correspondence, or other

forms of interpersonal discourse, whether oral or written, however transmitted, including

reports, notes, memoranda, lists, agenda, and other reports documenting, memorializing,

summarizing or relating to such communication.

3.       As used herein, the terms "ALL" and "ANY" both shall mean and refer to

"any" and "all," in the conjunctive and/or disjunctive.

4.       As used herein, the term "**ALAMEDA PROPERTY**" refers to the properties

owned by BYUN or owned by CENTRAL METAL, INC. that have been understood by BYUN

and by GARABEDIAN as the ALAMEDA PROPERTY parcels, including as identified on

Exhibit 1-B, (a true and correct copy of Schedule A/B, Doc. 26, page 5 of 58)

5.       As used herein, the phrase "POSSESSION, CUSTODY OR CONTROL"

means in your physical possession or as to which you have the right to secure or compel the

production of the DOCUMENT (or a copy) from another person, affiliate, corporation,

partnership or other entity having physical possession thereof, including stockbrokers,

investment advisors, investment counselors, financial planners, accountants, attorneys, or other

agents or advisors.

6.       As used herein, the phrase "**PHASE II ENVIRONMENTAL ANALYSIS**"

means any analysis of environmental issues or condition affecting the SANTA FE PROPERTY.

7.      As used herein, the terms "RELATING TO," "RELATE TO," or

"EVIDENCING" shall mean, without limitation: bearing a subject matter relationship to,

embodying, discussing, consisting of, comprising, containing, comparing, evidencing,

constituting, setting forth, showing, disclosing, concerning, describing, explaining, evaluating,

analyzing, summarizing, pertaining to, reflecting, referring to, touching upon, or having any

logical or factual connection with the subject matter of the DOCUMENTS requested by these

Requests.

8.      As used herein, the term "SANTA FE PROPERTY" refers to the real estate

parcels commonly referred to as such in the BANKRUPTCY CASE, and as identified

by Exhibit 1-A (a true and correct copy of Schedule A/B, Doc. 26, page 4 of 58), and

which parcels were included in the "Standard Offer, Agreement and Escrow

Instructions for Purchase of Real Estate" between the DEBTOR and Alere Property

Group, Inc.

9.      As used herein, the term "THE BANKRUPTCY CASE" means the

chapter 11 case number 2:18-bk-19004-VZ commenced on August 3, 2018.

10.      As used herein, the terms "YOU," "YOUR," and "THE DEBTOR" shall

refer to JONG UK BYUN or to KIRK GARABEDIAN, and their affiliates, attorneys, agents,

employees, representatives and anyone acting or their behalf.

<u>INSTRUCTONS</u>

1.      YOU may and are requested to comply with the Requests by making such

responsive documents and files accessible in electronic form, such as .pdf files, in secure

"DropBox" facility.

2.      The Requests ("Requests") contained herein are to be construed liberally, so

as to be inclusive rather than exclusive. Particularly, "and" and "or" shall be construed

conjunctively rather than disjunctively as necessary, to make the Requests inclusive rather than

exclusive. As used herein, the singular shall include the plural, and the plural shall include the

singular (except as otherwise dictated by the context). As used herein, a masculine, feminine, or

neutral pronoun shall not exclude the other genders, ALL to the end that the interpretation

applied results in the more expansive production.

3.      YOU should produce all responsive DOCUMENTS and/or

COMMUNICATIONS, in YOUR "possession, custody, or control," meaning in YOUR

physical possession.

4.      YOU have the right to secure or compel the production of the

DOCUMENTS and/or COMMUNICATIONS (or a copy) from another person, affiliate,

corporation, partnership, or other entity having physical possession thereof, including but

not limited to partners, joint ventures, proprietorships, business associations, stockbrokers,

investment advisors, investment counselors, financial planners, accountants, attorneys, or

other agents or advisors.

5.      These Requests shall be deemed continuing. Should YOU subsequently

prepare, discover or obtain possession, custody or control of ANY DOCUMENTS and/or

COMMUNICATIONS responsive to the Requests, the YOU shall produce such DOCUMENT

and/or COMMUNICATION upon receipt or preparation thereof.

6.      In responding to the Requests, furnish ALL responsive DOCUMENTS

and/or COMMUNICATIONS available at the time of production, including, but not limited

to, DOCUMENTS and/or COMMUNICATIONS in YOUR possession or the possession of

YOUR attorneys, agents and representatives.

7.      YOU are requested to produce ALL DOCUMENTS and/or

COMMUNICATIONS  described below in the same order within each file in which they are

located prior to production.  The file folders, boxes, binders or other containers in which

such DOCUMENTS and/or COMMUNICATIONS are found are also requested to be

produced intact, including the title, labels or other descriptions of each such folder, box, binder

or container.

