David W. Meadows (CA Bar No. 137052)
LAW OFFICES OF DAVID W. MEADOWS
1801 Century Park East, Suite 1235
Los Angeles, California  90067
Telephone: 310-557-8490
Facsimile:  310-557-8493
Email: david@davidwmeadowslaw.com

Counsel to Secured Creditors Packo Investments, Inc., Allen
Park, M&A Equities, LLC, The BAE Family Trust,
Mohamed Sanfaz, and Kap Chan Chong

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| In re: | Case No. 2:18-bk-19004-VZ |
|---|---|
| JONG UK BYUN, | Chapter 11 |
| Debtor and Debtor in Possession | **NOTICE OF MOTION AND MOTION FOR ORDER APPOINTING A CHAPTER 11 TRUSTEE; OR IN THE ALTERNATIVE CONVERTING THE CASE TO A CASE UNDER CHAPTER 7 OF THE BANKRUPTCY CODE; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS IN SUPPORT THEREOF** |
| | Date:  February 26, 2019 |
| | Time:  11:00 a.m. |
| | Place:  Courtroom 1368 |
| | 255 E. Temple Street |
| | Los Angeles, CA  90012 |

LAW OFFICES OF DAVID W. MEADOWS
LOS ANGELES, CALIFORNIA

**TABLE OF CONTENTS**

I.    INTRODUCTION AND FACTUAL BACKGROUND ………………………………… 3

II.   STATEMENT OF FACTS…………………………………………………………………….5

III.  APPOINTMENT OF A CHAPTER 11 TRUSTEE IS WARRANTED
      AS DEMONSTRATED BY THE EVIDENCE …………………………………………….. 7

      A.    A Chapter 11 Trustee Shall Be Appointed Pursuant to Section 1104(a)(1)
            or 1104(a)(2) of the Bankruptcy Code if Such Appointment is in the Best
            Interest of Creditors……………………………………………………………….. 7

      B.    The Preponderance of the Evidence Standard…………………………………… 8

IV.   CAUSE LIKEWISE IS SHOWN FOR CONVERSION OF THE CASE TO
      ONE UNDER CHAPTER 7 OF THE BANKRUTPCY CODE………………………… 11

V.    CONCLUSION ………………………………………………………………………….. 12

**TABLE OF AUTHORITIES**

<u>**Cases**</u>

<u>Grogan v. Garner</u>, 498 U.S. 279, 286-29,
111 S. Ct. 654, 112 L. Ed. 2d 755 (1991)………………………………………………… 7

<u>Kennedy v. Southern California Edison Co.</u>, 268 F.3d 763, 770 (9th Cir. 2001) ………..… 8

<u>In re Hassen Imps. P'Ship v. W. Covina (In re Hassen Impts. P'ship)</u>,
  2013 Bankr. LEXIS 3870, *44 (Bankr. 9th Cir. 2013) ………………………...................... 11

<u>In re Bellevue Place Assocs.</u>, 171 B.R. 615, 623 (Bankr. N.D. Ill. 1994) ………………….. 7

<u>In re Brutsche</u>, 476 B.R. 298, 301 (Bankr. D.N.M. 2012) ………………………………… 11

<u>In re Clarendon Nat'l Ins. Co. v. Ins. Co. of the West</u>,
442 F. Supp. 2d 914, (E.D. Cal. 2006) ……………………………………………………….. 8

<u>In re Corona Care Convalescent Corp.</u>, 527 B.R. 379, 384 (Bankr. C.D. Cal. 2015) ……… 7

Law Offices of David W. Meadows
Los Angeles, California

In re Creekside Senior Apartments, L.P., 489 B.R. 51, 61 (BAP 6th Cir. 2013…………..

In re Franco, 2012 Bankr. LEXIS 3524, *2 (Bankr.  D.P.R. 2012) ………………………   12

In re Hotel Associates, Inc., 3 B.R. 343, 345 (Bankr. E.D. Pa. 1980)………………………   8

In re Landmart Atl. Hess Farm LLC, 448 B.R. 707, 714 (Bankr. MD 2011) ………………   11

Leslie G. v. Perry & Associates, 43 Cal.App.4th 472, 482-83
50 Cal. Rptr. 2d 785 (1996) ……………………………………………………………………   8

In re Mouldi Sayeh, 2009 Bankr LEXIS 2366, *3 (Bankr.  D. Mass. 2009) …………………   12

In re Pasadena Adult Residential Care, 2015 Bankr. 3601, *44
(Bankr. C.D. Cal. 2015) …………………………………………………………………………   7

In re Wallace, 2010 Bankr. LEXIS 261, 2010 WL 378351 at *4
(Bankr. D. Idaho Jan. 26, 2010) …………………………………………………………………   11

In re William A. Smith Const. Co., Inc., 77 B.R. 124, 126
(Bankr. N.D. Ohio 1987) ………………………………………………………………………...   7

**Statutes**

Section 1104(a)(1) ………………………………………………………………………………..   7

Section 1104(a)(2) ………………………………………………………………………………..   7

Section 1112(b)(1) …………………………………………………………………………………   10

Section 1112(b)(4)(A) ……………………………………………………………………………   10

Law Offices of David W. Meadows
Los Angeles, California

ii

 **TO THE HONORABLE VINCENT P. ZURZOLO, UNITED STATES BANKRUPTCY JUDGE,
THE OFFICE OF THE UNITED STATES TRUSTEE, THE DEBTOR AND DEBTOR IN
POSSESSION, AND PARTIES IN INTEREST:**

**PLEASE TAKE NOTICE THAT** secured creditors Packo Investments, Inc., Allen Park, M&A
Equities, LLC, The BAE Family Trust, Mohamed Sanfaz, and Kap Chan Chong (collectively
"Movants") submit the following Motion for Order Appointing a Chapter 11 Trustee (the "Motion")
with respect to the chapter 11 case of Jong Uk Byun, debtor and debtor in possession (the "Debtor").
The Motion requests entry of an order appointing a chapter 11 trustee.  In the alternative, the Motion
requests conversion of the case to a case under Chapter 7 of the Bankruptcy Code.

The Motion is brought on the grounds that the Debtor has failed to move forward with the
administration of the Debtor's estate.  A Chapter 11 Trustee is in the best interest of creditors.  Unlike
the Debtor, who appears to have personal reasons for not wanting to sell properties to satisfy creditor
claims, a chapter 11 trustee will have no such conflict.    The Debtor's delay in administering the case is
harming all creditors by the accrual of interest on senior secured creditor claims and secured tax claims,
thereby also harming all other creditors of the estate.

**PLEASE TAKE FURTHER NOTICE** that the Motion is based on the accompanying
Memorandum of Points and Authorities, the Declaration of Allen Park, the Declaration of David W.
Meadows, and any other admissible evidence properly brought before the Court.

**PLEASE TAKE FURTHER NOTICE** that any response to the Motion must conform with
Local Bankruptcy Rule 9013-1(f)(1), must be filed with the Bankruptcy Court no less than 14 days prior
to the above hearing date, and must be served no less than 14 days prior to the above hearing date on (i)

1

1  Movants' counsel as identified  at the address noted in the top left corner of the first page of this Notice

2  and (ii) the Office of the United States Trustee.

3  **PLEASE TAKE FURTHER NOTICE** that, pursuant to Local Bankruptcy Rule 9013-1(h), the

4  failure to timely file and serve an opposition to the Motion in accordance herewith may be deemed by

5  the Court to be consent to the relief requested in the Motion.

6  DATED:  February 4, 2019                    THE LAW OFFICES OF DAVID W. MEADOWS

7

8                                          /s/ David W. Meadows
                                           David W. Meadows

9
                                   Counsel for Movants, Packo Investments, Inc.,
10                                 Allen Park, M&A Equities, LLC, The BAE Family
                                   Trust, Mohamed Sanfaz, and Kap Chan Chong
11

12

13

14

15

16

17

18

19

20

21

22

23

LAW OFFICES OF DAVID W. MEADOWS
LOS ANGELES, CALIFORNIA

<div style="text-align: center">

**MEMORANDUM OF POINTS AND AUTHORITIES**

</div>

I.      **INTRODUCTION AND FACTUAL BACKGROUND**

The case background was previously set forth by Movants in their Motion for Order Authorizing the Examination of the Debtor and the examination of the Debtor's real estate broker, Mr. Kirk Garabedian.[1]   The examination motion and the order granting it, appeared to have the desired effect of causing the Debtor to move forward and start selling properties.    Because it appeared to be the case that the Debtor was finally moving forward with the sale of at least two of his properties, the parties consented to continue both the production of documents and the 2004 examinations.   Now, appearance and evidence is the same.  The Debtor no longer appears to be moving forward with the sale of properties and that appearance coincides with the evidence in the record.

The fee application filed by Debtor's counsel on February 1, 2019[2] proves that the problem is not with Debtor's counsel but with the Debtor.    Mr. Hays, counsel to the Debtor, incurred $40,770.00 in fees in connection with the "Asset category" of the case.[3]   The last entry addressing the sale of assets was on January 18, 2019.[4]   Debtor's counsel, in his communications with the undersigned and with counsel to Hyundai Steel Corporation ("Hyundai") has disclosed that the Debtor has sufficiently

_____

[1]      Doc. No. 51.   The Order granting the 2004 Motion was entered on December 4, 2018.   Doc. No. 56.

[2]      Doc. No. 76

[3]      Doc. No. 76, page 22 of 61

[4]      True and correct copies of selected and highlighted pages from the Hays fee application are attached as Exhibit 1 to the Declaration of David W. Meadows (hereinafter, the "Meadows Decl.")

