| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| M. Jonathan Hayes (Bar No. 90388) <br> Matthew D. Resnik (Bar No. 182562) <br> Roksana D. Moradi-Brovia (Bar No. 266572) <br> **RESNIK HAYES MORADI LLP** <br> 17609 Ventura Blvd., Suite 314 <br> Encino, CA 91316 <br> **Telephone:** (818) 285-0100 <br> **Facsimile:** (818) 855-7013 <br> jhayes@RHMFirm.com <br> matt@RHMFirm.com <br> roksana@RHMFirm.com <br><br> ☐ *Individual appearing without attorney* <br> ☒ *Attorney for:* DEBTOR | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION**

| In re: <br><br><br><br> JONG UK BYUN, <br><br><br><br><br> Debtor(s). | CASE NO.: **2:18-bk-19004-VZ** <br><br> CHAPTER: **11** |
|---|---|
| | **NOTICE OF MOTION AND MOTION TO APPROVE ADEQUACY OF DISCLOSURE STATEMENT OF DEBTOR WHO IS AN INDIVIDUAL(S) WITH PRIMARILY CONSUMER DEBTS** <br><br> [11 U.S.C. § 1125; FRBP 3017; LBR 3017-1] |
| | **Hearing Information** <br> DATE: April 25, 2019 <br> TIME: 11:00 a.m. <br> COURTROOM: 1368, Roybal Federal Building <br> ADDRESS: 255 E. Temple Street, Los Angeles, CA 90012 |

1. <u>Disclosure Statement</u>:  Pursuant to FRBP 3016(b), a Disclosure Statement and Plan of Reorganization (the "**DS and Plan**") was filed as docket entry **# 110**.  The DS and Plan are combined into one document to avoid contradiction and confusion.  A copy of the DS and Plan accompanies this notice.  **Sections I – VI and X of the DS and Plan** constitute the disclosure statement (the "**DS**") and sections VI – IX of the DS and Plan constitutes the Plan.

2. <u>Motion to Approve Disclosure Statement</u>:  Pursuant to FRBP 9014(a), the Debtor filed a motion requesting that the court approve the adequacy of their disclosure statement ("**Motion to Approve DS**").  The Motion to Approve DS is being served only on the U.S. trustee as required by FRBP 9034(h).

3. <u>Hearing on Motion to Approve Disclosure Statement</u>:  The Motion to Approve DS is being heard on 21 days of notice pursuant to LBR 9013-1(d).  In addition, pursuant to LBR 3017-1, on (*date*) **March 19, 2019,** a Notice of Hearing on Adequacy of Disclosure Statement was filed and served to provide 42 days of notice of the hearing to the U.S. trustee and to all claimants and parties in interest.

---

This form has been approved for use in chapter 11 cases assigned to Judge Vincent P. Zurzolo.

*August 2016*                    Page 1                    **VZ CH11.IND.NOTICE.HEARING.DISCLSR**

4. <u>Filing and Serving a Response</u>:  All claimants and parties in interest may file a response to the Motion to Approve DS. If you wish to oppose the Motion to Approve DS, you must file and serve a written response no later than 14 days before the hearing and appear at the hearing. When serving a response, serve it on the Debtor's attorney and the Debtor at the addresses set forth below.  If you fail to file a written response or fail to appear at the hearing, the court may treat such failure as a waiver of your right to oppose the Motion to Approve DS and may grant the Motion to Approve DS.

     **a. DEADLINE:** (*date*) <u>April 11, 2019</u>

     **b. DEBTOR'S ADDRESS:**

<div align="center">

Jong Uk Byun
8201 Santa Fe Ave.
Huntington Park, CA 90255

</div>

     **c. DEBTOR'S ATTORNEY'S ADDRESS:**

     ☒ Do not mail the response.  The Debtor's attorney will be served by Notice of Electronic Filing; **or**

     ☐ Mailing Address:

Date:  <u>04/04/2019</u>

<div align="center">SEE NEXT PAGE</div>
_____
Signature of Debtor

**Jong Uk Byun**
_____
Printed name of Debtor

Date:  <u>04/04/2019</u>

**/s/ M. Jonathan Hayes**
_____
Signature of attorney for Debtor, if any

**M. Jonathan Hayes**
_____
Printed name of attorney for Debtor, if any

This form has been approved for use in chapter 11 cases assigned to Judge Vincent P. Zurzolo.

*August 2016*                    Page 2                    **VZ  CH11.IND.NOTICE.HEARING.DISCLSR**

4. <u>Filing and Serving a Response</u>: All claimants and parties in interest may file a response to the Motion to Approve DS. If you wish to oppose the Motion to Approve DS, you must file and serve a written response no later than 14 days before the hearing and appear at the hearing. When serving a response, serve it on the Debtor's attorney and the Debtor at the addresses set forth below. If you fail to file a written response or fail to appear at the hearing, the court may treat such failure as a waiver of your right to oppose the Motion to Approve DS and may grant the Motion to Approve DS.

      **a. DEADLINE:** *(date)* <u>April 11, 2019</u>

      **b. DEBTOR'S ADDRESS:**

<div align="center">

Jong Uk Byun
8201 Santa Fe Ave.
Huntington Park, CA 90255

</div>

      **c. DEBTOR'S ATTORNEY'S ADDRESS:**

      ☒ Do not mail the response. The Debtor's attorney will be served by Notice of Electronic Filing; **or**

      ☐ Mailing Address:

Date: <u>04/04/2019</u>

                 Signature of Debtor

                 **Jong Uk Byun**
                 Printed name of Debtor

Date: <u>04/04/2019</u>

                 **/s/ M. Jonathan Hayes**
                 Signature of attorney for Debtor, if any

                 **M. Jonathan Hayes**
                 Printed name of attorney for Debtor, if any

This form has been approved for use in chapter 11 cases assigned to Judge Vincent P. Zurzolo.

*August 2016*                    Page 2              **VZ CH11.IND.NOTICE.HEARING.DISCLSR**

# MOTION TO APPROVE ADEQUACY OF DISCLOSURE STATEMENT

1. 11 U.S.C. § 1125 requires that adequate information be disclosed with the Plan, to provide information for claimants to decide whether to submit a ballot to accept or reject the plan, or to file an objection to confirmation. **Sections I – VI and X of the DS and Plan** contains this disclosure.

2. ☐ <u>Points and Authorities</u>:  Attached is an optional points and authorities.

3. ☐ <u>Amended Disclosure Statement and/or Plan</u>:

    ☐ Attached is an Amended DS and Plan that was filed after the Notice of Hearing on Adequacy of Disclosure Statement was filed.  Also attached is a description of the reasons for filing an Amended D/S and Plan.

    ☐ <u>Additional Evidence</u>:  Attached is additional evidence to support granting the Motion to Approve DS.

    a. Declarations [LBR 9013-1(i)]

    ☐ Debtor

    ☐ Person who completed service of the Notice of Hearing on Adequacy of Disclosure Statement

    ☐ Other:

    b. Documents Authenticated by Declarations [LBR 9013-1(c)(3)(A)]

    ☐ Exhibit A:

    ☐ Exhibit B:

    ☐ Exhibit C:

4. Based on the foregoing, the Debtor requests that the court enter an order approving the adequacy of the disclosure statement.

Date: <u>04/04/2019</u>

SEE NEXT PAGE
_____
Signature of Debtor

**Jong Uk Byun**
_____
Printed name of Debtor

Date: <u>04/04/2019</u>

**/s/ M. Jonathan Hayes**
_____
Signature of attorney for Debtor, if any

**M. Jonathan Hayes**
_____
Printed name of attorney for Debtor, if any

---

This form has been approved for use in chapter 11 cases assigned to Judge Vincent P. Zurzolo.

## MOTION TO APPROVE ADEQUACY OF DISCLOSURE STATEMENT

1. 11 U.S.C. § 1125 requires that adequate information be disclosed with the Plan, to provide information for claimants to decide whether to submit a ballot to accept or reject the plan, or to file an objection to confirmation. **Sections I – VI and X of the DS and Plan** contains this disclosure.

2. ☐ <u>Points and Authorities</u>:  Attached is an optional points and authorities.

3. ☐ <u>Amended Disclosure Statement and/or Plan</u>:

    ☐ Attached is an Amended DS and Plan that was filed after the Notice of Hearing on Adequacy of Disclosure Statement was filed.  Also attached is a description of the reasons for filing an Amended D/S and Plan.

    ☐ <u>Additional Evidence</u>:  Attached is additional evidence to support granting the Motion to Approve DS.

    a. Declarations [LBR 9013-1(i)]

        ☐ Debtor

        ☐ Person who completed service of the Notice of Hearing on Adequacy of Disclosure Statement

        ☐ Other:

    b. Documents Authenticated by Declarations [LBR 9013-1(c)(3)(A)]

        ☐ Exhibit A:

        ☐ Exhibit B:

        ☐ Exhibit C:

4. Based on the foregoing, the Debtor requests that the court enter an order approving the adequacy of the disclosure statement.

Date: <u>04/04/2019</u>

Signature of Debtor

**Jong Uk Byun**
Printed name of Debtor

Date: <u>04/04/2019</u>

**/s/ M. Jonathan Hayes**
Signature of attorney for Debtor, if any

**M. Jonathan Hayes**
Printed name of attorney for Debtor, if any

This form has been approved for use in chapter 11 cases assigned to Judge Vincent P. Zurzolo.

August 2016                                    Page 3              VZ CH11.IND.NOTICE.HEARING.DISCLSR

# EXHIBIT A

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| M. Jonathan Hayes (Bar No. 90388)<br>Matthew D. Resnik (Bar No. 182562)<br>Roksana D. Moradi-Brovia (Bar No. 266572)<br>**RESNIK HAYES MORADI LLP**<br>17609 Ventura Blvd., Suite 314<br>Encino, CA 91316<br>**Telephone:** (818) 285-0100<br>**Facsimile:** (818) 827-4919<br>jhayes@rhmfirm.com<br>matt@rhmfirm.com<br>roksana@rhmfirm.com<br><br>☐ *Individual appearing without attorney*<br>☒ *Attorney for:* DEBTOR | |

<div align="center">

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION**

</div>

| In re:<br><br><br><br>**JONG UK BYUN,**<br><br><br><br><br>Debtor(s). | CASE NO.: 2:18-bk-19004-**VZ**<br><br>CHAPTER: **11** |
|---|---|
| | <div align="center">**DISCLOSURE STATEMENT AND PLAN OF REORGANIZATION OF DEBTOR WHO IS AN INDIVIDUAL(S) WITH PRIMARILY CONSUMER DEBTS**<br><br>[11 U.S.C. §§ 1123, 1125]</div> |
| | ☒ Initial Disclosure Statement and Plan<br>☐ 1st Amended Disclosure Statement and Plan<br>☐<br><br><div align="center">For information on court hearings,<br>see the separately filed notice(s) of hearing.</div> |

The Debtor is an individual(s) with primarily consumer debts who filed a chapter 11 bankruptcy case to treat claims through a plan of reorganization. 11 U.S.C. § 1125 requires the Debtor to disclose adequate information about a plan before the Debtor can solicit votes on that plan. To avoid confusion and contradiction, the Debtor filed the document you are reading as a combined "Disclosure Statement and Plan of Reorganization" ("**DS and Plan**").

**PLAN**. Sections VII – IX of the DS and Plan constitute the plan of reorganization (the "**Plan**"), and contains all information required by 11 U.S.C. § 1123, including the proposed treatment of claims and the effects of confirming the Plan. **If the court confirms the Plan, the terms will be binding on the Debtor and on claimants treated by the Plan.**

**DISCLOSURE STATEMENT**. Sections I – VI and X of the DS and Plan constitute the disclosure statement (the "**DS**"), The DS meets the standard for adequate information set forth in 11 U.S.C. § 1125(a). **The information disclosed is for explanatory purposes only and is as accurate as possible.**

<div align="center">

This form has been approved for use in chapter 11 cases assigned to Judge Vincent P. Zurzolo.

</div>

| NOTE ABOUT CITATIONS |
| --- |
| **"Chapter, section and §" references** are to 11 U.S.C. §§ 101-1532 of the Bankruptcy Code.<br>**"FRBP" references** are to the Federal Rules of Bankruptcy Procedure.<br>**"LBR" references** are to the Local Bankruptcy Rules for the Central District of California.<br>**"Motion" references** mean that a motion is properly filed, served, and ruled on by the court. |

| | TABLE OF CONTENTS | | Page |
| --- | --- | --- | --- |
| | **DISCLOSURE STATEMENT** | | **Page** |
| I. | Type of Plan of Reorganization; Important Dates | | **3** |
| II. | Background Information about the Debtor | | **3** |
| III. | Definitions: Claims, Voting, Objecting to Confirmation | | **5** |
| IV. | Liquidation Analysis | | **7** |
| V. | Non-Income Sources to Fund the Plan | | **9** |
| VI. | Financial Feasibility, Risk Factors, Tax Consequences | | **10** |
| | **PLAN OF REORGANIZATION** | | |
| VII. | Plan Provisions: Treatment of Claims | | **12** |
| | A. | Post-Petition Domestic Support Obligation: Pay Before Plan is Confirmed | **12** |
| | B. | Executory Contracts and Unexpired Leases | **13** |
| | C. | Unsecured Claims: Administrative Expenses, Taxes | **14** |
| | D | CLASS # 1: Unsecured Claims: Pre-Petition Domestic Support Obligations | **15** |
| | E. | CLASS # 2: Unsecured Claims: Nominal and General | **16** |
| | F. | CLASS # 3 and # 4: Secured Claims: Debtor's Primary Residence | **16** |
| | G. | CLASS # 5 and # 6: Secured Claims: Other Property | **18** |
| VIII. | Unclaimed or Undeliverable Plan Distributions | | **31** |
| IX. | Discharge | | **31** |
| **X. EXHIBITS AND DECLARATIONS** | | | **31** |
| | **Mandatory Exhibits** | | |
| | Declaration of Debtor | | **EXH A** |
| | List of all Claims | | **EXH B** |
| | List of all Property and Valuation of Property as of Confirmation Date | | **EXH C** |
| | Projected Income, Expenses and Payments by Month/Quarter | | **EXH D** |
| | **Optional Exhibits** | | |
| | Letters from the Environmental Protection Agency re Santa Fe Property | | **EXH E** |
| | | | |

This form has been approved for use in chapter 11 cases assigned to Judge Vincent P. Zurzolo.

## I. **TYPE OF PLAN OF REORGANIZATION;  IMPORTANT DATES**

Payments and treatments under the Plan have a starting date ("**Effective Date**"), a period of time after the Effective Date to continue payments ("**Plan Term**"), and a final payment date.

| Plan Type | Effective Date | Plan Term | Final Payment Date |
|---|---|---|---|
| ☒ Operating<br>☐ Liquidating | ☐ 14 days after order confirming Plan<br><br>☒ Other date:  **the first business day that is fourteen (14) calendar days after the entry of the order confirming the Plan, with _payments_ beginning by the first day of the following month.** | ☒ 5 years; or<br>☐     months | _July 1, 2024_<br>_(estimated)_ |

## II. **BACKGROUND INFORMATION ABOUT THE DEBTOR**

### A. **FACTORS THAT LED TO FILING THIS BANKRUPTCY CASE**. (_Describe briefly_):

The Debtor filed this personal chapter 11 case to stop a non-judicial foreclosure sale on four of his real properties by the senior deed of trust holder, Hyundai.  The foreclosure sale was set for August 6, 2018. When the Debtor was unable to convince Hyundai to continue the sale, he filed the petition.   A judicial foreclosure action filed by Hyundai against the Debtor is pending at this time.

Debtor owns 7 real properties.

*RESIDENCE*

| Address | Value | Liens |
|---|---|---|
| None | | |

*RENTAL PROPERTIES*

| Address | Value | Liens |
|---|---|---|
| "Santa Fe Ave. Property"<br>8201 Santa Fe Ave. Huntington Park, CA 90255<br>9 parcels, approx. 11 acres | $25 million<br>Note:  The Debtor owns the land and Central Metal, Inc. owns the improvements.  The total value is $25 million.  Central Metal, Inc. will cooperate with the sale of the property.  The liens to the right attach to the full value.<br><br>See Declaration of Jong Uk Byun | Liens:<br>1.  L.A. County<br>2.  Hyundai  $22.1 million<br>3.  Packo Investment $2,000,000<br>4.  BAE Family Trust $1,290,000<br>5.  Soo Yeong Kim $100,000<br>6.  Mohamed Sanfaz $500,000<br>7.  Toni Ko $877,500<br>8.  Allen Park - Packo Investment $100,000 |
| "Alameda Property 1"<br>2203 S. Alameda St.<br>Los Angeles, CA 90058 | $4.8 million (Debtor's estimate) | Liens:<br>1.  L.A. County<br>2.  Hyundai  $22.1 million |

This form has been approved for use in chapter 11 cases assigned to Judge Vincent P. Zurzolo.

_August 2016_                              Page 3                    **VZ  CH11.IND.NOTICE.HEARING.DISCLSR**

| Two parcels, approx. 80,000 sq ft. | | 3. Packo Investment $2,000,000<br>4. BAE Family Trust $1,290,000<br>5. Soo Yeong Kim $100,000<br>6. Mohamed Sanfaz $500,000<br>7. Toni Ko $877,500<br>8. Allen Park - Packo Investment $100,000 |
|---|---|---|
| "Alameda Property 2"<br>1736 E. 24th St.<br>Los Angeles, CA 90058<br>Lot w/ building used as office.<br>Vacant | $5.5 million (per pending sale)<br>Note: The Debtor owns the land and Central Metal, Inc. owns the improvements. The total value is $5.5 million. Central Metal, Inc. will cooperate with the sale of the property. The liens to the right attach to the full value. | Liens:<br>1. L.A. County<br>2. Hyundai $22.1 million<br>3. Packo Investment $2,000,000<br>4. BAE Family Trust $1,290,000<br>5. Soo Yeong Kim $100,000<br>6. Mohamed Sanfaz $500,000<br>7. Toni Ko $877,500<br>8. Allen Park - Packo Investment $100,000 |
| "Alameda Property 3"<br>2445 S. Alameda St.<br>Los Angeles, CA 90058<br>29,000 sq ft | $1.4 million (Debtor's estimate) | Liens:<br>1. L.A. County<br>2. Hyundai $22.1 million<br>3. Packo Investment $2,000,000<br>4. BAE Family Trust $1,290,000<br>5. Soo Yeong Kim $100,000<br>6. Mohamed Sanfaz $500,000<br>7. Toni Ko $877,500<br>8. Allen Park - Packo Investment $100,000 |
| 1770 E. 22nd St.<br>Los Angeles, CA 90058<br>SFR vacant | $150,000 (Debtor's estimate) | 1. L.A. County<br>2. Deutsche Bank $221,000<br>3. Packo Investments $2,000,000<br>4. Bae Family Trust $1,290,000<br>5. Soo Yeong Kim $100,000<br>6. Mohamed Sanfaz $500,000<br>7. Toni Ko $877,500<br>8. Allen Park - Packo Investment $100,000 |
| 144 & 146 S. "G" Street<br>San Bernardino, CA 92410<br>4.2 acres – 180,000 sq ft<br>5 Parcels | $ 1 million (Debtor's estimate) | 1. M&A $600,000 ($863,000 originally)<br>2. Bok Soon Byun $360,000<br>3. Packo Investments $2,000,000<br>4. BAE Family Trust $1,290,000<br>5. Soo Yeong Kim $100,000<br>6. Kap Chan Chong $98,114<br>7. Mohamed Sanfaz $500,000<br>8. Allen Park - Packo Investments $100,000 |
| 24399 Old Highway 58,<br>Hinkley, CA 92347<br>34 acres | $400,000 (Debtor's estimate) | 1. San Bernardino County $32,492.52<br>2. M&A $300,000 ($462,500 originally)<br>3. Soo Yeong Kim $100,000 |
| | | |

This form has been approved for use in chapter 11 cases assigned to Judge Vincent P. Zurzolo.

