1  David W. Meadows (CA Bar No. 137052)
   LAW OFFICES OF DAVID W. MEADOWS
2  1801 Century Park East, Suite 1235
   Los Angeles, California  90067
3  Telephone: 310-557-8490
   Facsimile:  310-557-8493
4  Email: david@davidwmeadowslaw.com

5  Counsel to Secured Creditors Packo Investments, Inc., Allen
   Park, M&A Equities, LLC, The BAE Family Trust,
6  Mohamed Sanfaz, and Kap Chan Chong

7

8              UNITED STATES BANKRUPTCY COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10                    LOS ANGELES DIVISION

11

12  In re:                          Case No. 2:18-bk-19004-VZ

13  JONG UK BYUN,                   Chapter 11

14      Debtor and Debtor in Possession   **OPPOSITION TO MOTION TO APPROVE ADEQUACY OF DISCLOSURE STATEMENT AND OBJECTION TO DISCLOSURE STATEMENT**

15

16                                  Date:  April 25, 2019
17                                  Time:  11:00 a.m.
                                    Place: Courtroom 1368
18                                         255 E. Temple Street
                                           Los Angeles, CA  90012
19

20

21

22

23                                   1

**TO THE HONORABLE VINCENT P. ZURZOLO, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, THE DEBTOR AND DEBTOR IN POSSESSION, AND PARTIES IN INTEREST:**

Secured Creditors Packo Investments, Inc., M&A Equities, LLC, The Bae Family Trust, Allen Park, Mohamed Sanfaz, and Kap Chan Chong (Collectively "Secured Parties") submit this opposition to the Debtor's Motion to Approve Adequacy of Disclosure Statement (the "Motion"), with respect to the combined Disclosure Statement and Plan filed on March 11, 2019 (the "Plan" and "Disclosure Statement") and their objection to the Disclosure Statement.

I. **PRELIMINARY STATEMENT**

The Secured Parties principally are reserving their objections to confirmation of the proposed chapter 11 Plan. However, there are what appear to be clear errors in the Plan portion with respect to the proposed treatment of the claims of two Secured Parties. These are identified below. The essence of the objection is that at least the proposed terms must be stated, putting aside why these creditors should receive the proposed treatment.

II. **SPECIFIC PLAN TREATMENT AND APPARENT ERRORS:**

Two of the Secured Parties, specifically M&A Equities, LLC ("M&A") and Mr. Kap Chan Chong ("Mr. Chong") are for unknown reasons not to be paid from sales of their collateral. Instead, the Plan proposes to pay them over time. However, the relevant provisions of the proposed stretch out are omitted, as follows:

A.   **M&A Equities (Doc. 110, Pages 22 and 23 of 68)**

M&A Equities filed its secured claim in the amount of $600,000 based on the principal amount of the loan, reserving its claim for the interest, fees and charges (the "M&A Claim")[1]. The M&A Claim attaches all of the loan and security documents. The default rate of interest on the loan is 18%. The Plan has the following errors and omissions:

1. Top of page 23: identifies Claim 6b. This appears to be a typo. It should reference Claim 6d. Also, the "6b" should be removed where it is next to "vehicle."

2. Under "Current Status of the Loan," it states the amount of $900,000. The principal of the loan is $600,000, as stated by the Debtor on page 6 of 28.

3. Under Part 1, with respect to the proposed (and absurd) plan payments to be paid after the Effective Date, no information is provided. Neither the monthly nor quarterly box is checked, nor the interest rate stated, nor the amount of each payment stated. These should be filled in, so that M&A knows what the Debtor actually is proposing in terms of an interest rate and payment period.[2]

B.   **Mr. Chong (Doc. 110, Page 26 of 68)**

Mr. Chong is an individual who loaned money to the Debtor as a personal accommodation to the Debtor. To repay this individual, the Debtor apparently intends to pay only the principal balance of

---

[1] Claim No. 8.

[2] The "Amt. Each Monthly Ongoing Payment" is stated, in the amount of $4,831.00. Dividing the principal of $600,000 by the monthly payment, apparently the Debtor intends to stretch out this fully secured creditor for over ten years, with no interest, to satisfy only the principal amount of the loan.

