| | |
|---|---|
| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br><br>M. Jonathan Hayes (Bar No. 90388)<br>Matthew D. Resnik (Bar No. 182562)<br>Roksana D. Moradi-Brovia (Bar No. 266572)<br>**RESNIK HAYES MORADI LLP**<br>17609 Ventura Blvd., Suite 314<br>Encino, CA 91316<br>**Telephone:** (818) 285-0100<br>**Facsimile:** (818) 827-4919<br>jhayes@rhmfirm.com<br>matt@rhmfirm.com<br>roksana@rhmfirm.com<br><br>☐ *Individual appearing without attorney*<br>☒ *Attorney for:* DEBTOR | FOR COURT USE ONLY |

<div align="center">

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION**

</div>

| In re:<br><br><br><br>**JONG UK BYUN,**<br><br><br><br><br><br>Debtor(s). | CASE NO.: 2:18-bk-19004-**VZ**<br><br>CHAPTER: **11**<br><br>---<br><br><div align="center">**SECOND AMENDED** DISCLOSURE STATEMENT AND PLAN OF REORGANIZATION OF DEBTOR WHO IS AN INDIVIDUAL(S) WITH PRIMARILY CONSUMER DEBTS<br><br>[11 U.S.C. §§ 1123, 1125]</div><br><br>---<br><br>☒☐ Initial Disclosure Statement and Plan<br>☐☒ 1st Amended Disclosure Statement and Plan<br>☐<br><br><div align="center">For information on court hearings,<br>see the separately filed notice(s) of hearing.</div> |

The Debtor is an individual(s) with primarily consumer debts who filed a chapter 11 bankruptcy case to treat claims through a plan of reorganization. 11 U.S.C. § 1125 requires the Debtor to disclose adequate information about a plan before the Debtor can solicit votes on that plan. To avoid confusion and contradiction, the Debtor filed the document you are reading as a combined "Disclosure Statement and Plan of Reorganization" ("**DS and Plan**").

**PLAN**. Sections VII – IX of the DS and Plan constitute the plan of reorganization (the "**Plan**"), and contains all information required by 11 U.S.C. § 1123, including the proposed treatment of claims and the effects of confirming the Plan. **If the court confirms the Plan, the terms will be binding on the Debtor and on claimants treated by the Plan.**

**DISCLOSURE STATEMENT**. Sections I – VI and X of the DS and Plan constitute the disclosure statement (the "**DS**"), The DS meets the standard for adequate information set forth in 11 U.S.C. § 1125(a). **The information disclosed is for explanatory purposes only and is as accurate as possible.**

This form has been approved for use in chapter 11 cases assigned to Judge Vincent P. Zurzolo.

*August 2016*      Page 1      **VZ CH11.IND.NOTICE.HEARING.DISCLSR**

| NOTE ABOUT CITATIONS |
|---|
| **"Chapter, section and §" references** are to 11 U.S.C. §§ 101-1532 of the Bankruptcy Code. <br> **"FRBP" references** are to the Federal Rules of Bankruptcy Procedure. <br> **"LBR" references** are to the Local Bankruptcy Rules for the Central District of California. <br> **"Motion" references** mean that a motion is properly filed, served, and ruled on by the court. |

### TABLE OF CONTENTS

| | | | Page |
|---|---|---|---|
| | **DISCLOSURE STATEMENT** | | |
| I. | Type of Plan of Reorganization; Important Dates | | **3** |
| II. | Background Information about the Debtor | | **3** |
| III. | Definitions: Claims, Voting, Objecting to Confirmation | | ~~5~~6 |
| IV. | Liquidation Analysis | | ~~7~~8 |
| V. | Non-Income Sources to Fund the Plan | | **9** |
| VI. | Financial Feasibility, Risk Factors, Tax Consequences | | **10** |
| | **PLAN OF REORGANIZATION** | | |
| VII. | Plan Provisions: Treatment of Claims | | ~~12~~13 |
| | A. | Post-Petition Domestic Support Obligation: Pay Before Plan is Confirmed | ~~12~~13 |
| | B. | Executory Contracts and Unexpired Leases | **13** |
| | C. | Unsecured Claims: Administrative Expenses, Taxes | **14** |
| | D | CLASS # 1: Unsecured Claims: Pre-Petition Domestic Support Obligations | ~~15~~16 |
| | E. | CLASS # 2: Unsecured Claims: Nominal and General | **16** |
| | F. | CLASS # 3 and # 4: Secured Claims: Debtor's Primary Residence | ~~16~~17 |
| | G. | CLASS # 5 and # 6: Secured Claims: Other Property | **18** |
| VIII. | Unclaimed or Undeliverable Plan Distributions | | ~~31~~33 |
| IX. | Discharge | | ~~31~~33 |
| **X. EXHIBITS AND DECLARATIONS** | | | ~~31~~33 |
| | **Mandatory Exhibits** | | |
| | Declaration of Debtor | | **EXH A** |
| | List of all Claims | | **EXH B** |
| | List of all Property and Valuation of Property as of Confirmation Date | | **EXH C** |
| | Projected Income, Expenses and Payments by Month/Quarter | | **EXH D** |
| | **Optional Exhibits** | | |
| | Letters from the Environmental Protection Agency re Santa Fe Property | | **EXH E** |
| | | | |

This form has been approved for use in chapter 11 cases assigned to Judge Vincent P. Zurzolo.

## I.  TYPE OF PLAN OF REORGANIZATION;  IMPORTANT DATES

Payments and treatments under the Plan have a starting date ("**Effective Date**"), a period of time after the Effective Date to continue payments ("**Plan Term**"), and a final payment date.

| Plan Type | Effective Date | Plan Term | Final Payment Date |
|---|---|---|---|
| ☒ Operating<br>☐ Liquidating | ☐ 14 days after order confirming Plan<br>☒ Other date:  **the first business day that is fourteen (14) calendar days after the entry of the order confirming the Plan, with** *payments* **beginning by the first day of the following month.** | ☒ 5 years; or<br>☐    months | ~~July~~October 1, 2024 *(estimated)* |

### A.  EXECUTIVE SUMMARY OF THE PLAN OF REORGANIZATION

The Debtor expects to sell two of his seven properties and pay bulk of his secured creditors out of those two sales.  There are seven secured creditors who will be paid in full out of the sales as well as all past due property taxes.  The primary secured lender, Hyundai Steel Company, has a lien on four of the properties.  The Debtor has listed the two properties for sale, Santa Fe and 24th Street, and expects to complete sales of those properties by December 1, 2019.  The delay in completing a sale of Santa Fe has been an investigation of the property by the Environmental Protection Agency (EPA).  There is significant interest in that property however the buyers require completion of the EPA investigation.  The Debtor expects the EPA to complete its investigation by October or November 2019.  As to 24th Street, the Debtor has a buyer for the property but the buyer has been unable to date to secure financing for the purchase based on its bank's concern over environmental issues.

The Debtor is not using either of these two properties substantially in his Central Metals, Inc. recycling business therefore the sales will have no effect of that business.

The Debtor will pay his unsecured creditors in full over 60 months out of the rent and personal income he receives from Central Metals, Inc.

## II.  BACKGROUND INFORMATION ABOUT THE DEBTOR

### A.  FACTORS THAT LED TO FILING THIS BANKRUPTCY CASE. (*Describe briefly*):

The Debtor is a single individual, 67 years of age.  The Debtor owns real property, as set forth below, which is fairly valued in the range of $40 million.  He does not own a home.

He also owns 100% of Central Metal, Inc. which he formed in 1993.  He has operated that business ever since.  Much of the Debtor's real property is used by the recycling business.  The Debtor owns no other business operations at this time.

A.  Overview of Central Metal, Inc.
Central Metal is an innovative metal processor that integrates culture of recycling reusable metals by preserving our natural resources for the future generations.   When materials are received by Central Metal, they are weighed on its certified scales and weigh-master.  Materials are then processed by first grouping them into different classes and grades.  The graded materials are prepared according to specification, including baling, shearing, crushing, torch-prepping, or others.  The materials are put into appropriate containers for shipment.   Central Metal is the leader in technology development and its application.  It

This form has been approved for use in chapter 11 cases assigned to Judge Vincent P. Zurzolo.

*August 2016*                                      Page 3                      **VZ  CH11.IND.NOTICE.HEARING.DISCLSR**

created innovative ways to load scrap metal into containers and are equipped with state of the art machineries that allow us to provide fast and efficient service to our customers.  Central Metal receives scrap vehicles from various industries and private sectors in order to properly dispose of and recycle any reusable and valuable materials.  It removes any contaminants and extract the reusable materials for further process.

Gross sales for Central Metal for fiscal year ended February 28, 2017 was $7.1 million; for 2018 $5.1 million; for 2019 $8.3 million.

Central Metal currently conducts its business activities out of four (4) facilities throughout Southern California – one facility in the Los Angeles County area, one facility in Hinkley/Barstow, one facility in San Bernardino, and one facility in Bakersfield.  The company had a fifth location in Los Angeles until about a year ago.  Central Metal's largest customer was, until approximately mid-2016, Hyundai Steel Company, Ltd. ("Hyundai").  From 2007 through mid-2016, Central Metal sold Hyundai more than $180 million in recycled materials.  Hyundai stopped buying product from Central Metal in mid-2016.  Litigation began between the Debtor, Central Metal and Hyundai and continues to this time.

B.   The major events or circumstances that led to the filing.
The Debtor filed this personal chapter 11 case to stop a non-judicial foreclosure sale on ~~four of~~ his real ~~properties~~property by the senior deed of trust holder, Hyundai.  The foreclosure sale was set for August 6, 2018.  When the Debtor was unable to convince Hyundai to continue the sale, he filed the petition.   A judicial foreclosure action filed by Hyundai against the Debtor is pending at this time.

Debtor owns 7 real properties.  None of them are his residence.

*RESIDENCE*

| Address | Value | Liens |
|---|---|---|
| None | | |

*RENTAL PROPERTIES*

| Address | Value | Liens |
|---|---|---|
| "Santa Fe Ave. Property" 8201 Santa Fe Ave. Huntington Park, CA 90255 9 parcels, approx. 11 acres | $25 million Note:  The Debtor owns the land and Central Metal, Inc. owns the improvements.  The total value of the land *and* improvements is $25 million.  Central Metal, Inc. will cooperate with the sale of the property.  The liens to the right attach to the full value.<br><br>See Declaration of Jong Uk Byun | Liens: 1.  L.A. County 2.  Hyundai  $22.1 million 3.  Packo Investment $2,000,000 4.  BAE Family Trust $1,290,000 5.  Soo Yeong Kim $100,000 6.  Mohamed Sanfaz $~~500~~300,000 7.  Toni Ko $~~877,500~~943,313 8.  Allen Park - Packo Investment $100,000 |
| "Alameda Property 1" 2203 S. Alameda St. Los Angeles, CA 90058 Two parcels, approx. 80,000 sq ft.<br><br>Rent paid by Central Metal, Inc. $25,714 @month | $4.8 million (Debtor's estimate) | Liens: 1.  L.A. County 2.  Hyundai  $22.1 million 3.  Packo Investment $2,000,000 4.  BAE Family Trust $1,290,000 5.  Soo Yeong Kim $100,000 6.  Mohamed Sanfaz $~~500~~300,000 7.  Toni Ko $~~877,500~~943,313 8.  Allen Park - Packo |

This form has been approved for use in chapter 11 cases assigned to Judge Vincent P. Zurzolo.