8.      If ANY DOCUMENTS and/or COMMUNICATIONS called for by these

Requests is not produced on the ground that it is privileged or otherwise claimed to be

protected against  production, **COUNSEL TO THE DEBTOR** is required to provide the

following information with respect to each such  DOCUMENTS and/or

COMMUNICATIONS:

a.      The date of the DOCUMENTS and/or COMMUNICATIONS;

b.      The author(s) and/or the signator(ies) and the names of those who

participate in the formation of the DOCUMENTS and/or

COMMUNICATIONS;

c.      The type of DOCUMENTS and/or COMMUNICATIONS it is;

d.      A description of the DOCUMENT's and/or COMMUNICATION's

subject matter and length;

e.      A list of those persons, entities to whom said DOCUMENTS and/or

COMMUNICATIONS was/were disseminated, together with such

persons' and entities' last known addresses;

f.      The custodian of the DOCUMENTS and/or COMMUNICATIONS; and

g.      The nature of the privilege or other rule relied upon in withholding

production of each such DOCUMENTS and/or COMMUNICATIONS.

9.      Notwithstanding the assertion of ANY objection to the Requests, ANY

objection to DOCUMENTS and/or COMMUNICATIONS containing non-objectionable matter

which is  relevant and material to a Request must be produced. That portion of the

DOCUMENTS and/or  COMMUNICATIONS  for  which objection is asserted  may be

withheld,  provided  that  the  information contained in paragraph 6 above is furnished.

10.      The DOCUMENTS and/or COMMUNICATIONS requested herein for

inspection and copying are to be produced in their entirety and without deletions or excisions,

regardless  of whether YOU  consider the entire DOCUMENTS  and/or  COMMUNICATIONS

to be relevant or responsive to the request. If YOU have redacted ANY portion of a

DOCUMENT  and/or COMMUNICATION, stamp the word "redacted" on each portion of the

DOCUMENTS  and/or COMMUNICATIONS which YOU have redacted. Redactions should be

included on the  privilege log described in paragraph 6 above.

11.      If ANY DOCUMENTS and/or COMMUNICATIONS  within the scope of

these  Requests has been destroyed, Responding Party shall  in their responses thereto

describe  the  circumstances  of  such  destruction,  and  shall  produce  DOCUMENTS and/or

COMMUNICATIONS relating to such destruction.

12.      Unless words or terms have been given a specific definition herein, each word

or  term used herein shall be given its usual and customary dictionary definition except where

such words have a specific custom and usage definition in YOUR trade or industry, in which

case they shall be interpreted in accordance with such usual custom and usage definition of

which  YOU are aware.

## DOCUMENT REQUESTS

1.      ALL non-privileged DOCUMENTS and/or COMMUNICATIONS RELATING

TO performing and/or obtaining a **PHASE II ENVIRONMENTAL ANALYIS of the**

**SANTA FE PROPERTIES**;

2.      ALL non-privileged DOCUMENTS and/or COMMUNICATIONS RELATING

TO the **ALAMENDA PROPERTY**, including marketing materials, any and all offers

received by YOU to purchase the ALAMEDA PROPERITES on or after **January 1, 2018,**

and any and all COMMUNICATIONS relating to any response to such offers provided by

YOU, as in the case of BYUN to GARABEDIAN or any other individual, or in the case of

GARABEDIAN, to an individual or party who made any such offer or inquiry.

EXHIBIT 1-A

| Fill in this information to identify your case and this filing: | | | |
|---|---|---|---|

| Debtor 1 | Jong Uk Byun | | |
|---|---|---|---|
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the:    CENTRAL DISTRICT OF CALIFORNIA

Case number    2:18-bk-19004-VZ

☐ Check if this is an amended filing

## Official Form 106A/B
# Schedule A/B: Property                                                    12/15

In each category, separately list and describe items. List an asset only once. If an asset fits in more than one category, list the asset in the category where you think it fits best. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

**Part 1:    Describe Each Residence, Building, Land, or Other Real Estate You Own or Have an Interest in**

1. Do you own or have any legal or equitable interest in any residence, building, land, or similar property?

☐ No. Go to Part 2.