<div style="text-align: center">3</div>

<div style="writing-mode: vertical">Law Offices of David W. Meadows
Los Angeles, California</div>

Law Offices of David W. Meadows
Los Angeles, California

executed asset purchase agreements with respect to the "Santa Fe" property and the "24th Street/Alameda" property to file bid procedure motions with respect to each of these properties, as well as sale motions.    The two sales will in the absence of overbidding result in a sale of the Santa Fe property in the amount of $18,880,000 and the 24th Street Alameda property in the amount of $5,500,000.   But where are these motions?   Apparently, the Debtor will not authorize Mr. Hays to proceed with them.   While Movants have no evidence *per se* that the Debtor will <u>not</u> authorize the, there is no evidence to the contrary, that they are authorized.   If the sales were authorized, Mr. Hays would have filed the required motions to begin the process of obtaining Bankruptcy Court approval of bidding procedures and the sales themselves.   It is evident that Debtor's counsel is able to meet with and communicate with his client as Mr. Byun signed the Declaration in support of Mr. Hays' fee application on January 31, 2019.[5]

It is understandable that Mr. Byun is reluctant to sell some or at worst all of his portfolio.   Mr. Byun has been affected, to use a new term, by a lot of "false news."   First, pre-petition, he was led to believe that he had a basis to reduce the Hyundai claim nearly in half, to an amount of $10 million or even millions less than that.    Second, the initial sale offer on the Santa Fe property in the amount of $28 million turned out to not be a real offer at all.   The underestimation of the Hyundai claim and the overestimation of the Santa Fe value grossly inflated Mr. Byun's expectations.   The reality, the non-fake news is that Hyundai has a claim with interest probably near $23 million now.   The Santa Fe property has a market value of approximately $19 million, not $28 million.   In order to satisfy his debt to

---

[5]    Doc. No. 76, page 16 of 61.

Hyundai, and  the approximately $5 million in principal alone owed to the Movants, plus substantial tax debt and his obligations to unsecured creditors, <u>the Debtor is likely going to have  to liquidate his entire portfolio</u>.   It is not all bad news however and appointment of a trustee for the estate would be best not only for creditors but it would be best for Mr. Byun himself.   By the estimates of Movants (as set forth below), the sale of all the properties of the Debtor should still leave a balance of approximately $3 million for the Debtor.    A three million endgame after repayment of debt that has been accruing for years and years is <u>not</u> a bad outcome.    It certainly is better than having all of that equity lost by mere accrual of interest to Hyundai.  In these case, appointment of a trustee will not only save creditors from the Debtor, it will save the Debtor from himself.

II.    **STATEMENT OF FACTS:**

   The Debtor's Properties and Their Values:    The properties owned by the Debtor and their values according to the Debtor are set forth both in the Debtor's Schedules of Assets and Liabilities[6] and in numerous filings by the Debtor.   The same list of properties and lienholders is included most recently in the Hays fee application.[7]     The properties include with the Debtor's approximation of values:

   a.    Santa Fe parcels:             $18,880,000 (per current APA)

   b.    2203 S. Alameda:             $4,800,000

   c.    1736 E 24th Street (Alameda)    $5,500,000 (per current APA)

   d.    2445 S. Alameda:             $1,400,000

---

[6]    Doc. No. 26

[7]    Doc. No. 76 at 6 of 61

5

LAW OFFICES OF DAVID W. MEADOWS
LOS ANGELES, CALIFORNIA

e.    1770 E. 22nd' St.
(residential property)          $150,000

f.    144 & 146G St,
San Bernardino              $1,000,000

g.    24399 Old Hwy 58,
Hinkley, CA                 $400,000

The Debtor's estimated value of its properties, based either on the schedules or the current asset purchase agreements, totals approximately $32,050,000.   That would amount to a fair amount of cushion . . . if the Debtor was actively getting the two offers on the table before the court.  However, even assuming those two sales close, those two sales will generate roughly $24 million.   From that, real estate commissions are to be paid and secured tax must be paid.    A fair "placeholder" number for Hyundai is likely to be at least $23 million   These two property sales alone, even if the Debtor were proceeding with them, will provide nothing for movants or for any other creditors in the case. However, the remaining properties still have substantial value.   Movants believe the Debtor should have approximately $3 million in equity in the remaining properties after satisfaction of the Hyundai debt, secured tax debt, and the debt owed to Movants.     The Debtor has not even authorized retention of a broker to list the remaining properties.   A trustee will and would have by now.

/ / /

/ / /

/ / /

/ / /

/ / /

6

III.   **APPOINTMENT OF A CHAPTER 11 TRUSTEE IS WARRANTED AS**
       **DEMONSTRATED BY THE EVIDENCE**

   A.   **A Chapter 11 Trustee Shall Be Appointed Pursuant to Section 1104(a)(1) or**
        **1104(a)(2) of the Bankruptcy Code if Such Appointment is in the Best Interest of**
        **Creditors.**

Section 1104(a) of the Bankruptcy Code provides:

(a)   At any time after the commencement of the case but before confirmation of a plan, on request of a party in interest or the United States trustee, and after notice and a hearing, <u>the court shall order the appointment of a trustee</u> –

   (1)   for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management, either before or after the commencement of the case, or similar cause . . . .

   (2)   <u>if such appointment is in the interests of creditors</u>[.]

Id. (emphasis added).

A party seeking appointment of a Chapter 11 trustee under 11 U.S.C. § 1104(a) has the burden of proving appropriate grounds exist for such appointment by a preponderance of the evidence.  <u>In re Pasadena Adult Residential Care,</u> 2015 Bankr. 3601, *44 (Bankr. C.D. Cal. 2015) (citing <u>In re William A. Smith Const. Co., Inc.,</u> 77 B.R. 124, 126 (Bankr. N.D. Ohio 1987); *see also* <u>Grogan v. Garner</u>, 498 U.S. 279, 286-291, 111 S. Ct. 654, 112 L. Ed. 2d 755 (1991); *accord*, In re Corona Care Convalescent Corp., 527 B.R. 379, 384 (Bankr. C.D. Cal. 2015); *contra*, <u>In re Bellevue Place Assocs.</u>, 171 B.R. 615, 623 (Bankr. N.D. Ill. 1994) (concluding that appointment of trustee requires clear and convincing

Law Offices of David W. Meadows
Los Angeles, California

evidence, but decided before <u>Grogan v. Garner</u>, stating that preponderance of the evidence standard applies unless express congressional direction to apply higher standard).

Cause and the best interest of creditors and other parties are separate and independent bases for granting a motion to appoint a trustee under 11 U.S.C. § 1104(a).

B.    **The Preponderance of the Evidence Standard.**

Since the burden of proof is the "preponderance of the evidence," it is worth stating what that standard means.

"**Preponderance of the evidence**" means that the trier of fact is only required to believe that the existence of a fact is more probable or reasonable than its nonexistence, <u>Kennedy v. Southern California Edison Co.</u>, 268 F.3d 763, 770 (9th Cir. 2001) (applying California law), and that in terms of the probability of truth of evidence, when weighed with that opposed to it, the evidence has more convincing force and greater probability of truth, <u>Leslie G. v. Perry & Associates</u>, 43 Cal.App.4th 472, 482-83, 50 Cal. Rptr. 2d 785 (1996)"

<u>Clarendon Nat'l Ins. Co. v. Ins. Co. of the West</u>, 442 F. Supp. 2d 914, 2006 U.S. Dist. LEXIS 76845 [\*\*6] (E.D. Cal. 2006).

Starting with subpart (2) of Section 1104(a), appointment of a trustee when it is in the "interests of creditors," courts look to the totality of the circumstances.    <u>In re Pasadena Adult Residential Care</u>, 2015 Bankr. LEXIS 3601, \*46.   This includes looking at the "practical realities" and necessities inescapably involved in reconciling competing interest [sic]" *Id., citing* <u>In re Hotel Associates, Inc.</u>, 3 B.R. 343, 345 (Bankr. E.D. Pa. 1980).

In the Debtor's case, the problem is the conflict between the Debtor's strong personal desire to retain his real estate portfolio combined with his facing the reality that he will end up with *only several million* compared to his weak desire to pay creditors by liquidating his portfolio.[8]   Having chosen to file a bankruptcy petition, the Debtor has a fiduciary duty to his estate creditors.   The fiduciary duty requires taking reasonable steps to sell, at reasonable market prices, sufficient properties to satisfy his creditor claims.   The Debtor is not satisfying that fiduciary duty.   The Debtor has no other prospect for satisfying creditor claims other than through the sale of properties.    In essence, the Debtor is in a conflict position between his desire to retain his real property assets and the obligation to satisfy creditor claims by taking action.

The evidence based on the time records of Mr. Hays demonstrates that Debtor's counsel has been lining up sales of the Santa Fe and 24th Street/Alameda properties:

- 10/30/18 entry by Hays relating to the $18.8 million offer on Santa Fe.

- 11/07/18 entry by Hays relating to same

- 11/20/18 entry by Hays relating to same

- 11/29/18 entry by Hays regarding the offer and meeting with the Debtor

---

[8]    The Debtor has a problem in selling the 2203 S. Alameda properties.  The problem is, Mr. Byun operates his scrap metals business on that property.  One solution is to find a buyer who will lease the property back to Mr. Byun, if even for a few years.  That is a possible scenario, as a development of the property would take some time.  A buyer might like the income from Mr. Byun's rental.   The buyer might even offer a purchase option.  As long as the sale price is enough to pay creditors, that could be a fine result, meaning, it could be a sale for an amount less that would be obtained without a lease back or purchase option provision.  However, this is *Mr. Byun's* problem, not the problem of his creditors.  The evidence in the record shows <u>zero</u> effort by the Debtor to even address the need to sell his remaining properties.

9

Law Offices of David W. Meadows
Los Angeles, California

- 12/11/18 entry by Hays relating to the 24th Street property sale

- 12/19/18 entry by Hays re same.

- 12/21/18 entry by Hays re circulation of Santa Fe APA to counsel to Hyundai and Movants.

- 12/24/18 entry by Hays relating to a motion to approve bidding procedures

- 12/24/18 entry by Hays relating to the sale motion for Santa Fe.

- 1/8/19 entry by Hays relating to a conversation with counsel to Movants regarding need to move forward with sales of Santa Fe and 24th Street.

- 1/18/19 – the last entry for January with respect to asset sales.

*See* Hays Fee Application, Doc. 75, Exhibit A, pages 18 through 22 (highlighted copies of which are attached hereto and incorporated herein as Exhibit 1 to the Declaration of David W. Meadows (hereinafter, the "Meadows Declaration").