*August 2016*                                      Page 4                          **VZ  CH11.IND.NOTICE.HEARING.DISCLSR**

Each of these properties are used to some extent in the Debtor's recycling business operating through his wholly owned corporation, Central Metal, Inc.

B. **ACTIONS TAKEN TO SOLVE FINANCIAL PROBLEMS.** The Debtor filed this case on (*date*) **August 3, 2018.**, which is called the "Petition Date".

| Actions Taken Before Petition Date: | Actions Taken After Petition Date: |
|---|---|
| The Debtor listed two of his properties for sale so that he could pay the secured creditors out of escrow.  He had a sale pending for the Santa Fe Property on the petition date.  That sale would have paid the secured creditors in full.  The buyer ultimately walked away from the sale, post petition. | The Debtor will continue to try to find buyers for at least the Santa Fe Property and the Alameda Property 2 (24th Street) which he believes will pay the secured creditors in full. |

C. **PROJECTED FINANCIAL PERFORMANCE AFTER PLAN CONFIRMATION.** (*Describe briefly*)

As set forth in detail on the attached income and expense projections (Exhibit D), with the payments to his secured creditors from the sale of the two properties as proposed in his Plan, Debtor will have sufficient income to maintain consistent payments to his priority and secured creditors, with the remainder being paid to his unsecured creditors.

///


# III. DEFINITIONS AND PRELIMINARY INFORMATION

## A. CLAIMS AND CLAIMANTS

1. Claim [§ 102(2)]. "Claim" refers to all obligations of the Debtor or against property of the Debtor.  Claims treated under the Plan are included whether the claim arose before or after the bankruptcy case was filed, and whether or not an obligation involves a cash payment.

2. Claimant. A claimant refers to any party treated under the Plan, even if the party did not file a proof of claim.

## B. ALLOWED, DISALLOWED, AND DISPUTED CLAIMS

1. Allowed Claims. A claim is allowed if it is (a) timely and properly scheduled or filed, and not objected to; or (b) objected to, and was settled by the parties or otherwise determined by a court order.  **Allowed claims are provided for in the Plan in the relevant category or class.**

2. Disallowed Claims. A claim is disallowed if it was timely objected to by the Debtor, and the court made a ruling that the claim is disallowed in part or entirely.  **Disallowed claims are not treated under the Plan**.

3. Disputed Claims. A claim is disputed if a ruling on allowance has not been made, and (a) a proof of claim has been filed or deemed filed and the Debtor or a party in interest has filed an objection; or (b) a proof of claim has not been filed and the Debtor scheduled such claim as disputed, contingent, unliquidated or unknown.

   a. Deadlines for the Claims Objection Process.  (1) File proof of claims: **Dec 14, 2018**; and (2) File objections to claims: _____ and/or hold a hearing on objections to claims: **April 29, 2019.**

This form has been approved for use in chapter 11 cases assigned to Judge Vincent P. Zurzolo.

*August 2016*                    Page 5                    VZ  CH11.IND.NOTICE.HEARING.DISCLSR

b. <u>Objections to Claims</u>. ☐ Debtor does not anticipate objecting to any other claims; or
☒ The objection process is pending, or will begin, for the following claims:

| Claimant | Proof of Claim # | Amount of Claim | Basis of Objection to Claim |
|---|---|---|---|
| Packo Investments | 7 | $2 million | Debtor has offsets and/or a portion of the claim has been paid via other transactions |
| M&A | 8 | $600,000 | Debtor has offsets and/or a portion of the claim has been paid via other transactions |
| BAE Family Trust | 9 | $1,290,000 | Debtor has offsets and/or a portion of the claim has been paid via other transactions |
| Mohamad Sanfaz | 10 | $500,000 | Debtor has offsets and/or a portion of the claim has been paid via other transactions |
| Allen Park | 11 | $100,000 | Debtor has offsets and/or a portion of the claim has been paid via other transactions |
| Hyundai Steel Company | 22 | $22 million | Debtor has offsets and/or a portion of the claim has been paid via other transactions |
|  |  |  |  |

c. <u>Delayed Distribution on Disputed Claims; Settlement</u>: No distribution will be made on a claim's disputed portion unless allowed by a final non-appealable order. FRBP 9019 authorizes the Debtor to settle disputed claims with court approval; but, court approval is not required if a proposed settlement does not exceed $2,500. The Debtor is required to reserve funds to pay the amount claimants would receive if the claim is allowed in full (unless the court approves a different amount). To the extent a disputed claim is disallowed, (a) the funds that had been reserved for such claims will be distributed as provided in the Plan to other creditors of the same class (or as ordered by the court); or  (b) if this box is checked ☒ then such funds will be distributed to the Debtor.

**C. POTENTIAL § 1111(b) ELECTIONS**. § 1111(b) allows a partially secured claim to be treated as fully secured under certain conditions, notwithstanding § 506(a). Claimants should consult their attorney to evaluate if a § 1111(b) election is available and is in their best interest, and to identify the deadline for making an election.

**D. VOTING BY BALLOT; FILING OBJECTION TO CONFIRMATION OF PLAN**.

1. **Introduction**. "Voting" to accept or reject the Plan is different from "objecting" to confirmation of the Plan.

a. **What does voting mean**? Voting means a claimant submits a ballot to the Debtor. Ballots are counted so the court can determine claims and classes of claims which accept proposed claim treatment, and classes

This form has been approved for use in chapter 11 cases assigned to Judge Vincent P. Zurzolo.

*August 2016*                                    Page 6                    **VZ  CH11.IND.NOTICE.HEARING.DISCLSR**

of claims which reject the proposed treatment. Whether each class "accepts" or "rejects" treatment is only one factor the court must consider to determine whether to grant the Debtor's request to confirm the Plan.

b. **What does "objecting to confirmation" mean**? Objecting to confirmation means a party files and serves a document that explains their objection. The Debtor must satisfy many requirements for the court to confirm the Plan, and any factor may be a problem the Debtor has not solved before the hearing on Plan confirmation. For example, a claimant may object because the Debtor placed their claim in a category or class that is not entitled to vote, and the claimant believes the claim is subject to voting. Other parties may object because they think the Plan is not feasible, or that the Debtor has not submitted sufficient evidence to support financial projections, or has included a term in the Plan that violates the Bankruptcy Code.

c. **Notice of Deadlines for Voting and Objecting**. The Debtor will file and serve 2 notices:  (1) Notice of Hearing on Adequacy of Disclosure Statement ("**Notice of DS Hearing**"); and Notice of Dates Related to Confirmation of Plan and Deadlines to (A) Submit Ballot; (B) File Preliminary Objection to Confirmation of Plan; and (C) File Response to Motion to Confirm Plan ("**Notice of Deadlines Related to Confirmation**").

2. **Voting by Ballot.**

   a. **Who may vote (§ 1124)**. Look for your claim to see if the Debtor believes you are entitled to vote.

   (1) **Not Entitled to Vote.** The Bankruptcy Code treats many claimants as <u>having accepted the Plan</u> without a vote because the Plan treats the claim exactly as required by the Bankruptcy Code. The Bankruptcy Code also treats claimants as <u>having rejected the Plan</u> without a vote if (a) the claimant is to receive no distribution under the Plan; (b) an objection has been filed to that claimants' claim and the objection has not been resolved prior to filing the Plan; or (c) Debtor scheduled a claim as contingent, disputed, unliquidated or unknown and the creditor has not filed a proof of claim.

   (2) **Entitled To Vote**. Claimants are entitled to vote when their <u>claim is impaired</u>, i.e. the Plan alters the contractual, legal or equitable rights of the claimant. <u>In addition</u>, a creditor whose claim has either been objected to or has been scheduled by the Debtor as contingent, disputed, unliquidated, or unknown, or who has not filed a proof of claim, and who wants to vote, must file a motion to have its claim allowed for voting purposes in time for that motion to be heard before the hearing on confirmation of the Plan.

   b. **Effect of vote**. The Plan can be confirmed if (i) it is accepted by each impaired class because a majority in number and at least two-thirds in dollar amount of the claimants in that class who timely voted to accept the Plan; or (ii) it is subject to cram down because it was accepted by at least one impaired class exclusive of insiders (as defined by §101(31)) and the court determines the Plan is "fair and equitable" (as defined by §1129(b)) to all rejecting classes of creditors, and it meets all other criteria required for confirmation.

   c. **How to vote**. A ballot will accompany the Notice of Deadlines Related to Confirmation. A voting claimant must follow the instructions set forth in the Notice of Deadlines Related to Confirmation. A claimant whose claim is allowed as partly secured and partly unsecured is entitled to vote in each capacity by delivering one ballot for the secured part of the claim and another ballot for the unsecured portion of the claim.

3. **Filing an Objection to Confirmation of the Plan**

   a. **Who may object**.  Any claimant or other party in interest may object to confirmation of the Plan.

   b. **How to object**. Follow the instructions set forth in the Notice of Deadlines Related to Confirmation.

   c. **Effect of objection**. The court will consider all objections that are timely and properly filed and served. If the objection has merit, it may result in the court denying the Debtor's request to confirm the Plan.

# IV. LIQUIDATION ANALYSIS

## A. RECOVERY ON GENERAL UNSECURED CLAIMS IN A CHAPTER 7 CASE vs. UNDER THE PLAN.

For claimants who hold general unsecured claims, a factor to help them determine whether to vote to accept or

This form has been approved for use in chapter 11 cases assigned to Judge Vincent P. Zurzolo.

*August 2016*                Page 7                **VZ  CH11.IND.NOTICE.HEARING.DISCLSR**

reject a plan is to compare the amount the claimant would receive in a chapter 7 bankruptcy case instead of the amount proposed in the Plan.  The following table illustrates the comparative payouts in terms of the percentage of the amount of a general unsecured claim that would be paid in a chapter 7 case vs. paid under the Plan.

| 1.  CALCULATION OF ESTIMATED PERCENT RECOVERY IN A CHAPTER 7 CASE | |
|---|---|
| **(a)  Net Liquidation value of Debtor's assets in a Chapter 7 case:**  See Exhibit C for a list of all property of the bankruptcy estate, valuations, and valuation methods:<br><br>(1)  Total value of the Debtor's assets: **$38,281,323**<br><br>(2)  Total dollar amount that must be subtracted from the total asset value before paying general unsecured claims:<br><br>    A.  Liens:  **$28,071,500**  D.  Taxes:    **$1,015,580**<br><br>    B.  Sale costs: **$2,296,879**    E.  Exemptions: **$-0-**    **TOTAL of A-F**<br><br>    C.  Fees:    **$0**      F.  Other:    **$0**          **$31,383,959**<br><br>                (3) Net liquidation value of assets:    **(a)(1) minus (a)(2) =**<br><br>***Note:** Some portion of the Debtor's assets is actually owned by his entity, Central Metal, Inc.  The liens which attach to the properties are guaranteed by Central Metal and thus attach to 100% of the property, i.e., the Debtor's portion and Central Metal's portion. | **$6,897,364** |
| **(b)  Expenses to be paid before paying general unsecured claims.**<br><br>(1)  <u>Trustee's Fees</u>:  Assuming the chapter 7 trustee disburses the net liquidation value of assets to claimants, § 326 indicates the chapter 7 trustee is entitled to fees of:<br><br>    * 25% on the first $5,000 of all moneys disbursed = **$1,250**,<br>    * 10% on any amount over $5,000 but less than $50,000 = **$4,500**,<br>    * 5% on any amount over $50,000 but not in excess of $1 million = **$47,500**,<br>    * 3% on all amounts over $1 million) = **$846,750**,<br><br>(2)  <u>Administrative Expense Claims</u>: = **$100,000**<br><br>(3)  <u>Tax Claims</u>: = **$-0-**<br><br>(4)  <u>Other Unsecured Claims to be Paid Before General Unsecured Claims</u>: = **$0**<br><br>           **TOTAL DOLLAR AMOUNT OF (b) (1) + (2) + (3) + (4)  =** | **- $1,000,000** |
| **(c)  Dollar Amount Available for General Unsecured Claims: (a) minus (b) = $5,897,364** | |
| **(d)  Dollar Amount of General Unsecured Claims**: = **$1,341,977** *(See Exhibit B.)* | |
| **(e)  % Chapter 7 recovery on general unsecured claims:**  [ (c) divided by (d) ] x 100% = | **100%** |

This form has been approved for use in chapter 11 cases assigned to Judge Vincent P. Zurzolo.

*August 2016*                        Page 8                    **VZ  CH11.IND.NOTICE.HEARING.DISCLSR**

| 2. CALCULATION OF PROPOSED PERCENT RECOVERY UNDER THE PLAN | |
|---|---|
| **(a) Dollar Amount Proposed to Pay General Unsecured Claims: $1,341,977** | |
| **(b) Dollar Amount of General Unsecured Claims**: **$1,341,977** *(See Exhibit B; but note that this amount does include the unsecured portion of any junior liens that may remain outstanding after the sale of the two properties. The Debtor expects to pay the junior liens in full out of the sales.)* | |
| **(c) % Chapter 11 payout on general unsecured claims:**  [ (b) divided by (a) ] x 100% = | **100%** |

## V. <u>NON-INCOME SOURCES TO FUND PLAN</u>.  See Exhibit D for income and other contributions that will fund the Plan (Combined Monthly Income).  If additional funding sources (non-income) are needed, see below:

**A. Loan or Line of Credit:**  ☒ None  ☐ Loans or Lines of Credit are as follows:

| | NAME OF LENDER | CONTRIBUTION TYPE | TERM | INT RATE | PROCEEDS |
|---|---|---|---|---|---|
| (1) | | ☐ Loan ☐ Credit Line | | % | $ |
| (2) | | ☐ Loan ☐ Credit Line | | % | $ |

**B. <u>Sales of Property</u>:**  ☐ None  ☒ Property is planned to be sold as follows:

| | PROPERTY DESCRIPTION: See sections VII.A-G to identify properties listed below from **CLASS #3 - #6.** A sale motion is required (FRBP 6004 and LBR 6004-1). | PROPOSED SALE DATE | PROPOSED SALE PRICE | PROCEEDS TO FUND THE PLAN |
|---|---|---|---|---|
| (1) | ☐ Residence (CLASS #3 or #4) | | $ | $ |
| (2) | ☒ Property in CLASS #5 or #6: **Check only ONE**:<br>☐ 5a  ☐ 5b  ☐ 5c  ☐ 5d  ☐ 5e<br>☒ 6a  ☐ 6b  ☐ 6c  ☐ 6d  ☐ 6e | 4/1/2019 | $5,500,000 | $5,280,000 |
| (3) | ☒ Property in CLASS #5 or #6: **Check only ONE**:<br>☐ 5a  ☐ 5b  ☐ 5c  ☐ 5d  ☐ 5e<br>☐ 6a  ☒ 6b  ☐ 6c  ☐ 6d  ☐ 6e | 12/1/2019 | $25 million | **$23,750,000** |

**C. <u>Adversary Proceedings</u>:**  ☒ None  ☐ Adversary proceedings are as follows:

| | ADVERSARY PROCEEDING DESCRIPTION: FRBP 7001 and LBR 7004-1 require a summons/complaint. | DATE FILED OR TO BE FILED | ADV. PROC. NUMBER | ANTICIPATED RECOVERY |
|---|---|---|---|---|
| (1) | | | | $ |
| (2) | | | | $ |

---

This form has been approved for use in chapter 11 cases assigned to Judge Vincent P. Zurzolo.

*August 2016*                    Page 9                    **VZ  CH11.IND.NOTICE.HEARING.DISCLSR**

| | | | | |
|---|---|---|---|---|

## VI. <u>FINANCIAL FEASIBILITY OF THE PLAN</u>. The court must find that confirmation of the Plan is not likely to be followed by liquidation or the need for further reorganization, unless that is proposed in the Plan.

**A.** <u>Payments Before Plan Confirmation</u>.  This section demonstrates the Plan is feasible before confirmation.

| Domestic Support Obligation Due After Petition Date (Section VII.A.) **= $** 0 | |
|---|---|
| **Source of Funds:** | N/A |

**B.** <u>Payments on the Effective Date</u>.  This section demonstrates the Plan is feasible on the Effective Date.

| **(1) CLAIMS AND EXPENSES TO BE PAID ON THE EFFECTIVE DATE** | **AMOUNT** |
|---|---|
| **Cure Payments: Executory Contracts, Unexpired Leases:** Section VII.B.2. | 0 |
| **Administrative claims + Statutory Costs/Charges:** Section VII.C.1. +court costs | 50,000 |
| **1st Payment: Domestic Support Obligation Due Before Petition Date**: Section VII.D. | 0 |
| **Nominal Unsecured Claims:** Section VII.E.1. | 0 |
| **First Payments:  General Unsecured Claims:** Section VII.E.2. | 0 |
| **Arrearages + First Payments:  Secured Claims**: Sections VII.F. – VII.G. | 11,491 |
| **TOTAL TO BE PAID ON THE EFFECTIVE DATE:** | 61,491 |

| **(2) SOURCE OF FUNDS ON THE EFFECTIVE DATE** | **AMOUNT** |
|---|---|
| **Cash on Hand:** | 100,000 |
| **Contribution of Family Member <u>NOT</u> listed in Schedule J, Line 11:** <br> ☐ Name (*identify*):                    ☐ Gift   ☐ Loan | |
| **Loan or Line of Credit**:  Described above in: ☐ V.A.(1)   ☐ V.A.(2) | |
| **Sale of Property**: Described above in: ☐ V.B.(1)   ☐ V.B.(2)  ☐ V.B.(3) | |
| **Adversary Proceeding Recovery**: Described above in: ☐ V.C.(1)  ☐ V.C.(2) | |
| **Other Sources**: ☐ (*identify*): | |
| **TOTAL FUNDS AVAILABLE ON THE EFFECTIVE DATE**: | 100,000 |

| **(3) CASH AVAILABLE AFTER PAYMENTS MADE ON THE EFFECTIVE DATE:** | <u>39,518</u> |
|---|---|

This form has been approved for use in chapter 11 cases assigned to Judge Vincent P. Zurzolo.