3

$98,114 over a period of approximately 7.5 years, with no interest. The $98,114 is the amount stated in Mr. Chong's proof of claim (Claim No. 12), but the claim reserved additional costs and fees. Under the Debtor's estimate of property values, this claim is fully secured. As shown in the proof of claim, the loan is entitled to a default rate of interest of 18%. As with the loan by M&A Equities, the Plan document is blank with respect to the proposed timing of payments, the amount, and most importantly, the interest rate. If it is intended to be anything more than zero, then apparently the stretch out to this fully secured individual lender to the Debtor is going to be even longer than 7.5 years.

III. **CONCLUSION**

As to the treatment of these two secured creditors, in particular Mr. Chong, as senior gentleman, the manner of repayment of the debt seems odd. The Debtor's Disclosure Statement describes a business plan to do what the Debtor has said he would do since the case was filed last summer, namely, to sell enough properties to pay his creditors in full. Should the Debtor succeed in selling two of his properties for the prices he thinks they are worth – roughly $5.5 million and $25 million, according to the Debtor, he will have enough to pay all his creditors in full including M&A Equities and Mr. Chong. The Plan implies that Mr. Byun will keep the excess cash proceeds and stretch these two creditors out over time with no interest. These two Secured Parties think that these Plan provisions are in error. At least as presented in the Plan, the proposed treatment is not fully stated.

DATED: April 11, 2019                                   THE LAW OFFICES OF DAVID W. MEADOWS


                                                         /s/ David W. Meadows
                                                        David W. Meadows
                                                        Counsel for Secured Creditors Packo Investments,
                                                        Inc., Allen Park, M&A Equities, LLC, The BAE
                                                        Family Trust, Mohamed Sanfaz, and Kap Chan
                                                        Chong

4

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 1801 Century Park East, Suite 1235, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled: **OPPOSITION TO MOTION TO APPROVE ADEQUACY OF DISCLOSURE STATEMENT AND OBJECTION TO DISCLOSURE STATEMENT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On 3/26/19, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:
On _____ I caused to be served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on 4/11/19, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

    Hon. Vincent Zurzolo   (Via Messenger)
    Edward R. Roybal Federal Building and Courthouse
    255 E. Temple Street, Suite 1360
    Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 4/11/2019 | David W. Meadows | /s/ David W. Meadows |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*            **F 9013-3.1.PROOF.SERVICE**

**1. Continued (Via ECF):**

Office of the United States Trustee:   Kelly L. Morrison, via ECF @ United States Trustee (LA) ustpregion16.la.ecf@usdoj.gov

Counsel to the Debtor and Debtor in Possession**:**  Via ECF @ jhayes@rhmfirm.com, 3039.3@notices.nextchapterbk.com;roksana@rhmfirm.com;rosario@rhmfirm.com;janita@rhmfirm.com;susie@rhmfirm.com;max@rhmfirm.com;priscilla@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.com;rebeca@rhmfirm.com;ma

Counsel to Secured Creditor Hyundai Steel Company**:**  Via ECF to Darren L. Patrick @ dpatrick@omm.com

Counsel to Deutsch Bank *et al**:*  Via ECF to Theron S. Covey @ tcovey@rasflaw.com, CAECF@tblaw.com

**All ECF Notice Parties:**

- **John Burgee**     jburgee@bandalaw.net
- **Theron S Covey**     tcovey@rasflaw.com, CAECF@tblaw.com
- **Hal D Goldflam**     hgoldflam@frandzel.com, bwilson@frandzel.com
- **M. Jonathan Hayes**     jhayes@rhmfirm.com, roksana@rhmfirm.com;rosario@rhmfirm.com;janita@rhmfirm.com;susie@rhmfirm.com;max@rhmfirm.com;priscilla@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.com;rebeca@rhmfirm.com
- **David W. Meadows**     david@davidwmeadowslaw.com
- **Katrina M Miller**     kmiller@pskfirm.com
- **Kelly L Morrison**     kelly.l.morrison@usdoj.gov
- **Daniel E Park**    dpark@parksylvalaw.com
- **Darren L Patrick**    dpatrick@omm.com
- **Steven G. Polard**    spolard@ch-law.com, cborrayo@ch-law.com
- **Valerie Smith**    claims@recoverycorp.com
- **United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                                                              **F 9013-3.1.PROOF.SERVICE**