*August 2016*                    Page 4                    VZ  CH11.IND.NOTICE.HEARING.DISCLSR

| | | Investment $100,000 |
|---|---|---|
| "Alameda Property 2"<br>1736 E. 24th St.<br>Los Angeles, CA 90058<br>Lot w/ building used as office.<br>Vacant | $5.5 million (per pending sale)<br>Note: The Debtor owns the land and Central Metal, Inc. owns the improvements. The total value of the land *and* improvements is $5.5 million. Central Metal, Inc. will cooperate with the sale of the property. The liens to the right attach to the full value. | Liens:<br>1. L.A. County<br>2. Hyundai $22.1 million<br>3. Packo Investment $2,000,000<br>4. BAE Family Trust $1,290,000<br>5. Soo Yeong Kim $100,000<br>6. Mohamed Sanfaz $500,000<br>7. Toni Ko $~~877,500~~943,313<br>8. Allen Park - Packo Investment $100,000 |
| "Alameda Property 3"<br>2445 S. Alameda St.<br>Los Angeles, CA 90058<br>29,000 sq ft<br><br>Rent paid by Central Metal, Inc. $5,143 @month | $1.4 million (Debtor's estimate) | Liens:<br>1. L.A. County<br>2. Hyundai $22.1 million<br>3. Packo Investment $2,000,000<br>4. BAE Family Trust $1,290,000<br>5. Soo Yeong Kim $100,000<br>6. Mohamed Sanfaz $500,000<br>7. Toni Ko $~~877,500~~943,313<br>8. Allen Park - Packo Investment $100,000 |
| 1770 E. 22nd St.<br>Los Angeles, CA 90058<br>SFR vacant | $150,000 (Debtor's estimate) | 1. L.A. County<br>2. Deutsche Bank $221,000<br>3. Packo Investments $2,000,000<br>4. Bae Family Trust $1,290,000<br>5. Soo Yeong Kim $100,000<br>6. Mohamed Sanfaz $500,000<br>7. Toni Ko $~~877,500~~943,313<br>8. Allen Park - Packo Investment $100,000 |
| 144 & 146 S. "G" Street<br>San Bernardino, CA 92410<br>4.2 acres – 180,000 sq ft<br>5 Parcels<br><br>Rent paid by Central Metal, Inc. $12,343 @month | $ 1 million (Debtor's estimate) | 1. M&A $~~600~~900,000 (~~$863,000 originally~~(same debt as attached to Hinckley property)<br>2. Bok Soon Byun $360,000<br>3. Packo Investments $2,000,000<br>4. BAE Family Trust $1,290,000<br>5. Soo Yeong Kim $100,000<br>6. Kap Chan Chong $98,114<br>7. Mohamed Sanfaz $500,000<br>8. Allen Park - Packo Investments $100,000 |
| 24399 Old Highway 58,<br>Hinkley, CA 92347<br>34 acres<br><br>Rent paid by Central Metal, Inc. $3,086 @month | $400,000 (Debtor's estimate) | 1. San Bernardino County $32,492.52<br>2. M&A $~~300~~900,000 (~~$462,500 originally~~(same debt as attached to San Bern property)<br>3. Soo Yeong Kim $100,000 |
| | | |

Each of these properties are used to some extent in the Debtor's recycling business operating through his wholly owned corporation, Central Metal, Inc.

This form has been approved for use in chapter 11 cases assigned to Judge Vincent P. Zurzolo.

**B. ACTIONS TAKEN TO SOLVE FINANCIAL PROBLEMS.** The Debtor filed this case on (*date*) **August 3, 2018.**, which is called the "Petition Date".

| Actions Taken Before Petition Date: | Actions Taken After Petition Date: |
|---|---|
| The Debtor listed two of his properties for sale so that he could pay the secured creditors out of escrow.  He had a sale pending for the Santa Fe Property for $28 million on the petition date.  That sale would have paid the secured creditors in full. The buyer ultimately walked away from the sale, post-petition. | The Debtor will continue to try to find buyers for at least the Santa Fe Property and the Alameda Property 2 (24th Street) which he believes will pay the secured creditors in full. |

**C.  PROJECTED FINANCIAL PERFORMANCE AFTER PLAN CONFIRMATION**. (*Describe briefly*)

As set forth in detail on the attached income and expense projections (Exhibit D), with the payments to his secured creditors from the sale of the two properties as proposed in his Plan, Debtor will have sufficient income to maintain consistent payments to his priority and secured creditors, with the remainder being paid to his unsecured creditors.

##

# III. DEFINITIONS AND PRELIMINARY INFORMATION

## A. CLAIMS AND CLAIMANTS

1. Claim [§ 102(2)]. "Claim" refers to all obligations of the Debtor or against property of the Debtor.  Claims treated under the Plan are included whether the claim arose before or after the bankruptcy case was filed, and whether or not an obligation involves a cash payment.

2. Claimant. A claimant refers to any party treated under the Plan, even if the party did not file a proof of claim.

## B. ALLOWED, DISALLOWED, AND DISPUTED CLAIMS

1. Allowed Claims. A claim is allowed if it is (a) timely and properly scheduled or filed, and not objected to; or (b) objected to, and was settled by the parties or otherwise determined by a court order.  **Allowed claims are provided for in the Plan in the relevant category or class.**

2. Disallowed Claims. A claim is disallowed if it was timely objected to by the Debtor, and the court made a ruling that the claim is disallowed in part or entirely.  **Disallowed claims are not treated under the Plan.**

3. Disputed Claims. A claim is disputed if a ruling on allowance has not been made, and (a) a proof of claim has been filed or deemed filed and the Debtor or a party in interest has filed an objection; or (b) a proof of claim has not been filed and the Debtor scheduled such claim as disputed, contingent, unliquidated or unknown.

   a. Deadlines for the Claims Objection Process.  (1) File proof of claims: **Dec 14, 2018**; and (2) File objections to claims: _____ and/or hold a hearing on objections to claims: **April 29, 2019.**

   b. Objections to Claims.  ☐☒ Debtor does not anticipate objecting to any other claims; or ☒☐ The objection process is pending, or will begin, for the following claims:

---

This form has been approved for use in chapter 11 cases assigned to Judge Vincent P. Zurzolo.

| Claimant | Proof of Claim # | Amount of Claim | Basis of Objection to Claim |
|---|---|---|---|
| Packo Investments | 7 | $2 million | Debtor has offsets and/or a portion of the claim has been paid via other transactions |
| M&A | 8 | $600,000 | Debtor has offsets and/or a portion of the claim has been paid via other transactions |
| BAE Family Trust | 9 | $1,290,000 | Debtor has offsets and/or a portion of the claim has been paid via other transactions |
| Mohamad Sanfaz | 10 | $500,000 | Debtor has offsets and/or a portion of the claim has been paid via other transactions |
| Allen Park | 11 | $100,000 | Debtor has offsets and/or a portion of the claim has been paid via other transactions |
| Hyundai Steel Company | 22 | $22 million | Debtor has offsets and/or a portion of the claim has been paid via other transactions |
|  |  |  |  |

    c.   <u>Delayed Distribution on Disputed Claims; Settlement</u>: No distribution will be made on a claim's disputed portion unless allowed by a final non-appealable order.  FRBP 9019 authorizes the Debtor to settle disputed claims with court approval; but, court approval is not required if a proposed settlement does not exceed $2,500.  The Debtor is required to reserve funds to pay the amount claimants would receive if the claim is allowed in full (unless the court approves a different amount).  To the extent a disputed claim is disallowed, (a) the funds that had been reserved for such claims will be distributed as provided in the Plan to other creditors of the same class (or as ordered by the court); or  (b) if this box is checked ☒☐ then such funds will be distributed to the Debtor.

**C.**   <u>**POTENTIAL § 1111(b) ELECTIONS**</u>.  § 1111(b) allows a partially secured claim to be treated as fully secured under certain conditions, notwithstanding § 506(a).  Claimants should consult their attorney to evaluate if a § 1111(b) election is available and is in their best interest, and to identify the deadline for making an election.

**D.**   <u>**VOTING BY BALLOT; FILING OBJECTION TO CONFIRMATION OF PLAN**</u>.

    1.   <u>**Introduction**</u>. "Voting" to accept or reject the Plan is different from "objecting" to confirmation of the Plan.

        a.   <u>**What does voting mean**</u>?  Voting means a claimant submits a ballot to the Debtor.  Ballots are counted so the court can determine claims and classes of claims which accept proposed claim treatment, and classes of claims which reject the proposed treatment.  Whether each class "accepts" or "rejects" treatment is only one factor the court must consider to determine whether to grant the Debtor's request to confirm the Plan.

        b.   <u>**What does "objecting to confirmation" mean**</u>?  Objecting to confirmation means a party files and serves a document that explains their objection.  The Debtor must satisfy many requirements for the court to

This form has been approved for use in chapter 11 cases assigned to Judge Vincent P. Zurzolo.

*August 2016*                             Page 7                       **VZ  CH11.IND.NOTICE.HEARING.DISCLSR**

confirm the Plan, and any factor may be a problem the Debtor has not solved before the hearing on Plan confirmation.  For example, a claimant may object because the Debtor placed their claim in a category or class that is not entitled to vote, and the claimant believes the claim is subject to voting.  Other parties may object because they think the Plan is not feasible, or that the Debtor has not submitted sufficient evidence to support financial projections, or has included a term in the Plan that violates the Bankruptcy Code.

   c.  **Notice of Deadlines for Voting and Objecting**.  The Debtor will file and serve 2 notices:  (1) Notice of Hearing on Adequacy of Disclosure Statement ("**Notice of DS Hearing**"); and Notice of Dates Related to Confirmation of Plan and Deadlines to (A) Submit Ballot; (B) File Preliminary Objection to Confirmation of Plan; and (C) File Response to Motion to Confirm Plan ("**Notice of Deadlines Related to Confirmation**").

2. **Voting by Ballot.**

   a.  **Who may vote (§ 1124)**.  Look for your claim to see if the Debtor believes you are entitled to vote.

      (1) **Not Entitled to Vote**.  The Bankruptcy Code treats many claimants as <u>having accepted the Plan</u> without a vote because the Plan treats the claim exactly as required by the Bankruptcy Code.  The Bankruptcy Code also treats claimants as <u>having rejected the Plan</u> without a vote if (a) the claimant is to receive no distribution under the Plan; (b) an objection has been filed to that claimants' claim and the objection has not been resolved prior to filing the Plan; or (c) Debtor scheduled a claim as contingent, disputed, unliquidated or unknown and the creditor has not filed a proof of claim.

      (2) **Entitled To Vote**.  Claimants are entitled to vote when their <u>claim is impaired</u>, i.e. the Plan alters the contractual, legal or equitable rights of the claimant.  <u>In addition</u>, a creditor whose claim has either been objected to or has been scheduled by the Debtor as contingent, disputed, unliquidated, or unknown, or who has not filed a proof of claim, and who wants to vote, must file a motion to have its claim allowed for voting purposes in time for that motion to be heard before the hearing on confirmation of the Plan.

   b.  **Effect of vote**.  The Plan can be confirmed if (i) it is accepted by each impaired class because a majority in number and at least two-thirds in dollar amount of the claimants in that class who timely voted to accept the Plan; or (ii) it is subject to cram down because it was accepted by at least one impaired class exclusive of insiders (as defined by §101(31)) and the court determines the Plan is "fair and equitable" (as defined by §1129(b)) to all rejecting classes of creditors, and it meets all other criteria required for confirmation).

   c.  **How to vote**.  A ballot will accompany the Notice of Deadlines Related to Confirmation.  A voting claimant must follow the instructions set forth in the Notice of Deadlines Related to Confirmation.  A claimant whose claim is allowed as partly secured and partly unsecured is entitled to vote in each capacity by delivering one ballot for the secured part of the claim and another ballot for the unsecured portion of the claim.

3. **Filing an Objection to Confirmation of the Plan**

   a.  **Who may object.**  Any claimant or other party in interest may object to confirmation of the Plan.

   b.  **How to object.**  Follow the instructions set forth in the Notice of Deadlines Related to Confirmation.

   c.  **Effect of objection**.  The court will consider all objections that are timely and properly filed and served.  If the objection has merit, it may result in the court denying the Debtor's request to confirm the Plan.

# IV. <u>LIQUIDATION ANALYSIS</u>

A.  <u>**RECOVERY ON GENERAL UNSECURED CLAIMS IN A CHAPTER 7 CASE vs. UNDER THE PLAN**</u>.
For claimants who hold general unsecured claims, a factor to help them determine whether to vote to accept or reject a plan is to compare the amount the claimant would receive in a chapter 7 bankruptcy case instead of the amount proposed in the Plan.  The following table illustrates the comparative payouts in terms of the percentage of the amount of a general unsecured claim that would be paid in a chapter 7 case vs. paid under the Plan.

---

This form has been approved for use in chapter 11 cases assigned to Judge Vincent P. Zurzolo.