■ Yes. Where is the property?

| | | |
|---|---|---|
| **1.1** | | |
| 8201 Santa Fe Ave. | **What is the property?** Check all that apply | |
| Street address, if available, or other description | ☐ Single-family home | Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.* |
| | ☐ Duplex or multi-unit building | |
| | ☐ Condominium or cooperative | |
| | ☐ Manufactured or mobile home | |
| Huntington Park    CA    90255-0000 | ☐ Land | **Current value of the entire property?** / **Current value of the portion you own?** |
| City    State    ZIP Code | ☐ Investment property | $28,000,000.00    /    $28,000,000.00 |
| | ☐ Timeshare | |
| | ■ Other    Commercial | **Describe the nature of your ownership interest** (such as fee simple, tenancy by the entireties, or a life estate), if known. |
| | **Who has an interest in the property?** Check one | |
| Los Angeles | ■ Debtor 1 only | |
| County | ☐ Debtor 2 only | |
| | ☐ Debtor 1 and Debtor 2 only | |
| | ☐ At least one of the debtors and another | ☐ Check if this is community property (see instructions) |
| | **Other information you wish to add about this item, such as local property identification number:** | |
| | **9 Parcels:**  APN's 6202-037-004, 6202-037-006, 6202-037-009, 6202-037-010, 6202-036-009, 6202-036-010, 6202-036-011, 6202-036-012, 6202-036-013 | |

EXHIBIT 1-B

| Debtor 1 | Jong Uk Byun | | Case number *(if known)* | 2:18-bk-19004-VZ |

**1.2** If you own or have more than one, list here:

**144 & 146 South G Street**
Street address, if available, or other description

San Bernardino        CA
City                          State        ZIP Code

San Bernardino
County

**What is the property?** Check all that apply
- ☐ Single-family home
- ☐ Duplex or multi-unit building
- ☐ Condominium or cooperative
- ☐ Manufactured or mobile home
- ☐ Land
- ☐ Investment property
- ☐ Timeshare
- ☑ Other    Commercial

**Who has an interest in the property?** Check one
- ☑ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another

Other information you wish to add about this item, such as local property identification number:

4.2 acres - 5 Parcels:  APN's 0136-011-31, 0136-011-41, 0136-084-20, 0136-091-11, 0136-091-12

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| $1,000,000.00 | $1,000,000.00 |

Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.

☐ **Check if this is community property** (see instructions)

DWM:  we say: $2.4MM

---

**1.3** If you own or have more than one, list here:

**2203 S. Alameda Street**
Street address, if available, or other description

Los Angeles        CA        90058-0000
City                          State        ZIP Code

Los Angeles
County

**What is the property?** Check all that apply
- ☐ Single-family home
- ☐ Duplex or multi-unit building
- ☐ Condominium or cooperative
- ☐ Manufactured or mobile home
- ☐ Land
- ☐ Investment property
- ☐ Timeshare
- ☑ Other    Instustrial

**Who has an interest in the property?** Check one
- ☑ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another

Other information you wish to add about this item, such as local property identification number:

2 Parcels: APN's  5167-015-064 and 5167-015-065
This property and 1736 E. 24th Street, Los Angeles and 2445 S. Alameda Street, Los Angeles are contiguous.

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| $4,800,000.00 | $4,800,000.00 |

Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.

☐ **Check if this is community property** (see instructions)

---

| Debtor 1 | Jong Uk Byun | | Case number *(if known)* | 2:18-bk-19004-VZ |
|---|---|---|---|---|

**1.4** If you own or have more than one, list here:

DWM: unknown property

1736 E. 24th Street
*Street address, if available, or other description*

Los Angeles    CA    90058-0000
*City*          *State*    *ZIP Code*

Los Angeles
*County*

**What is the property?** Check all that apply

☐ Single-family home
☐ Duplex or multi-unit building
☐ Condominium or cooperative
☐ Manufactured or mobile home
☐ Land
☐ Investment property
☐ Timeshare
☑ Other    Industrial

**Who has an interest in the property?** Check one

☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| $2,300,000.00 | $2,300,000.00 |

Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.

☐ **Check if this is community property** (see instructions)

Other information you wish to add about this item, such as local property identification number:

Lot with building used as office. APN 5167-015-067
This property and 2203 S. Alameda Street, Los Angeles and 2445 S. Alameda Street, Los Angeles are contiguous.

---

**1.5** If you own or have more than one, list here:

DWM: part of Alameda

2445 S. Alameda Street
*Street address, if available, or other description*

Los Angeles    CA    90058-0000
*City*          *State*    *ZIP Code*

Los Angeles
*County*

**What is the property?** Check all that apply

☐ Single-family home
☐ Duplex or multi-unit building
☐ Condominium or cooperative
☐ Manufactured or mobile home
☐ Land
☐ Investment property
☐ Timeshare
☑ Other    Industrial

**Who has an interest in the property?** Check one

☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| $1,400,000.00 | $1,400,000.00 |

Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.

☐ **Check if this is community property** (see instructions)

Other information you wish to add about this item, such as local property identification number:

APN 5167-015-063
This property and 1736 E. 24th Street, Los Angeles and 2203 S. Alameda Street, Los Angeles are contiguous.