In an effort of collaboration by Debtor's counsel with counsel to Hyundai and Movants, Debtor's counsel has circulated draft sale motions, bid procedure motions, and asset purchase agreements regarding both the Santa Fe and the 24th Street properties. Yet there are no filings to date with respect to either of these sales. Once the Alere $28 million offer was withdrawn, and the new offer of $18,880,000 came to replace it, it became apparent that the Debtor will have to sell more than only the Santa Fe and the 24th Street/Alameda properties. The Debtor has taken no steps to retain a real estate broker to even begin to market the remaining properties. There is no sign that the Debtor intends to do so.

10

Law Offices of David W. Meadows
Los Angeles, California

IV.    **CAUSE LIKEWISE IS SHOWN FOR CONVERSION OF THE CASE TO ONE UNDER
CHAPTER 7 OF THE BANKRUTPCY CODE**

Section 1112 of the Bankruptcy Code provides for conversion of a case to chapter 7.    Pursuant to Section 1112(b)(1), the Court shall convert a case to one under chapter 7 "for cause," which includes under Section 1112(b)(4)(A), "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation."    Starting with "rehabilitation," "Courts have held that rehabilitation is not synonymous with reorganization and the determination is not whether a debtor can confirm a plan but whether the debtor has sufficient business prospects." In re Landmart Atl. Hess Farm LLC, 448 B.R. 707, 714 (Bankr. MD 2011).    "Rehabilitation means to reestablish a business and Landmark [the debtor] has no business." Id.    "The issue of rehabilitation for purposes of § 1112(b)(4)(A) is not the technical one of whether the debtor can confirm a plan, but, rather, whether the debtor's business prospects justify continuance of the reorganization effort." In re Wallace, 2010 Bankr. LEXIS 261, 2010 WL 378351 at *4 (Bankr. D. Idaho Jan. 26, 2010) (quotations and citations omitted). "Rehabilitation is a different and much more demanding standard than reorganization." In re Creekside Senior Apartments, L.P., 489 B.R. at 61 (citing In re Brutsche, 476 B.R. 298, 301 (Bankr. D.N.M. 2012) (citing 7 Collier on Bankruptcy at ¶ 1112.04[6][a][ii]))." In re Hassen Imps. P'Ship v. W. Covina (In re Hassen Impts. P'ship), 2013 Bankr. LEXIS 3870, *44 (Bankr. 9th Cir. 2013) (emphasis added).    Here, with no business to rehabilitate, the term could best be applied in an individual chapter 11 to what is in the best *rehabilitative interest* of Mr. Byun.    The status quo does not evidence a reasonable likelihood of rehabilitation by Mr. Byun for his own benefit of that of his creditors. Movants believe the best avenue for the rehabilitation of the Debtor is a reality based approach to his problems.    The solution to the Debtor's financial problems is clear.    Not only creditors but even the

Debtor would be best served by a trustee to take steps to liquidate the Debtor's assets in a prompt and commercially reasonable manner.    *Rehabilitation* is not going to occur for the Debtor under any understanding of the terms so long as he remains the debtor in possession.

The Debtor owns a business, but that business is not the Debtor. Further, the Debtor has never stated an intention to "reorganize" or "rehabilitate" anything.   The Debtor's only stated intent is to liquidate properties.  However, when the illusion of a vast reduction of the Hyundai claim dissipated and the reality set in that the Alere offer was never a realistic offer, the Debtor evidently is unable to commit to administer the estate assets for the benefit of creditors or even for himself.

The "continuing diminution" of the Debtor's estate is self-evident by the accrual of post-petition interest on secured debt.   Accrual of interest alone is an indicia of continuous diminishment of an estate. *See, e.g.,* In re Mouldi Sayeh, 2009 Bankr LEXIS 2366, *3 (Bankr. D. Mass. 2009); In re Franco, 2012 Bankr. LEXIS 3524, *2 (Bankr. D.P.R. 2012).  Hyundai accrues interest at the rate $125,000 per month.[9]   The Los Angeles County Tax Assessor filed a secured claim in the amount of $884,767.62, with interest accruing at 18.00%[10], or approximately $13,000 per month.   Movants' claims likewise accrue post-petition interest and total over $4,500,000 in principal alone.   In the Debtor's case, there is no business that can be showing continued heath and improvement.  There is no basis to believe that the Debtor's real estate portfolio will increase in value.   By its very nature and unavoidably, the Debtor's estate is diminishing in value **every month** by approximately $150,000.    Since the August, 2018

---

[9]    *See* Hyundai Unilateral Status Report, Doc. No. 34, page 6 of 15, line 12.

[10]    Proof of Claim 3, page 2 of 16.

12

Law Offices of David W. Meadows
Los Angeles, California

1   petition date, the estate has reduced in value to creditors junior to Hyundai by approximately

2   $1,000,000. All indications are that it will continue to diminish in value due to the Debtor's

3   unwillingness to move reasonably, in the best interest of the estate and its creditors, to get the Santa Fe

4   and the 24th Street property sales approved by the Court and to list the remaining properties.

5   V.   **CONCLUSION**

6          In the six months that the Debtor has been debtor in possession, not a single filing has been made

7   with respect to asset purchase agreements that would bring nearly $25 million into the estate. It being

8   evident since no later than the beginning of November, 2018 that the two sales available to the Debtor

9   will not be sufficient to satisfy creditor claims, the Debtor has not even employed a broker to even begin

10   to list the remaining properties.   Having been given more than an ample opportunity to satisfy his

11   fiduciary duty to creditors, Movants believe that it is in their best interest and in the best interest of all

12   creditors that a chapter 11 trustee be appointed or in the alternative, the case be converted to one under

13   chapter 7 of the Bankruptcy Code.   Movants believe it is even in the best interests of the Debtor.

14

15   DATED:  February 4, 2019                    THE LAW OFFICES OF DAVID W. MEADOWS

16

17                                          By:      /s/ David W. Meadows
                                                     David W. Meadows
18                                          Counsel for Movants, Packo Investments, Inc., Allen Park,
                                            M&A Equities, LLC, The BAE Family Trust, Mohamed
19                                          Sanfaz, and Kap Chan Chong

20

21

22

23

13

LAW OFFICES OF DAVID W. MEADOWS
LOS ANGELES, CALIFORNIA

1

### DECLARATION OF ALLEN PARK

2

I, Allen Park, declare as follows:

3

1.      I have personal knowledge of the facts set forth herein, except as to those stated on

4

information and belief and, as to those, I am informed and believe them to be true.  If called as a

5

witness, I could and would competently testify to the matters stated herein.

6

2.      I am the sole shareholder of Packo Investments, Inc. ("Packo").  I am the authorizaed

7

representative in this case on behalf of the following secured creditors:   M&A Equities, LLC, The BAE

8

Family Trust, Mohamed Sanfaz, and Kap Chan Chong (collectively, along with Packo and myself

9

individually, "Movants").

10

3.       I am a licensed real estate broker.   In fact, I was the co-listing broker with Mr. Kirk

11

Garabedian on the Debtor's Santa Fe and 24th Street properties.   Given that the Debtor retained me to be

12

co-listing broker, I am confident the Debtor has no doubt as to my qualifications to have an informed

13

basis for my opinion of values with respect to his real estate portfolio.

14

4.       I have reviewed the values scheduled for the Debtor with respect to his real estate

15

portfolio.  Generally, I am in agreement with the scheduled amounts, with these modifications.   First, I

16

believe the property in Hinkley, California has no realizable value due to environmental issues affecting

17

the property.    However, I believe the property at 2445 S. Alameda should have a value of

18

approximately $1,800,000 rather than the lower value of $1,400,000 as listed by the Debtor.

19

5.       Overall, I believe that after the sale of Santa Fe and 24th Street, *presuming* the debt to

20

Hyundai is fully satisfied by those sales, the Debtor should have remaining equity of approximately $3

21

million. That cushion is very small relative to the debts.  It is particularly small if in fact Hyundai still

22

has unsatisfied debt after the closing of the Santa Fe and the 24th Street/Alameda sales.    The actual

Law Offices of David W. Meadows
Los Angeles, California

values of the Debtor's remaining portfolio can only be known when all the properties are listed and offers are obtained.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this ____day of February, 2019 in Los Angeles, California.

see next page

_____

Allen Park

15

1   values of the Debtor's remaining portfolio can only be known when all the properties are listed and

2   offers are obtained.

3

4        I declare under penalty of perjury under the laws of the United States of America that the

5   foregoing is true and correct.

6        Executed this 4th day of February, 2019 in Los Angeles, California.

7

8



                               Allen Park

9

LAW OFFICES OF DAVID W. MEADOWS
LOS ANGELES, CALIFORNIA

10

11

12

13

14

15

16

17

18

19

20

21

22

23

15

## DECLARATION OF DAVID W. MEADOWS

I, David W. Meadows, declare as follows:

1.    I am an attorney at law and licensed to practice before this Court.    I have personal knowledge of the facts set forth herein, except as to those stated on information and belief and, as to those, I am informed and believe them to be true.  If called as a witness, I could and would competently testify to the matters stated herein.

2.    I am counsel of record to the following secured creditors:  Packo Investments, Inc., Allen Park, M&A Equities, LLC, The BAE Family Trust, Mohamed Sanfaz, and Kap Chan Chong.

3.    Attached hereto as **Exhibit 1** are true and correct copies of selected pages from the fee application filed by counsel to the Debtor and Debtor in Possession on February 1, 2019, which appears as Document Number 76.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 4th day of February, 2019 in Los Angeles, California.