**C.** **Payments During the Plan Term**.  This section demonstrates the Plan is feasible during the Plan Term.

| (1)  REGULAR EXPENSES AND INCOME DURING THE PLAN TERM | Monthly | Total of Plan Term |
|---|---|---|
| **Regular Expenses:** Amount is from income and expense projections attached hereto as Exhibit D ~~Schedule J, Line 22c~~ and is for all expenses, including ongoing payments on secured claims that are also listed below in sections VII.F – VII.G., but does not include payment on administrative claims or U.S. Trustee fees. | | 775,020 |
| **Combined Monthly Income:** Amount is from income and expense projections attached hereto as Exhibit D – includes employment income; rental income.  ~~Schedule I, Line 12~~ | | 3,082,800 |
| **NET INCOME DURING PLAN TERM:** ~~Schedule J, Line 23c~~ | | 2,307,780 |

| (2)  OTHER PAYMENTS TO BE MADE DURING THE PLAN TERM | Monthly | Plan Term |
|---|---|---|
| **Arrearages on Impaired Secured Claims**: Sections VII.F. – VII.G. | 17,039 | 1,022,340 |
| **Balloon Payments:**  Sections VII.F. – VII.G. | | $0 |
| **Unsecured Claims**  * **Administrative Expenses:**  Section VII.C.1. | 10,000 | 30,000 |
| * **Unsecured Claims: Taxes, Other:**  Sections VII.C.2 and VII.D | | |
| * **Unsecured Claims: General:** Section VII.E.2. | 22,366 | 1,341,977 |
| **TOTAL OF OTHER PAYMENTS MADE DURING THE PLAN TERM** | 49,405 | 2,394,317 |

| (3)  SOURCE OF FUNDS FOR OTHER PAYMENTS DURING THE PLAN TERM | AMOUNT |
|---|---|
| **Cash After Payments Made on Effective Date:**  From Section VI.B.(3) | 39,518 |
| **Net Income During Plan Term:** It is possible this is a negative amount.  See above, section VI.C.(1), last line in the table, amount under "Plan Term". | 2,607,780 |
| **Contribution of Family Member NOT listed in Schedule I Line 11:**  ☐ Name (*identify*): ☐ Gift  ☐ Loan | $0 |
| **Loan or Line of Credit:**  Described above in: ☐ V.A.(1)    ☐ V.A.(2) | $0 |
| **Sale of Property**: Described above in: ☐ V.B.(1)  ☒ V.B.(2)  ☒ V.B.(3) | 29,030,000 |
| **Adversary Proceeding Recovery**: Described above in: ☐ V.C.(1)  ☐ V.C.(2) | $0 |
| **Other Source**: ☐ (*identify*): | |

This form has been approved for use in chapter 11 cases assigned to Judge Vincent P. Zurzolo.

| TOTAL FUNDS FOR OTHER PAYMENTS DURING THE PLAN TERM | $31,677,298 |
| --- | --- |

**D.  Explanation of Risk Factors and Potential Fluctuations When Implementing the Plan**.

| RISK FACTOR | EXPLANATION OF RISK AND FLUCTUATIONS |
| --- | --- |
| ☒ Employment/Business<br>☐ Sale of Property<br>☐ Balloon Payment<br>☐ Int. Rate Adjustment | As set forth in detail in the attached declaration and Debtor's projected income and expenses chart, Debtor believes that he will be able to meet all of his financial obligations under the Plan. However, as the Plan contemplates payments to certain classes of creditors over time following the Effective Date, it is possible that, based on factors that are either not apparent at this time or do not exist at this time, that Debtor will not have sufficient cash flow to pay all of the obligations created under the Plan. For this reason, the projections cannot be guaranteed to be completely accurate.<br><br>Specifically, Debtor could experience in his metal recycling business which might reduce the rent he actually collects from Central Metal, which would contribute to a shortfall in cash flow. |
| ☐ Employment/Business<br>☒ Sale of Property<br>☐ Balloon Payment<br>☐ Int. Rate Adjustment | As set forth in detail in the attached declaration, Debtor believes that the value of the Santa Fe Property is at least $25 million.  But it is possible that he will not ultimately receive an offer of that amount and therefore there will be less proceeds to pay to the secured creditors out of the proceeds of the sale which will require larger payments to the creditors in the same period of time. |
| ☐ Other: | |

**E. TAX CONSEQUENCES OF THE PLAN**.

1.  <u>To the Debtor</u>:  Tax consequences to the Debtor are:

Debtor does not anticipate that confirmation of the Plan will have a significant or material effect on his tax liability. He will stay current with tax obligations to the taxing agencies (IRS and FTB) and to the county in which his real properties are located.  The Debtor does not expect to owe income taxes from the sale of the Santa Fe Property and 24th Street.  The purchase price, and thus the tax, will be allocated between the Debtor and Central Metal, Inc.

2.  <u>To Claimants</u>:  Claimants should consult their advisors regarding potential tax effects of the Plan; nevertheless:

☐ Debtor believes tax consequences to claimants are:

☒ Debtor is not certain of tax consequences, because:

Debtor makes no representations regarding the potential tax consequences to creditors as the Tax Code embodies many complicated rules that make it difficult to state completely and accurately all the tax implications of any action.

## VII. <u>PLAN PROVISIONS: TREATMENT OF CLAIMS</u>

**A.  <u>DOMESTIC SUPPORT OBLIGATION THAT MUST BE PAID BEFORE PLAN IS CONFIRMED</u>**. [§ 1129(a)(14)
Before the Plan can be confirmed, § 1129(a)(14) requires the Debtor to pay all domestic support obligations that became due after the bankruptcy case was filed.  Domestic support obligations are defined in § 101(14A).

---

This form has been approved for use in chapter 11 cases assigned to Judge Vincent P. Zurzolo.

☒ The Debtor did not have domestic support obligations that became due after the bankruptcy case was filed.

☐ The following domestic support obligation became due after the bankruptcy case filed:

| Claimant: | | | |
|---|---|---|---|
| **Statute, Judicial Order, or Administrative Order that Creates the Obligation** | **First Date After Petition Date that Obligation was Due** | **Total Due After Petition Date** | **Date Final Amt**<br>☐ was paid<br>☐ will be paid |
| | | | |

☐ **See Exhibit** _____ for additional domestic support obligation(s) that must be paid before plan is confirmed.

## B. ASSUMPTION AND REJECTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES. [§ 365]

1.    ☒ There are no executory contracts or unexpired leases: The Debtor uses his properties in his metal recycling business which in turn will pay him rent.  At this time, there are no written leases between himself and Central Metal, Inc.

2.    ☐ **Assumption**. The post-confirmation debtor will perform all related obligations whether arising before or after confirmation of the Plan.  Any arrearages arising before confirmation of the Plan will be paid by the first day of the month following the Effective Date unless the parties agree otherwise or the court finds that a longer payment schedule still provides the creditor with timely cure and adequate assurance of future performance.  Obligations that arise after confirmation of the Plan will be paid as they come due.

☐ **Already Assumed**:

| | **DESCRIPTION OF EXECUTORY CONTRACT OR UNEXPIRED LEASE** | **DATE: ORDER TO ASSUME** | **CURE AMOUNT:** Must be paid on Effective Date |
|---|---|---|---|
| (a) | | | $ |
| (b) | | | $ |

☐ **To be Assumed on the Effective Date**.

| | **DESCRIPTION OF EXECUTORY CONTRACT OR UNEXPIRED LEASE** | **CURE AMOUNT:** Must be paid on Effective Date |
|---|---|---|
| (a) | | $ |
| (b) | | $ |

3.    ☐ **Rejection**. Claims arising from the rejection of an executory contract or unexpired lease are treated as general unsecured claims in CLASS #2, except to the extent the court orders otherwise.  A claim arising from the rejection must be filed no later than 30 days after the date of the order confirming the Plan.

---

This form has been approved for use in chapter 11 cases assigned to Judge Vincent P. Zurzolo.

*August 2016*                    Page 13                    **VZ  CH11.IND.NOTICE.HEARING.DISCLSR**

| DESCRIPTION OF EXECUTORY CONTRACT OR UNEXPIRED LEASE | |
|---|---|
| (a) | ☐ Rejected: ☐ Order Entered on:<br>☐ Deemed Rejected on:<br>☐ To be Rejected on the Effective Date |
| (b) | ☐ Rejected: ☐ Order Entered on:<br>☐ Deemed Rejected on:<br>☐ To be Rejected on the Effective Date |

☐ **See Exhibit** ____ for additional executory contracts and unexpired leases to be assumed or rejected.

.

**C.** **UNSECURED CLAIMS THAT MUST BE TREATED AS REQUIRED BY § 1129(a)(9)(A) and § 1129(a)(9)(C), UNLESS A CLAIMANT CONSENTS TO A DIFFERENT TREATMENT.** §§ 1129(a)(9)(A) and (C) require that certain claims be treated one at a time, rather than as a class. Even if another claimant votes to accept a lesser treatment, the claims listed below are not altered. The debtor must prove to the court that claims are either being treated as 1129(a)(9) requires, or that the claimant agreed to some other treatment.

1. **Administrative Expense Claims** - § 507(a)(2) and § 1129(a)(9)(A). These include: (1) court-approved claims of attorneys and other professionals; and (2) United States trustee fees under 28 U.S.C. chapter 123.

   ☐ The deadline to file administrative expensive claims is (*date*) _____.

   ☐ There are no administrative expense claims.
   ☒ All administrative expense claims ☐ have been filed and/or ☒ are anticipated to be filed, and the claims and amounts indicated below are the amounts requested or anticipated to be requested:

**Claimant:** U.S. Trustee*

| Claim Amount<br>(less paid to date)<br>☐ Actual<br>☒ Estimated | Interest Rate<br>(if any) | Amount Paid on Effective Date | Amount Paid After Effective Date | | | |
|---|---|---|---|---|---|---|
| | | | Frequency | Each Payment | Balloon Pymts | Term of Payments |
| .<br>$4,875<br>. | N/A | Unknown | ☐ Monthly<br>☒ Quarterly | Unknown | None | N/A |

Trustee quarterly fees shall be paid until a final decree is entered or the case is dismissed or converted. Fees of the Office of the United States Trustee are not subject to Court approval and may be paid in the ordinary course of business when due.

**Claimant:** Resnik Hayes Moradi LLP ("RHM") [Debtor's general bankruptcy counsel]**

| Claim Amount<br>(less paid to date)<br>☐ Actual<br>☒ Estimated | Interest Rate<br>(if any) | Amount Paid on Effective Date | Amount Paid After Effective Date | | | |
|---|---|---|---|---|---|---|
| | | | Frequency | Each Payment | Balloon Pymts | Term of Payments |
| $80,000<br><br>I | N/A | $50,000 on the Effective Date | ☒ Monthly<br>☐ Quarterly | $10,000 | N/A | 5 or until paid in full |

This form has been approved for use in chapter 11 cases assigned to Judge Vincent P. Zurzolo.

nIn the event there is a default by Debtor in his payment of fees to RHM, the firm will give him notice of the default by electronic mail and advise him that he has ten (10) days to cure the default.

If Debtor does not cure within that time period, RHM will be permitted to accelerate the balance due at the time and enforce the order of this Court approving the fees by whatever means are available to it including the costs and expenses related to the recording of the order and costs of collection.  RHM shall not be required to get any further approval of this Court for payments related to outstanding fees.

RHM and Debtor are permitted to communicate and agree to payment of RHM's administrative claim on an expedited basis, if the ability to pay arises

2. **Tax Claims - § 507(a)(8) and § 1129(a)(9)(C).** Must be paid in full within 5 years after the Petition Date.

☒ There are no tax claims ☐ All tax claims have been filed or scheduled, and are indicated below:

| Claimant: Internal Revenue Service (IRS) | | | | | | |
|---|---|---|---|---|---|---|
| Claim Amount | Interest Rate (§ 511) | Amount Paid on Effective Date | Amount Paid After Effective Date | | | |
| | | | Frequency | Each Payment | Balloon Pymts | Term of Payments |
| N/A | | | | | | |

☐ **See Exhibit _____** for additional unsecured claims (not listed in VII.C) on which voting is not allowed.

   ☐ **§ 507(a)(2)** – Administrative Expense Claims
   ☐ **§ 507(a)(8)** – Tax Claims
   ☐ **§ 507(a)(3)** – Involuntary Gap Claims Allowed Under § 502(f)

D. **UNSECURED CLAIMS THAT MUST BE TREATED AS REQUIRED BY § 1129(a)(9)(B) – CLASS #1.**
§ 1129(a)(9)(B) requires certain unsecured claims to be treated with priority over general unsecured claims, and pay them in full on the Effective Date or as soon as practicable after unless claimants vote as a class to accept deferred payments.  If so, claims are impaired and claimants are entitled to vote to accept or reject the Plan.

☒ There are no claims in CLASS #1.

☐ **CLASS #1a**: § 507(a)(1) - Domestic Support Obligation Claims Due Before Bankruptcy Case Was Filed

| Claimant: | | | | | | |
|---|---|---|---|---|---|---|
| Claim Amount (less amount paid to date) | Interest Rate (if any) | Amount Paid on Effective Date | Amount Paid After Effective Date | | | |
| | | | Frequency | Each Payment | Balloon Pymts | Term of Payments |
| $ | % | $ | ☐ Monthly ☐ Quarterly | $ | $ | months |

☐ **See Exhibit** for additional unsecured claims (not listed above) in Class #1:
   ☐ **CLASS #1(a)**: § 507(a)(1) - Domestic Support Obligation Claims (*claims that are not listed above*)
   ☐ **CLASS #1(b)**: § 507(a)(4) - Wage and Commission Claims
   ☐ **CLASS #1(c)**: § 507(a)(5) – Employee Benefit Plan Contribution Claims

This form has been approved for use in chapter 11 cases assigned to Judge Vincent P. Zurzolo.

*August 2016*                    Page 15                    **VZ  CH11.IND.NOTICE.HEARING.DISCLSR**

☐ **CLASS #1(d)**: § 507(a)(6) – Grain Producer and Fisherman Claims

☐ **CLASS #1(e)**: § 507(a)(7) – Consumer Deposit Claims

**E. OTHER UNSECURED CLAIMS – CLASS #2**.

☐ There are no claims in **CLASS #2**.

☒ As of this date, all **CLASS #2** claims are included in Exhibit B.

1. ☐ **CLASS #2a**: Nominal Unsecured Claims. These include "nominal" claims of $_____ or less, and any larger unsecured claims whose claimant agreed to reduce its claim to this amount. Claimants are **not entitled to vote** to accept or reject the Plan.

   Claimants will be paid the nominal amount on the Effective Date, or as soon as practicable thereafter. Estimated total payments are $_____.

2. ☒ **CLASS #2b**: General unsecured claims. These are unsecured claims not included in **CLASS #2a**, and will be paid as follows. Claimants are **entitled to vote** to reject or accept the Plan.

   ☒ Percent Plan. Each claimant in CLASS #2b will be paid 100% of its claim beginning the first relevant date after the Effective Date:

   a. Over 5 years in equal ☒ monthly ☐ quarterly installments, due on the first day of each calendar month/quarter; beginning on the fourth month after the Effective Date.

   b. ☐ with interest at the rate of _____% per annum, or ☒ without interest; and.

   c. The amount each claimant receives depends on the total amount of allowed claims in this class.

   ☐ Pot Plan. Each member of CLASS #2b will be paid a pro rata share of a fund totaling $N/A created by the Debtor's payment:

   a. Pro rata means the entire fund amount divided by the total of all allowed claims in this class.

   b. Payment amount is $19,500 per ☒ month ☐ quarter for a period of 36 months/quarters,

   c. Payments will begin on (date): first day of the month following the Effective Date.

   ☒ Other: If the Debtor is able to sell Santa Fe Property for $25 million and closes the sale of 24th Street at $5.5 million and the sales have no tax consequences to the Debtor, the Debtor estimates that after closing costs, he will have net proceeds of $3,212,500. The Debtor will use those funds to pay the unsecured class, Class 2b. $30,500,000 less selling costs of 4% or $1,220,000, less Hyundai at $22,300,000 less the junior lienholders of $3,767,500, less property taxes of $634,000 leaves a net to the Debtor of $2,578,500. The Plan proposes that the Debtor will pay the Class 2b claims over 5 years in case the two properties are sold with no funds left over for unsecured creditors.

**F. CLAIMS SECURED BY DEBTOR'S PRINCIPAL RESIDENCE ("Residence") – CLASS #3 and CLASS #4.**

| Address of Residence: None | | |
|---|---|---|
| **Value**<br>**N/A** | **Valuation Method** | ☐ Order on motion or stipulation  ☐ Declaration: Certified appraiser<br>☐ Declaration: Debtor as owner  ☐ Other: |

This form has been approved for use in chapter 11 cases assigned to Judge Vincent P. Zurzolo.

**CLASS #3 - Unimpaired Claims**. Claimants **are not entitled** to vote to accept or reject the Plan.  Until claims are fully paid, claimants retain their interest in the Residence.  Treatment is:

☒  There are no claims in Class #3.

| ☐  **CLASS #3a** | **Claimant:** |
|---|---|

| Current Status of Loan | Lien Priority | Interest Rate | Unpaid Principal Balance | Arrearages | Total Amount of Allowed Claim |
|---|---|---|---|---|---|
| | | % | $ | $ | $ |

1.  ☐ **Payments to Claimant**

| a. ☐ **Arrearages** | **Must be Paid by the Effective Date** | **Total Amount = $** |
|---|---|---|

| b. ☐ Ongoing Payments | Principal + Interest | Escrowed Amounts | | Amount Each Monthly Ongoing Payment |
|---|---|---|---|---|
| | | **Taxes** | **Insurance** | |
| | $ | $ | $ | $ |

| c. ☐ **Balloon Payment** | **Amount = $** | **Date of Payment:** |
|---|---|---|

2.  ☐ **Surrender:**  Date:_____  Method: ☐ Deed in lieu of foreclosure
         ☐ Effective Date    ☐ Consent to relief from stay to allow foreclosure
         ☐ Other:_____       ☐ Grant deed
                            ☐ Other:_____

**CLASS #4 - Impaired Claims**.  Claimants are **entitled to vote** to accept or reject the Plan.  Until claims are fully paid, claimants retain their interest in collateral securing the debt.  Treatment is:

☒  There are no claims in CLASS #4.

| ☒  **CLASS #4a** | **Claimant:** None |
|---|---|

| Current Status of Loan | Lien Priority | Interest Rate | Unpaid Principal Balance | Arrearages | Total Amount of Allowed Claim |
|---|---|---|---|---|---|

1.  ☐ **Payments to Claimant**

| a. ☐ Arrearages | Total Amount of Arrearages | Amt Paid on Effective Date | Amounts Paid After Effective Date | | |
|---|---|---|---|---|---|
| | | | **Frequency** | **Int. Rate** | **Amt each Pymt** |
| | | | ☐ Monthly<br>☐ Quarterly | | |

This form has been approved for use in chapter 11 cases assigned to Judge Vincent P. Zurzolo.

| b. ☐<br>Ongoing Payments | Principal + Interest | Escrowed Amounts | | Amount Each Monthly Ongoing Payment |
|---|---|---|---|---|
| | | Taxes | Insurance | |
| | | | | |

| c. ☐ Total Monthly Payment: | ☒ Until Arrearages Cured | ☐ After Arrearages Cured |
|---|---|---|
| | | |

| d. ☐ Balloon Payment | Amount = $ | Date of Payment: |
|---|---|---|

2. ☐ **Sale by** (*date*):          .        Proceeds: ☐ are likely to be sufficient to pay the secured claim
   ☐ are not likely to be sufficient to pay the secured claim, and any resulting claim will be in CLASS #2b

3. ☐ **Treat Claim as Fully Unsecured:** Pay as a general unsecured claim under CLASS #2b

4. ☐ **Other**:

**G.  CLAIMS SECURED BY PROPERTY OTHER THAN RESIDENCE – CLASS #5 and CLASS #6.**

**CLASS #5 - Unimpaired Claims**. Claimants **are not entitled** to vote to accept or reject the Plan.  Until claims are fully paid, claimants retain their interest in the property securing the claim.  Treatment is:

☐  There are no claims in CLASS #5.

| ☒ **CLASS #5a** | **Claimant:** Wells Fargo Auto |
|---|---|

| ☐ | **Address of Real Property 5a:** | | | |
|---|---|---|---|---|
| ☐ | **Description of Personal Property 5a:** | | | |
| ☒ | **Vehicle 5a** | **2017** | **Honda Rodgeline** | **Model:** | **VIN:** |
| | **Value:** $25,000 | **Valuation Method** | ☐ Order on motion or stipulation  ☐ Declaration: Certified appraiser<br>☒ Declaration: Debtor as owner  ☐ Other: | | |

| Current Status of Loan | Lien Priority | Interest Rate | Unpaid Principal Balance | Arrearages | Total Amount of Allowed Claim |
|---|---|---|---|---|---|
| | 1st | | $29,658 | $ | $29,658 |

This form has been approved for use in chapter 11 cases assigned to Judge Vincent P. Zurzolo.