*August 2016*                               Page 8                **VZ  CH11.IND.NOTICE.HEARING.DISCLSR**

**1. CALCULATION OF ESTIMATED PERCENT RECOVERY IN A CHAPTER 7 CASE**

| | |
|---|---|
| **(a) Net Liquidation value of Debtor's assets in a Chapter 7 case:** See Exhibit C for a list of all property of the bankruptcy estate, valuations, and valuation methods:<br><br>(1) Total value of the Debtor's assets: **$38,281,323**<br><br>(2) Total dollar amount that must be subtracted from the total asset value before paying general unsecured claims:<br><br>    A. Liens: **$28,071,500**  D. Taxes: **$1,015,580**<br>    B. Sale costs: **$2,296,879**  E. Exemptions: **$-0-**    **TOTAL of A-F**<br>    C. Fees: **$0**        F. Other: **$0**        **$31,383,959**<br><br>            (3) Net liquidation value of assets:    **(a)(1) minus (a)(2) =**<br><br>**\*Note:** Some portion of the Debtor's real property are assets is actually owned by his entity, Central Metal, Inc.  The liens which attach to the properties are guaranteed by Central Metal and thus attach to 100% of the property, i.e., the Debtor's portion and Central Metal's portion. | **$6,897,364** |
| **(b) Expenses to be paid before paying general unsecured claims.**<br><br>(1) Trustee's Fees:  Assuming the chapter 7 trustee disburses the net liquidation value of assets to claimants, § 326 indicates the chapter 7 trustee is entitled to fees of:<br><br>    \* 25% on the first $5,000 of all moneys disbursed = **$1,250**,<br>    \* 10% on any amount over $5,000 but less than $50,000 = **$4,500**,<br>    \* 5% on any amount over $50,000 but not in excess of $1 million = **$47,500**,<br>    \* 3% on all amounts over $1 million) = **$846,750**,<br><br>(2) Administrative Expense Claims: = $~~100~~405,000, **as follows: (a) $100,000 general administrative expenses, (b) $305,000, US Trustee quarterly fees if sales occur during the pendency of the chapter 11 case.**<br><br>(3) Tax Claims: = **$-0-** (Priority taxes)<br><br>(4) Other Unsecured Claims to be Paid Before General Unsecured Claims: = **$0**<br><br>    **TOTAL DOLLAR AMOUNT OF (b) (1) + (2) + (3) + (4)  =** | -$1,~~000,000~~2 51,750 |
| **(c) Dollar Amount Available for General Unsecured Claims: (a) minus (b) =** $5,~~897,364~~645,614 | ▨ |
| **(d) Dollar Amount of General Unsecured Claims**: = **$1,341,977** (See Exhibit B.) | ▨ |
| **(e) % Chapter 7 recovery on general unsecured claims:**  [ (c) divided by (d) ] x 100% = | **100%** |

This form has been approved for use in chapter 11 cases assigned to Judge Vincent P. Zurzolo.

*August 2016*                Page 9           **VZ  CH11.IND.NOTICE.HEARING.DISCLSR**

| 2. CALCULATION OF PROPOSED PERCENT RECOVERY UNDER THE PLAN | |
|---|---|
| **(a) Dollar Amount Proposed to Pay General Unsecured Claims: $1,341,977** | |
| **(b) Dollar Amount of General Unsecured Claims: $1,341,977** *(See Exhibit B; but note that this amount does include the unsecured portion of any junior liens that may remain outstanding after the sale of the two properties. The Debtor expects to pay the junior liens in full out of the sales.)* | |
| **(c) % Chapter 11 payout on general unsecured claims:** [ (b) divided by (a) ] x 100% = | **100%** |

## V. <u>NON-INCOME SOURCES TO FUND PLAN</u>.  See Exhibit D for income and other contributions that will fund the Plan (Combined Monthly Income).  If additional funding sources (non-income) are needed, see below:

**A. Loan or Line of Credit:**    ☒ None ☐ Loans or Lines of Credit are as follows:

| NAME OF LENDER | CONTRIBUTION TYPE | TERM | INT RATE | PROCEEDS |
|---|---|---|---|---|
| (1) | ☐ Loan ☐ Credit Line | | % | $ |
| (2) | ☐ Loan ☐ Credit Line | | % | $ |

**B. <u>Sales of Property</u>:**    ☐ None ☒ Property is planned to be sold as follows:

| PROPERTY DESCRIPTION:  See sections VII.A-G to identify properties listed below from **CLASS #3 - #6**. A sale motion is required (FRBP 6004 and LBR 6004-1). | PROPOSED SALE DATE | PROPOSED SALE PRICE | PROCEEDS TO FUND THE PLAN |
|---|---|---|---|
| (1) ☐ Residence (CLASS #3 or #4) | | $ | $ |
| (2) ☒ Property in CLASS #5 or #6: **Check only ONE:**<br>☐ 5a ☐ 5b ☐ 5c ☐ 5d ☐ 5e<br>☒ 6a ☐ 6b ☐ 6c ☐ 6d ☐ 6e | ~~4/1/2019~~8/15/2019 (but no later than 12/31/2019) | $5,500,000 | $5,280,000 |
| (3) ☒ Property in CLASS #5 or #6: **Check only ONE:**<br>☐ 5a ☐ 5b ☐ 5c ☐ 5d ☐ 5e<br>☐ 6a ☒ 6b ☐ 6c ☐ 6d ☐ 6e | 12/~~1~~311/2019 | $25 million | **$23,750,000** |

Note:  The Debtor has entered into an agreement to sell his property located at 1736 E. 24th St., Los Angeles, CA 90058.  He expects the sale to close approximately in mid-August, 2019.  The net proceeds of the sale will be paid entirely to Class 6a Hyundai thereby reducing the Hyundai secured claim by approximately $5 million.  The court previously approved this sale but since the sale did not close by April 30, 2019, the Debtor will have to file a new motion to Approve Sale which he expects to do in August, 2019.

This form has been approved for use in chapter 11 cases assigned to Judge Vincent P. Zurzolo.

*August 2016*                     Page 10                     **VZ  CH11.IND.NOTICE.HEARING.DISCLSR**

The Debtor expects the sale of his property at 8201 Santa Fe Ave. Huntington Park, CA 90255 to close in November or no later than 12/31/2019.  The net proceeds from that sale will be paid first to Hyundai until it is paid in full and then to the junior lienholders of Class 6b, 6c, 6d etc. The Debtor expects the sales proceeds to be sufficient to pay Hyundai in full and most, if not all, of the junior lienholders on those properties in full

**C. Adversary Proceedings**:  ☒ None  ☐ Adversary proceedings are as follows:

| ADVERSARY PROCEEDING DESCRIPTION:<br>FRBP 7001 and LBR 7004-1 require a<br>summons/complaint. | DATE FILED OR<br>TO BE FILED | ADV. PROC.<br>NUMBER | ANTICIPATED<br>RECOVERY |
|---|---|---|---|
| (1) | | | $ |
| (2) | | | $ |

## VI. FINANCIAL FEASIBILITY OF THE PLAN. The court must find that confirmation of the Plan is not likely to be followed by liquidation or the need for further reorganization, unless that is proposed in the Plan.

**A. Payments Before Plan Confirmation**.  This section demonstrates the Plan is feasible before confirmation.

| Domestic Support Obligation Due After Petition Date (Section VII.A.) = $ 0 | |
|---|---|
| **Source of Funds:** | N/A |

**B. Payments on the Effective Date**.  This section demonstrates the Plan is feasible on the Effective Date.

| (1) CLAIMS AND EXPENSES TO BE PAID ON THE EFFECTIVE DATE | AMOUNT |
|---|---|
| **Cure Payments: Executory Contracts, Unexpired Leases:** Section VII.B.2. | 0 |
| **Administrative claims + Statutory Costs/Charges**: Section VII.C.1. +court costs | ~~50,0000~~ |
| **1st Payment: Domestic Support Obligation Due Before Petition Date**: Section VII.D. | 0 |
| **Nominal Unsecured Claims:** Section VII.E.1. | 0 |
| **First Payments: General Unsecured Claims:** Section VII.E.2. | 0 |
| **Arrearages + First Payments: Secured Claims:** Sections VII.F. – VII.G. | 11,491 |
| **TOTAL TO BE PAID ON THE EFFECTIVE DATE:** | ~~61~~11,491 |

| (2) SOURCE OF FUNDS ON THE EFFECTIVE DATE | AMOUNT |
|---|---|
| **Cash on Hand:** | 100,000 |
| **Contribution of Family Member NOT listed in Schedule J, Line 11:**<br>☐ Name (*identify*): ☐ Gift ☐ Loan | |

This form has been approved for use in chapter 11 cases assigned to Judge Vincent P. Zurzolo.

*August 2016*                    Page 11                    **VZ  CH11.IND.NOTICE.HEARING.DISCLSR**

| | | |
|---|---|---|
| **Loan or Line of Credit**: Described above in: ☐ V.A.(1)  ☐ V.A.(2) | | |
| **Sale of Property**: Described above in: ☐ V.B.(1)  ☐ V.B.(2)  ☐ V.B.(3) | | |
| **Adversary Proceeding Recovery**: Described above in: ☐ V.C.(1)  ☐ V.C.(2) | | |
| **Other Sources**: ☐ (*identify*): | | |
| **TOTAL FUNDS AVAILABLE ON THE EFFECTIVE DATE**: | | 100,000 |

| | |
|---|---|
| **(3) CASH AVAILABLE AFTER PAYMENTS MADE ON THE EFFECTIVE DATE:** | ~~39,518~~88,509 |

C.  **Payments During the Plan Term**.  This section demonstrates the Plan is feasible during the Plan Term.

| **(1)  REGULAR EXPENSES AND INCOME DURING THE PLAN TERM** | **Monthly** | **Total of Plan Term** |
|---|---|---|
| **Regular Expenses:** Amount is from income and expense projections attached hereto as Exhibit D ~~Schedule J, Line 22c~~ and is for all expenses, including ongoing payments on secured claims that are also listed below in sections VII.F – VII.G, but does not include payment on administrative claims or U.S. Trustee fees. | | ~~775,020~~1,730,245 |
| **Combined Monthly Income:** Amount is from income and expense projections attached hereto as Exhibit D – includes employment income; rental income.  ~~Schedule I, Line 12~~ | | 3,~~082~~382,800 |
| **NET INCOME DURING PLAN TERM:** ~~Schedule J, Line 23c~~ | | ~~2,307,780~~1,652,555 |

| **(2)  OTHER PAYMENTS TO BE MADE DURING THE PLAN TERM** | **Monthly** | **Plan Term** |
|---|---|---|
| **Arrearages on Impaired Secured Claims**: Sections VII.F. – VII.G. | ~~17,039~~0 | ~~1,022,340~~0 |
| **Balloon Payments:**  Sections VII.F. – VII.G. | | $0 |
| **Unsecured Claims**<br>* **Administrative Expenses:**  Section VII.C.1. | 10,000 | 30,000 |
| * **Unsecured Claims: Taxes, Other:**  Sections VII.C.2 and VII.D | | |
| * **Unsecured Claims: General:** Section VII.E.2. | 22,366 | 1,341,977 |
| **TOTAL OF OTHER PAYMENTS MADE DURING THE PLAN TERM** | 49,405 | ~~2,394,317~~<br>1,371,977 |

This form has been approved for use in chapter 11 cases assigned to Judge Vincent P. Zurzolo.

| (3)  SOURCE OF FUNDS FOR OTHER PAYMENTS DURING THE PLAN TERM | AMOUNT |
|---|---|
| **Cash After Payments Made on Effective Date:**  From Section VI.B.(3) | ~~39,518~~88,509 |
| **Net Income During Plan Term:** It is possible this is a negative amount. See above, section VI.C.(1), last line in the table, amount under "Plan Term". | ~~2,607,780~~1,652,555 |
| **Contribution of Family Member NOT listed in Schedule I Line 11:** <br> ☐ Name (*identify*):                              ☐ Gift   ☐ Loan | $0 |
| **Loan or Line of Credit**:  Described above in: ☐ V.A.(1)   ☐ V.A.(2) | $0 |
| **Sale of Property**: Described above in: ☐ V.B.(1)  ☒ V.B.(2)  ☒ V.B.(3) | 29,030,000 |
| **Adversary Proceeding Recovery**: Described above in: ☐ V.C.(1)   ☐ V.C.(2) | $0 |
| **Other Source**: ☐ (*identify*): | |
| **TOTAL FUNDS FOR OTHER PAYMENTS DURING THE PLAN TERM** | $~~31,677,298~~30,771,064 |

**D.** **Explanation of Risk Factors and Potential Fluctuations When Implementing the Plan**.

| RISK FACTOR | EXPLANATION OF RISK AND FLUCTUATIONS |
|---|---|
| ☒ Employment/Business <br> ☐ Sale of Property <br> ☐ Balloon Payment <br> ☐ Int. Rate Adjustment | As set forth in detail in the attached declaration and Debtor's projected income and expenses chart, Debtor believes that he will be able to meet all of his financial obligations under the Plan. However, as the Plan contemplates payments to certain classes of creditors over time following the Effective Date, it is possible that, based on factors that are either not apparent at this time or do not exist at this time, that Debtor will not have sufficient cash flow to pay all of the obligations created under the Plan. For this reason, the projections cannot be guaranteed to be completely accurate. <br><br> Specifically, ~~Debtor could experience~~Debtor's income as set forth in Exhibit D depends largely if not entirely on the profitability of his metal recycling business ~~which might reduce the rent he actually collects from Central Metal, which would contribute.~~  If that business is not profitable during this plan, the Debtor will have difficulty in making the proposed payments to ~~a shortfall in cash flow.~~creditors. |
| ☐☐ <br> Employment/Business <br> ☒ Sale of Property <br> ☐ Balloon Payment <br> ☐ Int. Rate Adjustment | ~~As set forth in detail in the attached declaration, Debtor believes that the value of the Santa Fe Property is at least $25 million.  But it is possible that he will not ultimately receive an offer of that amount and therefore there will be less proceeds to pay to the secured creditors out of the proceeds of the sale which will require larger payments to the creditors in the same period of time.~~  The two properties the Debtor intends to sell may or may not have environmental issues which affect the sales prices and the timing to approve the sales.  As to 24th Street, the Debtor had a buyer at $5.5 million which the court approved by Order entered on March 28, 2019 [Docket No. 116] but the sale has not closed because the buyer's lender has concerns over the environmental condition of the property.  As to Santa Fe, the EPA is in the process of investigating the issue of groundwater contamination on the |

This form has been approved for use in chapter 11 cases assigned to Judge Vincent P. Zurzolo.