EXHIBIT 2

**EXHIBIT "2" TO NOTICE OF MOTION AND MOTION FOR ORDER
AUTHORIZING EXAMINATION OF JONG UK BYUN AND KIRK GARABEDIAN
AND FOR PRODUCTION OF DOCUMENTS PURSUANT TO FEDERAL RULE OF
BANKRUPTCY PROCEDURE 2004**

Movants designate the matters identified below for examination. In construing these topics, the terms and definitions set forth in Exhibit "1" of the "Motion for Order Authorization Examination of Jong Uk Byun and Kirk Garabedian and for Production of Documents Pursuant to Federal Rule of Bankruptcy Procedure 2004," and of a Subpoena for Fed. R. Bankr. P. 2004 shall apply.

**The witness(s) shall be prepared to address the following topics:**

1.      The authenticity of the documents produced and whether they constitute business records and any other foundational matters pertaining to admissibility.

2.      A **Phase II Environmental Analysis of the Santa Fe Property**, including the benefit of such analysis to the marketing of the property.

3.      All aspects of the marketing and sale of the **Alameda Property** commencing January 1, 2018.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 1801 Century Park East, Suite 1235, Los Angeles, CA  90067

A true and correct copy of the foregoing document entitled:  **NOTICE OF MOTION AND MOTION FOR ORDER AUTHORIZING EXAMINATION OF: 1) JONG UK BYUN, DEBTOR AND DEBTOR IN POSSESSION AND 2) KIRK GARABEDIAN, REAL ESTATE BROKER EMPLOYED ON BEHALF OF THE DEBTOR'S ESTATE, AND FOR PRODUCTION OF DOCUMENTS PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION IN SUPPORT THEREOF**  will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On 11/19/2018, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On 11/19/2018, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on 11/19/2018, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Hon. Vincent P. Zurzolo          **(via messenger)**
United States Bankruptcy Court
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1360
Los Angeles, CA 90012

☒  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| November 19, 2018 | David W. Meadows | /s/ David W. Meadows |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**1.    Continued (Via ECF):**

<u>Office of the United States Trustee</u>:    Kelly L. Morrison, via ECF @ United States Trustee (LA)
<u>ustpregion16.la.ecf@usdoj.gov</u>

<u>Counsel to the Debtor and Debtor in Possession</u>:  Via ECF @ <u>jhayes@rhmfirm.com</u>,
<u>3039.3@notices.nextchapterbk.com;roksana@rhmfirm.com;rosario@rhmfirm.com;janita@rhmfirm.com;susie</u>
<u>@rhmfirm.com;max@rhmfirm.com;priscilla@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.com;rebeca</u>
<u>@rhmfirm.com;ma</u>

<u>Counsel to Secured Creditor Hyundai Steel Company</u>:  Via ECF to Darren L. Patrick @ <u>dpatrick@omm.com</u>

<u>Counsel to Deutsch Bank <i>et al</i></u>:  Via ECF to Theron S. Covey @ <u>tcovey@rasflaw.com</u>, <u>CAECF@tblaw.com</u>

**All ECF Notice Parties:**

- **Theron S Covey**    tcovey@rasflaw.com, CAECF@tblaw.com
- **Hal D Goldflam**    hgoldflam@frandzel.com, bwilson@frandzel.com
- **M. Jonathan Hayes**    jhayes@rhmfirm.com,
  roksana@rhmfirm.com;rosario@rhmfirm.com;janita@rhmfirm.com;susie@rhmfirm.com;max@rhmfirm.com;priscilla@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.com;rebeca@rhmfirm.com
- **David W. Meadows**    david@davidwmeadowslaw.com
- **Katrina M Miller**    kmiller@pskfirm.com
- **Kelly L Morrison**    kelly.l.morrison@usdoj.gov
- **Daniel E Park**    dpark@parksylvalaw.com
- **Darren L Patrick**    dpatrick@omm.com
- **Steven G. Polard**    spolard@ch-law.com, cborrayo@ch-law.com
- **Valerie Smith**    claims@recoverycorp.com
- **United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov

**2.    <u>Continued (U.S. Mail)</u>**

**<u>Debtor and Debtor in Possession</u>:    (Address stated on the Petition)**
Mr. Jong Uk Byun
8201 Santa Fe Avenue
Huntington Park, CA  90255

**<u>Real Estate Broker</u>:    (Address shown on resume to employment application)**
Mr. Kirk Garabedian
Keller Williams Commercial
889 Americana Way, Suite 408
Glendale, CA  91210

**3.    <u>Email</u>:**    Mr. Kirk Garabedian - <u>kirkg@kw.com</u>

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                    **F 9013-3.1.PROOF.SERVICE**