_____/s/ David W. Meadows_____
David W. Meadows

16

EXHIBIT 1

Case 2:18-bk-19004-VZ    Doc 76    Filed 02/01/19    Entered 02/01/19 18:07:08    Desc
Main Document    Page 18 of 61

# Resnik Hayes Moradi LLP - Time Entry

Date Start: 8/3/2018 | Date End: 1/21/2019 | Clients: Byun, Jong Uk | Categories: | Users: | Client Type: All | Category Type: All | Location: All | Billing Method: All | Paid Status: All | Group By: Category

| Date | User | Activity | Description | Billable Time | Total Time | Billable Flag | Hourly Rate | Billable Amt |
|------|------|----------|-------------|---------------|------------|---------------|-------------|--------------|
| **341(a) meeting and IDI** | | | | | | | | |
| 08/16/2018 | M. Jonathan Hayes | Preparation for: | Prep for IDI with UST | 0.50 | 0.50 | Y | $485.00/hr | $242.50 |
| 08/16/2018 | M. Jonathan Hayes | Meeting | Attend IDI at UST, conf with client after | 1.50 | 1.50 | Y | $485.00/hr | $727.50 |
| 09/06/2018 | Rosario Zubia | Draft | Drafted information and emailed client detail re 341a. | 0.30 | 0.30 | Y | $135.00/hr | $40.50 |
| 09/07/2018 | M. Jonathan Hayes | Meeting | Attend 341(a) with client, conf after the 341 | 3.00 | 3.00 | Y | $485.00/hr | $1,455.00 |
| **Totals For** | | | | **5.30** | **5.30** | | | **$2,465.50** |
| **Assets** | | | | | | | | |
| 08/06/2018 | M. Jonathan Hayes | Correspondence | Review email from Jim Lucas, atty for buyer, email to client | 0.10 | 0.10 | Y | $485.00/hr | $48.50 |
| 08/07/2018 | M. Jonathan Hayes | Phone Call | Tel conf with Jim Lucas, atty for buyer, re proposed sale and purchase and timing | 0.30 | 0.30 | Y | $485.00/hr | $145.50 |
| 08/09/2018 | M. Jonathan Hayes | Correspondence | Email to client re conversation with atty for Alere re purchase of the property and lay out issues we need to consider | 0.40 | 0.40 | Y | $485.00/hr | $194.00 |
| 08/09/2018 | M. Jonathan Hayes | Correspondence | Email to Jim Lucas, atty for Alere, summarizing conversation yesterday | 0.40 | 0.40 | Y | $485.00/hr | $194.00 |
| 08/14/2018 | M. Jonathan Hayes | Draft | Begin draft of complaint against Bok Byun re 363(h) to sell her interest if any | 0.30 | 0.30 | Y | $485.00/hr | $145.50 |
| 08/15/2018 | M. Jonathan Hayes | Review | Review and sign stipulations to continue state court matters with Hyundai | 0.40 | 0.40 | Y | $485.00/hr | $194.00 |
| 08/23/2018 | M. Jonathan Hayes | Phone Call | Tel conf with Eric Sangerman and Jim Lucas re status of sale to Alere | 0.50 | 0.50 | Y | $485.00/hr | $242.50 |
| 08/23/2018 | M. Jonathan Hayes | Phone Call | Tel conf with attys for buyer re status of motion to approve sale | 0.50 | 0.50 | Y | $485.00/hr | $242.50 |
| 08/29/2018 | M. Jonathan Hayes | Draft | Draft motion to approve sale of Santa Fe to Alere | 2.00 | 2.00 | Y | $485.00/hr | $970.00 |
| 08/29/2018 | M. Jonathan Hayes | Correspondence | Email to Jim Lukas with info on total liens and properties | 0.30 | 0.30 | Y | $485.00/hr | $145.50 |
| 08/30/2018 | M. Jonathan Hayes | Review | Review info from broker Garabedian re sale's brochure etc. | 0.50 | 0.50 | Y | $485.00/hr | $242.50 |
| 08/30/2018 | M. Jonathan Hayes | Phone Call | Tel conf with broker Garabedian re status of sale, what to do now that Alere has backed out for the time being, talk about break up fees etc. | 0.50 | 0.50 | Y | $485.00/hr | $242.50 |
| 08/30/2018 | M. Jonathan Hayes | Review | Review email from Garabedian re environmental issues at Santa Fe Property, and attached info | 0.30 | 0.30 | Y | $485.00/hr | $145.50 |
| 08/30/2018 | M. Jonathan Hayes | Correspondence | Exchange emails with David Meadows re status of Alere sale and issues brought up by Garabedian | 0.30 | 0.30 | Y | $485.00/hr | $145.50 |
| 08/30/2018 | M. Jonathan Hayes | Correspondence | Exchange emails re need to speak to our broker, and from Alere attys that they don't want to go forward with sale | 0.30 | 0.30 | Y | $485.00/hr | $145.50 |
| 08/31/2018 | M. Jonathan Hayes | Correspondence | Exchange further emails with Dave Meadows re issues with DTSC | 0.20 | 0.20 | Y | $485.00/hr | $97.00 |
| 08/31/2018 | M. Jonathan Hayes | Review | Review printout from Envirostor provided by Garabedian, review info from Geotracker website | 0.50 | 0.50 | Y | $485.00/hr | $242.50 |
| 09/08/2018 | M. Jonathan Hayes | Correspondence | Email to Marvin Sachse, environmental engineer for Mr. Byun - about meeting with him and what I need, review website with info on Marvin | 0.30 | 0.30 | Y | $485.00/hr | $145.50 |
| 09/08/2018 | M. Jonathan Hayes | Correspondence | Email to Mavel re need to contact Mr. Byun's tax guy, Allan Park | 0.10 | 0.10 | Y | $485.00/hr | $48.50 |
| 09/14/2018 | M. Jonathan Hayes | Review | Review sales flyers provided by K. Garabedian for the three properties listed for sale | 0.40 | 0.40 | Y | $485.00/hr | $194.00 |
| 09/21/2018 | M. Jonathan Hayes | Correspondence | Email to Alere atty Jim Hunter re cancelling escrow and getting the sales discussions going again | 0.20 | 0.20 | Y | $485.00/hr | $97.00 |
| 09/24/2018 | M. Jonathan Hayes | Correspondence | Review cancellation instructions re Alere escrow and several emails re same | 0.20 | 0.20 | Y | $485.00/hr | $97.00 |
| 09/24/2018 | M. Jonathan Hayes | Correspondence | Exchange several emails with Jim Lukas re cancellation of the escrow or proceeding with the sale | 0.30 | 0.30 | Y | $485.00/hr | $145.50 |

Case 2:18-bk-19004-VZ   Doc 76   Filed 02/01/19   Entered 02/01/19 18:07:08   Desc
Main Document   Page 19 of 61

| Date | Timekeeper | Type | Description | Hours | Hours | | Rate | Amount |
|---|---|---|---|---|---|---|---|---|
| 09/24/2018 | M. Jonathan Hayes | Phone Call | Tel conf with Kirk re status of sale of Santa Fe after I advised him of emails with Jim Lukas re cancellation of the escrow or proceeding with the sale | 0.30 | 0.30 | Y | $485.00/hr | $145.50 |
| 09/25/2018 | M. Jonathan Hayes | Correspondence | Email to client re conversation with Jim Lukas, atty for Alere, re Alere's interest in proceeding with the purchase of the Santa Fe Property | 0.30 | 0.30 | Y | $485.00/hr | $145.50 |
| 09/25/2018 | M. Jonathan Hayes | Correspondence | Exchange emails with Kirk Garbedian re conversation with Jim Lukas, atty for Alere, re Alere's interest in proceeding with the purchase of the Santa Fe Property | 0.20 | 0.20 | Y | $485.00/hr | $97.00 |
| 09/25/2018 | M. Jonathan Hayes | Phone Call | Tel conf with Jim Lukas, atty for Alere, re Alere's interest in proceeding with the purchase of the Santa Fe Property | 0.40 | 0.40 | Y | $485.00/hr | $194.00 |
| 09/26/2018 | M. Jonathan Hayes | Phone Call | Tel conf with Dave Meadows to update him re Alere and my meeting with Marvin Sache, environmental engineer re Santa Fe property. | 0.40 | 0.40 | Y | $485.00/hr | $194.00 |
| 09/26/2018 | M. Jonathan Hayes | Meeting | Conf with Marvin Sache, environmental engineer, at this office re environmental issues with the Santa Fe property. | 2.60 | 2.60 | Y | $485.00/hr | $1,261.00 |
| 09/27/2018 | M. Jonathan Hayes | Correspondence | Email to Hyundai atty re status of sale to Alere, froward to client with comments | 0.20 | 0.20 | Y | $485.00/hr | $97.00 |
| 09/28/2018 | Matthew D. Resnik | Review | review of environmental concerns and discussed parameters off sale and strategy moving forward | 0.40 | 0.40 | Y | $450.00/hr | $180.00 |
| 09/29/2018 | M. Jonathan Hayes | Correspondence | Two more emails to Kirk re questions re the PSA, re all the reports and things we are supposed to provide, has that been done, name of seller has to be changed | 0.40 | 0.40 | Y | $485.00/hr | $194.00 |
| 09/29/2018 | M. Jonathan Hayes | Correspondence | Email to Marvin re reports he may have that we can provide to Alere | 0.30 | 0.30 | Y | $485.00/hr | $145.50 |
| 09/29/2018 | M. Jonathan Hayes | Correspondence | Email to Kirk re marketing info we need for the motion to approve sale of Santa Fe | 0.30 | 0.30 | Y | $485.00/hr | $145.50 |
| 09/29/2018 | M. Jonathan Hayes | Other | Work on Motion to Approve Sale of Santa Fe | 1.00 | 1.00 | Y | $485.00/hr | $485.00 |
| 09/29/2018 | M. Jonathan Hayes | Review | Review carefully the PSA for use with the motion to approve sale | 0.80 | 0.80 | Y | $485.00/hr | $388.00 |
| 10/01/2018 | M. Jonathan Hayes | Meeting | Conf with Mr. Byun and Kyu re updated info on interest of Alere in buying Santa Fe, and update re my meeting with Marvin re environmental issues | 2.00 | 2.00 | Y | $485.00/hr | $970.00 |
| 10/09/2018 | M. Jonathan Hayes | Phone Call | Tel conf with Kirk re new entity to buy Santa Fe and related conf call | 0.30 | 0.30 | Y | $485.00/hr | $145.50 |
| 10/09/2018 | M. Jonathan Hayes | Phone Call | Tel conf with Kirk and brokers for new buyer re status of bk and sales process | 0.40 | 0.40 | Y | $485.00/hr | $194.00 |
| 10/09/2018 | M. Jonathan Hayes | Revise | Further work and revise Motion to Approve Sale to Alere | 2.00 | 2.00 | Y | $485.00/hr | $970.00 |
| 10/10/2018 | M. Jonathan Hayes | Correspondence | Email draft Motion to Approve Sale to Alere to David Meadows with comments | 0.20 | 0.20 | Y | $485.00/hr | $97.00 |
| 10/10/2018 | M. Jonathan Hayes | Correspondence | Email to clients re meeting to review Motion to Approve Sale to Alere | 0.20 | 0.20 | Y | $485.00/hr | $97.00 |
| 10/10/2018 | M. Jonathan Hayes | Correspondence | Email draft Motion to Approve Sale to Alere to client with comments | 0.20 | 0.20 | Y | $485.00/hr | $97.00 |
| 10/10/2018 | M. Jonathan Hayes | Revise | Finish up first draft of Motion to Approve Sale to Alere | 2.50 | 2.50 | Y | $485.00/hr | $1,212.50 |
| 10/11/2018 | M. Jonathan Hayes | Meeting | Conf with Mr. Byn, Kyu and Michael re Song re where we stand on sale of Santa Fe, tel conf with Kirk during the meeting to update him | 2.00 | 2.00 | Y | $485.00/hr | $970.00 |
| 10/11/2018 | M. Jonathan Hayes | Correspondence | Review email from David Meadows with his comments on the motion and his intent to object to that particular motion | 0.20 | 0.20 | Y | $485.00/hr | $97.00 |
| 10/12/2018 | M. Jonathan Hayes | Correspondence | Email to David Meadows re new ideas on the sale of Santa Fe, review his response | 0.30 | 0.30 | Y | $485.00/hr | $145.50 |
| 10/15/2018 | M. Jonathan Hayes | Correspondence | Lengthy email to Jim Lukas, atty for Alere, re problems with the sale motion and that we are not going to proceed without concessions | 0.50 | 0.50 | Y | $485.00/hr | $242.50 |
| 10/17/2018 | M. Jonathan Hayes | Phone Call | Tel conf with Jim Lukas re need to change the Alere transaction or reject it | 0.50 | 0.50 | Y | $485.00/hr | $242.50 |
| 10/17/2018 | M. Jonathan Hayes | Phone Call | Lengthy tel conf with Evan Jones and Darren Patrick re status of sale to Alere | 0.80 | 0.80 | Y | $485.00/hr | $388.00 |
| 10/18/2018 | M. Jonathan Hayes | Correspondence | Email to client re substance of phone call with Jim Lukas, atty for Alere, yesterday | 0.40 | 0.40 | Y | $485.00/hr | $194.00 |
| 10/18/2018 | M. Jonathan Hayes | Correspondence | Email to Kirk Garabdian with re substance of phone call with Jim Lukas, atty for Alere, yesterd | 0.10 | 0.10 | Y | $485.00/hr | $48.50 |
| 10/18/2018 | M. Jonathan Hayes | Correspondence | Email to David Meadows with re substance of phone call with Jim Lukas, atty for Alere, yester | 0.10 | 0.10 | Y | $485.00/hr | $48.50 |
| 10/19/2018 | M. Jonathan Hayes | Correspondence | Email to client re my conversation with Evan Jones on Wednesday re strategy in the sale of Sa | 0.30 | 0.30 | Y | $485.00/hr | $145.50 |
| 10/19/2018 | M. Jonathan Hayes | Phone Call | Tel conf with Kirk re new events with Alere and what is need to proceed and how this is likely | 0.40 | 0.40 | Y | $485.00/hr | $194.00 |
| 10/19/2018 | M. Jonathan Hayes | Correspondence | Email to Jim Lukas with review of our discussion and how I believe the amendments will work | 0.40 | 0.40 | Y | $485.00/hr | $194.00 |