1. ☒ **Payments to Claimant**

| a. ☐ **Arrearages** | **Must be Paid by the Effective Date** | **Total Amount = $** |
|---|---|---|

| b. ☐<br><br>**Ongoing Payments** | **Principal + Interest** | **Escrowed amounts** | | **Amount Each Monthly Ongoing Payment** |
|---|---|---|---|---|
| | | **Taxes** | **Insurance** | |
| | $800 | $ | $ | $800 |

| c. ☐ **Balloon Payment** | **Amount = $** | **Date of Payment:** |
|---|---|---|

2. ☐ **Surrender:**      <u>Method</u>:   ☐ Deed or certificate of title in lieu of foreclosure
    <u>Date:</u>                ☐ Consent to relief from stay to allow foreclosure or repossession
    ☐ Effective Date     ☐ Grant deed
    ☐ Other:             ☐ Other:

**CLASS #6 - Impaired Claims**. Claimants **are entitled** to vote to accept or reject the Plan. Until claims are fully paid, claimants retain their interest in the property securing the claim. Treatment is:

☐ There are no claims in CLASS #6.

| ☒ **CLASS #6a** | **Claimant:** Hyundai Steel Company |
|---|---|

| ☒ | **Address of Real Property 6a:** 8201 Santa Fe Ave., Huntington Park, CA 90255; 2203 S. Alameda St., Los Angeles, CA 90058; 1736 24th Street, Los Angeles, CA 90058; 2445 S. Alameda St., Los Angeles, CA 90058 |
|---|---|
| ☐ | **Description of Personal Property 6a:** |

| ☐ | **Vehicle 6a** | **Year:** | **Make:** | **Model:** | **VIN:** |
|---|---|---|---|---|---|
| | **Value:** $36,700,000 | **Valuation Method** | ☐ Order on motion or stipulation   ☐ Declaration: Certified appraiser<br>☒ Declaration: Debtor as owner   ☐ Other: | | |

| **Current Status of Loan** | **Lien Priority** | **Interest Rate** | **Unpaid Principal Balance** | **Arrearages** | **Total Amount of Allowed Claim** |
|---|---|---|---|---|---|
| | 1st | | $22,114,555 | $N/A | $22,114,555 |
| ☐ **Terms of New Loan** | | | | | |

---

This form has been approved for use in chapter 11 cases assigned to Judge Vincent P. Zurzolo.

1. ☐ **Payments to Claimant**

<table>
<tr><td rowspan="2"><b>a.</b> ☐<br><br><b>Arrearages</b></td><td rowspan="2"><b>Total Amount of Arrearages</b></td><td rowspan="2"><b>Amt Paid on Effective Date</b></td><td colspan="3"><b>Amounts Paid After Effective Date</b></td></tr>
<tr><td><b>Frequency</b></td><td><b>Int. Rate</b></td><td><b>Amt Each Pymt</b></td></tr>
<tr><td>$</td><td>$</td><td>☐ Monthly<br>☐ Quarterly</td><td></td><td>$</td></tr>
</table>

<table>
<tr><td rowspan="2"><b>b.</b> ☐ <b>Ongoing Payments</b><br>☐ current loan<br>☐ rewritten loan</td><td rowspan="2"><b>Principal + Interest</b></td><td colspan="2"><b>Escrowed amounts</b></td><td rowspan="2"><b>Amt Each Monthly Ongoing Payment</b></td></tr>
<tr><td><b>Taxes</b></td><td><b>Insurance</b></td></tr>
<tr><td></td><td></td><td></td><td></td></tr>
</table>

<table>
<tr><td rowspan="2"><b>c.</b> ☐ <b>Total Monthly Payment</b>:</td><td>☐ <b>Until Arrearages Cured</b></td><td>☐ <b>After Arrearages Cured</b></td></tr>
<tr><td>$</td><td>$</td></tr>
</table>

<table>
<tr><td><b>d.</b> ☐ <b>Balloon Payment</b></td><td>☐ current loan<br>☐ rewritten loan</td><td><b>Amount: $</b></td><td><b>Payment Date:</b></td></tr>
</table>

2. ☒ **Sale by** (*date*): <u>12/1/2019</u>.    Proceeds: ☒ are likely to be sufficient to pay the secured claim
☐ are not likely to be sufficient to pay the secured claim,
☐ any resulting claim will be in CLASS #2b

3. ☐ **Treat Claim as Fully Unsecured:** Pay as a general unsecured claim under CLASS #2b

4. ☒ **Other**: Sale of 8201 Santa Fe Ave., Huntington Park, CA 90255 and 1736 24th Street, Los Angeles, CA 90058. See Declaration of Jong Uk Byun for further details.

---

<table>
<tr><td>☒ <b>CLASS #6b</b></td><td><b>Claimant: Packo Investments</b></td></tr>
</table>

<table>
<tr><td>☒</td><td><b>Address of Real Property 6b:</b> 8201 Santa Fe Ave., Huntington Park, CA 90255; 2203 S. Alameda St., Los Angeles, CA 90058; 1736 24th Street, Los Angeles, CA 90058; 2445 S. Alameda St., Los Angeles, CA 90058, 1770 E. 22nd St, Los Angeles, CA 90058; 144 & 146 S. "G" Street, San Bernardino, CA 92410</td></tr>
<tr><td>☐</td><td><b>Description of Personal Property 6b:</b></td></tr>
</table>

<table>
<tr><td>☐</td><td><b>Vehicle 6b</b></td><td><b>Year:</b></td><td><b>Make:</b></td><td><b>Model:</b></td><td><b>VIN:</b></td></tr>
<tr><td colspan="2"><b>Value:</b><br>$37,850,000</td><td><b>Valuation Method</b></td><td colspan="3">☐ Order on motion or stipulation  ☐ Declaration: Certified appraiser<br>☒ Declaration: Debtor as owner  ☐ Other:</td></tr>
</table>

<table>
<tr><td><b>Current Status of Loan</b></td><td><b>Lien Priority</b></td><td><b>Interest Rate</b></td><td><b>Unpaid Principal Balance</b></td><td><b>Arrearages</b></td><td><b>Total Amount of Allowed Claim</b></td></tr>
</table>

This form has been approved for use in chapter 11 cases assigned to Judge Vincent P. Zurzolo.

*August 2016*                    Page 20                    **VZ  CH11.IND.NOTICE.HEARING.DISCLSR**

| | 2nd | 20.0% (fixed) | $2 million | N/A | $2 million |
|---|---|---|---|---|---|
| ☐ **Terms of New Loan** | | | | | |

1. ☐ **Payments to Claimant**

| a. ☐ **Arrearages** | **Total Amount of Arrearages** | **Amt Paid on Effective Date** | **Amounts Paid After Effective Date** | | |
|---|---|---|---|---|---|
| | | | **Frequency** | **Int. Rate** | **Amt Each Pymt** |
| | $ | $ | ☐ Monthly ☐ Quarterly | | $ |

| b. ☐ **Ongoing Payments** ☐ current loan ☐ rewritten loan | **Principal + Interest** | **Escrowed amounts** | | **Amt Each Monthly Ongoing Payment** |
|---|---|---|---|---|
| | | **Taxes** | **Insurance** | |
| | | | | |

| c. ☐ **Total Monthly Payment**: | ☐ **Until Arrearages Cured** | ☐ **After Arrearages Cured** |
|---|---|---|
| | $ | $ |

| d. ☐ **Balloon Payment** | ☐ current loan ☐ rewritten loan | **Amount: $** | **Payment Date:** |
|---|---|---|---|

2. ☒ **Sale by** (*date*): 12/1/2019.    Proceeds: ☒ are likely to be sufficient to pay the secured claim
☐ are not likely to be sufficient to pay the secured claim,
☐ any resulting claim will be in CLASS #2b

3. ☐ **Treat Remainder**

4. ☒ **Other**: Sale of 8201 Santa Fe Ave., Huntington Park, CA 90255.  See Declaration of Jong Uk Byun for further details.

| ☒ **CLASS #6c** | **Claimant: BAE Family Trust dated 8/6/2015, c/o Packo Investments, Inc.** |
|---|---|

| ☒ | **Address of Real Property 6b:** 8201 Santa Fe Ave., Huntington Park, CA 90255; 2203 S. Alameda St., Los Angeles, CA 90058; 1736 24th Street, Los Angeles, CA 90058; 2445 S. Alameda St., Los Angeles, CA 90058, 1770 E. 22nd St, Los Angeles, CA 90058; 144 & 146 S. "G" Street, San Bernardino, CA 92410 | | | |
|---|---|---|---|---|
| ☐ | **Description of Personal Property 6b:** | | | |
| ☐ | **Vehicle 6b** | **Year:** | **Make:** | **Model:** | **VIN:** |

This form has been approved for use in chapter 11 cases assigned to Judge Vincent P. Zurzolo.

| Value: $37,850,000 | Valuation Method | ☐ Order on motion or stipulation  ☒ Declaration: Debtor as owner | ☐ Declaration: Certified appraiser  ☐ Other: |
|---|---|---|---|

| | Current Status of Loan | Lien Priority | Interest Rate | Unpaid Principal Balance | Arrearages | Total Amount of Allowed Claim |
|---|---|---|---|---|---|---|
| | | 3rd | 20.0% (fixed) | $1,290,000 | N/A | $1,290,000 |
| ☐ Terms of New Loan | | | | | | |

1.  ☐ **Payments to Claimant**

| a. ☐ Arrearages | Total Amount of Arrearages | Amt Paid on Effective Date | Amounts Paid After Effective Date | | |
|---|---|---|---|---|---|
| | | | Frequency | Int. Rate | Amt Each Pymt |
| | $ | $ | ☐ Monthly  ☐ Quarterly | | $ |

| b. ☐ Ongoing Payments  ☐ current loan  ☐ rewritten loan | Principal + Interest | Escrowed amounts | | Amt Each Monthly Ongoing Payment |
|---|---|---|---|---|
| | | Taxes | Insurance | |
| | | | | |

| c. ☐ Total Monthly Payment: | ☐ Until Arrearages Cured | ☐ After Arrearages Cured |
|---|---|---|
| | $ | $ |

| d. ☐ Balloon Payment | ☐ current loan  ☐ rewritten loan | Amount: $ | Payment Date: |
|---|---|---|---|

2.  ☒ **Sale by** (*date*): 12/1/2019.    Proceeds: ☒ are likely to be sufficient to pay the secured claim
☐ are not likely to be sufficient to pay the secured claim,
☐ any resulting claim will be in CLASS #2b

3.  ☐ **Treat Remainder**

4.  ☒ **Other**: Sale of 8201 Santa Fe Ave., Huntington Park, CA 90255

| ☒ **CLASS #6d** | **Claimant:** M&A Equities, LLC c/o Packo Investments, Inc. |
|---|---|

| ☒ | **Address of Real Property 6b:** 144 & 146 S. "G" Street, San Bernardino, CA 92410; 24399 Old Highway 58, Hinkley, CA 92347 |
|---|---|

This form has been approved for use in chapter 11 cases assigned to Judge Vincent P. Zurzolo.

*August 2016*                    Page 22                    **VZ CH11.IND.NOTICE.HEARING.DISCLSR**

| ☐ | Description of Personal Property 6b: | | | | |
|---|---|---|---|---|---|
| ☐ | **Vehicle 6b** | **Year:** | **Make:** | **Model:** | **VIN:** |

| **Value:** $1,400,000 | **Valuation Method** | ☐ Order on motion or stipulation    ☐ Declaration: Certified appraiser<br>☒ Declaration: Debtor as owner    ☐ Other: | | |
|---|---|---|---|---|

| **Current Status of Loan** | **Lien Priority** | **Interest Rate** | **Unpaid Principal Balance** | **Arrearages** | **Total Amount of Allowed Claim** |
|---|---|---|---|---|---|
| | 1st | 18.0% (fixed) | $900,000 | N/A | $900,000 |
| ☐ **Terms of New Loan** | | | | | |

1. ☒  **Payments to Claimant**

| **a.** ☐ **Arrearages** | **Total Amount of Arrearages** | **Amt Paid on Effective Date** | **Amounts Paid After Effective Date** | | |
|---|---|---|---|---|---|
| | | | **Frequency** | **Int. Rate** | **Amt Each Pymt** |
| | $ | $ | ☐ Monthly<br>☐ Quarterly | | $ |

| **b.** ☒ **Ongoing Payments**<br>☐ current loan<br>☒ rewritten loan | **Principal + Interest** | **Escrowed amounts** | | **Amt Each Monthly Ongoing Payment** |
|---|---|---|---|---|
| | | **Taxes** | **Insurance** | |
| | $900,000 | -0- | -0- | $4,831.00 |

| **c.** ☐ **Total Monthly Payment:** | ☐ **Until Arrearages Cured** | ☐ **After Arrearages Cured** |
|---|---|---|
| | $ | $ |

| **d.** ☐ **Balloon Payment** | ☐ current loan<br>☐ rewritten loan | **Amount: $** | **Payment Date:** |
|---|---|---|---|

2. ☐  **Sale by** (*date*):        Proceeds: ☐
   ☐ are not likely to be sufficient to pay the secured claim,
   ☐ any resulting claim will be in CLASS #2b

3. ☐  **Treat Remainder**

4. ☐  **Other:**

| ☒ **CLASS #6e** | **Claimant: Mohamed Sanfaz** |
|---|---|

This form has been approved for use in chapter 11 cases assigned to Judge Vincent P. Zurzolo.

*August 2016*                    Page 23                    **VZ  CH11.IND.NOTICE.HEARING.DISCLSR**

| ☒ | **Address of Real Property 6b:** 8201 Santa Fe Ave., Huntington Park, CA 90255; 2203 S. Alameda St., Los Angeles, CA 90058; 1736 24th Street, Los Angeles, CA 90058; 2445 S. Alameda St., Los Angeles, CA 90058, 1770 E. 22nd St, Los Angeles, CA 90058; 144 & 146 S. "G" Street, San Bernardino, CA 92410 |
|---|---|
| ☐ | **Description of Personal Property 6b:** |

| ☐ | **Vehicle 6b** | Year: | Make: | Model: | VIN: |
|---|---|---|---|---|---|

| **Value:** $37,850,000 | **Valuation Method** | ☐ Order on motion or stipulation    ☐ Declaration: Certified appraiser<br>☒ Declaration: Debtor as owner    ☐ Other: |
|---|---|---|

| **Current Status of Loan** | **Lien Priority** | **Interest Rate** | **Unpaid Principal Balance** | **Arrearages** | **Total Amount of Allowed Claim** |
|---|---|---|---|---|---|
| | 4th | 20.0% (fixed) | $500,000 | N/A | $500,000 |
| ☐ **Terms of New Loan** | | | | | |

1.  ☐ **Payments to Claimant**

| **a.** ☐ **Arrearages** | **Total Amount of Arrearages** | **Amt Paid on Effective Date** | **Amounts Paid After Effective Date** | | |
|---|---|---|---|---|---|
| | | | **Frequency** | **Int. Rate** | **Amt Each Pymt** |
| | $ | $ | ☐ Monthly<br>☐ Quarterly | | $ |

| **b.** ☐ **Ongoing Payments**<br>☐ current loan<br>☐ rewritten loan | **Principal + Interest** | **Escrowed amounts** | | **Amt Each Monthly Ongoing Payment** |
|---|---|---|---|---|
| | | **Taxes** | **Insurance** | |
| | | | | |

| **c.** ☐ **Total Monthly Payment:** | ☐ **Until Arrearages Cured** | ☐ **After Arrearages Cured** |
|---|---|---|
| | $ | $ |

| **d.** ☐ **Balloon Payment** | ☐ current loan<br>☐ rewritten loan | **Amount: $** | **Payment Date:** |
|---|---|---|---|

2.  ☒ **Sale by** (*date*): 12/1/2019.    Proceeds: ☒ are likely to be sufficient to pay the secured claim
    ☐ are not likely to be sufficient to pay the secured claim,
    ☐ any resulting claim will be in CLASS #2b

3.  ☐ **Treat Remainder**

4.  ☒ **Other**: Sale of 8201 Santa Fe Ave., Huntington Park, CA 90255

---

This form has been approved for use in chapter 11 cases assigned to Judge Vincent P. Zurzolo.