*August 2016*                              Page 13                    **VZ  CH11.IND.NOTICE.HEARING.DISCLSR**

| | property based on a finding by the EPA that contiguous property known as the "Engle Property," owned by an unrelated party.  The EPA has finally begun drilling on the property and will issue its report hopefully by October or November, 2019.  The testing is similar to a Phase 2 Site Assessment.  The EPA investigation has completely chilled sales efforts and could continue to do resulting in offers considerably lower than the real value of the property.  As to Santa Fe, the Debtor has received offers in the $20 to 21 million range but even those offers have conditions relating to environmental concerns. |
|---|---|
| ☐ Other: | |

**E. TAX CONSEQUENCES OF THE PLAN.**

    1.   To the Debtor**:**  Tax consequences to the Debtor are:

~~Debtor does not anticipate that confirmation of the Plan will have a significant or material effect on his tax liability. He will stay current with tax obligations to the taxing agencies (IRS and FTB) and to the county in which his real properties are located.  The Debtor does not expect to owe income taxes from the sale of the Santa Fe Property and 24th Street.  The purchase price, and thus the tax, will be allocated between the Debtor and Central Metal, Inc.~~The sale by the Debtor of two of his properties will generate a taxable gain which must be paid as an administrative expense.  As to 24th Street, the Debtor expects the allocation of the purchase price to be $1 million to him which is roughly his tax basis, and $4.5 million to Central Metal.  As Central Metal has a large net operating loss, the tax consequences to it will be negligible.  As to Santa Fe, the Debtor expects the allocation of the purchase price to be $7 million to him which is roughly his tax basis, and $18 million to Central Metal.  Thus the administrative taxes arising from the sale will not be significant.

    2.   To Claimants:  Claimants should consult their advisors regarding potential tax effects of the Plan; nevertheless:

        ☐  Debtor believes tax consequences to claimants are:

        ☒  Debtor is not certain of tax consequences, because:

Debtor makes no representations regarding the potential tax consequences to creditors as the Tax Code embodies many complicated rules that make it difficult to state completely and accurately all the tax implications of any action.

## VII.  PLAN PROVISIONS: TREATMENT OF CLAIMS

**A.**  **DOMESTIC SUPPORT OBLIGATION THAT MUST BE PAID BEFORE PLAN IS CONFIRMED**. [§ 1129(a)(14)
Before the Plan can be confirmed, § 1129(a)(14) requires the Debtor to pay all domestic support obligations that became due after the bankruptcy case was filed.  Domestic support obligations are defined in § 101(14A).

    ☒  The Debtor did not have domestic support obligations that became due after the bankruptcy case was filed.
    ☐  The following domestic support obligation became due after the bankruptcy case filed:

| Claimant: | | | |
|---|---|---|---|
| **Statute, Judicial Order, or Administrative Order that Creates the Obligation** | **First Date After Petition Date that Obligation was Due** | **Total Due After Petition Date** | **Date Final Amt**<br>☐ **was paid**<br>☐ **will be paid** |
| | | | |

    ☐ **See Exhibit** _____ for additional domestic support obligation(s) that must be paid before plan is confirmed.

This form has been approved for use in chapter 11 cases assigned to Judge Vincent P. Zurzolo.

*August 2016*                        Page 14                        **VZ  CH11.IND.NOTICE.HEARING.DISCLSR**

**B.** **ASSUMPTION AND REJECTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES**. [§ 365]

1.  ☒  There are no executory contracts or unexpired leases: The Debtor uses his properties in his metal recycling business which in turn will pay him rent on a month to month basis.  At this time, there are no written leases between himself and Central Metal, Inc.  To the extent necessary, the Debtor will assume these month to month tenancies.

2.  ☐  **Assumption**. The post-confirmation debtor will perform all related obligations whether arising before or after confirmation of the Plan.  Any arrearages arising before confirmation of the Plan will be paid by the first day of the month following the Effective Date unless the parties agree otherwise or the court finds that a longer payment schedule still provides the creditor with timely cure and adequate assurance of future performance.  Obligations that arise after confirmation of the Plan will be paid as they come due.

   ☐ **Already Assumed**:

| DESCRIPTION OF EXECUTORY CONTRACT OR UNEXPIRED LEASE | | DATE: ORDER TO ASSUME | CURE AMOUNT: Must be paid on Effective Date |
|---|---|---|---|
| (a) | | | $ |
| (b) | | | $ |

   ☐ **To be Assumed on the Effective Date**.

| DESCRIPTION OF EXECUTORY CONTRACT OR UNEXPIRED LEASE | | CURE AMOUNT: Must be paid on Effective Date |
|---|---|---|
| (a) | | $ |
| (b) | | $ |

3.  ☐  **Rejection**. Claims arising from the rejection of an executory contract or unexpired lease are treated as general unsecured claims in CLASS #2, except to the extent the court orders otherwise.  A claim arising from the rejection must be filed no later than 30 days after the date of the order confirming the Plan.

| DESCRIPTION OF EXECUTORY CONTRACT OR UNEXPIRED LEASE | |
|---|---|
| (a) | ☐ Rejected: ☐ Order Entered on: <br> ☐ Deemed Rejected on: <br> ☐ To be Rejected on the Effective Date |
| (b) | ☐ Rejected: ☐ Order Entered on: <br> ☐ Deemed Rejected on: <br> ☐ To be Rejected on the Effective Date |

This form has been approved for use in chapter 11 cases assigned to Judge Vincent P. Zurzolo.

☐ **See Exhibit** _____ for additional executory contracts and unexpired leases to be assumed or rejected.

.

**C.**  **UNSECURED CLAIMS THAT MUST BE TREATED AS REQUIRED BY § 1129(a)(9)(A) and § 1129(a)(9)(C), UNLESS A CLAIMANT CONSENTS TO A DIFFERENT TREATMENT.** §§ 1129(a)(9)(A) and (C) require that certain claims be treated one at a time, rather than as a class.  Even if another claimant votes to accept a lesser treatment, the claims listed below are not altered.  The debtor must prove to the court that claims are either being treated as 1129(a)(9) requires, or that the claimant agreed to some other treatment.

1. **Administrative Expense Claims** - § 507(a)(2) and § 1129(a)(9)(A). These include: (1) court-approved claims of attorneys and other professionals; and (2) United States trustee fees under 28 U.S.C. chapter 123.

   ☐ The deadline to file administrative expensive claims is (*date*) _____.

   ☐ There are no administrative expense claims.

   ☒ All administrative expense claims ☐ have been filed and/or ☒ are anticipated to be filed, and the claims and amounts indicated below are the amounts requested or anticipated to be requested:

| Claimant:  U.S. Trustee* | | | | | | |
|---|---|---|---|---|---|---|
| **Claim Amount** (less paid to date) ☐ Actual ☒ Estimated | **Interest Rate** (if any) | **Amount Paid on Effective Date** | **Amount Paid After Effective Date** | | | |
| | | | **Frequency** | **Each Payment** | **Balloon Pymts** | **Term of Payments** |
| $4,875 | N/A | Unknown | ☐ Monthly ☒ Quarterly | Unknown | None | N/A |

*U.S. Trustee quarterly fees shall be paid until a final decree is entered or the case is dismissed or converted. Fees of the Office of the United States Trustee are not subject to Court approval and may be paid in the ordinary course of business when due.

| Claimant:  Resnik Hayes Moradi LLP ("RHM") [Debtor's general bankruptcy counsel]** | | | | | | |
|---|---|---|---|---|---|---|
| **Claim Amount** (less paid to date) ☐ Actual ☒ Estimated | **Interest Rate** (if any) | **Amount Paid on Effective Date** | **Amount Paid After Effective Date** | | | |
| | | | **Frequency** | **Each Payment** | **Balloon Pymts** | **Term of Payments** |
| $80,000 | N/A | $50,000 on the Effective Date (to be paid by Central Metal, Inc. | ☒ Monthly ☐ Quarterly | $10,000 | N/A | 5$10,000 per month or until paid in full |

This form has been approved for use in chapter 11 cases assigned to Judge Vincent P. Zurzolo.

*August 2016*                    Page 16                    **VZ  CH11.IND.NOTICE.HEARING.DISCLSR**

~~InInIn~~In the event there is a default by Debtor in his payment of fees to RHM, the firm will give him notice of the default by electronic mail and advise him that he has ten (10) days to cure the default.

If Debtor does not cure within that time period, RHM will be permitted to accelerate the balance due at the time and enforce the order of this Court approving the fees by whatever means are available to it including the costs and expenses related to the recording of the order and costs of collection.  RHM shall not be required to get any further approval of this Court for payments related to outstanding fees.

RHM and Debtor are permitted to communicate and agree to payment of RHM's administrative claim on an expedited basis, if the ability to pay arises

2. **Tax Claims -** § 507(a)(8) & § 1129(a)(9)(C). Must be paid in full within 5 years after the Petition Date.

☒ There are no tax claims ☐ All tax claims have been filed or scheduled, and are indicated below:

| Claimant: Internal Revenue Service (IRS) | | | | | | |
|---|---|---|---|---|---|---|
| Claim Amount | Interest Rate (§ 511) | Amount Paid on Effective Date | Amount Paid After Effective Date | | | |
| | | | Frequency | Each Payment | Balloon Pymts | Term of Payments |
| N/A | | | | | | |

☐ **See Exhibit** ____ for additional unsecured claims (not listed in VII.C) on which voting is not allowed.

    ☐ **§ 507(a)(2)** – Administrative Expense Claims
    ☐ **§ 507(a)(8)** – Tax Claims
    ☐ **§ 507(a)(3)** – Involuntary Gap Claims Allowed Under § 502(f)

**D. UNSECURED CLAIMS THAT MUST BE TREATED AS REQUIRED BY § 1129(a)(9)(B) – CLASS #1.**
§ 1129(a)(9)(B) requires certain unsecured claims to be treated with priority over general unsecured claims, and pay them in full on the Effective Date or as soon as practicable after unless claimants vote as a class to accept deferred payments.  If so, claims are impaired and claimants are entitled to vote to accept or reject the Plan.

☒ There are no claims in CLASS #1.

☐ **CLASS #1a**: § 507(a)(1) - Domestic Support Obligation Claims Due Before Bankruptcy Case Was Filed

| Claimant: | | | | | | |
|---|---|---|---|---|---|---|
| Claim Amount (less amount paid to date) | Interest Rate (if any) | Amount Paid on Effective Date | Amount Paid After Effective Date | | | |
| | | | Frequency | Each Payment | Balloon Pymts | Term of Payments |
| $ | % | $ | ☐ Monthly ☐ Quarterly | $ | $ | months |

☐ **See Exhibit** ____ for additional unsecured claims (not listed above) in Class #1:

    ☐ **CLASS #1(a)**: § 507(a)(1) - Domestic Support Obligation Claims (*claims that are not listed above*)

This form has been approved for use in chapter 11 cases assigned to Judge Vincent P. Zurzolo.

*August 2016*                          Page 17                    VZ  CH11.IND.NOTICE.HEARING.DISCLSR

☐ **CLASS #1(b)**: § 507(a)(4) **-** Wage and Commission Claims

☐ **CLASS #1(c)**: § 507(a)(5) – Employee Benefit Plan Contribution Claims

☐ **CLASS #1(d)**: § 507(a)(6) – Grain Producer and Fisherman Claims

☐ **CLASS #1(e)**: § 507(a)(7) – Consumer Deposit Claims

**E.** <u>**OTHER UNSECURED CLAIMS**</u> **– CLASS #2.**

☐ There are no claims in **CLASS #2**.

☒ As of this date, all **CLASS #2** claims are included in Exhibit B.

1. ☐ <u>**CLASS #2a**</u>:  Nominal Unsecured Claims.  These include "nominal" claims of $_____ or less, and any larger unsecured claims whose claimant agreed to reduce its claim to this amount.  Claimants are **not entitled to vote** to accept or reject the Plan.