| Date | Timekeeper | Category | Description | | | | Rate | Amount |
|---|---|---|---|---|---|---|---|---|
| 10/19/2018 | M. Jonathan Hayes | Correspondence | Review and respond to emails from Jim Lukas re breakup fee | 0.30 | 0.30 | Y | $485.00/hr | $145.50 |
| 10/19/2018 | M. Jonathan Hayes | Phone Call | Tel conf with Jim Lukas re sale to Alere, discussing proposed amended terms for the existing P | 0.50 | 0.50 | Y | $485.00/hr | $242.50 |
| 10/19/2018 | M. Jonathan Hayes | Phone Call | Tel conf with Dave Meadows to review my conversation with Jim Lukas re proposed amended | 0.40 | 0.40 | Y | $485.00/hr | $194.00 |
| 10/20/2018 | M. Jonathan Hayes | Review | Quickly review 3 Phase II reports from 2001-2003 | 0.30 | 0.30 | Y | $485.00/hr | $145.50 |
| 10/23/2018 | M. Jonathan Hayes | Phone Call | Tel conf with David Meadows re my conversation with Jim Lukas and Eric Sagerman, attys for | 0.50 | 0.50 | Y | $485.00/hr | $242.50 |
| 10/23/2018 | M. Jonathan Hayes | Phone Call | Tel conf with Jim Lukas and Eric Sagerman, attys for Alere, re details of sale to Alere | 0.40 | 0.40 | Y | $485.00/hr | $194.00 |
| 10/25/2018 | M. Jonathan Hayes | Correspondence | Exchange emails with Jim Lukas that Alere is again backing out of the sale of Santa Fe and with | 0.30 | 0.30 | Y | $485.00/hr | $145.50 |
| 10/26/2018 | M. Jonathan Hayes | Correspondence | Email to Evan Jones re update on Alere, forward with comments to client and David Meadows | 0.30 | 0.30 | Y | $485.00/hr | $145.50 |
| 10/29/2018 | M. Jonathan Hayes | Correspondence | Exchange emails with J. Lukas and Kirk Garbedian re cancellation of Alere escrow | 0.20 | 0.20 | Y | $485.00/hr | $97.00 |
| 10/30/2018 | M. Jonathan Hayes | Phone Call | Tel conf with Kirk Garbedian re new LOI and issues it creates | 0.30 | 0.30 | Y | $485.00/hr | $145.50 |
| 10/30/2018 | M. Jonathan Hayes | Review | Review new LOI for Santa Fe property | 0.30 | 0.30 | Y | $485.00/hr | $145.50 |
| 10/30/2018 | M. Jonathan Hayes | Correspondence | Email to Mr. Byun re new LOI and issues it creates | 0.20 | 0.20 | Y | $485.00/hr | $97.00 |
| 10/31/2018 | M. Jonathan Hayes | Phone Call | Tel conf with Kirk re Alere's requirements re cancelling escrow | 0.20 | 0.20 | Y | $485.00/hr | $97.00 |
| 10/31/2018 | M. Jonathan Hayes | Correspondence | Emails back and forth with Lukas re Alere's requirements re cancelling escrow, forward to clien | 0.30 | 0.30 | Y | $485.00/hr | $145.50 |
| 11/01/2018 | M. Jonathan Hayes | Meeting | Conf with Kirk Garabedian and Mr. Byun re offer for Santa Fe from Duke Realty | 1.70 | 1.70 | Y | $485.00/hr | $824.50 |
| 11/04/2018 | M. Jonathan Hayes | Phone Call | Tel conf with Kirk re Meadows demand for emails | 0.20 | 0.20 | Y | $485.00/hr | $97.00 |
| 11/05/2018 | M. Jonathan Hayes | Correspondence | Respond to Meadows email re his demand for emails from Kirk to and from Byun | 0.20 | 0.20 | Y | $485.00/hr | $97.00 |
| 11/06/2018 | M. Jonathan Hayes | Phone Call | Tel conf with Mr. Daggenhurt re case he is handling for Mr. Byun in state court | 0.30 | 0.30 | Y | $485.00/hr | $145.50 |
| 11/06/2018 | M. Jonathan Hayes | Phone Call | Tel conf with Tim from Berkshire Hathaway, broker interested in Santa Fe prop - had question o | 0.40 | 0.40 | Y | $485.00/hr | $194.00 |
| 11/06/2018 | M. Jonathan Hayes | Correspondence | Email memo (lengthy) to client re where he stands with the new offer and the possibility that it | 0.80 | 0.80 | Y | $485.00/hr | $388.00 |
| 11/06/2018 | M. Jonathan Hayes | Phone Call | Email to Allen Park CPA with questions re tax consequences of sale of Santa Fe Property | 0.20 | 0.20 | Y | $485.00/hr | $97.00 |
| 11/07/2018 | M. Jonathan Hayes | Phone Call | Tel conf with Kirk re his ideas on counter offering and what the counter LOI should say | 0.30 | 0.30 | Y | $485.00/hr | $145.50 |
| 11/07/2018 | M. Jonathan Hayes | Review | Review quickly new LOI from Kirk - $18 million | 0.20 | 0.20 | Y | $485.00/hr | $97.00 |
| 11/08/2018 | M. Jonathan Hayes | Phone Call | Tel conf with Kirk re. counter LOI | 0.20 | 0.20 | Y | $485.00/hr | $97.00 |
| 11/08/2018 | M. Jonathan Hayes | Review | Review and revise counter LOI, extensive changes | 0.70 | 0.70 | Y | $485.00/hr | $339.50 |
| 11/08/2018 | M. Jonathan Hayes | Phone Call | Tel conf with Allen Park, CPA re tax consequences of sale of Santa Fe | 0.40 | 0.40 | Y | $485.00/hr | $194.00 |
| 11/08/2018 | M. Jonathan Hayes | Review | Review counter LOI from Kirk G., short comments to him re same | 0.40 | 0.40 | Y | $485.00/hr | $194.00 |
| 11/14/2018 | M. Jonathan Hayes | Phone Call | Tel conf with Kirk re status of offers | 0.30 | 0.30 | Y | $485.00/hr | $145.50 |
| 11/19/2018 | M. Jonathan Hayes | Phone Call | Tel conf with Evan Jones re latest offers for Santa Fe and strategy | 0.30 | 0.30 | Y | $485.00/hr | $145.50 |
| 11/19/2018 | M. Jonathan Hayes | Meeting | Conf with client downtown to discuss latest offers for Santa Fe and strategy | 1.30 | 1.30 | Y | $485.00/hr | $630.50 |
| 11/20/2018 | M. Jonathan Hayes | Phone Call | Tel conf with Kirk re status of counter offers and problems with property | 0.30 | 0.30 | Y | $485.00/hr | $145.50 |
| 11/20/2018 | M. Jonathan Hayes | Review | Review counter offer from North Palisades | 0.30 | 0.30 | Y | $485.00/hr | $145.50 |
| 11/26/2018 | M. Jonathan Hayes | Phone Call | Tel conf with Kirk G re status of sales efforts | 0.30 | 0.30 | Y | $485.00/hr | $145.50 |
| 11/26/2018 | M. Jonathan Hayes | Research | Research re how Judge VZ deals with break up fee issues | 0.80 | 0.80 | Y | $485.00/hr | $388.00 |
| 11/27/2018 | M. Jonathan Hayes | Phone Call | Tel conf with David Meadows re status and various other issues including the 2004 exam | 0.80 | 0.80 | Y | $485.00/hr | $388.00 |
| 11/28/2018 | M. Jonathan Hayes | Correspondence | Email to client re need to meet and alternatives on how to deal with Hyunda and Santa Fe | 0.40 | 0.40 | Y | $485.00/hr | $194.00 |
| 11/29/2018 | M. Jonathan Hayes | Meeting | Conf with Mr. Byun re present status of the offers we have received for Santa Fe. | 1.50 | 1.50 | Y | $485.00/hr | $727.50 |
| 11/29/2018 | M. Jonathan Hayes | Review | Review offers we have received for Santa Fe before meeting with client downtown | 0.70 | 0.70 | Y | $485.00/hr | $339.50 |
| 11/29/2018 | M. Jonathan Hayes | Phone Call | Tel conf with Mike Song re status of offers to buy Santa Fe | 0.30 | 0.30 | Y | $485.00/hr | $145.50 |
| 11/30/2018 | M. Jonathan Hayes | Phone Call | Tel conf with Kirk for update on my meeting with Mr. Byun and where we stand with the sale | 0.30 | 0.30 | Y | $485.00/hr | $145.50 |
| 11/30/2018 | M. Jonathan Hayes | Correspondence | Email to Evan Jones and Dave Meadows with a status report re where we are with the sale of | 0.50 | 0.50 | Y | $485.00/hr | $242.50 |
| 12/03/2018 | M. Jonathan Hayes | Phone Call | Tel conf with Kirk re status of negotiations with Joe - the $18.8 offeree | 0.40 | 0.40 | Y | $485.00/hr | $194.00 |
| 12/03/2018 | M. Jonathan Hayes | Correspondence | Email schedules and status reports etc to Michael Song at his request | 0.20 | 0.20 | Y | $485.00/hr | $97.00 |
| 12/03/2018 | M. Jonathan Hayes | Correspondence | Email to Kirk with copy of VZ procedures for sales of property | 0.10 | 0.10 | Y | $485.00/hr | $48.50 |
| 12/03/2018 | M. Jonathan Hayes | Correspondence | Email to Michael Song and client re employment of Song | 0.10 | 0.10 | Y | $485.00/hr | $48.50 |
| 12/03/2018 | M. Jonathan Hayes | Correspondence | Email to Evan Jones and Dave Meadows giving them the details of the LOI from Joe Mishurdi, J | 0.70 | 0.70 | Y | $485.00/hr | $339.50 |