*August 2016*    Page 24    **VZ  CH11.IND.NOTICE.HEARING.DISCLSR**

| ☒ CLASS #6f | Claimant: Allen Park |
|---|---|

| ☒ | **Address of Real Property 6b:** 8201 Santa Fe Ave., Huntington Park, CA 90255; 2203 S. Alameda St., Los Angeles, CA 90058; 1736 24th Street, Los Angeles, CA 90058; 2445 S. Alameda St., Los Angeles, CA 90058; 1770 E. 22nd St, Los Angeles, CA 90058; 144 & 146 S. "G" Street, San Bernardino, CA 92410 |
|---|---|

| ☐ | **Description of Personal Property 6b:** |
|---|---|

| ☐ | **Vehicle 6b** | Year: | **Make:** | **Model:** | **VIN:** |
|---|---|---|---|---|---|

| **Value:** $37,850,000 | **Valuation Method** | ☐ Order on motion or stipulation   ☐ Declaration: Certified appraiser<br>☒ Declaration: Debtor as owner   ☐ Other: |
|---|---|---|

| **Current Status of Loan** | **Lien Priority** | **Interest Rate** | **Unpaid Principal Balance** | **Arrearages** | **Total Amount of Allowed Claim** |
|---|---|---|---|---|---|
| | 4th | 20.0% (fixed) | $100,000 | N/A | $100,000 |
| ☐ **Terms of New Loan** | | | | | |

1. ☐ **Payments to Claimant**

| **a.** ☐ **Arrearages** | **Total Amount of Arrearages** | **Amt Paid on Effective Date** | **Amounts Paid After Effective Date** | | |
|---|---|---|---|---|---|
| | | | **Frequency** | **Int. Rate** | **Amt Each Pymt** |
| | $ | $ | ☐ Monthly<br>☐ Quarterly | | $ |

| **b.** ☐ **Ongoing Payments**<br>☐ current loan<br>☐ rewritten loan | **Principal + Interest** | **Escrowed amounts** | | **Amt Each Monthly Ongoing Payment** |
|---|---|---|---|---|
| | | **Taxes** | **Insurance** | |
| | | | | |

| **c.** ☐ **Total Monthly Payment:** | ☐ **Until Arrearages Cured** | ☐ **After Arrearages Cured** |
|---|---|---|
| | $ | $ |

| **d.** ☐ **Balloon Payment** | ☐ current loan<br>☐ rewritten loan | **Amount: $** | **Payment Date:** |
|---|---|---|---|

2. ☒ **Sale by** (*date*): <u>12/1/2019</u>.    Proceeds: ☒ are likely to be sufficient to pay the secured claim<br>☐ are not likely to be sufficient to pay the secured claim,<br>☐ any resulting claim will be in CLASS #2b

3. ☐ **Treat Remainder**

This form has been approved for use in chapter 11 cases assigned to Judge Vincent P. Zurzolo.

*August 2016*                Page 25                **VZ  CH11.IND.NOTICE.HEARING.DISCLSR**

4. ☒ **Other**: Sale of 8201 Santa Fe Ave., Huntington Park, CA 90255

| ☒ **CLASS #6g** | **Claimant: Kap Chan Chong** |
|---|---|

| ☒ | **Address of Real Property 6b:** 144 & 146 S. "G" Street, San Bernardino, CA 92410 |
|---|---|
| ☐ | **Description of Personal Property 6b:** |

| ☐ | **Vehicle 6b** | **Year:** | **Make:** | **Model:** | **VIN:** |
|---|---|---|---|---|---|

| **Value:** $1 million | **Valuation Method** | ☐ Order on motion or stipulation    ☐ Declaration: Certified appraiser<br>☒ Declaration: Debtor as owner    ☐ Other: |
|---|---|---|

| **Current Status of Loan** | **Lien Priority** | **Interest Rate** | **Unpaid Principal Balance** | **Arrearages** | **Total Amount of Allowed Claim** |
|---|---|---|---|---|---|
| | 6th | 20.0% (fixed) | $98,114 | N/A | $98,114 |
| ☐ **Terms of New Loan** | | | | | |

1. ☒ **Payments to Claimant**

| **a.** ☐ **Arrearages** | **Total Amount of Arrearages** | **Amt Paid on Effective Date** | **Amounts Paid After Effective Date** | | |
|---|---|---|---|---|---|
| | | | **Frequency** | **Int. Rate** | **Amt Each Pymt** |
| | $ | $ | ☐ Monthly<br>☐ Quarterly | | $ |

| **b.** ☒ **Ongoing Payments** | **Principal + Interest** | **Escrowed amounts** | | **Amt Each Monthly Ongoing Payment** |
|---|---|---|---|---|
| | | **Taxes** | **Insurance** | |
| ☐ current loan<br>☒ rewritten loan | $98,114 | -0- | -0- | $1,040 |

| **c.** ☐ **Total Monthly Payment**: | ☐ **Until Arrearages Cured** | ☐ **After Arrearages Cured** |
|---|---|---|
| | $ | $ |

| **d.** ☐ **Balloon Payment** | ☐ current loan<br>☐ rewritten loan | **Amount: $** | **Payment Date:** |
|---|---|---|---|

2. ☐ **Sale by** (*date*): .    Proceeds: ☐ are likely to be sufficient to pay the secured claim
☐ are not likely to be sufficient to pay the secured claim,
☐ any resulting claim will be in CLASS #2b

---

This form has been approved for use in chapter 11 cases assigned to Judge Vincent P. Zurzolo.

3.  ☐  **Treat Remainder**

4.  ☐  **Other:**

| ☒ **CLASS #6h** | **Claimant: Soo Yeong Kim and Yeon Shim Song** |
|---|---|

| ☒ | **Address of Real Property 6b:** 8201 Santa Fe Ave., Huntington Park, CA 90255; 2203 S. Alameda St., Los Angeles, CA 90058; 1736 24th Street, Los Angeles, CA 90058; 2445 S. Alameda St., Los Angeles, CA 90058, 1770 E. 22nd St, Los Angeles, CA 90058; 144 & 146 S. "G" Street, San Bernardino, CA 92410 |
|---|---|

| ☐ | **Description of Personal Property 6b:** | | | | |
|---|---|---|---|---|---|
| ☐ | **Vehicle 6b** | **Year:** | **Make:** | **Model:** | **VIN:** |

| **Value:** $37,850,000 | **Valuation Method** | ☐ Order on motion or stipulation     ☐ Declaration: Certified appraiser<br>☒ Declaration: Debtor as owner     ☐ Other: |
|---|---|---|

| **Current Status of Loan** | **Lien Priority** | **Interest Rate** | **Unpaid Principal Balance** | **Arrearages** | **Total Amount of Allowed Claim** |
|---|---|---|---|---|---|
| | 4th | 10% (Judgment) | $83,229 | N/A | $83,229 |
| ☐ **Terms of New Loan** | | | | | |

1.  ☐  **Payments to Claimant**

| **a. ☐**<br>**Arrearages** | **Total Amount of Arrearages** | **Amt Paid on Effective Date** | **Amounts Paid After Effective Date** | | |
|---|---|---|---|---|---|
| | | | **Frequency** | **Int. Rate** | **Amt Each Pymt** |
| | $ | $ | ☐ Monthly<br>☐ Quarterly | | $ |

| **b. ☐ Ongoing Payments**<br>☐ current loan<br>☐ rewritten loan | **Principal + Interest** | **Escrowed amounts** | | **Amt Each Monthly Ongoing Payment** |
|---|---|---|---|---|
| | | **Taxes** | **Insurance** | |
| | | | | |

| **c. ☐ Total Monthly Payment:** | ☐ **Until Arrearages Cured** | ☐ **After Arrearages Cured** |
|---|---|---|
| | $ | $ |

| **d. ☐ Balloon Payment** | ☐ current loan<br>☐ rewritten loan | **Amount: $** | **Payment Date:** |
|---|---|---|---|

This form has been approved for use in chapter 11 cases assigned to Judge Vincent P. Zurzolo.

2. ☒ **Sale by** (*date*): <u>12/1/2019</u>.  Proceeds: ☒ are likely to be sufficient to pay the secured claim
                                                   ☐ are not likely to be sufficient to pay the secured claim,
                                                   ☐ any resulting claim will be in CLASS #2b

3. ☐ **Treat Remainder**

4. ☒ **Other**: Sale of 8201 Santa Fe Ave., Huntington Park, CA 90255

---

| ☒ CLASS #6i | Claimant: Deutsche Bank |
|---|---|

| ☒ | **Address of Real Property 6b:** 1770 E. 22nd St, Los Angeles, CA 90058 |
|---|---|
| ☐ | **Description of Personal Property 6b:** |

| ☐ | **Vehicle 6b** | **Year:** | **Make:** | **Model:** | **VIN:** |
|---|---|---|---|---|---|

| **Value:** $150,000 | **Valuation Method** | ☐ Order on motion or stipulation     ☐ Declaration: Certified appraiser<br>☒ Declaration: Debtor as owner     ☐ Other: |
|---|---|---|

| **Current Status of Loan** | **Lien Priority** | **Interest Rate** | **Unpaid Principal Balance** | **Arrearages** | **Total Amount of Allowed Claim** |
|---|---|---|---|---|---|
| | 1st | | $221,000 | N/A | $221,000 |
| ☐ **Terms of New Loan** | | | | | |

1. ☒ **Payments to Claimant**

| **a.** ☐<br>**Arrearages** | **Total Amount of Arrearages** | **Amt Paid on Effective Date** | **Amounts Paid After Effective Date** | | |
|---|---|---|---|---|---|
| | | | **Frequency** | **Int. Rate** | **Amt Each Pymt** |
| | $ | $ | ☐ Monthly<br>☐ Quarterly | | $ |

| **b.** ☒ **Ongoing Payments**<br>☐ current loan<br>☒ rewritten loan | **Principal + Interest** | **Escrowed amounts** | | **Amt Each Monthly Ongoing Payment** |
|---|---|---|---|---|
| | | **Taxes** | **Insurance** | |
| | $221,000 | -0- | -0- | $1,186 |

| **c.** ☐ **Total Monthly Payment**: | ☐ **Until Arrearages Cured** | ☐ **After Arrearages Cured** |
|---|---|---|
| | $ | $ |

| **d.** ☐ **Balloon Payment** | ☐ current loan<br>☐ rewritten loan | **Amount:** $ | **Payment Date:** |
|---|---|---|---|

This form has been approved for use in chapter 11 cases assigned to Judge Vincent P. Zurzolo.

2.  ☐ **Sale by** (*date*): .    Proceeds:  ☐ are likely to be sufficient to pay the secured claim
    ☐ are not likely to be sufficient to pay the secured claim,
    ☐ any resulting claim will be in CLASS #2b

3.  ☐ **Treat Remainder**

4.  ☐ **Other**:

| ☒ **CLASS #6j** | **Claimant:** Los Angeles County Property Tax Assessor |
|---|---|

| ☒ | **Address of Real Property 6a:** 8201 Santa Fe Ave., Huntington Park, CA 90255; 2203 S. Alameda St., Los Angeles, CA 90058; 1736 24th Street, Los Angeles, CA 90058; 2445 S. Alameda St., Los Angeles, CA 90058; 1770 E. 22nd St, Los Angeles, CA 90058 |
|---|---|
| ☐ | **Description of Personal Property 6a:** |

| ☐ | **Vehicle 6a** | **Year:** | **Make:** | **Model:** | **VIN:** |
|---|---|---|---|---|---|
| | **Value:** $36,850,000 | **Valuation Method** | ☐ Order on motion or stipulation    ☐ Declaration: Certified appraiser ☒ Declaration: Debtor as owner    ☐ Other: | | |

| **Current Status of Loan** | **Lien Priority** | **Interest Rate** | **Unpaid Principal Balance** | **Arrearages** | **Total Amount of Allowed Claim** |
|---|---|---|---|---|---|
| | 1st | 18% | $884,767 | $N/A | $884,767 |
| ☐ **Terms of New Loan** | | | | | |

1.  ☐ **Payments to Claimant**

| **a.** ☐ **Arrearages** | **Total Amount of Arrearages** | **Amt Paid on Effective Date** | **Amounts Paid After Effective Date** | | |
|---|---|---|---|---|---|
| | | | **Frequency** | **Int. Rate** | **Amt Each Pymt** |
| | $ | $ | ☐ Monthly ☐ Quarterly | | $ |

| **b.** ☐ **Ongoing Payments** ☐ current loan ☒ rewritten loan | **Principal + Interest** | **Escrowed amounts** | | **Amt Each Monthly Ongoing Payment** |
|---|---|---|---|---|
| | | **Taxes** | **Insurance** | |
| | 250,000 (est) | | | $250,000 |

| **c.** ☒ **Total Monthly Payment**: | ☐ **Until Arrearages Cured** | ☐ **After Arrearages Cured** |
|---|---|---|

This form has been approved for use in chapter 11 cases assigned to Judge Vincent P. Zurzolo.

| | | |
|---|---|---|
| | $6,348 | $ |

| | | | | |
|---|---|---|---|---|
| **d.** ☐ **Balloon Payment** | ☐ current loan<br>☐ rewritten loan | **Amount: $** | **Payment Date:** |

2. ☒ **Sale by** (*date*): <u>12/1/2019</u>.    Proceeds: ☒ are likely to be sufficient to pay the secured claim
                                              ☐ are not likely to be sufficient to pay the secured claim,
                                              ☐ any resulting claim will be in CLASS #2b

3. ☐ **Treat Claim as Fully Unsecured:** Pay as a general unsecured claim under CLASS #2b

4. ☒ **Other**: Sale of 8201 Santa Fe Ave., Huntington Park, CA 90255 and 1736 24th Street, Los Angeles, CA 90058.  $634,000 of property taxes to be paid from sale of above two properties, remainder to be paid over five years at governmental interest rate.

| ☒ **CLASS #6k** | **Claimant: San Bernardino** Property Tax Assessor |
|---|---|

| ☒ | **Address of Real Property 6a:** 144 & 146 S. "G" Street, San Bernardino, CA 92410 |
|---|---|
| ☐ | **Description of Personal Property 6a:** |

| ☐ | **Vehicle 6a** | **Year:** | **Make:** | **Model:** | **VIN:** |
|---|---|---|---|---|---|
| | **Value:**<br>$1 million | **Valuation Method** | ☐ Order on motion or stipulation  ☐ Declaration: Certified appraiser<br>☒ Declaration: Debtor as owner  ☐ Other: | | |

| **Current Status of Loan** | **Lien Priority** | **Interest Rate** | **Unpaid Principal Balance** | **Arrearages** | **Total Amount of Allowed Claim** |
|---|---|---|---|---|---|
| | 1st | 18% | $143,111 | $N/A | $884,767 |
| ☐ **Terms of New Loan** | | | | | |

1. ☐ **Payments to Claimant**

| **a.** ☐<br>**Arrearages** | **Total Amount of Arrearages** | **Amt Paid on Effective Date** | **Amounts Paid After Effective Date** | | |
|---|---|---|---|---|---|
| | | | **Frequency** | **Int. Rate** | **Amt Each Pymt** |
| | $ | $ | ☐ Monthly<br>☐ Quarterly | | $ |

| **b.** ☒ **Ongoing Payments**<br>☐ current loan<br>☒ rewritten loan | **Principal + Interest** | **Escrowed amounts** | | **Amt Each Monthly Ongoing Payment** |
|---|---|---|---|---|
| | | **Taxes** | **Insurance** | |
| | $143,111 | | | $143,111 |

This form has been approved for use in chapter 11 cases assigned to Judge Vincent P. Zurzolo.

| c. ☐ **Total Monthly Payment**: | ☐ **Until Arrearages Cured** | ☐ **After Arrearages Cured** |
|---|---|---|
| | $3,634 | $ |

| d. ☐ **Balloon Payment** | ☐ current loan<br>☐ rewritten loan | **Amount: $** | **Payment Date:** |
|---|---|---|---|

2.  ☐ **Sale by** (*date*): <u>12/1/2019</u>.    Proceeds: ☐ are likely to be sufficient to pay the secured claim
    ☐ are not likely to be sufficient to pay the secured claim,
    ☐ any resulting claim will be in CLASS #2b

3.  ☐ **Treat Claim as Fully Unsecured:** Pay as a general unsecured claim under CLASS #2b

4.  ☐ **Other**:

---

☐ **See Exhibit** _____ for more impaired secured claims on non-Residence property. Label as Class #6e, etc.

**VIII.** **Unclaimed or Undeliverable Plan Distributions**. Payments or other distributions made under the Plan that are unclaimed or undeliverable for six (6) months after the attempted distribution will revest in the post-confirmation debtor free of restrictions.  Any entitlement to distribution will be barred.

**IX.** **Discharge**.  Upon completion of payments required by the Plan, or as provided in § 1141(d)(5)(B), the Debtor will receive a discharge of all debts that arose prior to confirmation of the Plan, whether or not a claimant filed a proof of claim or voted to accept the Plan.  This will not discharge Debtor from any debts that are non-dischargeable under § 523 or from obligations created by the Plan.  **To obtain a discharge, the Debtor must file and serve a motion for discharge, and the motion must be granted**.

**X.** **List of Exhibits and Declarations.**

**MANDATORY**

**Exhibit A:**  Declaration of Debtor to support all assertions in this Disclosure Statement, and all information provided in all other Exhibits.

**Exhibit B**:  List of all claims (*next to each claim, indicate whether or not the claim is disputed and scheduled or unscheduled, and include the class number*).

**Exhibit C**:  List of all property of the estate, and valuations as of the date of plan confirmation.  Include appendices to describe valuation methods such as order to determine value, declaration of debtor or appraiser, etc.

**Exhibit D:**  Projected income, expenses, and plan payments prepared on (*date*) March 8, 2019 including proposed plan payments to be made on the Effective Date and for each month and/or quarter of the Plan Term. Sources and uses of funds and any expense fluctuations are explained.

---

This form has been approved for use in chapter 11 cases assigned to Judge Vincent P. Zurzolo.

**OPTIONAL**

**Exhibit E:** Letters from Environmental Protection Agency ("EPA") re Santa Fe Property.


Date: _____                          SEE NEXT PAGE
                                             _____
                                             Signature of Debtor

                                             **Jong Uk Byun**
                                             _____
                                             Printed name of Debtor

Date: 03/11/2019                             **/s/ M. Jonathan Hayes**
                                             _____
                                             Signature of attorney for Debtor, if any

                                             **M. Jonathan Hayes**
                                             _____
                                             Printed name of attorney for Debtor, if any

This form has been approved for use in chapter 11 cases assigned to Judge Vincent P. Zurzolo.

*August 2016*                       Page 32                  **VZ  CH11.IND.NOTICE.HEARING.DISCLSR**

**OPTIONAL**

**Exhibit E:**  Letters from Environmental Protection Agency ("EPA") re Santa Fe Property.

Date: _3/11/19_                                    _[signature]_
                                                   Signature of Debtor

                                                   **Jong Uk Byun**
                                                   Printed name of Debtor

Date: _3/11/19_                                    **/s/ M. Jonathan Hayes**
                                                   Signature of attorney for Debtor, if any

                                                   **M. Jonathan Hayes**
                                                   Printed name of attorney for Debtor, if any

This form has been approved for use in chapter 11 cases assigned to Judge Vincent P. Zurzolo.

_August 2016_                      Page 32               **VZ  CH11.IND.NOTICE.HEARING.DISCLSR**

EXHIBIT A

# DECLARATION OF JONG UK BYUN

I, Jong Uk Byun, declare as follows:

1.    I am the Debtor in this case.  I am over the age of eighteen (18).  I have personal knowledge of the facts set forth herein, and if called as a witness, I could and would testify competently with respect thereto.  Where facts are alleged upon information and belief, I believe them to be true.

2.    I have reviewed the information within this DISCLOSURE STATEMENT AND PLAN OF REORGANIZATION OF DEBTOR WHO IS AN INDIVIDUAL(S) WITH PRIMARILY CONSUMER DEBTS [11 U.S.C. §§ 1123, 1125] (the "Disclosure Statement/Plan"), including all financial information.