   Claimants will be paid the nominal amount on the Effective Date, or as soon as practicable thereafter.  Estimated total payments are $_____.

2. ☒ <u>**CLASS #2b**</u>:  General unsecured claims.  These are unsecured claims not included in **CLASS #2a**, and will be paid as follows.  Claimants are **entitled to vote** to reject or accept the Plan.

   ☒ <u>Percent Plan</u>.  Each claimant in CLASS #2b will be paid <u>100</u>% of its claim beginning the first relevant date after the Effective Date:

   a. Over 5 years in equal ☒ monthly ☐ quarterly installments, due on the first day of each calendar month/quarter; beginning on *the fourth month* after the Effective Date.

   b. ☐ with interest at the rate of _____% per annum, or ☒ without interest; and.

   c. The amount each claimant receives depends on the total amount of allowed claims in this class.

   ☐ <u>Pot Plan</u>.  Each member of CLASS #2b will be paid a pro rata share of a fund totaling $N/A created by the Debtor's payment:

   a. Pro rata means the entire fund amount divided by the total of all allowed claims in this class.

   b. Payment amount is ~~$19,500~~_____ per ☒☐ month ☐ quarter for a period of <u>36</u> months/quarters,

   c. Payments will begin on (*date*): <u>first day of the month following the Effective Date.</u>

   ☒ ~~Other: If the Debtor is able to sell Santa Fe Property for $25 million and closes the sale of 24th Street at $5.5 million and the sales have no tax consequences to the Debtor, the Debtor estimates that after closing costs, he will have net proceeds of $3,212,500.  The Debtor will use those funds to pay the unsecured class, Class 2b.  $30,500,000 less selling costs of 4% or $1,220,000, less Hyundai of $22,300,000 less the junior lienholders of $3,767,500, less property taxes of $634,000 leaves a net to the Debtor of $2,578,500.  The Plan proposes that the Debtor will pay the Class 2b claims over 5 years in case the two properties are sold with no funds left over for unsecured creditors.~~    ☐ Other:

**F.** <u>**CLAIMS SECURED BY DEBTOR'S PRINCIPAL RESIDENCE**</u> ("Residence") **– CLASS #3 and CLASS #4.**

| **Address of Residence: None** |
| --- |

This form has been approved for use in chapter 11 cases assigned to Judge Vincent P. Zurzolo.

*August 2016*                                   Page 18                      **VZ CH11.IND.NOTICE.HEARING.DISCLSR**

| Value N/A | Valuation Method | ☐ Order on motion or stipulation ☐ Declaration: Certified appraiser<br>☐ Declaration: Debtor as owner ☐ Other: |
|---|---|---|

**CLASS #3 - Unimpaired Claims**. Claimants **are not entitled** to vote to accept or reject the Plan.  Until claims are fully paid, claimants retain their interest in the Residence.  Treatment is:

☒ There are no claims in Class #3.

| ☐ **CLASS #3a** | Claimant: |
|---|---|

| Current Status of Loan | Lien Priority | Interest Rate | Unpaid Principal Balance | Arrearages | Total Amount of Allowed Claim |
|---|---|---|---|---|---|
| | | % | $ | $ | $ |

1.   ☐ **Payments to Claimant**

| a. ☐ **Arrearages** | Must be Paid by the Effective Date | Total Amount = $ |
|---|---|---|

| b. ☐ Ongoing Payments | Principal + Interest | Escrowed Amounts | | Amount Each Monthly Ongoing Payment |
|---|---|---|---|---|
| | | Taxes | Insurance | |
| | $ | $ | $ | $ |

| c. ☐ **Balloon Payment** | Amount = $ | Date of Payment: |
|---|---|---|

2.   ☐ **Surrender:**    <u>Date:</u>    <u>Method:</u> ☐ Deed in lieu of foreclosure
       ☐ Effective Date    ☐ Consent to relief from stay to allow foreclosure
       ☐ Other:    ☐ Grant deed
                ☐ Other:

**CLASS #4 - Impaired Claims**.  Claimants are **entitled to vote** to accept or reject the Plan.  Until claims are fully paid, claimants retain their interest in collateral securing the debt.  Treatment is:

☒ There are no claims in CLASS #4.

| ☒ **CLASS #4a** | Claimant: None |
|---|---|

| Current Status of Loan | Lien Priority | Interest Rate | Unpaid Principal Balance | Arrearages | Total Amount of Allowed Claim |
|---|---|---|---|---|---|
| | | | | | |

1.   ☐ **Payments to Claimant**

| | Total Amount | Amt Paid on | Amounts Paid After Effective Date |
|---|---|---|---|

This form has been approved for use in chapter 11 cases assigned to Judge Vincent P. Zurzolo.

*August 2016*    Page 19    **VZ  CH11.IND.NOTICE.HEARING.DISCLSR**

| a. ☐ Arrearages | of Arrearages | Effective Date | Frequency | Int. Rate | Amt each Pymt |
|---|---|---|---|---|---|
| | | | ☐ Monthly ☐ Quarterly | | |

| b. ☐ Ongoing Payments | Principal + Interest | Escrowed Amounts | | Amount Each Monthly Ongoing Payment |
|---|---|---|---|---|
| | | **Taxes** | **Insurance** | |
| | | | | |

| c. ☐ Total Monthly Payment: | ☒ Until Arrearages Cured | ☐ After Arrearages Cured |
|---|---|---|
| | | |

| d. ☐ Balloon Payment | Amount = $ | Date of Payment: |
|---|---|---|

2. ☐ **Sale by** (*date*):          .      Proceeds: ☐ are likely to be sufficient to pay the secured claim
☐ are not likely to be sufficient to pay the secured claim, and any resulting claim will be in CLASS #2b

3. ☐ **Treat Claim as Fully Unsecured:** Pay as a general unsecured claim under CLASS #2b

4**.** ☐ **Other**:

**G. <u>CLAIMS SECURED BY PROPERTY OTHER THAN RESIDENCE</u> – CLASS #5 and CLASS #6.**

<u>CLASS #5 - Unimpaired Claims</u>. Claimants **are not entitled** to vote to accept or reject the Plan. Until claims are fully paid, claimants retain their interest in the property securing the claim. Treatment is:

☐ There are no claims in CLASS #5.

| ☒ **CLASS #5a** | **Claimant:** Wells Fargo Auto |
|---|---|

| ☐ | **Address of Real Property 5a:** | | | |
|---|---|---|---|---|
| ☐ | **Description of Personal Property 5a:** | | | |
| ☒ | **Vehicle 5a** | 2017 | **Honda Rodgeline** | **Model:** | **VIN:** |
| | **Value:** $25,000 | **Valuation Method** | ☐ Order on motion or stipulation ☐ Declaration: Certified appraiser ☒ Declaration: Debtor as owner ☐ Other: | | |

---

This form has been approved for use in chapter 11 cases assigned to Judge Vincent P. Zurzolo.

*August 2016*                          Page 20                    **VZ  CH11.IND.NOTICE.HEARING.DISCLSR**

| Current Status of Loan | Lien Priority | Interest Rate | Unpaid Principal Balance | Arrearages | Total Amount of Allowed Claim |
|---|---|---|---|---|---|
| | 1st | | $29,658 | $~~ ~~ $0 | $29,658 |

1. ☒ **Payments to Claimant**

| a. ☐ Arrearages | Must be Paid by the Effective Date | Total Amount = $ |
|---|---|---|

| b. ☐ Ongoing Payments | Principal + Interest | Escrowed amounts | | Amount Each Monthly Ongoing Payment |
|---|---|---|---|---|
| | | Taxes | Insurance | |
| | $800 | $ | $ | $800 |

| c. ☐ Balloon Payment | Amount = $ | Date of Payment: |
|---|---|---|

2. ☐ **Surrender:**     <u>Method</u>:    ☐ Deed or certificate of title in lieu of foreclosure
   <u>Date</u>:                              ☐ Consent to relief from stay to allow foreclosure or repossession
   ☐ Effective Date                 ☐ Grant deed
   ☐ Other:                            ☐ Other:


**CLASS #6 - Impaired Claims**. Claimants **are entitled** to vote to accept or reject the Plan.  Until claims are fully paid, claimants retain their interest in the property securing the claim.  Treatment is:

☐ There are no claims in CLASS #6.

| ☒ **CLASS #6a** | **Claimant:** Hyundai Steel Company |
|---|---|

| ☒ | **Address of Real Property 6a:** 8201 Santa Fe Ave., Huntington Park, CA 90255; 2203 S. Alameda St., Los Angeles, CA 90058; 1736 24th Street, Los Angeles, CA 90058; 2445 S. Alameda St., Los Angeles, CA 90058 |
|---|---|
| ☐ | **Description of Personal Property 6a:** |

| ☐ | **Vehicle 6a** | **Year:** | **Make:** | **Model:** | **VIN:** |
|---|---|---|---|---|---|
| ☐ | **Value:** $36,700,000 | **Valuation Method** | ☐ Order on motion or stipulation ☒ Declaration: Debtor as owner | ☐ Declaration: Certified appraiser ☐ Other: | |

This form has been approved for use in chapter 11 cases assigned to Judge Vincent P. Zurzolo.

*August 2016*                          Page 21                     **VZ  CH11.IND.NOTICE.HEARING.DISCLSR**

| Current Status of Loan | Lien Priority | Interest Rate | Unpaid Principal Balance | Arrearages | Total Amount of Allowed Claim |
|---|---|---|---|---|---|
| | 1st | 9% | $22,114,555 | $N/A | $22,114,555 |
| ☐ Terms of New Loan | | | | | |

1. ☐ **Payments to Claimant**

| a. ☐ Arrearages | Total Amount of Arrearages | Amt Paid on Effective Date | Amounts Paid After Effective Date | | |
|---|---|---|---|---|---|
| | | | Frequency | Int. Rate | Amt Each Pymt |
| | $ | $ | ☐ Monthly ☐ Quarterly | | $ |

| b. ☐ Ongoing Payments ☐ current loan ☐ rewritten loan | Principal + Interest | Escrowed amounts | | Amt Each Monthly Ongoing Payment |
|---|---|---|---|---|
| | | Taxes | Insurance | |
| | | | | |

| c. ☐ Total Monthly Payment: | ☐ Until Arrearages Cured | ☐ After Arrearages Cured |
|---|---|---|
| | $ | $ |

| d. ☐ Balloon Payment | ☐ current loan ☐ rewritten loan | Amount: $ | Payment Date: |
|---|---|---|---|

2. ☒ **Sale by** (*date*): 12/~~1~~31/2019.   Proceeds: ☒ are likely to be sufficient to pay the secured claim
☐ are not likely to be sufficient to pay the secured claim,
☐ any resulting claim will be in CLASS #2b

3. ☐ **Treat Claim as Fully Unsecured:** Pay as a general unsecured claim under CLASS #2b

4. ☒ **Other**: Sale of 8201 Santa Fe Ave., Huntington Park, CA 90255 and 1736 24th Street, Los Angeles, CA 90058.  See Declaration of Jong Uk Byun for further details.  The liens will remain until paid in full.  The Debtor has been paying Hyundai adequate protection payments of $35,000 per month since January, 2019.  He will continue to make those payments until the debt has been paid in full.  If the Debtor has not paid this debt in full by December 31, 2019, Hyundai may proceed with its non-bankruptcy rights with no actual foreclosure sale before January 31, 2020.

| ☒ **CLASS #6b** | **Claimant: Packo Investments** |
|---|---|

| ☒ | **Address of Real Property 6b:** 8201 Santa Fe Ave., Huntington Park, CA 90255; 2203 S. Alameda St., Los Angeles, CA 90058; 1736 24th Street, Los Angeles, CA 90058; 2445 S. Alameda St., Los Angeles, |
|---|---|

This form has been approved for use in chapter 11 cases assigned to Judge Vincent P. Zurzolo.