| Date | Timekeeper | Activity | Description | Hours | Y/N | Rate | Amount |
|---|---|---|---|---|---|---|---|
| 12/05/2018 | M. Jonathan Hayes | Correspondence | Emails to Hyundai et al re choosing an environmental engineer to do the Phase II, email to Kirk | 0.40 | Y | $485.00/hr | $194.00 |
| 12/05/2018 | M. Jonathan Hayes | Correspondence | Email agenda to Mr. Byun and Song re meeting tomorrow | 0.30 | Y | $485.00/hr | $145.50 |
| 12/05/2018 | M. Jonathan Hayes | Correspondence | Review lengthy email and and lengthy response to D. Patrick with Hyundai's issues and comm | 0.70 | Y | $485.00/hr | $339.50 |
| 12/06/2018 | M. Jonathan Hayes | Meeting | Conf with Michael Song re getting him up to date on issues with selling the properties and the | 1.50 | Y | $485.00/hr | $727.50 |
| 12/06/2018 | M. Jonathan Hayes | Phone Call | Tel conf with Kirk re meeting with Mr. Byun, his agreement to do the Phase II, and negotiating | 0.40 | Y | $485.00/hr | $194.00 |
| 12/06/2018 | M. Jonathan Hayes | Correspondence | Email to Mr. Smalstig, environmental engineer re possibly him doing the Phase II, frroward to c | 0.30 | Y | $485.00/hr | $145.50 |
| 12/06/2018 | M. Jonathan Hayes | Correspondence | Lengthy email to E. Jones, D. Meadows et al re results of meeting with Mr. Byun and discussio | 0.70 | Y | $485.00/hr | $339.50 |
| 12/06/2018 | M. Jonathan Hayes | Correspondence | Email to Kirk summarizing our conversation and where we go from here | 0.30 | Y | $485.00/hr | $145.50 |
| 12/06/2018 | M. Jonathan Hayes | Meeting | Conf with client and Michael Song downtown re selling the properties | 1.50 | Y | $485.00/hr | $727.50 |
| 12/06/2018 | M. Jonathan Hayes | Phone Call | Tel conf with Guadalupe at Marvin's office re the doing the Phase II, timing etc | 0.30 | Y | $485.00/hr | $145.50 |
| 12/10/2018 | M. Jonathan Hayes | Correspondence | Exchange emails with Kirk re sale of Santa Fe, how to respond to Mishurda's demands | 0.40 | Y | $485.00/hr | $194.00 |
| 12/11/2018 | M. Jonathan Hayes | Review | Review PSA from C & M Metals | 0.40 | Y | $485.00/hr | $194.00 |
| 12/11/2018 | M. Jonathan Hayes | Phone Call | Tel conf (2nd) with Kirk re sale of 24th Street | 0.20 | Y | $485.00/hr | $97.00 |
| 12/11/2018 | M. Jonathan Hayes | Phone Call | Tel conf with Kirk re sale of 24th Street | 0.30 | Y | $485.00/hr | $145.50 |
| 12/11/2018 | M. Jonathan Hayes | Correspondence | Email to Mr. Byun re need to accept offer on 24th Street, forward to broker | 0.40 | Y | $485.00/hr | $194.00 |
| 12/13/2018 | M. Jonathan Hayes | Meeting | Conf with client, Michael Song, and Kirk re terms of sale of 24th street and Santa Fe | 2.30 | Y | $485.00/hr | $1,115.50 |
| 12/13/2018 | M. Jonathan Hayes | Preparation for: | Prep for meeting with client, review emails back and forth with broker re terms of counter off | 0.60 | Y | $485.00/hr | $291.00 |
| 12/13/2018 | M. Jonathan Hayes | Correspondence | Emails to and from Dave Meadows and Evan Jones re terms of offer re 24th Street | 0.40 | Y | $485.00/hr | $194.00 |
| 12/17/2018 | M. Jonathan Hayes | Phone Call | Tel conf with Kirk (agent) and Joe Mishurda re Joe's questions about the process of getting the | 0.50 | Y | $485.00/hr | $242.50 |
| 12/17/2018 | M. Jonathan Hayes | Correspondence | Email to E. Jones and D. Meadows re signed LOI on the Santa Fe Property and my conversatior | 0.40 | Y | $485.00/hr | $194.00 |
| 12/17/2018 | M. Jonathan Hayes | Review | Review counter offer to offer for 24th Street | 0.20 | Y | $485.00/hr | $97.00 |
| 12/17/2018 | M. Jonathan Hayes | Correspondence | Email to E. Jones, D. Meadows re counter offer to offer for 24th Street | 0.20 | Y | $485.00/hr | $97.00 |
| 12/19/2018 | M. Jonathan Hayes | Phone Call | Tel conf with Kirk re status of offer on 24th Street and offer from Reich on Santa Fe | 0.30 | Y | $485.00/hr | $145.50 |
| 12/20/2018 | M. Jonathan Hayes | Review | Tel conf with Kirk re draft PSA from Mishurda | 0.20 | Y | $485.00/hr | $97.00 |
| 12/20/2018 | M. Jonathan Hayes | Correspondence | Emails to Meadows and D. Patrick re request to use rent to pay for Phase II for Santa Fe and | 0.30 | Y | $485.00/hr | $145.50 |
| 12/21/2018 | M. Jonathan Hayes | Correspondence | Exchange emails with attys for secured creditors re issues and conf to review together | 0.30 | Y | $485.00/hr | $145.50 |
| 12/21/2018 | M. Jonathan Hayes | Correspondence | Emails to Marvin Sachse re certain representations in the proposed PSA for Santa Fe, we need | 0.20 | Y | $485.00/hr | $97.00 |
| 12/21/2018 | M. Jonathan Hayes | Review | Review draft PSA for Santa Fe property (15), email to our agent with comments (.3) | 0.80 | Y | $485.00/hr | $388.00 |
| 12/21/2018 | M. Jonathan Hayes | Correspondence | Email copy of PSA for Santa Fe property to attys for secured creditors, with comments | 0.30 | Y | $485.00/hr | $145.50 |
| 12/24/2018 | M. Jonathan Hayes | Draft | Draft Motion to Approve Bidding Procedures | 1.20 | Y | $485.00/hr | $582.00 |
| 12/24/2018 | M. Jonathan Hayes | Review | Review and revise draft motion to approve sale of Santa Fe (previously drafted to approve sal | 1.70 | Y | $485.00/hr | $824.50 |
| 12/26/2018 | Matthew D. Resnik | Phone Call | Conf call with interested parties relating to the sale and treatment issues | 0.60 | Y | $450.00/hr | $270.00 |
| 12/26/2018 | M. Jonathan Hayes | Phone Call | Conf call with Kirk re conf call with E. Jones and D. Patrick for Hyundai, and Dave Meadows re | 0.30 | Y | $485.00/hr | $145.50 |
| 12/26/2018 | M. Jonathan Hayes | Correspondence | Email to client re conf call with E. Jones and D. Patrick for Hyundai, and Dave Meadows re thei | 0.50 | Y | $485.00/hr | $242.50 |
| 12/26/2018 | M. Jonathan Hayes | Phone Call | Conf call with E. Jones and D. Patrick for Hyundai, and Dave Meadows re their issues with the | 0.80 | Y | $485.00/hr | $388.00 |
| 12/27/2018 | Pardis Akhavan | Draft | Drafted the adversary Summons of the complaint to sell Santa Fe property free and clear of in | 0.20 | Y | $185.00/hr | $37.00 |
| 12/27/2018 | Pardis Akhavan | Draft | Drafted the adversary coversheet re complaint for sell of Santa Fe property clear and free of i | 0.40 | Y | $185.00/hr | $74.00 |
| 12/27/2018 | Pardis Akhavan | Draft | Drafted the complaint to sell Santa Fe property free and clear of interest. | 0.80 | Y | $185.00/hr | $148.00 |
| 12/27/2018 | M. Jonathan Hayes | Draft | Draft Stipulation with Alere to terminate escrow (.7), email to Jim Lukas with comments (.1) | 0.80 | Y | $485.00/hr | $388.00 |
| 12/27/2018 | M. Jonathan Hayes | Review | Review and revise complaint against Ms. Byun under 363(h) (.8), email to client with comment | 0.90 | Y | $485.00/hr | $436.50 |
| 12/27/2018 | M. Jonathan Hayes | Correspondence | Email to Mrs. Byun's atty re getting her to sign the required documents so we don't have to pr | 0.30 | Y | $485.00/hr | $145.50 |
| 12/28/2018 | M. Jonathan Hayes | Review | Review carefully the lengthy preliminary title report for Santa Fe to determine what liens mus | 1.40 | Y | $485.00/hr | $679.00 |
| 12/28/2018 | M. Jonathan Hayes | Correspondence | Two emails to Joe Mishurda and Kirk Garbedian with info discussed on the conf call | 0.20 | Y | $485.00/hr | $97.00 |
| 12/28/2018 | M. Jonathan Hayes | Phone Call | Tel conf with Joe Mishurda and Kirk Garbedian re Santa Fe Property and issues presented by c | 0.70 | Y | $485.00/hr | $339.50 |
| 12/28/2018 | M. Jonathan Hayes | Correspondence | Email to attys for secured creditors re my conversation with buyer for Santa Fe and remaining | 0.40 | Y | $485.00/hr | $194.00 |
| 01/02/2019 | M. Jonathan Hayes | Correspondence | Email to Joe Mishurda with comments re the PSA draft | 0.40 | Y | $485.00/hr | $194.00 |