3.    I believe that all information contained in the Disclosure Statement/Plan is true and correct and fairly presented, to the best of my knowledge.

4.    I filed my Chapter 11 case on August 3, 2018 in order to prevent the foreclosure sales of four of my properties.

5.    All of my assets are listed on my updated Schedules A, B and C, true and correct copies of which are attached hereto as **Exhibit "C."**  The list of assets includes the liquidation value of each asset.  I base the value of my real properties upon my knowledge of property values in the neighborhoods where I have been a property owner for many years, upon internet research that I have conducted and upon information I have received from by real estate agent, Kirk Garabedian.  I base the value of my remaining assets on what I think I could sell them for either online or at a garage sale.

6.    As to my property at 8201 Santa Fe Ave. Huntington Park, CA 90255, 9 parcels, approx. 11 acres, I bought that land in the early 1990s which had a building on part of the property.  The purpose of the purchase was to build a facility that would allow my recycling operations to be conducted.  My company Central Metal substantially rebuilt

**RESNIK
HAYES
MORADI LLP**

1

EXHIBIT A

the existing 76,000 sq. ft building and added other improvements on the property. We

1 poured 13 inches of concrete through the entire property protecting the ground from the

2 operations. The rebuilding, the improvements and other developments during the ensuing

3 24 years of operations and the concrete were paid for by Central Metal, Inc. and are treated

4 as assets of Central Metal, Inc. on its books and records. Approximately two years Central

5 Metal, Inc. stopped all operations at Santa Fe Property other than use of about 1,000 sq ft

6 of office space.

7        7.      Central Metal will execute transfer documents sufficient to satisfy a buyer

8 that the buyer is receiving all right, title and interest to the entire property and everything

9 on it at closing. Central Metal is a co-obligor with me to senior lienholder Hyundai Steel

10 Company, and at least the following junior lienholders: 1) Packo Investments, Inc., 2)

11 Allen Park, 3) M&A Equities, LLC, 4) The BAE Family Trust; 5) Mohamed Sanfaz, and

12 6) Kap Chan Chong (collectively, the "Junior Lenders"). As part of the proposed sale of

13 Santa Fe and 24th Street, the Buyer and I will allocate the purchase price between myself

14 and Central Metal, Inc. All proceeds from the sale, irrespective of the allocation of the

15 purchase price or ownership of the assets being sold, will be distributed from escrow upon

16 closing to the various lenders according to the priority and the allowed and/or negotiated

17 amounts of their claims.

18        8.      I was informed by the Environmental Protection Agency ("EPA") by letter

19 on February 2, 2018 that it had completed a "Preliminary Assessment" and intended to

20 "further investigate" "in order to determine if the Site is a potential source of area

21 groundwater contamination." The letter is attached hereto as **Exhibit "E."** The EPA was

22 expected to do its testing in November, 2018 and issue its report a month to two later. I

23 am informed and believe that the testing is similar to a Phase 2 Site Assessment. The EPA

24 proposed testing has amounted to a cloud on the property to say the least.

25        9.      I entered into an agreement, prepetition, to sell the Santa Fe Property to

26 Alere Property Group, LLC ("Alere") for $28 million which was pending on the petition

27

28

RESNIK
HAYES
MORADI LLP

2

date. This proposed sale caused considerable consternation with Hyundai because the agreement provided that Alere would have 90 days to do "due diligence," another six months to conduct an environmental review, and at its option, another six months after that to do further environmental review. During this one year and 90 days, Alere could walk away from the sale for any reason.

10.    Through the efforts of my real estate agent, Kirk Garabedian, I received a new Letter of Intent for the Santa Fe Property from North Palisade Partners on November 5, 2018 but for the very disappointing proposed purchase price of $18,885,000. I met and conferred with my counsel and Mr. Garabedian about the offer and submitted a counter-offer which was rejected as to the price. In an attempt to mollify the demands of the secured creditors, I executed the LOI with the disappointing purchase price - $10 million less than the previous deal - on November 16, 2018. The LOI provided that the buyer would have a 90 day "contingency period" and that buyer would prepare the formal Purchase and Sale Agreement ("PSA"). The proposed PSA provided for well more than 90 days due diligence and the unfettered right to walk away for any reason until the court approved the sale. More negotiations ensued in an attempt to make the agreement more real. The problem again with the negotiations was the EPA letter and its proposed intent to investigate the land. Every buyer interested in the property (and there have been many), is concerned about the EPA declaring the property to be part of the Super Fund which would make it worth considerably less than the amounts being discussed. And the EPA seemed to have other governmental demands more important (apparently) - the recent fires and the government shut down. The EPAs timetable was obviously driving the price down.

11.    I then received a new letter from the EPA saying that it was finally going to start its work. That letter is also attached as **Exhibit "E."** Based on this unexpected event, I advised North Palisade Partners that I wanted to put the sale on hold for a time to see what the EPA was going to do. I and my broker firmly believe that if the EPA cloud goes

away, I will be able to sell the Santa Fe Property for something closer to what it is really worth.

12.     A true and correct copy of a complete list of my claims and creditors is attached hereto as **Exhibit "B."**

13.     A true and correct copy of my income and expense projections for the Plan term is attached hereto as **Exhibit "D."**  Based on what I believe are typical cost of living increases, I expect that my general expenses may increase slightly over the Plan term.

14.     I believe that I will be able to meet all of my financial obligations under the Plan. However, as the Plan contemplates payments to certain classes of creditors over time following the Effective Date, it is possible that, based on factors that are either not apparent at this time or do not exist at this time, that I will not have sufficient cash flow to pay all of the obligations created under the Plan. For this reason, the projections cannot be guaranteed to be completely accurate.  Specifically, I could experience financial difficulties with my business Central Metals which is paying rent to me for the use of my properties.  However, I feel confident that the proposed payments to creditors are feasible.

15.     I do not anticipate that confirmation of the Plan will have a significant or material effect on my tax liability although I am still investigating that.  I will stay current with tax obligations to the taxing agencies (IRS and FTB) and to the counties in which my real properties are located.

16.     Most if not all of my unsecured creditors are creditors of Central Metal, Inc. I anticipate that the payments to the unsecureds provided for by this plan will actually be

made by Central Metal, Inc.

1

2     I declare under penalty of perjury under the laws of the United States of America

3 that the foregoing is true and correct.

4

5     Executed March 11, 2019, at Los Angeles,  California.

6

7

8                                          By:

9                                               Jong Uk Byun
                                                 *Declarant*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT B

| Creditor | Scheduled Amount | CUD | Filed Claim | Filed Claim Amount | Allowed Amount: Priority | Allowed Amount: Secured | Allowed Amount: Unsecured | Class No. |
|---|---|---|---|---|---|---|---|---|
| **Secured** | | | | | | | | |
| BAE Family Trust | $1,290,000 | U | 9 | $1,290,000 | | $1,290,000 | | 6c |
| Deutsche Bank National Trust Co. | $200,000 | | 16 | $221,247 | | $221,247 | | 6i |
| Hyundai Steel Company | $16,800,000 | UD | 21 | $22,114,556 | | $22,114,556 | | 6a |
| Kap Chan Chong | $100,000 | U | 12 | $98,114 | | $98,114 | | 6g |
| LACTC 10/17 | $846,543 | U | 4 | $884,767 | | $884,767 | | 6j |
| Mohamed Sanfaz | $500,000 | U | 10 | $500,000 | | $500,000 | | 6e |
| Packo Investments | $2,600,000 | U | 7 | $2,000,000 | | $2,000,000 | | 6b |
| San Bernardino County | $143,111 | | 6 | $143,111 | | $143,111 | | 6k |
| Small Business admin | $462,500 | | | | | | | |
| Soo Yeong Kim | unknown | | 14 | $83,230 | | $83,230 | | 6h |
| Toni Ko | unknown | | | | | | | |
| Wells Fargo Dealer Services | $30,205 | | 19 | $29,659 | | | $29,659 | 5a |
| M&A Equities | | | 8 | $600,000 | | $600,000 | | 6d |
| Allen Park | | | 11 | $100,000 | | $100,000 | | 6f |
| **Priority** | | | | | | | | |
| IRS | | | 1 | $0 | | | | |
| **Unsecured** | | | | | | | | |
| Soco Oil | | | 2 | $12,606 | | | $12,606 | 2 |
| Bank of Hope | | | 18 | $376,925 | | | $376,925 | 2 |
| Sequoia Concepst Inc.(Riverside) | | | 5 | $596 | | | $596 | 2 |
| DLI Assets Bravo, LLC | $153,984 | | 13 | $160,026 | | | $160,026 | 2 |
| Quantum3 Group LLC | | | 17 | $35 | | | $35 | 2 |
| Coleman & Horowitz, LLP | $100,000 | U | 20 | $124,910 | | | $124,910 | 2 |
| Bejac | $11,482 | | | | | | $11,482 | 2 |
| Bok Sook Byun | $300,000 | | | | | | $300,000 | 2 |
| Cemex Construction Materials | $17,691 | | | | | | $17,691 | 2 |
| CP Construction | $7,500 | | | | | | $7,500 | 2 |
| Daniel Park | $51,875 | | | | | | $51,875 | 2 |
| Eisner Jaffe | $100,000 | | | | | | $100,000 | 2 |
| Jinah Oh | $9,700 | | | | | | $9,700 | 2 |
| Joan Park | $20,750 | | | | | | $20,750 | 2 |
| Municiple Services Bureau | $2,548 | | | | | | $2,548 | 2 |
| Southern County Oils | $10,633 | | | | | | $10,633 | 2 |
| Stephen Cook | $4,241 | | | | | | $4,241 | 2 |
| Zamucen & Curren | $100,800 | | | | | | $100,800 | 2 |
| **TOTAL** | $22,972,359 | | | | $0 | $28,035,024 | $1,341,977 | |

EXHIBIT B

EXHIBIT C

| Fill in this information to identify your case and this filing: |
| --- |

| Debtor 1 | Jong Uk Byun | | |
| --- | --- | --- | --- |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the:  CENTRAL DISTRICT OF CALIFORNIA

Case number   2:18-bk-19004-VZ

☐ Check if this is an amended filing

## Official Form 106A/B
# Schedule A/B: Property                                                12/15

In each category, separately list and describe items. List an asset only once. If an asset fits in more than one category, list the asset in the category where you think it fits best. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

**Part 1:   Describe Each Residence, Building, Land, or Other Real Estate You Own or Have an Interest In**

1. Do you own or have any legal or equitable interest in any residence, building, land, or similar property?

   ☐ No. Go to Part 2.

   ■ Yes. Where is the property?

| 1.1 | | | What is the property? Check all that apply | Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.* |
| --- | --- | --- | --- | --- |

1.1

8201 Santa Fe Ave.
Street address, if available, or other description

Huntington Park    CA    90255-0000
City        State    ZIP Code

Los Angeles
County

**What is the property?** Check all that apply

☐ Single-family home
☐ Duplex or multi-unit building
☐ Condominium or cooperative
☐ Manufactured or mobile home
☐ Land
☐ Investment property
☐ Timeshare
■ Other   Commercial

**Who has an interest in the property?** Check one

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

Other information you wish to add about this item, such as local property identification number:

9 Parcels:  APN's 6202-037-004, 6202-037-006, 6202-037-009, 6202-037-010, 6202-036-009, 6202-036-010, 6202-036-011, 6202-036-012, 6202-036-013

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
| --- | --- |
| $25,000,000.00 | $25,000,000.00 |

Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.

☐ **Check if this is community property** (see instructions)

EXHIBIT C

Debtor 1    Jong Uk Byun                                        Case number *(if known)*   2:18-bk-19004-VZ

If you own or have more than one, list here:

**1.2**

| 144 & 146 South G Street |
| --- |
| Street address, if available, or other description |

**What is the property?** Check all that apply

☐ Single-family home
☐ Duplex or multi-unit building
☐ Condominium or cooperative

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| San Bernardino | CA | |
| --- | --- | --- |
| City | State | ZIP Code |

☐ Manufactured or mobile home
☐ Land
☐ Investment property
☐ Timeshare
■ Other    Commercial

| **Current value of the entire property?** | **Current value of the portion you own?** |
| --- | --- |
| $1,000,000.00 | $1,000,000.00 |

**Who has an interest in the property?** Check one

■ Debtor 1 only

**Describe the nature of your ownership interest** (such as fee simple, tenancy by the entireties, or a life estate), if known.

| San Bernardino |
| --- |
| County |

☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ **Check if this is community property** (see instructions)

**Other information you wish to add about this item, such as local property identification number:**

4.2 acres - 5 Parcels:  APN's 0136-011-31, 0136-011-41, 0136-084-20, 0136-091-11, 0136-091-12

---

If you own or have more than one, list here:

**1.3**

| 2203 S. Alameda Street |
| --- |
| Street address, if available, or other description |

**What is the property?** Check all that apply

☐ Single-family home
☐ Duplex or multi-unit building
☐ Condominium or cooperative

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Los Angeles | CA | 90058-0000 |
| --- | --- | --- |
| City | State | ZIP Code |

☐ Manufactured or mobile home
☐ Land
☐ Investment property
☐ Timeshare
■ Other    Instustrial

| **Current value of the entire property?** | **Current value of the portion you own?** |
| --- | --- |
| $4,800,000.00 | $4,800,000.00 |

**Who has an interest in the property?** Check one

■ Debtor 1 only

**Describe the nature of your ownership interest** (such as fee simple, tenancy by the entireties, or a life estate), if known.

| Los Angeles |
| --- |
| County |

☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ **Check if this is community property** (see instructions)

**Other information you wish to add about this item, such as local property identification number:**

2 Parcels: APN's  5167-015-064 and 5167-015-065
This property and 1736 E. 24th Street, Los Angeles and 2445 S. Alameda Street, Los Angeles are contiguous.

Debtor 1    Jong Uk Byun    Case number *(if known)*    2:18-bk-19004-VZ

If you own or have more than one, list here:

**1.4**

1736 E. 24th Street

Street address, if available, or other description

| | | | What is the property? Check all that apply |
|---|---|---|---|

☐ Single-family home
☐ Duplex or multi-unit building
☐ Condominium or cooperative
☐ Manufactured or mobile home
☐ Land
☐ Investment property
☐ Timeshare
■ Other    Industrial

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| $5,500,000.00 | $5,500,000.00 |

Los Angeles    CA    90058-0000

City    State    ZIP Code

**Who has an interest in the property?** Check one

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.

☐ Check if this is community property (see instructions)

Los Angeles

County

**Other information you wish to add about this item, such as local property identification number:**

Lot with building used as office. APN 5167-015-067
This property and 2203 S. Alameda Street, Los Angeles and 2445 S. Alameda Street, Los Angeles are contiguous.

---

If you own or have more than one, list here:

**1.5**

2445 S. Alameda Street

Street address, if available, or other description

**What is the property?** Check all that apply

☐ Single-family home
☐ Duplex or multi-unit building
☐ Condominium or cooperative
☐ Manufactured or mobile home
☐ Land
☐ Investment property
☐ Timeshare
■ Other    Industrial

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| $1,400,000.00 | $1,400,000.00 |

Los Angeles    CA    90058-0000

City    State    ZIP Code

**Who has an interest in the property?** Check one

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.

☐ Check if this is community property (see instructions)

Los Angeles

County

**Other information you wish to add about this item, such as local property identification number:**

APN 5167-015-063
This property and 1736 E. 24th Street, Los Angeles and 2203 S. Alameda Street, Los Angeles are contiguous.

Debtor 1    Jong Uk Byun                                                  Case number *(if known)*    2:18-bk-19004-VZ

If you own or have more than one, list here:

### 1.6

24399 Old Highway 58

Street address, if available, or other description

| | |
|---|---|
| Hinkley | CA    92347-0000 |
| City | State    ZIP Code |

San Bernardino

County

**What is the property?** Check all that apply

☐ Single-family home
☐ Duplex or multi-unit building
☐ Condominium or cooperative
☐ Manufactured or mobile home
☐ Land
☐ Investment property
☐ Timeshare
■ Other    Industrial

**Who has an interest in the property?** Check one
■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

Other information you wish to add about this item, such as local property identification number:

34 Acres - 2 Parcels: APN's 0497-192-09-0-000 and 0497-192-10-0-000

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| $400,000.00 | $400,000.00 |

Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.

☐ **Check if this is community property** (see instructions)

---

If you own or have more than one, list here:

### 1.7

1770 E 22nd St.

Street address, if available, or other description

| | |
|---|---|
| Los Angeles | CA    90058-0000 |
| City | State    ZIP Code |

Los Angeles

County

**What is the property?** Check all that apply

■ Single-family home
☐ Duplex or multi-unit building
☐ Condominium or cooperative
☐ Manufactured or mobile home
☐ Land
☐ Investment property
☐ Timeshare
☐ Other

**Who has an interest in the property?** Check one
■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

Other information you wish to add about this item, such as local property identification number:

APN 5167-015-049

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| $150,000.00 | $150,000.00 |

Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.

☐ **Check if this is community property** (see instructions)

---

2. **Add the dollar value of the portion you own for all of your entries from Part 1, including any entries for pages you have attached for Part 1. Write that number here.........................................................=>**

$38,250,000.00

**Part 2:    Describe Your Vehicles**

**Do you own, lease, or have legal or equitable interest in any vehicles, whether they are registered or not?** Include any vehicles you own that someone else drives. If you lease a vehicle, also report it on *Schedule G: Executory Contracts and Unexpired Leases.*

Debtor 1    Jong Uk Byun                                   Case number *(if known)*    2:18-bk-19004-VZ

**3. Cars, vans, trucks, tractors, sport utility vehicles, motorcycles**

☐ No
■ Yes

| | | | |
|---|---|---|---|
| 3.1 | Make: Honda | **Who has an interest in the property?** Check one | Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.* |

3.1   Make:    Honda
      Model:   Accord
      Year:    2009
      Approximate mileage:    200,000
      Other information:

**Who has an interest in the property?** Check one
■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ **Check if this is community property**
(see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

Current value of the entire property?    Current value of the portion you own?

$3,000.00    $3,000.00

3.2   Make:    Honda
      Model:   Ridgeline
      Year:    2017
      Approximate mileage:    110,000
      Other information:

**Who has an interest in the property?** Check one
■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ **Check if this is community property**
(see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

Current value of the entire property?    Current value of the portion you own?

$20,000.00    $20,000.00

**4. Watercraft, aircraft, motor homes, ATVs and other recreational vehicles, other vehicles, and accessories**
*Examples:* Boats, trailers, motors, personal watercraft, fishing vessels, snowmobiles, motorcycle accessories

■ No
☐ Yes

**5  Add the dollar value of the portion you own for all of your entries from Part 2, including any entries for pages you have attached for Part 2. Write that number here..........................................................................=>**

$23,000.00

**Part 3:**   **Describe Your Personal and Household Items**

| **Do you own or have any legal or equitable interest in any of the following items?** | **Current value of the portion you own?**<br>Do not deduct secured claims or exemptions. |
|---|---|

**6. Household goods and furnishings**
*Examples:* Major appliances, furniture, linens, china, kitchenware
☐ No
■ Yes. Describe.....

| Household Goods and Furnishings, nothing worth more than $500 | $3,500.00 |
|---|---|

**7. Electronics**
*Examples:* Televisions and radios; audio, video, stereo, and digital equipment; computers, printers, scanners; music collections; electronic devices including cell phones, cameras, media players, games
■ No
☐ Yes. Describe.....