*August 2016*                    Page 22                    **VZ  CH11.IND.NOTICE.HEARING.DISCLSR**

| | CA 90058, 1770 E. 22nd St, Los Angeles, CA 90058; 144 & 146 S. "G" Street, San Bernardino, CA 92410 |
|---|---|
| ☐ | **Description of Personal Property 6b:** |

| ☐ | **Vehicle 6b** | **Year:** | **Make:** | **Model:** | **VIN:** |
|---|---|---|---|---|---|

| | **Value:** $37,850,000 | **Valuation Method** | ☐ Order on motion or stipulation   ☐ Declaration: Certified appraiser<br>☒ Declaration: Debtor as owner   ☐ Other: |
|---|---|---|---|

| **Current Status of Loan** | **Lien Priority** | **Interest Rate** | **Unpaid Principal Balance** | **Arrearages** | **Total Amount of Allowed Claim** |
|---|---|---|---|---|---|
| | 2nd | 20.0% (fixed) | $2 million | N/A | $2 million |
| ☐ **Terms of New Loan** | | | | ▨ | ▨ |

1.  ☐  **Payments to Claimant**

| **a.** ☐<br>**Arrearages** | **Total Amount of Arrearages** | **Amt Paid on Effective Date** | **Amounts Paid After Effective Date** | | |
|---|---|---|---|---|---|
| | | | **Frequency** | **Int. Rate** | **Amt Each Pymt** |
| | $ | $ | ☐ Monthly<br>☐ Quarterly | | $ |

| **b.** ☐ **Ongoing Payments**<br>☐ current loan<br>☐ rewritten loan | **Principal + Interest** | **Escrowed amounts** | | **Amt Each Monthly Ongoing Payment** |
|---|---|---|---|---|
| | | **Taxes** | **Insurance** | |
| | | | | |

| **c.** ☐ **Total Monthly Payment:** | ☐ **Until Arrearages Cured** | ☐ **After Arrearages Cured** |
|---|---|---|
| | $ | $ |

| **d.** ☐ **Balloon Payment** | ☐ current loan<br>☐ rewritten loan | **Amount: $** | **Payment Date:** |
|---|---|---|---|

2.  ☒  **Sale by** (*date*): 12/~~31~~/2019.    Proceeds: ☒ are likely to be sufficient to pay the secured claim
    ☐ are not likely to be sufficient to pay the secured claim,
    ☐ any resulting claim will be in CLASS #2b

3.  ☐  **Treat Remainder**

4.  ☒  **Other**: Sale of 8201 Santa Fe Ave., Huntington Park, CA 90255.  See Declaration of Jong Uk Byun for further details. The liens will remain until paid in full.  If the Debtor has not paid this debt in full by December 31, 2019, Packo Investments may proceed with its non-bankruptcy rights with no actual foreclosure sale before January 31, 2020.

This form has been approved for use in chapter 11 cases assigned to Judge Vincent P. Zurzolo.

*August 2016*                     Page 23                     **VZ  CH11.IND.NOTICE.HEARING.DISCLSR**

| ☒ **CLASS #6c** | **Claimant: BAE Family Trust dated 8/6/2015, c/o Packo Investments, Inc.** |

| ☒ | **Address of Real Property 6b:** 8201 Santa Fe Ave., Huntington Park, CA 90255; 2203 S. Alameda St., Los Angeles, CA 90058; 1736 24th Street, Los Angeles, CA 90058; 2445 S. Alameda St., Los Angeles, CA 90058, 1770 E. 22nd St, Los Angeles, CA 90058; 144 & 146 S. "G" Street, San Bernardino, CA 92410 |
| ☐ | **Description of Personal Property 6b:** |
| ☐ | **Vehicle 6b** | **Year:** | **Make:** | **Model:** | **VIN:** |
| | **Value:** $37,850,000 | **Valuation Method** | ☐ Order on motion or stipulation  ☐ Declaration: Certified appraiser ☒ Declaration: Debtor as owner  ☐ Other: | | |

| **Current Status of Loan** | **Lien Priority** | **Interest Rate** | **Unpaid Principal Balance** | **Arrearages** | **Total Amount of Allowed Claim** |
|---|---|---|---|---|---|
| | 3rd | 20.0% (fixed) | $1,290,000 | N/A | $1,290,000 |
| ☐ **Terms of New Loan** | | | | | |

1. ☐ **Payments to Claimant**

| **a.** ☐ **Arrearages** | **Total Amount of Arrearages** | **Amt Paid on Effective Date** | **Amounts Paid After Effective Date** | | |
|---|---|---|---|---|---|
| | | | **Frequency** | **Int. Rate** | **Amt Each Pymt** |
| | $ | $ | ☐ Monthly ☐ Quarterly | | $ |

| **b.** ☐ **Ongoing Payments** ☐ current loan ☐ rewritten loan | **Principal + Interest** | **Escrowed amounts** | | **Amt Each Monthly Ongoing Payment** |
|---|---|---|---|---|
| | | **Taxes** | **Insurance** | |
| | | | | |

| **c.** ☐ **Total Monthly Payment:** | ☐ **Until Arrearages Cured** | ☐ **After Arrearages Cured** |
|---|---|---|
| | $ | $ |

| **d.** ☐ **Balloon Payment** | ☐ current loan ☐ rewritten loan | **Amount: $** | **Payment Date:** |

2. ☒ **Sale by** (*date*): 12/~~1~~31/2019.    Proceeds:  ☒ are likely to be sufficient to pay the secured claim
~~☐ are not likely to be sufficient to pay the secured claim,~~

This form has been approved for use in chapter 11 cases assigned to Judge Vincent P. Zurzolo.

*August 2016*                                    Page 24                    **VZ  CH11.IND.NOTICE.HEARING.DISCLSR**

~~any resulting claim will be in CLASS #2b~~

~~3.  ☐  **Treat Remainder**~~

~~4.  ☒  **Other:** Sale of 8201 Santa Fe Ave., Huntington Park, CA 90255~~  ~~☐ are not likely to be sufficient to pay the secured claim,~~ ~~☐ any resulting claim will be in CLASS #2b~~

3.  ☐  **Treat Remainder**

4.  ☒  **Other**: Sale of 8201 Santa Fe Ave., Huntington Park, CA 90255.  Liens will remain until paid in full.  If the Debtor has not paid this debt in full by December 31, 2019, BAE Family Trust may proceed with its non-bankruptcy rights with no actual foreclosure sale before January 31, 2020.

| ☒ CLASS #6d | Claimant: M&A Equities, LLC c/o Packo Investments, Inc. |
|---|---|

| ☒ | **Address of Real Property 6b:** 144 & 146 S. "G" Street, San Bernardino, CA 92410; 24399 Old Highway 58, Hinkley, CA 92347 |
|---|---|
| ☐ | **Description of Personal Property 6b:** |

| ☐ | **Vehicle 6b** | **Year:** | **Make:** | **Model:** | **VIN:** |
|---|---|---|---|---|---|

| **Value:** $1,400,000 | **Valuation Method** | ☐ Order on motion or stipulation   ☐ Declaration: Certified appraiser<br>☒ Declaration: Debtor as owner   ☐ Other: |
|---|---|---|

| **Current Status of Loan** | **Lien Priority** | **Interest Rate** | **Unpaid Principal Balance** | **Arrearages** | **Total Amount of Allowed Claim** |
|---|---|---|---|---|---|
| | 1st | 18.0% (fixed) | $900,000 | N/A | $900,000 |
| ☐☒ **Terms of New Loan** | 1st | 10% | $900,000 | | |

1.  ☒  **Payments to Claimant**

| **a.** ☐ **Arrearages** | **Total Amount of Arrearages** | **Amt Paid on Effective Date** | **Amounts Paid After Effective Date** | | |
|---|---|---|---|---|---|
| | | | **Frequency** | **Int. Rate** | **Amt Each Pymt** |
| | $ | $ | ☐ Monthly<br>☐ Quarterly | | $ |

| **b.** ☒ **Ongoing Payments**<br>☐ current loan<br>☒ rewritten loan | **Principal + Interest** | **Escrowed amounts** | | **Amt Each Monthly Ongoing Payment** |
|---|---|---|---|---|
| | | **Taxes** | **Insurance** | |
| | $900,000 | -0- | -0- | $~~4,831~~8,000.00 |

This form has been approved for use in chapter 11 cases assigned to Judge Vincent P. Zurzolo.

*August 2016*                     Page 25                     **VZ  CH11.IND.NOTICE.HEARING.DISCLSR**

| c. ☐ **Total Monthly Payment**: | ☐ **Until Arrearages Cured** | ☐ **After Arrearages Cured** |
|---|---|---|
| | $ | $ |

| d. ☐☒ **Balloon Payment** | ☐ current loan<br>☐☒ rewritten loan | **Amount:** ~~$~~<br>~~–$900,000~~ | **Payment Date:** ~~——~~<br>~~–12/31/2021~~ |
|---|---|---|---|

2.  ☐ **Sale by** (*date*): –    Proceeds:  ☐ are likely to be sufficient to pay the secured claim
    ☐ are not likely to be sufficient to pay the secured claim,
    ☐ any resulting claim will be in CLASS #2b

3.  ☐ **Treat Remainder**

~~4.   ☐  **Other**:~~  4.  ☒ **Other**:  Paid in full with allowed pre-and post-petition interest, and post-Effective Date interest at 10% annual interest, with payments of $8,000 per month and a balloon due on the 24th month after the Effective Date but in no event later than December 31, 2021.  Liens will remain until paid in full.  In the event of foreclosure, M&A may, but is not obligated, to provide the Debtor a lease back at market terms.  The Debtor has been paying M&A adequate protection payments of $8,000 per month since January, 2019.  He will continue to make those payments until the debt has been paid in full.  Debtor expects to pay the balloon payment through a refinance or a sale of the properties.

| ☒ **CLASS #6e** | **Claimant: Mohamed Sanfaz** |
|---|---|

| ☒ | **Address of Real Property 6b:** 8201 Santa Fe Ave., Huntington Park, CA 90255; 2203 S. Alameda St., Los Angeles, CA 90058; 1736 24th Street, Los Angeles, CA 90058; 2445 S. Alameda St., Los Angeles, CA 90058, 1770 E. 22nd St, Los Angeles, CA 90058; 144 & 146 S. "G" Street, San Bernardino, CA 92410 |
|---|---|
| ☐ | **Description of Personal Property 6b:** |

| ☐ | **Vehicle 6b** | **Year:** | **Make:** | **Model:** | **VIN:** |
|---|---|---|---|---|---|
| | **Value:** $37,850,000 | **Valuation Method** | ☐ Order on motion or stipulation   ☐ Declaration: Certified appraiser<br>☒ Declaration: Debtor as owner   ☐ Other: | | |

| **Current Status of Loan** | **Lien Priority** | **Interest Rate** | **Unpaid Principal Balance** | **Arrearages** | **Total Amount of Allowed Claim** |
|---|---|---|---|---|---|
| | 4th | 20.0% (fixed) | $500,000 | N/A | $500,000 |
| ☐ **Terms of New Loan** | | | | ///// | ///// |

1.  ☐ **Payments to Claimant**

| | **Total Amount** | **Amt Paid on** | **Amounts Paid After Effective Date** |
|---|---|---|---|

| a. ☐ Arrearages | of Arrearages | Effective Date | Frequency | Int. Rate | Amt Each Pymt |
|---|---|---|---|---|---|
| | $ | $ | ☐ Monthly<br>☐ Quarterly | | $ |

| b. ☐ Ongoing Payments<br>☐ current loan<br>☐ rewritten loan | Principal + Interest | Escrowed amounts | | Amt Each Monthly Ongoing Payment |
|---|---|---|---|---|
| | | Taxes | Insurance | |
| | | | | |

| c. ☐ Total Monthly Payment: | ☐ Until Arrearages Cured | ☐ After Arrearages Cured |
|---|---|---|
| | $ | $ |

| d. ☐ Balloon Payment | ☐ current loan<br>☐ rewritten loan | Amount: $ | Payment Date: |
|---|---|---|---|

2.  ☒  **Sale by** (*date*): 12/~~1~~31/2019.      Proceeds:  ☒ are likely to be sufficient to pay the secured claim
    ☐ are not likely to be sufficient to pay the secured claim,
    ☐ any resulting claim will be in CLASS #2b

3.  ☐  **Treat Remainder**

    4.  ☒  **Other**: Sale of 8201 Santa Fe Ave., Huntington Park, CA 90255.  Liens remain until paid in full.  If the Debtor has not paid this debt in full by December 31, 2019, Mr. Sanfaz may proceed with his non-bankruptcy rights with no actual foreclosure sale before January 31, 2020.
    ~~☐ are not likely to be sufficient to pay the secured claim,~~
    ~~☐ any resulting claim will be in CLASS #2b~~

3.  ~~☐  **Treat Remainder**~~

4.  ~~☒  **Other**: Sale of 8201 Santa Fe Ave., Huntington Park, CA 90255~~

| ☒ **CLASS #6f** | **Claimant: Allen Park** |
|---|---|

| ☒ | **Address of Real Property 6b:** 8201 Santa Fe Ave., Huntington Park, CA 90255; 2203 S. Alameda St., Los Angeles, CA 90058; 1736 24th Street, Los Angeles, CA 90058; 2445 S. Alameda St., Los Angeles, CA 90058; 1770 E. 22nd St, Los Angeles, CA 90058; 144 & 146 S. "G" Street, San Bernardino, CA 92410 |
|---|---|
| ☐ | **Description of Personal Property 6b:** |

| ☐ | **Vehicle 6b** | **Year:** | **Make:** | **Model:** | **VIN:** |
|---|---|---|---|---|---|
| | **Value:** $37,850,000 | **Valuation Method** | ☐ Order on motion or stipulation    ☐ Declaration: Certified appraiser<br>☒ Declaration: Debtor as owner    ☐ Other: | | |