| Date | Name | Category | Description | Hours | Hours | Billable | Rate | Amount |
|---|---|---|---|---|---|---|---|---|
| 01/03/2019 | M. Jonathan Hayes | Correspondence | Exchange emails with counsel for Alere re stip and motion | 0.20 | 0.20 | Y | $485.00/hr | $97.00 |
| 01/03/2019 | M. Jonathan Hayes | Review | Review changes to stipulation with Alere re cancellation of escrow, make additional changes | 0.20 | 0.20 | Y | $485.00/hr | $97.00 |
| 01/03/2019 | M. Jonathan Hayes | Draft | Draft motion to approve stipulation with Alere re cancellation of escrow, Email to counsel for | 0.70 | 0.70 | Y | $485.00/hr | $339.50 |
| 01/07/2019 | M. Jonathan Hayes | Phone Call | Conf call with Joe Mishurda, buyer for Santa Fe and his atty, and our broker Kirk to discuss issu | 0.60 | 0.60 | Y | $485.00/hr | $291.00 |
| 01/07/2019 | M. Jonathan Hayes | Correspondence | Email to E. Jones and D. Meadows re conf call with Joe Mishurda, buyer for Santa Fe and his at | 0.40 | 0.40 | Y | $485.00/hr | $194.00 |
| 01/07/2019 | M. Jonathan Hayes | Review | Review revised PSA from Craig Anderson, forward to E. Jones and D. Meadows with comment | 0.40 | 0.40 | Y | $485.00/hr | $194.00 |
| 01/08/2019 | M. Jonathan Hayes | Meeting | Conf with Dave Meadows after cash col hearing to strategize on selling Santa Fe and 24th stre | 0.80 | 0.80 | Y | $485.00/hr | $388.00 |
| 01/09/2019 | M. Jonathan Hayes | Review | Review and finalize Motion to close escrow with Alere | 0.50 | 0.50 | Y | $485.00/hr | $242.50 |
| 01/14/2019 | M. Jonathan Hayes | Revise | Review PSA to include Kirk's comments (.6), email to Craig Anderson (.1) | 0.70 | 0.70 | Y | $485.00/hr | $339.50 |
| 01/14/2019 | M. Jonathan Hayes | Correspondence | Review email from Anderson, forward revised PSA to creditor attys with comments | 0.20 | 0.20 | Y | $485.00/hr | $97.00 |
| 01/15/2019 | M. Jonathan Hayes | Review | Further change to PSA for Santa Fe (.4), email to buyer's atty and separately to secured credit | 0.60 | 0.60 | Y | $485.00/hr | $291.00 |
| 01/15/2019 | M. Jonathan Hayes | Correspondence | Exchange emails re 24th Street, and mailing instructions for cash col | 0.20 | 0.20 | Y | $485.00/hr | $97.00 |
| 01/18/2019 | M. Jonathan Hayes | Correspondence | Email to secured cred attys with comments, respond to return comments from D. Patrick | 0.40 | 0.40 | Y | $485.00/hr | $194.00 |
| 01/18/2019 | M. Jonathan Hayes | Review | Review and revise bidding procedures motion for Santa Fe | 1.40 | 1.40 | Y | $485.00/hr | $679.00 |
| 01/18/2019 | M. Jonathan Hayes | Correspondence | Email to atty for buyer, C. Anderson with comments, review and respond to comments from Anderson and Mishurda | 0.20 | 0.20 | Y | $485.00/hr | $97.00 |
| **Totals For** | | | | **85.00** | **85.00** | | | **$40,7__.00** |
| | | | | 85.00 | 85.00 | | | |
| Case | | | | | | | | |
| 08/03/2018 | Rosario Zubia | Draft | Reviewed and drafted Schedules with additional information for CH 11 filing. | 1.20 | 1.20 | Y | $135.00/hr | $162.00 |
| 08/03/2018 | Rosario Zubia | Phone Call | Called client 4X with questions re Schedules and creditors. | 0.60 | 0.60 | Y | $135.00/hr | $81.00 |
| 08/03/2018 | M. Jonathan Hayes | Review | Review and revise draft schedules | 1.80 | 1.80 | Y | $485.00/hr | $873.00 |
| 08/03/2018 | M. Jonathan Hayes | Other | Tel conf with Darren Patrick, O'Melvany, re filing chapter 11 today | 0.40 | 0.40 | Y | $485.00/hr | $194.00 |
| 08/03/2018 | M. Jonathan Hayes | Correspondence | Email to Clark Neuhoff to introduce myself and ask questions about possible sale | 0.20 | 0.20 | Y | $485.00/hr | $97.00 |
| 08/03/2018 | M. Jonathan Hayes | Correspondence | Email to client re conversation with O'Melvaney attys | 0.10 | 0.10 | Y | $485.00/hr | $48.50 |
| 08/03/2018 | M. Jonathan Hayes | Phone Call | Tel conf with atty for Central Metal who is handling a worker's comp case, discussion re who I represent and how I might help | 0.20 | 0.20 | Y | $485.00/hr | $97.00 |
| 08/07/2018 | M. Jonathan Hayes | Review | Review order setting status conf, email to client with comments | 0.20 | 0.20 | Y | $485.00/hr | $97.00 |
| 08/07/2018 | M. Jonathan Hayes | Correspondence | Exchange emails re insurance, review copies of insurance provided | 0.20 | 0.20 | Y | $485.00/hr | $97.00 |
| 08/08/2018 | M. Jonathan Hayes | Correspondence | Very detailed email to client and staff re 7 day package and what needs to get done from here, review and attache various docs from UST | 0.50 | 0.50 | Y | $485.00/hr | $242.50 |
| 08/10/2018 | M. Jonathan Hayes | Correspondence | Email to client re need for the 7 day package, summary of the most important matters outstanding | 0.30 | 0.30 | Y | $485.00/hr | $145.50 |
| 08/12/2018 | M. Jonathan Hayes | Draft | Draft Statement of Major Issues (1.7), draft 90 day budget (.2), email to client re both (.1) | 2.00 | 2.00 | Y | $485.00/hr | $970.00 |
| 08/13/2018 | M. Jonathan Hayes | Meeting | Conf with client and Kyu downtown to work on 7 day package | 1.30 | 1.30 | Y | $485.00/hr | $630.50 |
| 08/13/2018 | M. Jonathan Hayes | Review | Review and revise Statement of Major Issues, email to client with comments | 0.80 | 0.80 | Y | $485.00/hr | $388.00 |
| 08/13/2018 | Rosario Zubia | Draft | Emailed compliance documents; Dec re Debtor's Compliance and related documents to client for review and signature of coversheet. | 0.20 | 0.20 | Y | $135.00/hr | $27.00 |
| 08/13/2018 | Rosario Zubia | Draft | Reviewed and drafted compliance documents; Dec re Debtor's Compliance and related documents. | 3.90 | 3.90 | Y | $135.00/hr | $526.50 |
| 08/13/2018 | Rosario Zubia | Draft | Reviewed and drafted 7 Day Supplemental Compliance No. 2; gathered RPQ's, bank accounts. | 0.80 | 0.80 | Y | $135.00/hr | $108.00 |
| 08/13/2018 | Rosario Zubia | Draft | Drafted 7 Day Supplemental Compliance No. 1. Redacted tax returns. | 0.50 | 0.50 | Y | $135.00/hr | $67.50 |
| 08/14/2018 | Rosario Zubia | Draft | Reviewed and drafted six Real Property Questionnaires. | 4.80 | 4.80 | Y | $135.00/hr | $648.00 |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 1801 Century Park East, Suite 1235, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled: **NOTICE OF MOTION AND MOTION FOR ORDER APPOINTING A CHAPTER 11 TRUSTEE; OR IN THE ALTERNATIVE CONVERTING THE CASE TO A CASE UNDER CHAPTER 7 OF THE BANKRUPTCY CODE; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On 2/4/19, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On 2/4/19, I caused to be served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on 12/24/2018, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Via Messenger:
Hon. Vincent Zurzolo United States Bankruptcy Court
Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1360
Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 2/4/2019 | David W. Meadows | /s/ David W. Meadows |
| _Date_ | _Printed Name_ | _Signature_ |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**1.  Continued (Via ECF):**