**8. Collectibles of value**
*Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; stamp, coin, or baseball card collections; other collections, memorabilia, collectibles
■ No
☐ Yes. Describe.....

| Debtor 1 | Jong Uk Byun | Case number *(if known)* | 2:18-bk-19004-VZ |

**9. Equipment for sports and hobbies**
*Examples:* Sports, photographic, exercise, and other hobby equipment; bicycles, pool tables, golf clubs, skis; canoes and kayaks; carpentry tools; musical instruments
■ No
☐ Yes. Describe.....

**10. Firearms**
*Examples:* Pistols, rifles, shotguns, ammunition, and related equipment
■ No
☐ Yes. Describe.....

**11. Clothes**
*Examples:* Everyday clothes, furs, leather coats, designer wear, shoes, accessories
☐ No
■ Yes. Describe.....

| | |
|---|---|
| Clothing, nothing worth more than $500 | $2,500.00 |

**12. Jewelry**
*Examples:* Everyday jewelry, costume jewelry, engagement rings, wedding rings, heirloom jewelry, watches, gems, gold, silver
☐ No
■ Yes. Describe.....

| | |
|---|---|
| Misc Jewelry, nothing worth more than $500 | $2,000.00 |

**13. Non-farm animals**
*Examples:* Dogs, cats, birds, horses
■ No
☐ Yes. Describe.....

**14. Any other personal and household items you did not already list, including any health aids you did not list**
■ No
☐ Yes. Give specific information.....

**15. Add the dollar value of all of your entries from Part 3, including any entries for pages you have attached for Part 3. Write that number here** ...........................................................................

| |
|---|
| $8,000.00 |

**Part 4:    Describe Your Financial Assets**

| Do you own or have any legal or equitable interest in any of the following? | Current value of the portion you own? Do not deduct secured claims or exemptions. |
|---|---|

**16. Cash**
*Examples:* Money you have in your wallet, in your home, in a safe deposit box, and on hand when you file your petition
■ No
☐ Yes..........................................................................................................

**17. Deposits of money**
*Examples:* Checking, savings, or other financial accounts; certificates of deposit; shares in credit unions, brokerage houses, and other similar institutions. If you have multiple accounts with the same institution, list each.
☐ No
■ Yes.........................

Institution name:

| | | | |
|---|---|---|---|
| 17.1. | Checking account | Hanmi Bank ***2386 | $323.00 |
| 17.2. | Checking | Bank of America ***8089 | $0.00 |

| Debtor 1 | Jong Uk Byun | | Case number *(if known)* | 2:18-bk-19004-VZ |
|---|---|---|---|---|

**18. Bonds, mutual funds, or publicly traded stocks**
*Examples:* Bond funds, investment accounts with brokerage firms, money market accounts

■ No

☐ Yes................    Institution or issuer name:

**19. Non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership, and joint venture**

☐ No

■ Yes. Give specific information about them...................

| Name of entity: | % of ownership: | | |
|---|---|---|---|
| Central Metal, Inc. | 100% | % | Unknown |
| Central Metal, LLC defunct | 100% | % | $0.00 |
| Riverside Central Metal, LLC. not operating | 100% | % | $0.00 |
| El Monte Central Metal, LLC. Not operating | 100% | % | $0.00 |
| San Diego Central Metal, LLC not operating | 100% | % | $0.00 |
| Union Central Metal, LLC Not operating | 100% | % | $0.00 |

**20. Government and corporate bonds and other negotiable and non-negotiable instruments**
*Negotiable instruments* include personal checks, cashiers' checks, promissory notes, and money orders.
*Non-negotiable instruments* are those you cannot transfer to someone by signing or delivering them.

■ No

☐ Yes. Give specific information about them
    Issuer name:

**21. Retirement or pension accounts**
*Examples:* Interests in IRA, ERISA, Keogh, 401(k), 403(b), thrift savings accounts, or other pension or profit-sharing plans

■ No

☐ Yes. List each account separately.
    Type of account:    Institution name:

**22. Security deposits and prepayments**
Your share of all unused deposits you have made so that you may continue service or use from a company
*Examples:* Agreements with landlords, prepaid rent, public utilities (electric, gas, water), telecommunications companies, or others

■ No

☐ Yes. ....................    Institution name or individual:

**23. Annuities** (A contract for a periodic payment of money to you, either for life or for a number of years)

■ No

☐ Yes.............    Issuer name and description.

**24. Interests in an education IRA, in an account in a qualified ABLE program, or under a qualified state tuition program.**
26 U.S.C. §§ 530(b)(1), 529A(b), and 529(b)(1).

■ No

☐ Yes.............    Institution name and description. Separately file the records of any interests.11 U.S.C. § 521(c):

**25. Trusts, equitable or future interests in property (other than anything listed in line 1), and rights or powers exercisable for your benefit**

■ No

☐ Yes. Give specific information about them...

**26. Patents, copyrights, trademarks, trade secrets, and other intellectual property**
*Examples:* Internet domain names, websites, proceeds from royalties and licensing agreements

■ No

Debtor 1    Jong Uk Byun

Case number *(if known)*    2:18-bk-19004-VZ

☐ Yes. Give specific information about them...

**27. Licenses, franchises, and other general intangibles**
*Examples:* Building permits, exclusive licenses, cooperative association holdings, liquor licenses, professional licenses

■ No
☐ Yes. Give specific information about them...

| Money or property owed to you? | Current value of the portion you own? Do not deduct secured claims or exemptions. |
|---|---|

**28. Tax refunds owed to you**

■ No
☐ Yes. Give specific information about them, including whether you already filed the returns and the tax years.......

**29. Family support**
*Examples:* Past due or lump sum alimony, spousal support, child support, maintenance, divorce settlement, property settlement

■ No
☐ Yes. Give specific information......

**30. Other amounts someone owes you**
*Examples:* Unpaid wages, disability insurance payments, disability benefits, sick pay, vacation pay, workers' compensation, Social Security benefits; unpaid loans you made to someone else

■ No
☐ Yes. Give specific information..

**31. Interests in insurance policies**
*Examples:* Health, disability, or life insurance; health savings account (HSA); credit, homeowner's, or renter's insurance

☐ No
■ Yes. Name the insurance company of each policy and list its value.

| Company name: | Beneficiary: | Surrender or refund value: |
|---|---|---|
| New York Life term insurance (no cash value) | Mi Hyun Kim | $0.00 |

**32. Any interest in property that is due you from someone who has died**
If you are the beneficiary of a living trust, expect proceeds from a life insurance policy, or are currently entitled to receive property because someone has died.

■ No
☐ Yes. Give specific information..

**33. Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment**
*Examples:* Accidents, employment disputes, insurance claims, or rights to sue

■ No
☐ Yes. Describe each claim.........

**34. Other contingent and unliquidated claims of every nature, including counterclaims of the debtor and rights to set off claims**
☐ No
■ Yes. Describe each claim.........

| | |
|---|---|
| Debtor believes he has perosnal claims against Hyundai Steel Company and others. Described in SOFA No. 7 | Unknown |

**35. Any financial assets you did not already list**
■ No
☐ Yes. Give specific information..

Debtor 1    Jong Uk Byun                                    Case number *(if known)*    2:18-bk-19004-VZ

36. **Add the dollar value of all of your entries from Part 4, including any entries for pages you have attached for Part 4. Write that number here**.................................................................................................................. | $323.00

---

**Part 5:**  Describe Any Business-Related Property You Own or Have an Interest In. List any real estate in Part 1.

37. **Do you own or have any legal or equitable interest in any business-related property?**
   ☐ No. Go to Part 6.
   ☐ Yes.  Go to line 38.

---

**Part 6:**  Describe Any Farm- and Commercial Fishing-Related Property You Own or Have an Interest In.
If you own or have an interest in farmland, list it in Part 1.

46. **Do you own or have any legal or equitable interest in any farm- or commercial fishing-related property?**
   ☐ No. Go to Part 7.
   ☐ Yes.  Go to line 47.

---

**Part 7:**  Describe All Property You Own or Have an Interest In That You Did Not List Above

53. **Do you have other property of any kind you did not already list?**
   *Examples:* Season tickets, country club membership
   ☐ No
   ☐ Yes. Give specific information.........

54. **Add the dollar value of all of your entries from Part 7. Write that number here** .................................... | $0.00

---

**Part 8:**  List the Totals of Each Part of this Form

| | | | |
|---|---|---|---|
| 55.  **Part 1: Total real estate, line 2** ........................................................................................................ | | | $38,250,000.00 |
| 56.  **Part 2: Total vehicles, line 5** | $23,000.00 | | |
| 57.  **Part 3: Total personal and household items, line 15** | $8,000.00 | | |
| 58.  **Part 4: Total financial assets, line 36** | $323.00 | | |
| 59.  **Part 5: Total business-related property, line 45** | $0.00 | | |
| 60.  **Part 6: Total farm- and fishing-related property, line 52** | $0.00 | | |
| 61.  **Part 7: Total other property not listed, line 54** | + $0.00 | | |
| 62.  **Total personal property.** Add lines 56 through 61... | $31,323.00 | Copy personal property total | $31,323.00 |
| 63.  **Total of all property on Schedule A/B.** Add line 55 + line 62 | | | $38,281,323.00 |

EXHIBIT D

# DEBTOR'S PROJECTED MONTHLY INCOME AND EXPENSES FOR 5 YEAR PLAN TERM

Note: this chart should be reviwed in conjuction with the declaration in support of the Disclosure Statement.

| Monthly Income | CLASS | 1 (est. 7/1/2019) | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Net employment income | | 10,000 | 10,000 | 10,000 | 10,000 | 10,000 | 10,000 | 10,000 | 10,000 | 10,000 | 10,000 | 10,000 | 10,000 | 120,000 |
| Rental Income | | 45,000 | 45,000 | 45,000 | 45,000 | 45,000 | 45,000 | 45,000 | 45,000 | 45,000 | 45,000 | 45,000 | 45,000 | 540,000 |
| Social Security | | 1,380 | 1,380 | 1,380 | 1,380 | 1,380 | 1,380 | 1,380 | 1,380 | 1,380 | 1,380 | 1,380 | 1,380 | 16,560 |
| **Total Income** | | 56,380 | 56,380 | 56,380 | 56,380 | 56,380 | 56,380 | 56,380 | 56,380 | 56,380 | 56,380 | 56,380 | 56,380 | 676,560 |
| **Monthly Expenses** | | | | | | | | | | | | | | |
| Rent | | 1,200 | 1,200 | 1,200 | 1,200 | 1,200 | 1,200 | 1,200 | 1,200 | 1,200 | 1,200 | 1,200 | 1,200 | 14,400 |
| Cell phone; internet; cable | | 375 | 375 | 375 | 375 | 375 | 375 | 375 | 375 | 375 | 375 | 375 | 375 | 4,500 |
| Food and misc. house supplies | | 750 | 750 | 750 | 750 | 750 | 750 | 750 | 750 | 750 | 750 | 750 | 750 | 9,000 |
| Car fuel | | 350 | 350 | 350 | 350 | 350 | 350 | 350 | 350 | 350 | 350 | 350 | 350 | 4,200 |
| Laundry/dry cleaning/clothing | | 50 | 50 | 50 | 50 | 50 | 50 | 50 | 50 | 50 | 50 | 50 | 50 | 600 |
| Medical/dental misc. | | 500 | 500 | 500 | 500 | 500 | 500 | 500 | 500 | 500 | 500 | 500 | 500 | 6,000 |
| Personal hygiene and grooming | | 50 | 50 | 50 | 50 | 50 | 50 | 50 | 50 | 50 | 50 | 50 | 50 | 600 |
| Auto reg., maint., repairs | | 50 | 50 | 50 | 50 | 50 | 50 | 50 | 50 | 50 | 50 | 50 | 50 | 600 |
| Auto insurance | | 292 | 292 | 292 | 292 | 292 | 292 | 292 | 292 | 292 | 292 | 292 | 292 | 3,504 |
| Insurance real property | | 1,000 | 1,000 | 1,000 | 1,000 | 1,000 | 1,000 | 1,000 | 1,000 | 1,000 | 1,000 | 1,000 | 1,000 | 12,000 |
| Property Taxes | | | | | | | 30,000 | | | | 30,000 | | | 60,000 |
| Income Taxes | | 2,500 | 2,500 | 2,500 | 2,500 | 2,500 | 2,500 | 2,500 | 2,500 | 2,500 | 2,500 | 2,500 | 2,500 | 30,000 |
| Total Before Plan Pymts | | 7,117 | 7,117 | 7,117 | 7,117 | 7,117 | 37,117 | 7,117 | 7,117 | 7,117 | 37,117 | 7,117 | 7,117 | 145,404 |
| Wells Fargo Auto | Class 5a | 800 | 800 | 800 | 800 | 800 | 800 | 800 | 800 | 800 | 800 | 800 | 800 | 9,600 |
| Mort - M&A Equity | Class 6d | 4,831 | 4,831 | 4,831 | 4,831 | 4,831 | 4,831 | 4,831 | 4,831 | 4,831 | 4,831 | 4,831 | 4,831 | 57,972 |
| Mort - Deutsch | Class 6i | 1,186 | 1,186 | 1,186 | 1,186 | 1,186 | 1,186 | 1,186 | 1,186 | 1,186 | 1,186 | 1,186 | 1,186 | 14,232 |
| Cap Chan Chong | Class 6g | 1,040 | 1,040 | 1,040 | 1,040 | 1,040 | 1,040 | 1,040 | 1,040 | 1,040 | 1,040 | 1,040 | 1,040 | 12,480 |
| Unsecured creditors | Class 2b | | | | 22,366 | 22,366 | 22,366 | 22,366 | 22,366 | 22,366 | 22,366 | 22,366 | 22,366 | 201,294 |
| San Bernardino Prop Taxes | Class 6k | 3,634 | 3,634 | 3,634 | 3,634 | 3,634 | 3,634 | 3,634 | 3,634 | 3,634 | 3,634 | 3,634 | 3,634 | 43,608 |
| Los Angeles Prop Taxes | Class 6j | 6,348 | 6,348 | 6,348 | 6,348 | 6,348 | 6,348 | 6,348 | 6,348 | 6,348 | 6,348 | 6,348 | 6,348 | 76,176 |
| RHM | | 10,000 | 10,000 | 10,000 | | | | | | | | | | 30,000 |
| UST (payments and after final decree entered) | | 4,875 | | | 4,875 | | | 4,875 | | | 4,875 | | | 19,500 |
| **Total Expenses** | | 39,831 | 34,956 | 34,956 | 52,197 | 47,322 | 77,322 | 52,197 | 47,322 | 47,322 | 82,197 | 47,322 | 47,322 | 610,266 |
| **Total Monthly Net Income** | | 16,549 | 21,424 | 21,424 | 4,183 | 9,058 | -20,942 | 4,183 | 9,058 | 9,058 | -25,817 | 9,058 | 9,058 | 66,294 |
| **Cumulative Income** | | 16,549 | 37,973 | 59,397 | 63,580 | 72,638 | 51,696 | 55,879 | 64,937 | 73,995 | 48,178 | 57,236 | 66,294 | 66,294 |

EXHIBIT D

# EXHIBIT E



**UNITED STATES ENVIRONMENTAL PROTECTION AGENCY**
**REGION IX**
**75 Hawthorne Street**
**San Francisco, CA 94105**


November 26, 2018


Central Metal, Inc.
c/o Jong Byun
Site Owner & Operator Representative
2203 South Alameda Street
Los Angeles, CA 90058

## SUBJECT

| | |
|---|---|
| Access to: | Damille Metal SVC Site |
| | CERCLIS EPA ID: CAN000903324 |
| | Los Angeles County Assessor Parcel Number(s): |
| | 6202-036-009, -010, -011, -012, and -013 and |
| | 6202-037-004, -006, -009, and -010 |
| | |
| Investigation Activities: | Subsurface Geophysical Survey in advance of Site Inspection (SI) |
| | Subsurface Soil and Soil Vapor Sampling |

Dear Mr. Byun,

The U.S. Environmental Protection Agency (EPA) is conducting a Site Inspection (SI) at the subject site, Damille Metal SVC (Damille), pursuant to its response and enforcement responsibilities under the Comprehensive Environmental Response, Compensation and Liability Act (CERCLA), 42 U.S.C. §9601 et seq. EPA requests that you sign the attached Access Agreement authorizing EPA to conduct the initial investigation activities, identified above, on your property. Note that these initial activities do not include sampling of any site media. Authorization for subsequent portions of the investigations will be requested under separate cover once a more comprehensive sampling schedule has been developed.

Based on the information presented in the January 2018 PA Report, which was provided to you in February 2018, EPA has determined that the Damille site has the potential to qualify for the National Priorities List (NPL). However, in order to substantiate if a release of hazardous substances to area groundwater has occurred, EPA will need to conduct an SI Investigation, which will include sampling of soil, soil vapor, and groundwater both on, and adjacent to, the site.

1

The SI Investigation will be conducted in two distinct stages, designated as Stage 1 and Stage 2. The Stage 1 event will be conducted first and will include the collection of soil and soil vapor samples from the site. The Stage 2 event will be conducted approximately six weeks after the completion of Stage 1 and will include the collection of soil and groundwater samples from both on, and adjacent to, the site. The specific Stage 2 sampling program will be determined, at least in part, on interpretation of the data obtained during the Stage 1 event. The anticipated investigative activities associated with the SI sampling are detailed in the EPA-approved Sampling and Analysis Plan (SAP), which is enclosed in a digital format and can be provided to you in a hardcopy format at your request. Note that subsequent to a review of the Stage 1 data, a SAP addendum will be developed and provided to you that will provide additional details on the anticipated Stage 2 investigative efforts, including specific sampling locations. It should also be noted that the SAP is final and is subject to your review, but not your approval. EPA will, of course, consider any clarifying questions or comments you may have on the SAP, but we will not consider those binding.

Weston Solutions, Inc. (WESTON), is EPA's contractor who will be performing the SI sampling under EPA's direction. WESTON will be responsible for the overall coordination of the investigation and for ensuring the execution of the project within the anticipated schedule and in accordance with reasonable requirements made by property owners or designees.

The SI Stage 1 investigative efforts will include the advancement of up to 20 direct push borings to approximately 20 feet (ft) below ground surface (bgs) to be located primarily on a gridded pattern across the central and eastern portions of the site. Within each boring, two soil and two soil vapor samples will be collected. A figure illustrating the anticipated Stage 1 sample locations is enclosed (Attachment A).

Furthermore, during the Stage 1 field efforts, EPA and/or WESTON may elect to collect one or more solid matrix samples from any apparent waste or debris piles located on the subject site.