This form has been approved for use in chapter 11 cases assigned to Judge Vincent P. Zurzolo.

| Current Status of Loan | Lien Priority | Interest Rate | Unpaid Principal Balance | Arrearages | Total Amount of Allowed Claim |
|---|---|---|---|---|---|
| | 4th | 20.0% (fixed) | $100,000 | N/A | $100,000 |
| ☐ Terms of New Loan | | | | | |

1.  ☐ **Payments to Claimant**

| a. ☐ Arrearages | Total Amount of Arrearages | Amt Paid on Effective Date | Amounts Paid After Effective Date | | |
|---|---|---|---|---|---|
| | | | **Frequency** | **Int. Rate** | **Amt Each Pymt** |
| | $ | $ | ☐ Monthly  ☐ Quarterly | | $ |

| b. ☐ Ongoing Payments  ☐ current loan  ☐ rewritten loan | Principal + Interest | Escrowed amounts | | Amt Each Monthly Ongoing Payment |
|---|---|---|---|---|
| | | **Taxes** | **Insurance** | |
| | | | | |

| c. ☐ Total Monthly Payment: | ☐ Until Arrearages Cured | ☐ After Arrearages Cured |
|---|---|---|
| | $ | $ |

| d. ☐ Balloon Payment | ☐ current loan  ☐ rewritten loan | Amount: $ | Payment Date: |
|---|---|---|---|

2.  ☒ **Sale by** (*date*): 12/~~1~~31/2019.    Proceeds:  ☒ are likely to be sufficient to pay the secured claim
    ☐ are not likely to be sufficient to pay the secured claim, any resulting claim will be in CLASS #2b

3.  ☐ **Treat Remainder**

4.  ☒ **Other**: Sale of 8201 Santa Fe Ave., Huntington Park, CA 90255.  Liens remain until paid in full.  If the Debtor has not paid this debt in full by December 31, 2019, Mr. Park may proceed with his non-bankruptcy rights with no actual foreclosure sale before January 31, 2020.
    ~~☐ are not likely to be sufficient to pay the secured claim,~~ ~~☐ any resulting claim will be in CLASS #2b~~

~~3.~~  ~~☐ **Treat Remainder**~~

~~4.~~  ~~☒ **Other**: Sale of 8201 Santa Fe Ave., Huntington Park, CA 90255~~

| ☒ **CLASS #6g** | **Claimant: Kap Chan Chong** |
|---|---|

This form has been approved for use in chapter 11 cases assigned to Judge Vincent P. Zurzolo.

*August 2016*                    Page 28                    **VZ  CH11.IND.NOTICE.HEARING.DISCLSR**

| ☒ | **Address of Real Property 6b:** 8201 Santa Fe Ave., Huntington Park, CA 90255; 2203 S. Alameda St., Los Angeles, CA 90058; 1736 24th Street, Los Angeles, CA 90058; 2445 S. Alameda St., Los Angeles, CA 90058, 1770 E. 22nd St, Los Angeles, CA 90058; 144 & 146 S. "G" Street, San Bernardino, CA 92410 |
|---|---|
| ☐ | **Description of Personal Property 6b:** |

| ☐ | **Vehicle 6b** | **Year:** | **Make:** | **Model:** | **VIN:** |
|---|---|---|---|---|---|

| | **Value:** $1 million | **Valuation Method** | ☐ Order on motion or stipulation  ☐ Declaration: Certified appraiser<br>☒ Declaration: Debtor as owner  ☐ Other: |
|---|---|---|---|

| **Current Status of Loan** | **Lien Priority** | **Interest Rate** | **Unpaid Principal Balance** | **Arrearages** | **Total Amount of Allowed Claim** |
|---|---|---|---|---|---|
| | 6th | 20.0% (fixed) | $98,114 | N/A | $98,114 |
| ☐ **Terms of New Loan** | | | | | |

1.  ☒  **Payments to Claimant**

| **a.** ☐ **Arrearages** | **Total Amount of Arrearages** | **Amt Paid on Effective Date** | **Amounts Paid After Effective Date** | | |
|---|---|---|---|---|---|
| | | | **Frequency** | **Int. Rate** | **Amt Each Pymt** |
| | $ | $ | ☐ Monthly<br>☐ Quarterly | | $ |

| **b.** ☒☐ **Ongoing Payments**<br>☐ current loan<br>☒ rewritten loan | **Principal + Interest** | **Escrowed amounts** | | **Amt Each Monthly Ongoing Payment** |
|---|---|---|---|---|
| | | **Taxes** | **Insurance** | |
| | $98,114 | -0- | -0- | $1,040 |

| **c.** ☐ **Total Monthly Payment:** | ☐ **Until Arrearages Cured** | ☐ **After Arrearages Cured** |
|---|---|---|
| | $ | $ |

| **d.** ☐ **Balloon Payment** | ☐ current loan<br>☐ rewritten loan | **Amount: $** | **Payment Date:** |
|---|---|---|---|

2.  ☐☒ **Sale by** (*date*): 12/31/2019. Proceeds:  ☒ are likely to be sufficient to pay the secured claim

Proceeds:  ☐ are likely to be sufficient to pay the secured claim

☐ are not likely to be sufficient to pay the secured claim,

☐ any resulting claim will be in CLASS #2b

3. ☐ **Treat Remainder**

4. ☐ ~~Other:~~

4. ☒ **Other**: Paid in full upon closing from proceeds of real property sales that are provided for in the Plan.

| ☒ **CLASS #6h** | **Claimant: Soo Yeong Kim and Yeon Shim Song** |
|---|---|

| ☒ | **Address of Real Property 6b:** 8201 Santa Fe Ave., Huntington Park, CA 90255; 2203 S. Alameda St., Los Angeles, CA 90058; 1736 24th Street, Los Angeles, CA 90058; 2445 S. Alameda St., Los Angeles, CA 90058; 1770 E. 22nd St, Los Angeles, CA 90058; 144 & 146 S. "G" Street, San Bernardino, CA 92410 |
|---|---|

| ☐ | **Description of Personal Property 6b:** |
|---|---|

| ☐ | **Vehicle 6b** | **Year:** | **Make:** | **Model:** | **VIN:** |
|---|---|---|---|---|---|

| **Value:** $37,850,000 | **Valuation Method** | ☐ Order on motion or stipulation     ☐ Declaration: Certified appraiser<br>☒ Declaration: Debtor as owner      ☐ Other: |
|---|---|---|

| **Current Status of Loan** | **Lien Priority** | **Interest Rate** | **Unpaid Principal Balance** | **Arrearages** | **Total Amount of Allowed Claim** |
|---|---|---|---|---|---|
| | 4th | 10% (Judgment) | $83,229 | N/A | $83,229 |
| ☐ **Terms of New Loan** | | | | ▨ | ▨ |

1. ☐ **Payments to Claimant**

| a. ☐ **Arrearages** | **Total Amount of Arrearages** | **Amt Paid on Effective Date** | **Amounts Paid After Effective Date** | | |
|---|---|---|---|---|---|
| | | | **Frequency** | **Int. Rate** | **Amt Each Pymt** |
| | $ | $ | ☐ Monthly<br>☐ Quarterly | | $ |

| b. ☐ **Ongoing Payments**<br>☐ current loan<br>☐ rewritten loan | **Principal + Interest** | **Escrowed amounts** | | **Amt Each Monthly Ongoing Payment** |
|---|---|---|---|---|
| | | **Taxes** | **Insurance** | |
| | | | | |

| c. ☐ **Total Monthly Payment**: | ☐ **Until Arrearages Cured** | ☐ **After Arrearages Cured** |
|---|---|---|
| | $ | $ |

This form has been approved for use in chapter 11 cases assigned to Judge Vincent P. Zurzolo.

*August 2016*                    Page 30                    **VZ  CH11.IND.NOTICE.HEARING.DISCLSR**

| d. ☐ **Balloon Payment** | ☐ current loan<br>☐ rewritten loan | **Amount: $** | **Payment Date:** |
|---|---|---|---|

2. ☒ **Sale by** *(date)*: 12/~~1~~31/2019.    Proceeds:    ☒ are likely to be sufficient to pay the secured claim
~~/2019.   Proceeds:~~                            ☒ ~~are likely to be sufficient to pay the secured claim~~
                                                       ☐ are not likely to be sufficient to pay the secured claim,
                                                       ☐ any resulting claim will be in CLASS #2b

3. ☐ **Treat Remainder**

4. ☒ **Other**: Sale of 8201 Santa Fe Ave., Huntington Park, CA 90255.  Liens remain until paid in full.  If the Debtor has not paid this debt in full by December 31, 2019, claimants may proceed with their non-bankruptcy rights with no actual foreclosure sale before January 31, 2020.

| ☒ **CLASS #6i** | **Claimant:** ~~Deutsche Bank~~Toni Ko |
|---|---|

| ☒ | **Address of Real Property 6b:** 8201 Santa Fe Ave., Huntington Park, CA 90255; 2203 S. Alameda St., Los Angeles, CA 90058; 1736 24th Street, Los Angeles, CA 90058; 2445 S. Alameda St., Los Angeles, CA 90058 | | | |
|---|---|---|---|---|
| ☐ | **Description of Personal Property 6b:** _____ | | | |
| ☐ | **Vehicle 6b** | **Year:** ___ | **Make:** ___ | **Model:** ___ | **VIN:** ___ |
| ☐ | **Value:**<br>$36,700,000 | **Valuation Method** | ☐ Order on motion or stipulation  ☐ Declaration: Certified appraiser<br>☒ Declaration: Debtor as owner  ☐ Other: ___ | | |

| **Current Status of Loan** | **Lien Priority** | **Interest Rate** | **Unpaid Principal Balance** | **Arrearages** | **Total Amount of Allowed Claim** |
|---|---|---|---|---|---|
| | 5th | 10.0% (judgment) | $943,000 | N/A | $943,000 |
| ☐ **Terms of New Loan** | | | | ▨ | ▨ |

1. ☐ **Payments to Claimant**

| **a. ☐ Arrearages** | **Total Amount of Arrearages** | **Amt Paid on Effective Date** | **Amounts Paid After Effective Date** | | |
|---|---|---|---|---|---|
| | | | **Frequency** | **Int. Rate** | **Amt Each Pymt** |
| | $ ___ | $ ___ | ☐ Monthly<br>☐ Quarterly | ___ | $ ___ |

| **b. ☐ Ongoing Payments** | **Principal + Interest** | **Escrowed amounts** | | **Amt Each Monthly Ongoing Payment** |
|---|---|---|---|---|
| | | **Taxes** | **Insurance** | |

---

This form has been approved for use in chapter 11 cases assigned to Judge Vincent P. Zurzolo.

| ☐ current loan<br>☐ rewritten loan | | | | |
|---|---|---|---|---|

| **c. ☐ Total Monthly Payment:** | **☐ Until Arrearages Cured** | **☐ After Arrearages Cured** |
|---|---|---|
| | $ _____ | $ _____ |

| **d. ☐ Balloon Payment** | ☐ current loan<br>☐ rewritten loan | **Amount: $** _____ | **Payment Date:** _____ |
|---|---|---|---|

2.  ☒ **Sale by** (*date*)**:** 12/31/2019.    Proceeds: ☒ are likely to be sufficient to pay the secured claim

                            ☐ are not likely to be sufficient to pay the secured claim,

                            ☐ any resulting claim will be in CLASS #2b

3.  ☐ **Treat Remainder**

4.  ☒ **Other**: Sale of 8201 Santa Fe Ave., Huntington Park, CA 90255.  Liens remain until paid in full.  If the Debtor has not paid this debt in full by December 31, 2019, claimant may proceed with his non-bankruptcy rights with no actual foreclosure sale before January 31, 2020.

| ☒ **CLASS #6j** | **Claimant: Deutsche Bank** |
|---|---|

| ☒ | **Address of Real Property 6b:** 1770 E. 22nd St, Los Angeles, CA 90058 | | | |
|---|---|---|---|---|
| ☐ | **Description of Personal Property 6b:** | | | |
| ☐ | **Vehicle 6b** | **Year:** | **Make:** | **Model:** | **VIN:** |

| **Value:**<br>$150,000 | **Valuation Method** | ☐ Order on motion or stipulation ☐ Declaration: Certified appraiser<br>☒ Declaration: Debtor as owner ☐ Other: |
|---|---|---|

| **Current Status of Loan** | **Lien Priority** | **Interest Rate** | **Unpaid Principal Balance** | **Arrearages** | **Total Amount of Allowed Claim** |
|---|---|---|---|---|---|
| | 1st | | $221,000 | N/A | $221,000 |
| ☐ **Terms of New Loan** | | | | ///// | ///// |