<u>Office of the United States Trustee</u>:   Kelly L. Morrison, via ECF @ United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov

<u>Counsel to the Debtor and Debtor in Possession</u>**:**  Via ECF @ jhayes@rhmfirm.com,
3039.3@notices.nextchapterbk.com;roksana@rhmfirm.com;rosario@rhmfirm.com;janita@rhmfirm.com;susie
@rhmfirm.com;max@rhmfirm.com;priscilla@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.com;rebeca
@rhmfirm.com;ma

<u>Counsel to Secured Creditor Hyundai Steel Company</u>**:** Via ECF to Darren L. Patrick @ dpatrick@omm.com

<u>Counsel to Deutsch Bank *et al*</u>*:* Via ECF to Theron S. Covey @ tcovey@rasflaw.com, CAECF@tblaw.com

**All ECF Notice Parties:**

- **Theron S Covey**    tcovey@rasflaw.com, CAECF@tblaw.com
- **Hal D Goldflam**    hgoldflam@frandzel.com, bwilson@frandzel.com
- **M. Jonathan Hayes**    jhayes@rhmfirm.com,
  roksana@rhmfirm.com;rosario@rhmfirm.com;janita@rhmfirm.com;susie@rhmfirm.com;max@rhmfirm.com;priscilla@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.com;rebeca@rhmfirm.com
- **David W. Meadows**    david@davidwmeadowslaw.com
- **Katrina M Miller**    kmiller@pskfirm.com
- **Kelly L Morrison**    kelly.l.morrison@usdoj.gov
- **Daniel E Park**    dpark@parksylvalaw.com
- **Darren L Patrick**    dpatrick@omm.com
- **Steven G. Polard**    spolard@ch-law.com, cborrayo@ch-law.com
- **Valerie Smith**    claims@recoverycorp.com
- **United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov
- **United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov

**2.    <u>VIA U.S. Mail –All Creditors Appearing on the Master Mailing Matrix:</u>**

   **Continued on next page**

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

Label Matrix for local noticing
0973-2
Case 2:18-bk-19004-VZ
Central District of California
Los Angeles
Mon Feb  4 08:49:51 PST 2019

DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUS
Robertson, Anschutz & Schneid, P.L.
6409 Congress Avenue Suite 100
Boca Raton, FL 33487-2853

DLI Assets Bravo, LLC
c/o Katrina M. Miller (Lim Participant)
110 N. Washington Street
Suite 500
Rockville, MD 20850-2230

M & A Equities, LLC
c/o David W. Meadows
1801 Century Park East,
Ste 1235
Los Angeles, CA 90067-2314

Packo Investments, Inc.
Packo Investments, Inc. et al.
c/o David W. Meadows, Esq.
1801 Century Park East
Ste 1235
Los Angeles, CA 90067-2314

Los Angeles Division
255 East Temple Street,
Los Angeles, CA 90012-3332

Allen Park
c/o Packo Investments, Inc.
440 S. Vermont Avenue, Suite 301
Los Angeles, CA 90020-1988

Allen Park -Packo
440 S. Vermont Ave., #301
Los Angeles, CA 90020-1988

Amex
Correspondence/Bankruptcy
Po Box 981540
El Paso, TX 79998-1540

BAE Family Trust Dated August 6, 2015
Young U. Bae, c/o Packo Investments, Inc
440 S. Vermont Avenue, Suite 301
Los Angeles, CA 90020-1988

Bae Family
440 S. Vermont Ave., #301
Los Angeles, CA 90020-1988

Bank of Hope
c/o Frandzel Robins Bloom & Csato, L.C.
Attn:  Hal D. Goldflam
1000 Wilshire Boulevard, 19th Floor
Los Angeles, CA  90017-2427

Bejac
569 S. Van Buren Street
Placentia, CA 92870-6613

CP Construction
105 N. Loma Place
Upland, CA 91786-5620

California Dept of Tax and Fee Admi
Special Ops, MIC 55
PO Box 942879
Sacramento, CA 94279-0005

Cemex Construction Materials
1430 Santa Clara Street
Santa Paula, CA 93060

(p)OFFICE OF  FINANCE   CITY OF LOS ANGELES
200 N SPRING ST RM 101 CITY HALL
LOS ANGELES CA 90012-3224

Coleman & Horowitt, LLP
1880 Century Park East, Suite 404
Los Angeles, CA 90067-1604

County of San Bernardino
268 W Hospitality Ln 1st Fl
San Bernardino CA 92415-0900

Creditors Adjustment
14226 Ventura Blvd.
Sherman Oaks, CA 91423-2777

DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUS
Ocwen Loan Servicing, LLC
Attn: Bankruptcy Department PO Box 24605
West Palm Beach, FL 33416-4605

DLI Assets Bravo, LLC
c/o Katrina M. Miller
110 North Washington Street, #500
Rockville, MD 20850-2230

Eisner Jaffe
9601 Wilshire Blvd., 7th FL
Beverly Hills, CA 90210-5213

First Premier Bank
Attn: Bankruptcy
Po Box 5524
Sioux Falls, SD 57117-5524

First Saving Bank / Blaze
Attn: Bankruptcy
Po Box 5096
Sioux Falls, SD 57117-5096

Franchise Tax Board
Attn: Bankruptcy Unit
P.O. Box 2952
Sacramento, CA 95812-2952

Genesis Bankcard Services
Po Box 4477
Beaverton, OR 97076-4401

Hose-Man
5397 North Irwindale Ave
Irwindale, CA 91706-2025

Hyundai Steel Company
c/o Darren Patrick
OMelveny & Myers LLP
400 South Hope Street, 18th Floor
Los Angeles, CA 90071-2830

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

Jinah Oh
21856 S. Vermont Ave., #6
Torrance, CA 90502-2112

Kap Chan Chong
3580 Wilshire Blvd., Suite 909
Los Angeles, CA 90010-2523

Kap Chan Chong
c/o Christine Chong, Esq.
Law Offices of Christine Chong
3580 Wilshire Blvd., Suite 900
Los Angeles, CA 90010-2523

LOS ANGELES COUNTY TREASURER & TAX COLLECTOR
PO BOX 54110
LOS ANGELES, CA 90054-0110

Los Angeles County Tax Collector
PO Box 54110
Los Angeles, CA 90054-0110

M&A Equities, LLC
c/o Packo Investments, Inc.
440 S. Vermont Avenue, #301
Los Angeles, CA 90020-1988

Mohamad Sanfaz
c/o Packo Investments, Inc.
440 S. Vermont Avenue, Suite 301
Los Angeles, CA 90020-1988

Mohamed
440 S. Vermont Ave., #301
Los Angeles, CA 90020-1988

Municipal Services Bureau
8325 Tuscany Way, Bldg 4
Austin, TX 78754-4734

Ocwen Loan Servicing
1661 Worthington Road Ste, 100
West Palm Beach, FL 33409-6493

Packo Investments
440 S. Vermont Ave., #301
Packo In, CA 90020-1988

Par Funding
Complete Business Solution Group
141 N. 2nd Street
Philadelphia, PA 19106-2009

Quantum3 Group LLC as agent for
GPCC I LLC
PO Box 788
Kirkland, WA  98083-0788

Quarter Spot Inc./DLI Assets Bravo
110 N. Washington St., Ste. 500
Rockville, MD 20850-2230

San Bernadino County Treasurer Tax
268 W. Hospitality Lane, 1st FL
San Bernardino, CA 92415-0900

Sequoia Financial Svcs
Attn: Bankruptcy
28632 Roadside Dr , Ste 110
Agoura Hills, CA 91301-6074

Small Business Administration
200 West Santa Ana Blvd., Ste 180
Santa Ana, CA 92701-4134

Southern Counties Oil Co., a Calif. L.P.
1800 West Katella Ave., Suite 400
P.O. Box 4159
Orange, CA 92863-4159

Synchrony Bank/Amazon
Attn:  Bankruptcy Dept
Po Box 965060
Orlando, FL 32896-5060

Toni Ko
1100 S. Hope Street
Los Angeles, CA 90015-2181

United States Trustee (LA)
915 Wilshire Blvd, Suite 1850
Los Angeles, CA 90017-3560

Wells Fargo Bank N.A., d/b/a Wells Fargo Aut
PO Box 19657
Irvine, CA 92623-9657

Wells Fargo Dealer Services
Attn: Bankruptcy
Po Box 19657
Irvine, CA 92623-9657

Zamucen & Curren, LLP
17898 Skypark Circle, Sutie C
Irvine, CA 92614

c/o ACI Law Group, PC
6 Centerpointe Drive, Ste. 630
La Palma, CA 90623-2585

David W. Meadows
1801 Century Park East
Suite 1235
Los Angeles, CA 90067-2314

Jong Uk Byun
8201 Santa Fe Ave.
Huntington Park, CA 90255-6635

M. Jonathan Hayes
Resnik Hayes Moradi LLP
17609 Ventura Blvd.
Suite 314
Encino, CA 91316-5132

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

City of Los Angeles
Office of Finance
200 North Spring St., RM 101
Los Angeles, CA 90012

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Courtesy NEF                    (u)Hyundai Steel Company            (u)Bok Sook Byun

(u)Soo Yeong Kim                   (u)Yeon Shim Song                  (u)Kirk Garabedian

End of Label Matrix
Mailable recipients    57
Bypassed recipients     6
Total                  63