Prior to the advancement of subsurface borings, a geophysical survey will be conducted to identify any underground utilities, tanks, or other obstacles that may exist on or near all sampling locations at the site. In addition, Underground Service Alert of Southern California (i.e., DigAlert) will be notified at least 72 hours before drilling commences. The geophysical survey for the Stage 1 field efforts is tentatively scheduled for December 20, 2018. The Access Agreement authorizing EPA to conduct this survey is enclosed (Attachment B).

The owner and/or operator of the subject site may request that 'split-samples' be provided for each sample collected during the SI investigation. EPA will make a reasonable effort to grant this request if such request does not adversely impact the integrity of the investigation or the overall schedule of work. EPA will not provide sample containers for the 'split-samples' nor can EPA guarantee that sufficient sample volume will be collected for multiple sets of samples, in which case EPA sample volumes will be prioritized. In addition, if actual field conditions require a modification in the tentative schedule, EPA will make a reasonable effort to notify the owner and/or operator representative(s) of the change; however, EPA cannot guarantee that sufficient notification will be provided to allow for the representative to remobilize to the site.

During the SI sampling event, industrial derived waste (IDW) may be accumulated. It is anticipated that a total of up to two 55-gallon drums of soil cuttings and two 55-gallon drums of purge groundwater/decontamination fluids may be required to be left on the subject site at a location deemed suitable by the site owner and/or operator pending laboratory analysis. Appropriate IDW disposal arrangements will be coordinated by WESTON subsequent to the reception of analytical findings at no costs to the site owner or operator.

EPA requests access to the subject site for the following times and purposes:

1) Period: Wednesday, December 19th through Friday, December 21st, 2018
   Purpose: SI Stage 1 Geophysical survey

   It is anticipated that the geophysical survey will require approximately four hours on the subject site, which is tentatively scheduled for Thursday, December 20th, 2018. However, to account for fieldwork uncertainties, EPA requests access to the subject site for the entirety of the period stated above. No sampling will be conducted during this time period. In addition to EPA and any representatives of California state or local environmental regulatory agencies, the following firms will require access to the site during this time period:

        WESTON
        ULS Services Corporation

2) Period: TBD (anticipated to be late January 2019)
   Purpose: SI Stage 1 soil and soil vapor sampling

   It is anticipated that the investigation will require approximately five days to complete and will be scheduled for late January 2019. The samples will be collected by an EPA contractor who will be utilizing a direct push drilling rig. Soil vapor samples will be analyzed on site by an EPA contractor who will be utilizing a mobile laboratory. Authorization to access the site for this stage of the event, as well as additional details regarding the specific schedule and on-site activities associated with the event, will be provided under separate cover at a later date.

3) Period: TBD (anticipated to be March 2019)
   Purpose: SI Stage 2 Geophysical survey

   It is anticipated that the geophysical survey will require approximately four hours on the subject site, which is anticipated to occur approximately two weeks prior to the SI Stage 2 sampling event. This second survey is required since the specific Stage 2 sampling locations will not have been determined at the time of the initial survey. No sampling will be conducted during this time period. Authorization to access the site for these activities will be provided under separate cover at a later date.

3

4) Period: TBD (anticipated to be March 2019)

Purpose: SI Stage 2 soil and groundwater sampling
It is anticipated that the investigation will require approximately five days to complete and will be scheduled for March 2019. The samples will be collected by an EPA contractor who will be utilizing a direct push drilling rig and a Cone Penetration Testing (CPT) rig. Authorization to access the site for this stage of the event, as well as additional details regarding the specific schedule and on-site activities associated with the event, will be provided under separate cover at a later date.

An Access Agreement providing permission for EPA and its contractors to access your property for the SI Stage 1 Geophysical survey (Period No. 1 above) is included as Attachment B and is accompanied by an addressed, stamped envelope for returning the signed agreement to EPA. Please return your signed Access Agreement to me by Wednesday, December 5th, 2018.

Upon signing the Access Agreement, please coordinate with the WESTON Field Project Manager, Brian Reilly, at (541) 593-3800 (office) or (541) 771-4397 (mobile) to discuss logistics.

Please be aware that EPA has the right to access private property pursuant Section 104(e)(4)(A) of CERCLA, 42 U.S.C. §9601 et seq. This section states that "any officer, employee, or representative is authorized to inspect and obtain samples from any vessel, facility, establishment, or other place or property or from any location of any suspected hazardous substance or pollutant or contaminant." If EPA cannot arrange for voluntary access, EPA is authorized to issue an administrative order for access, under which failure to comply is subject to civil penalties of up to $27,500/day.

In summary:

1. The initial geophysical survey activity is tentatively scheduled for December 20, 2018.
2. Access to the subject site will be requested under separate cover for up to three additional mobilizations, which are anticipated to occur between January and March 2019.
3. Return your signed Access Agreement (Attachment B) for the initial time period to EPA in the stamped, addressed envelope by December 5, 2018.
4. Upon signing the Access Agreement, coordinate with Brian Reilly of WESTON to discuss investigation logistics.

EPA appreciates your cooperation in promptly returning your signed Access Agreement to EPA by December 5th, 2018. If you have any questions regarding the project, you can reach me at (415) 972-3096 or the EPA Attorney, Andrew Helmlinger, (415) 972-3904.

Sincerely,

Matt Mitguard, Site Assessment Manager
United States Environmental Protection Agency
Superfund Division

Encl:
Attachment A: SI Stage 1 Sample Locations
Attachment B: Access Agreement and stamped envelope
Attachment C: Site Inspection Sampling and Analysis Plan – Damille Metal SVC (digital media)

cc:    Joe DeFao, Weston Solutions, Inc.
       Narine Aghakiant, CA Department of Toxic Substances Control

5



DMS-SV-1
DMS-SV-2
DMS-SV-3
DMS-SV-4
DMS-SV-5
DMS-SV-6
DMS-SV-7
DMS-SV-8
DMS-SV-9
DMS-SV-10
DMS-SV-11
DMS-SV-12
DMS-SV-13
DMS-SV-14
DMS-SV-15
DMS-SV-16
DMS-SV-17
DMS-SV-18
DMS-SV-19
DMS-SV-20

Alameda Street
Alameda Corridor (Railroad)
Santa Fe Avenue
Santa Fe Avenue

Google Earth
©2018 Google

## Legend

- Site Boundary
- ⊙ Combined Soil Vapor & Soil Matrix Boring
- Existing Site Structure
- Historical Site Feature



References:
Google, 2018

WESTON

**Attachment A**
**PROPOSED STAGE 1**
**SAMPLE LAYOUT MAP**
Damille Metal SVC
Site Inspection
8201 Santa Fe Avenue
*Huntington Park, CA*

Scale in Feet
0              200



**UNITED STATES ENVIRONMENTAL PROTECTION AGENCY**
**REGION IX**
**75 Hawthorne Street**
**San Francisco, CA 94105**


# ACCESS AGREEMENT

## Subject: Access to Former Damille Metal Services Property
## Assessor Parcel Number(s): 6202-036-009, -010, -011, -012 and -013
## and 6202-037-004, -006, -009, and -010
## EPA Site ID: Damille Metal SVC
## EPA ID Number: CAN000903324

I consent to officers, employees, contractors, and authorized representatives of the United States Environmental Protection Agency (EPA) entering and having continued access to this property for the following purposes and time periods:

1. Geophysical Survey – December 19th through 21st, 2018.

I realize that these actions taken by EPA are undertaken pursuant to its response and enforcement responsibilities under the Comprehensive Environmental Response, Compensation and Liability Act, 42 U.S.C. §9601 et seq.

This written permission is given by me voluntarily, on behalf of myself and all other co-owners of this property, with knowledge of my right to refuse and without threats or promises of any kind.


_____    _____
**Date**                          **Signature**


_____
**Print name, title**


Note: Please return this agreement using the self-addressed and franked envelope provided

EPA Access Request Letter – Damille Metal SVC – Byun – November 26, 2018
Attachment B



**UNITED STATES ENVIRONMENTAL PROTECTION AGENCY**
**REGION IX**
**75 Hawthorne Street**
**San Francisco, CA 94105**

## ACCESS AGREEMENT

**Subject: Access to Former Damille Metal Services Property**
**Assessor Parcel Number(s): 6202-036-009, -010, -011, -012 and -013**
**and 6202-037-004, -006, -009, and -010**
**EPA Site ID: Damille Metal SVC**
**EPA ID Number: CAN000903324**

I consent to officers, employees, contractors, and authorized representatives of the United States Environmental Protection Agency (EPA) entering and having continued access to this property for the following purposes and time periods:

1. Geophysical Survey – February 14th through 19th, 2019.

I realize that these actions taken by EPA are undertaken pursuant to its response and enforcement responsibilities under the Comprehensive Environmental Response, Compensation and Liability Act, 42 U.S.C. §9601 et seq.

This written permission is given by me voluntarily, on behalf of myself and all other co-owners of this property, with knowledge of my right to refuse and without threats or promises of any kind.

2-1-2019
**Date**

_[signature]_
**Signature**

Jong UK Byun
**Print name, title**

Note: Please return this agreement using the self-addressed and franked envelope provided or as described in the attached Access Letter.

EPA Access Request Letter – Damille Metal SVC – Byun – January 30, 2019
Attachment B



**UNITED STATES ENVIRONMENTAL PROTECTION AGENCY**
**REGION IX**
**75 Hawthorne Street**
**San Francisco, CA  94105**

February 2, 2018

Central Metal, Inc.
c/o Jong Byun
2203 South Alameda Street
Los Angeles, CA 90058

RE:    Damille Metal SVC (former)
       EPA ID No.: CAN000903324
       8201 Santa Fe Avenue
       Huntington Park, California
       APN#s:  6202-036-009, 6202-036-012, 6202-036-013
               6202-037-004, 6202-037-006, 6202-037-009, 6202-037-010

Dear Mr. Byun:

Enclosed is a Preliminary Assessment (PA) report for Central Metal, Inc., formerly known as Damille Metal Services ("the Site"). The U.S. Environmental Protection Agency (EPA) conducted the PA pursuant to its response and enforcement responsibilities under the Comprehensive Environmental Response, Compensation and Liability Act, 42 U.S.C. §9601 et seq. (CERCLA). The Preliminary Assessment was conducted in order to determine if the Site is a potential source of area groundwater contamination.

Based on currently available information, which is contained in the enclosed report, EPA has determined that the Site is eligible for further investigation under CERCLA. This means that EPA plans to execute the next phase of the site assessment process, a Site Inspection (SI). The SI is a more extensive study and typically involves the collection of soil, soil gas, and/or groundwater samples.

Section 104(e)(4)(A) of CERCLA authorizes EPA to access private property under certain conditions, but we are requesting your consent and your preference for appointment times. A Site Access Agreement is included as Attachment B, and includes an opportunity to note three preferred 2-hour appointment times.

**Please note that sampling will not take place at this time.** Sampling of the site will occur later this year in two separate phases that will each last from 3 to 5 days. Separate Site Access Agreements will be requested for the sampling phases and EPA will incorporate site operation logistics into the agreement to the greatest degree practicable. At the conclusion of the Site Inspection, you and your designees will be provided with a copy of the report.

EPA respectfully requests that you make the following information, where applicable, available to EPA and Weston Solutions at the time of the "site walk":

- Ownership and operational history of the site.
- Site plans, facility maps, and historical aerial photographs, if available, showing the locations of any hazardous substances, wells, buildings, drainage, and any other pertinent site features.
- List of all hazardous substances generated, stored, treated, transported from or disposed of at the facility, including dates and amounts, if known.
- Description of past and present waste management practices, including on-site generation, storage, treatment, disposal or removal of hazardous substances.

EPA respectfully requests that you sign and date the enclosed Site Access Agreement (Attachment B). We will follow up this request via phone if we have not heard from you within 7 days of mailing. You can provide this by either email or hardcopy per the options below:

- Mitguard.Matt@epa.gov

- Matt Mitguard
  U.S. Environmental Protection Agency, Region 9
  Brownfields & Site Assessment Section
  75 Hawthorne Street (SFD-6-1)
  San Francisco, California 94105

If you have any questions regarding the Preliminary Assessment Report or the Site Investigation, please call Matt Mitguard, of my staff, at (415) 972-3096. If you should wish to speak with an EPA attorney, please contact Andrew Helmlinger of our Office of Regional Counsel at (415) 972-3904. You may also call me at 415-972-3169.

Sincerely,

Mindy Clements, Chief
Brownfields & Site Assessment Section
Superfund Division

Enclosure

Attachment A:  Aerial Photo/Parcel Overlay of Central Metal, Inc.
Attachment B:  Site Access Agreement

cc w/attachment:        Jong Byun
                        Central Metal Services
                        EPA ID No.: CAN000903324
                        8201 Santa Fe Avenue
                        Huntington Park, California  90255

cc w/o attachment:      Andrew Helmlinger, USEPA
                        Brian Reilly, Weston Solutions
                        Javier Hinojosa, CA Department of Toxic Substances Control



Attachment A

Legend

Site Boundary

Parcel Boundary

Scale in Feet
0                    200

WESTON

Parcel Layout Map
Damille Metal Service
8201 Santa Fe Avenue
Huntington Park, CA

ATTACHMENT B: ACCESS AGREEMENT



**UNITED STATES ENVIRONMENTAL PROTECTION AGENCY
REGION IX
75 Hawthorne Street
San Francisco, CA 94105**

## SITE ACCESS AGREEMENT

**Property:**     Central Metal, Inc. (formerly Damille Metal SVC)
EPA ID No.: CAN000903324
8201 Santa Fe Avenue
Huntington Park, California
APN#s:  6202-036-009, 6202-036-012, 6202-036-013
6202-037-004, 6202-037-006, 6202-037-009, 6202-037-010

I consent to and grant the United States Environmental Protection Agency, its officers, employees, representatives, contractors, and agents, and any party operating under the oversight of EPA (collectively "EPA"), access to the property(ies) described above (the "Property"), for the following purposes:

1) Collect file information
2) Take on-site and off-site photographs
3) Conduct a "site walk" with a site representative – approximately 2 hours

I realize that these actions taken by EPA are undertaken pursuant to its response and enforcement responsibilities under the Comprehensive Environmental Response, Compensation and Liability Act, 42 U.S.C. §9601 et seq.

This written permission is given by me voluntarily, on behalf of myself and all other co-owners of this property, with knowledge of my right to refuse and without threats or promises of any kind.

Site Access Date is March 15th, 2018:
Site Access Time Slots are: 10:00am – 12:00pm; 12:15pm – 2:15pm; 2:30pm – 4:30pm

Preferred Appointment Times:     1st:_____  2nd:_____  3rd:_____

_____          _____

**Date**                          **Signature**


_____

**Print Name, Title**


_____

**Phone Number**



## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: **17609 Ventura Blvd. Suite 314, Encino, CA 91316.**

A true and correct copy of the foregoing document entitled: **CHAPTER 11 DISCLOSURE STATEMENT AND PLAN OF REORGANIZATION OF DEBTOR WHO IS AN INDIVIDUAL(S) WITH PRIMARILY CONSUMER DEBTS [11 U.S.C. §§ 1123, 1125]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **March 11, 2019,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- John Burgee    jburgee@bandalaw.net
- [Counsel for Duetsche Bank]  Theron S Covey    tcovey@rasflaw.com, CAECF@tblaw.com
- [Counsel for Bank of Hope] Hal D Goldflam    hgoldflam@frandzel.com, bwilson@frandzel.com
- [Counsel for Debtor] M. Jonathan Hayes    jhayes@rhmfirm.com, roksana@rhmfirm.com;rosario@rhmfirm.com;janita@rhmfirm.com;susie@rhmfirm.com;max@rhmfirm.com;priscilla@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.com;rebeca@rhmfirm.com
- [Counsel for Packo Investment] David W. Meadows    david@davidwmeadowslaw.com
- [Counsel for DLI Assets Bravo, LLC] Katrina M Miller    kmiller@pskfirm.com
- [Counsel for US Trustee]  Kelly L Morrison    kelly.l.morrison@usdoj.gov
- [Unsecured Creditor]Daniel E Park    dpark@parksylvalaw.com
- [Counsel for Hyundai Steel;] Darren L Patrick    dpatrick@omm.com
- [Counsel for creditor Coleman & Horowitz] Steven G. Polard    spolard@ch-law.com, cborrayo@ch-law.com
- Valerie Smith    claims@recoverycorp.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

**2. SERVED BY UNITED STATES MAIL**: On (*date*) **March 11, 2019,** I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**Judge:**
**Hon. Vincent P. Zurzolo**
**U.S. Bankruptcy Court**
**255 E. Temple Street, Suite 1360**
**Los Angeles, CA 90012**

**Debtor:**
**Jong Uk Byun**
**8201 Santa Fe Ave.**
**Huntington Park, CA 90255**

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **March 11, 2019,** I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| March 11, 2019 | Ja'Nita Fisher | /s/ Ja'Nita Fisher |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form has been approved for use in chapter 11 cases assigned to Judge Vincent P. Zurzolo.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: **17609 Ventura Blvd., Suite 314, Encino, CA 91316.**

A true and correct copy of the foregoing document entitled: **NOTICE OF MOTION AND MOTION TO APPROVE ADEQUACY OF DISCLOSURE STATEMENT OF DEBTOR WHO IS AN INDIVIDUAL(S) WITH PRIMARILY CONSUMER DEBTS** [11 U.S.C. § 1125; FRBP 3017; LBR 3017-1] will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **April 5, 2019,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **John Burgee    jburgee@bandalaw.net**
- **Theron S Covey    tcovey@rasflaw.com, CAECF@tblaw.com**
- **Hal D Goldflam    hgoldflam@frandzel.com, bwilson@frandzel.com**
- **M. Jonathan Hayes    jhayes@rhmfirm.com, roksana@rhmfirm.com;rosario@rhmfirm.com;janita@rhmfirm.com;susie@rhmfirm.com;max@rhmfirm.com;priscilla@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.com;rebeca@rhmfirm.com**
- **David W. Meadows    david@davidwmeadowslaw.com**
- **Katrina M Miller    kmiller@pskfirm.com**
- **Kelly L Morrison    kelly.l.morrison@usdoj.gov**
- **Daniel E Park    dpark@parksylvalaw.com**
- **Darren L Patrick    dpatrick@omm.com**
- **Steven G. Polard    spolard@ch-law.com, cborrayo@ch-law.com**
- **Valerie Smith    claims@recoverycorp.com**
- **United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov**

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:  On (*date*) **April 5, 2019,** I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**Hon. Vincent P. Zurzolo**
**U.S. Bankruptcy Court**
**255 E. Temple Street, Suite 1360**
**Los Angeles, CA 90012**

**Jong Uk Byun**
**8201 Santa Fe Ave.**
**Huntington Park, CA 90255**

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **April 5, 2019,** I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| April 5, 2019 | Ja'Nita Fisher | /s/ Ja'Nita Fisher |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form has been approved for use in chapter 11 cases assigned to Judge Vincent P. Zurzolo.