1.  ☒ **Payments to Claimant**

| **a. ☐** | **Total Amount of Arrearages** | **Amt Paid on Effective Date** | **Amounts Paid After Effective Date** | | |
|---|---|---|---|---|---|
| | | | **Frequency** | **Int. Rate** | **Amt Each Pymt** |

This form has been approved for use in chapter 11 cases assigned to Judge Vincent P. Zurzolo.

| Arrearages | $ | $ | ☐ Monthly<br>☐ Quarterly | | $ |
|---|---|---|---|---|---|

| **b. ☒ Ongoing Payments**<br>☐ current loan<br>☒ rewritten loan | **Principal + Interest** | **Escrowed amounts** | | **Amt Each Monthly Ongoing Payment** |
|---|---|---|---|---|
| | | **Taxes** | **Insurance** | |
| | $221,000 | -0- | -0- | $1,186 |

| **c. ☐ Total Monthly Payment:** | ☐ **Until Arrearages Cured** | ☐ **After Arrearages Cured** |
|---|---|---|
| | $ | $ |

| **d. ☐ Balloon Payment** | ☐ current loan<br>☐ rewritten loan | **Amount: $** | **Payment Date:** |
|---|---|---|---|

2.  ☐ **Sale by** (*date*): .        Proceeds:  ☐ are likely to be sufficient to pay the secured claim
   ☐ are not likely to be sufficient to pay the secured claim,
   ☐ any resulting claim will be in CLASS #2b

3.  ☐ **Treat Remainder**

4.  ☐ ~~**Other:**~~

4.  ☒ **Other**:  Debt to be paid in full at 5% interest for 30 years.  Creditor will retain its lien until paid in full.

| ☒ **CLASS #~~6j~~6k** | **Claimant:** Los Angeles County Property Tax Assessor |
|---|---|

| ☒ | **Address of Real Property 6a:** 8201 Santa Fe Ave., Huntington Park, CA 90255; 2203 S. Alameda St., Los Angeles, CA 90058; 1736 24th Street, Los Angeles, CA 90058; 2445 S. Alameda St., Los Angeles, CA 90058; 1770 E. 22nd St, Los Angeles, CA 90058 |
|---|---|
| ☐ | **Description of Personal Property 6a:** |

| ☐ | **Vehicle 6a** | **Year:** | **Make:** | **Model:** | **VIN:** |
|---|---|---|---|---|---|
| | **Value:**<br>$36,850,000 | **Valuation Method** | ☐ Order on motion or stipulation<br>☒ Declaration: Debtor as owner | ☐ Declaration: Certified appraiser<br>☐ Other: | |

| **Current Status of Loan** | **Lien Priority** | **Interest Rate** | **Unpaid Principal Balance** | **Arrearages** | **Total Amount of Allowed Claim** |
|---|---|---|---|---|---|

This form has been approved for use in chapter 11 cases assigned to Judge Vincent P. Zurzolo.

| | | 1st | 18% | $884,767 | $N/A | $884,767 |
|---|---|---|---|---|---|---|
| ☐ Terms of New Loan | | | | | | |

1. ☐ **Payments to Claimant**

| a. ☐ Arrearages | Total Amount of Arrearages | Amt Paid on Effective Date | Amounts Paid After Effective Date | | |
|---|---|---|---|---|---|
| | | | Frequency | Int. Rate | Amt Each Pymt |
| | $ | $ | ☐ Monthly<br>☐ Quarterly | | $ |

| b. ☐ Ongoing Payments<br>☐ current loan<br>☒ rewritten loan | Principal + Interest | Escrowed amounts | | Amt Each Monthly Ongoing Payment |
|---|---|---|---|---|
| | | Taxes | Insurance | |
| | 250,000 (est) | | | $250,000 |

| c. ☒ Total Monthly Payment: | ☐ Until Arrearages Cured | ☐ After Arrearages Cured |
|---|---|---|
| | $6,348 | $ |

| d. ☐ Balloon Payment | ☐ current loan<br>☐ rewritten loan | Amount: $ | Payment Date: |
|---|---|---|---|

2. ☒ **Sale by** (*date*): 12/~~1~~31/2019.    Proceeds: ☒ are likely to be sufficient to pay the secured claim
☐ are not likely to be sufficient to pay the secured claim,
☐ any resulting claim will be in CLASS #2b

3. ☐ **Treat Claim as Fully Unsecured:** Pay as a general unsecured claim under CLASS #2b

4. ☒ **Other**: Sale of 8201 Santa Fe Ave., Huntington Park, CA 90255 and 1736 24th Street, Los Angeles, CA 90058. $634,000 of property taxes to be paid from sale of above two properties, remainder to be paid over five years from the petition date at governmental interest rate of 18%.

| ☒ **CLASS #~~6k~~6I** | **Claimant: San Bernardino** Property Tax Assessor |
|---|---|

| ☒ | **Address of Real Property 6a:** 144 & 146 S. "G" Street, San Bernardino, CA 92410 |
|---|---|
| ☐ | **Description of Personal Property 6a:** |
| ☐ | **Vehicle 6a** | **Year:** | **Make:** | **Model:** | **VIN:** |

This form has been approved for use in chapter 11 cases assigned to Judge Vincent P. Zurzolo.

*August 2016*    Page 34    **VZ  CH11.IND.NOTICE.HEARING.DISCLSR**

| Value:<br>$1 million | Valuation<br>Method | ☐ Order on motion or stipulation    ☐ Declaration: Certified appraiser<br>☒ Declaration: Debtor as owner    ☐ Other: |
|---|---|---|

| Current<br>Status<br>of Loan | Lien<br>Priority | Interest<br>Rate | Unpaid Principal<br>Balance | Arrearages | Total Amount of<br>Allowed Claim |
|---|---|---|---|---|---|
| | 1st | 18% | $143,111 | $N/A | $884,767 |
| ☐ Terms of<br>New Loan | | | | | |

1.  ☐  **Payments to Claimant**

| a. ☐<br><br>Arrearages | Total Amount<br>of Arrearages | Amt Paid on<br>Effective Date | Amounts Paid After Effective Date | | |
|---|---|---|---|---|---|
| | | | Frequency | Int. Rate | Amt Each Pymt |
| | $ | $ | ☐ Monthly<br>☐ Quarterly | | $ |

| b. ☒ Ongoing<br>Payments<br>☐ current loan<br>☒ rewritten loan | Principal +<br>Interest | Escrowed amounts | | Amt Each Monthly<br>Ongoing Payment |
|---|---|---|---|---|
| | | Taxes | Insurance | |
| | $143,111 | | | $~~143,111~~3,634 |

| c. ☐ Total Monthly Payment: | ☐ Until Arrearages Cured | ☐ After Arrearages Cured |
|---|---|---|
| | ~~$3,634~~ | $ |

| d. ☐ **Balloon Payment** | ☐ current loan<br>☐ rewritten loan | Amount: $ | Payment Date: |
|---|---|---|---|

2.  ☐  **Sale by** (*date*): ~~12/1/2019~~    Proceeds:   ☐ are likely to be sufficient to pay the secured claim
☐ are not likely to be sufficient to pay the secured claim,
☐ any resulting claim will be in CLASS #2b

3.  ☐  **Treat Claim as Fully Unsecured:** Pay as a general unsecured claim under CLASS #2b

~~4.   ☐   Other:~~ 4.  ☒ **Other:**   Taxes to be paid over five years from the petition date at governmental interest rate of 18%.

---

☐ **See Exhibit** _____ for more impaired secured claims on non-Residence property. Label as Class #6e, etc.

---

This form has been approved for use in chapter 11 cases assigned to Judge Vincent P. Zurzolo.

**VIII.** **Unclaimed or Undeliverable Plan Distributions**. Payments or other distributions made under the Plan that are unclaimed or undeliverable for six (6) months after the attempted distribution will revest in the post-confirmation debtor free of restrictions. Any entitlement to distribution will be barred.

**IX.** **Discharge**. Upon completion of payments required by the Plan, or as provided in § 1141(d)(5)(B), the Debtor will receive a discharge of all debts that arose prior to confirmation of the Plan, whether or not a claimant filed a proof of claim or voted to accept the Plan. This will not discharge Debtor from any debts that are non-dischargeable under § 523 or from obligations created by the Plan. **To obtain a discharge, the Debtor must file and serve a motion for discharge, and the motion must be granted**.

## X. **List of Exhibits and Declarations.**

**MANDATORY**

**Exhibit A:** Declaration of Debtor to support all assertions in this Disclosure Statement, and all information provided in all other Exhibits.

**Exhibit B**: List of all claims (*next to each claim, indicate whether or not the claim is disputed and scheduled or unscheduled, and include the class number*).

**Exhibit C**: List of all property of the estate, and valuations as of the date of plan confirmation. Include appendices to describe valuation methods such as order to determine value, declaration of debtor or appraiser, etc.

**Exhibit D**: Projected income, expenses, and plan payments prepared on (*date*) ~~March 8~~June 27, 2019 including proposed plan payments to be made on the Effective Date and for each month and/or quarter of the Plan Term. Sources and uses of funds and any expense fluctuations are explained.

**OPTIONAL**

**Exhibit E:** Letters from Environmental Protection Agency ("EPA") re Santa Fe Property.

Date: _____                          ~~SEE NEXT PAGE~~
                                           Signature of Debtor

                                           **Jong Uk Byun**
                                           Printed name of Debtor

Date: ~~03/11~~06/27/2019                  **/s/ M. Jonathan Hayes**
                                           Signature of attorney for Debtor, if any

                                           **M. Jonathan Hayes**
                                           Printed name of attorney for Debtor, if any

This form has been approved for use in chapter 11 cases assigned to Judge Vincent P. Zurzolo.

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: **17609 Ventura Blvd. Suite 314, Encino, CA 91316.**

A true and correct copy of the foregoing document entitled: **CHAPTER 11 DISCLOSURE STATEMENT AND PLAN OF REORGANIZATION OF DEBTOR WHO IS AN INDIVIDUAL(S) WITH PRIMARILY CONSUMER DEBTS [11 U.S.C. §§ 1123, 1125] (1st AMENDED)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (date) **June 27, 2019,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- John Burgee—___ jburgee@bandalaw.net
- [Counsel for Duetsche Bank] Shirley Cho     scho@pszjlaw.com
- Theron S Covey—___ tcovey@rasflaw.com, CAECF@tblaw.com
- [Counsel for Bank of Hope] Hal D Goldflam—___ hgoldflam@frandzel.com, bwilson@frandzel.com
- [Counsel for Debtor] M. Jonathan Hayes—___ jhayes@rhmfirm.com, roksana@rhmfirm.com;rosario@rhmfirm.com;janita@rhmfirm.com;susie@rhmfirm.com;max@rhmfirm.com;priscilla@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.com;rebeca@rhmfirm.com
- [Counsel for Packo Investment] Christopher D Hughes     chughes@nossaman.com
- David W. Meadows—___ david@davidwmeadowslaw.com
- [Counsel for DLI Assets Bravo, LLC] Katrina M Miller—___ kmiller@pskfirm.com
- [Counsel for US Trustee] Kelly L Morrison—___ kelly.l.morrison@usdoj.gov
- [Unsecured Creditor] Daniel E Park—___ dpark@parksylvalaw.com
- [Counsel for Hyundai Steel;] Darren L Patrick—___ dpatrick@omm.com
- [Counsel for creditor Coleman & Horowitz] Steven G. Polard—___ spolard@ch-law.com, cborrayo@ch-law.com
- Valerie Smith—___ claims@recoverycorp.com
- United States Trustee (LA)—___ ustpregion16.la.ecf@usdoj.gov

**2.  SERVED BY UNITED STATES MAIL**:  On (date) **June 27, 2019,** I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**Judge:**
**Hon. Vincent P. Zurzolo**
**U.S. Bankruptcy Court**
**255 E. Temple Street, Suite 1360**
**Los Angeles, CA 90012**

**Debtor:**
**Jong Uk Byun**
**8201 Santa Fe Ave.**
**Huntington Park, CA 90255**

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (date) **June 27, 2019,** I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed. ☐ Service information continued on attached page

This form has been approved for use in chapter 11 cases assigned to Judge Vincent P. Zurzolo.

*August 2016*                                          Page 37                          **VZ  CH11.IND.NOTICE.HEARING.DISCLSR**

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| **June 27, 2019** | **Ja'Nita Fisher** | **/s/ Ja'Nita Fisher** |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

*Printed
Name*

This form has been approved for use in chapter 11 cases assigned to Judge Vincent P. Zurzolo.

*August 2016*                                      Page 2                          **VZ  CH11.IND.NOTICE.HEARING.DISCLSR**